IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CROWN PACKAGING TECHNOLOGY, INC. and CROWN CORK & SEAL USA, INC., <br><br> Plaintiffs, <br><br> v. <br><br> REXAM BEVERAGE CAN CO. and REXAM BEVERAGE CAN AMERICAS, INC. <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) Civil Action No. 05-608 (KAJ) <br> ) <br> ) <br> ) <br> ) JURY TRIAL DEMANDED <br> ) <br> ) <br> ) <br> ) <br> ) |

**FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiffs Crown Packaging Technology, Inc. ("Crown Technology") and Crown Cork & Seal Company USA, Inc. ("Crown USA") (collectively "Crown") hereby complain and allege against Defendants Rexam Beverage Can Co. ("Rexam") and Rexam Beverage Can Americas, Inc. ("Rexam Americas") as follows:

**THE PARTIES**

1.   Crown Technology is a Delaware corporation having a principal place of business at 11535 South Central Avenue, Alsip, IL 60803. Crown Technology is a research, development, and engineering company specializing in metal packaging for the beverage and food industry.

2. Crown USA is a Delaware corporation having a principal place of business at One Crown Way, Philadelphia, Pennsylvania 19154. Crown USA is in the business of manufacturing and selling metal beverage can components, including can ends and can bodies.

3. On information and belief, Rexam is a Delaware corporation having a principal place of business at 8770 W. Bryn Mawr Ave., Chicago, Illinois 60631. Rexam is in the business of manufacturing and selling metal beverage can components, including can ends and can bodies.

4. On information and belief, Rexam Americas is a Delaware corporation having a principal place of business at 8770 W. Bryn Mawr Ave., Chicago, Illinois 60631. Rexam Americas is in the business of manufacturing and selling metal beverage can components, including can ends and can bodies.

## JURISDICTION AND VENUE

5. This is a civil action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code. The Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331, 1338(a), and 2201. Venue is proper in this District under 28 U.S.C. §§ 1391(b) & (c) and 1400(b).

## THE PATENTS

6. On February 1, 2005, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 6,848,875 ("the '875 patent"), entitled "Can End and Method for Fixing Same to a Can Body." The '875 patent is directed to methods of forming a double seam between beverage can bodies and can ends. A copy of the '875 patent is attached hereto as Exhibit 1.

7.  On August 30, 2005, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 6,935,826 ("the '826 patent"), entitled "Can End and Method for Fixing Same to a Can Body." The '826 patent is directed to un-seamed can ends adapted to be joined to can bodies in a double seaming process. A copy of the '826 patent is attached hereto as Exhibit 2.

8.  Crown Technology is the assignee of the '875 and '826 patents.

9.  Crown USA is the exclusive licensee of the '875 and '826 patents. At all times relevant, Crown USA has held all substantial rights under the '875 and '826 patents, including without limitation, the exclusive right under the patents to practice the claimed inventions in the United States, to bring suit for infringement of the patents in its own name, to recover any and all damages for past, present, and future infringement of the patents, to enter into any settlement or compromise of any claim arising under the patents, and to sublicense others.

## COUNT I (INFRINGEMENT OF U.S. PATENT NO. 6,848,875)

10. The allegations contained in paragraphs 1-9 above are incorporated herein by reference as if set forth in full.

11. Rexam and Rexam Americas have made, sold and offered to sell, and are now making, selling and offering for sale, can ends known as Millennium can ends (also known as Rexam can ends) to the Coca-Cola Company, including its bottling subsidiaries and/or affiliates (together "Coke"), and possibly others in the United States.

12. On information and belief, Rexam and Rexam Americas have actively induced Coke and possibly others to directly infringe at least claims 14, 16, 30, 32, 44, and 50-52 of the '875 patent by, *inter alia*, supplying Millennium can ends to Coke and possibly others for use in carrying out the claimed methods of forming double seams, and on information and belief, by

providing training, instruction, and other services to Coke and possibly others in the United States in support of such use.

13.   On information and belief, Rexam and Rexam Americas have contributed to the direct infringement of at least claims 14, 16, 30, 32, 44, and 50-52 of the '875 patent claims by Coke and possibly others, by, *inter alia*, selling Millennium can ends for use in carrying out methods in the United States for forming double seams between can bodies and Millennium can ends, knowing the same to be especially made and especially adapted for use in a method, the practice of which is an infringement of the patent.

14.   On information and belief, Rexam and Rexam Americas have been aware of the '875 patent since its date of issuance, on February 1, 2005.  Rexam and Rexam Americas have continued to manufacture and sell the Millennium end despite their awareness the '875 patent.  Thus, Rexam's and Rexam Americas' infringement of the '875 patent has been, and continues to be, willful and deliberate.

15.   Crown Technology and Crown USA have been damaged by Rexam's and Rexam Americas' infringing activities.

16.   On information and belief, Rexam and Rexam Americas will continue their infringing activities unless enjoined by this Court.

## COUNT II (INFRINGEMENT OF U.S. PATENT NO. 6,935,826)

17.   The allegations contained in paragraphs 1-16 above are incorporated herein by reference as if set forth in full.

18.   Rexam and Rexam Americas have been and are directly infringing at least claim 13 of the '826 patent by making, selling and offering for sale Millennium can ends in the United States.

19. On information and belief, Rexam and Rexam Americas have been aware of the 826 patent and/or the allowed claims of the application leading to the '826 patent since on or about the date of the notice of allowance of that patent, on February 24, 2005. Rexam and Rexam Americas have continued to manufacture and sell the Millennium end despite its awareness the patent and the allowed claims. Thus, Rexam's and Rexam Americas' infringement of the '826 patent has been, and continues to be, willful and deliberate.

20. Crown Technology and Crown USA have been damaged by Rexam's and Rexam Americas' infringing activities.

21. On information and belief, Rexam and Rexam Americas will continue their infringing activities unless enjoined by this Court.

## COUNT III (DECLARATORY JUDGMENT OF INFRINGEMENT OF U.S. PATENT NO. 6,935,826)

22. The allegations contained in paragraphs 1-21 above are incorporated herein by reference as if set forth in full.

23. Rexam and Rexam Americas have sold, are selling, and on information and belief, are planning to continue to sell in the future, Millennium can ends to Coke and possibly others in the United States.

24. An actual controversy exists between Crown Technology and Crown USA, on the one hand, and Rexam and Rexam Americas, on the other hand, as to whether Rexam's and Rexam Americas' continued sale of Millennium can ends in the United States infringes at least claim 13 of the '826 patent.

25. Rexam's and Rexam Americas' continued manufacture, use and sale of Millennium can ends in the United States will directly infringe at least claim 13 of the '826 patent.

26. Crown Technology and Crown USA have been and will continue to be damaged by Rexam's and Rexam Americas' infringing activities.

## REQUEST FOR RELIEF

WHEREFORE, Crown Technology and Crown USA request of this Court enter final judgment:

a. holding that Rexam and Rexam Americas have infringed the '875 patent under 35 U.S.C. § 271;

b. holding that Rexam and Rexam Americas have infringed the '826 patent under 35 U.S.C. § 271;

c. awarding damages adequate to compensate Crown for the infringement of the '875 and '826 patents by Rexam and Rexam Americas, together with prejudgment and post-judgment interest and costs as fixed by the Court as provided by 35 U.S.C. § 284;

d. holding that Rexam's and Rexam Americas' infringement of the '875 and '826 patents has been willful and awarding treble damages pursuant to 35 U.S.C. § 284;

e. permanently enjoining Rexam and Rexam Americas, and their affiliates, and officers, agents, employees, attorneys, and all other persons in active concert or participation with them, from further infringement of the '875 and '826 patents during its term as provided by 35 U.S.C. § 283;

f.  finding that this is an exceptional case and awarding to Crown its reasonable attorneys' fees incurred in prosecuting this action as provided by 35 U.S.C. § 285;

g.  declaring that Rexam's and Rexam Americas' continued manufacture, use and sale of Millennium can ends in the United States will directly infringe one or more claims of the '826 patent under 35 U.S.C. § 271; and

h.  Such other and further relief as the Court deems just and proper.

Dated: August 30, 2005

*/s/ Barry Klayman*
Barry M. Klayman (#3676)
Wolf, Block, Schorr and Solis-Cohen LLP
Wilmington Trust Center
1100 N. Market Street, Suite 1001
Wilmington, DE 19801
Tel: (302) 777-0313
Fax: (302) 778-7813

*Attorney for Plaintiffs*
*Crown Packaging Technology, Inc. and*
*Crown Cork & Seal USA, Inc.*

*Of Counsel:*

Dale M. Heist
Lynn A. Malinoski
Chad E. Ziegler
WOODCOCK WASHBURN, LLP
One Liberty Place, 46th Floor
Philadelphia, PA 19103
(215) 568-3100

Jerome J. Shestack
Wolf, Block, Schorr and Solis-Cohen LLP
1650 Arch Street, 22nd Floor
Philadelphia, PA 19103-2097
(215) 977-2290

Michael Korniczky
Crown Packaging Technology, Inc.
11535 South Central Avenue
Alsip, IL 60803