IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CROWN PACKAGING TECHNOLOGY, INC., Plaintiff, and CROWN CORK & SEAL USA, INC., Plaintiff and Counterclaim Defendant<br><br>v.<br><br>REXAM BEVERAGE CAN CO.,<br><br>Defendant Counterclaimant. | Civil Action No. 05-608 (KAJ)<br><br>**JURY TRIAL DEMANDED** |

## ANSWER TO SECOND AMENDED COMPLAINT
## FOR PATENT INFRINGEMENT AND COUNTERCLAIMS

For its Answer to the Second Amended Complaint filed in this action by Plaintiffs Crown Packaging Technology, Inc. ("Crown Technology") and Crown Cork & Seal USA, Inc. ("Crown USA") (collectively "Crowns"), Defendant Rexam Beverage Can Co. ("Rexam") responds as follows:

### THE PARTIES

1. Crown Technology is a Delaware corporation having a principal place of business at 11535 South Central Avenue, Alsip, IL 60803. Crown Technology is a research, development, and engineering company specializing in metal packaging for the beverage and food industry.

**Rexam's Response to Complaint Paragraph 1:**

Admitted.

2. Crown USA is a Delaware corporation having a principal place of business at One Crown Way, Philadelphia, Pennsylvania 19154. Crown USA is in the business of manufacturing and selling metal beverage can components, including can ends and can bodies.

**Rexam's Response to Complaint Paragraph 2:**

Admitted.

3.  On information and belief, Rexam is a Delaware corporation having a principal place of business at 8770 W. Bryn Mawr Ave., Chicago, Illinois 60631. Rexam is in the business of manufacturing and selling metal beverage can components, including can ends and can bodies.

**Rexam's Response to Complaint Paragraph 3:**

Admitted.

### JURISDICTION AND VENUE

4.  This is a civil action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code. The Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331, 1338(a), and 2201. Venue is proper in this District under 28 U.S.C. §§ 1391(b) & (c) and 1400 (b).

**Rexam's Response to Complaint Paragraph 4:**

Rexam admits that the complaint pleads claims, in two counts, for infringement of two patents that arise under the Patent Statute, Title 35 of United States Code, and one claim for declaratory judgment of infringement that arises under the Patent Statute, Title 35 of United States Code, and under the Declaratory Judgment Act, Title 28 of United States Code chapter 151. Rexam admits that the Court has jurisdiction over the subject matter of those claims under 28 U.S.C. §§1331, 1338(a) and 2201.

Rexam admits that venue is proper in this district under 28 U.S.C. §§1391(b) and (c). Rexam denies that venue is proper under 28 U.S.C. §1400(b).

### THE PATENTS

5.  On February 1, 2005, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 6,848,875 ("the '875 patent"), entitled "Can End and Method for Fixing Same to a Can Body." The '875 patent is directed to methods of forming a double

2

seam between beverage can bodies and can ends. A copy of the '875 patent is attached hereto as Attachment 1.

**Rexam's Response to Complaint Paragraph 5:**

Rexam admits that the United States Patent and Trademark Office issued United States Patent No. 6,848,875 ("'875 Patent") on February 1, 2005, and that that patent is entitled "Can End and Method for Fixing Same to a Can Body." Rexam denies that the '875 Patent was duly and legally issued.

Rexam admits that the preamble of every claim of the '875 Patent recites, at least in part, "[a] method of forming a double seam between a can body and a can end." Rexam denies that phrase defines the scope of any claim of the '875 Patent.

6. On August 30, 2005, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 6,935,826 ("the '826 patent"), entitled "Can End and Method for Fixing Same to a Can Body." The '826 patent is directed to un-seamed can ends adapted to be joined to can bodies in a double seaming process. A copy of the '826 patent is attached hereto as Attachment 2.

**Rexam's Response to Complaint Paragraph 6:**

Rexam admits that the United States Patent and Trademark Office issued United States Patent No. 6,935,826 ("'826 Patent") on August 30, 2005, and that that patent is entitled "Can End and Method for Fixing Same to a Can Body." Rexam denies that the '826 Patent was duly and legally issued.

Rexam denies that any claim of the '826 Patent recites "un-seamed can ends adapted to be joined to can bodies in a double seaming process" and denies that phrase defines the scope of any claim of the '826 Patent.

7. Crown Technology is the assignee of the '875 and '826 patents.

RLF1-2941561-1

**Rexam's Response to Complaint Paragraph 7:**

Rexam is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph.

8. Crown USA is the exclusive licensee of the '875 and '826 patents. At all times relevant, Crown USA has held all substantial rights under the '875 and '826 patents, including without limitation, the exclusive right under the patents to practice the claimed inventions in the United States, to bring suit for infringement of the patents in its own name, to recover any and all damages for past, present, and future infringement of the patents, to enter into any settlement or compromise of any claim arising under the patents, and to sublicense others.

**Rexam's Response to Complaint Paragraph 8:**

Rexam is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph.

## COUNT I (INFRINGEMENT OF U.S. PATENT NO. 6,848,875)

9. The allegations contained in paragraphs 1-8 above are incorporated herein by reference as if set forth in full.

**Rexam's Response to Complaint Paragraph 9:**

Rexam responds by restating its responses to paragraphs 1 - 8.

10. Rexam has made, sold and offered to sell, and is now making, selling and offering for sale, can ends known as Rexam ends to the Coca-Cola Company, including its bottling subsidiaries and/or affiliates (together "Coke"), and possibly others in the United States.

**Rexam's Response to Complaint Paragraph 10:**

Rexam denies that it has sold can ends to The Coca-Cola Company or to any subsidiary. Rexam admits that it has made, sold, and offered to sell can ends, including can ends known as the Rexam End, in the United States to customers who package Coca-Cola products, including a customer that is partially owned by The Coca-Cola Company.

11. On information and belief, Rexam has actively induced Coke and possibly others to directly infringe at least claims 14, 16, 30, 32, 44, and 50-52 of the '875 patent by, *inter alia*, supplying Rexam ends to Coke and possibly others for use in carrying out the claimed methods of forming double seams, and on information and belief, by providing training, instruction, and other services to Coke and possibly others in the United States in support of such use.

**Rexam's Response to Complaint Paragraph 11:**

Denied.

12. On information and belief, Rexam has contributed to the direct infringement of at least claims 14, 16, 30, 32, 44, and 50-52 of the '875 patent claims by Coke and possibly others, by, *inter alia*, selling Rexam ends for use in carrying out methods in the United States for forming double seams between can bodies and Rexam ends, knowing the same to be especially made and especially adapted for use in a method, the practice of which is an infringement of the patent.

**Rexam's Response to Complaint Paragraph 12:**

Denied.

13. On information and belief, Rexam has been aware of the '875 patent since its date of issuance, on February 1, 2005. Rexam has continued to manufacture and sell the Rexam end despite its awareness the '875 patent. Thus, Rexam's infringement of the '875 patent has been, and continues to be, willful and deliberate.

**Rexam's Response to Complaint Paragraph 13:**

Rexam denies that it has been aware of the '875 Patent since February 1, 2005. Rexam admits that it has continued to manufacture and sell can ends including the Rexam End. Rexam denies that it has infringed the '875 Patent. Rexam denies any remaining averments of this paragraph.

14. Crown Technology and Crown USA have been damaged by Rexam's infringing activities.

**Rexam's Response to Complaint Paragraph 14:**

Denied.

5

15. On information and belief, Rexam will continue its infringing activities unless enjoined by this Court.

**Rexam's Response to Complaint Paragraph 15:**

Denied.

### COUNT II (INFRINGEMENT OF U.S. PATENT NO. 6,935,826)

16. The allegations contained in paragraphs 1-15 above are incorporated herein by reference as if set forth in full.

**Rexam's Response to Complaint Paragraph 16:**

Rexam responds by restating its responses to paragraphs 1 - 15.

17. Rexam has been and are [sic: is] directly infringing at least claim 13 of the '826 patent by making, selling and offering for sale Rexam ends in the United States.

**Rexam's Response to Complaint Paragraph 17:**

Denied.

18. On information and belief, Rexam has been aware of the '826 patent and/or the allowed claims of the application leading to the '826 patent since on or about the date of the notice of allowance of that patent, on February 24, 2005. Rexam has continued to manufacture and sell Rexam ends despite its awareness the patent and the allowed claims. Thus, Rexam's infringement of the '826 patent has been, and continues to be, willful and deliberate.

**Rexam's Response to Complaint Paragraph 18:**

Rexam denies that it has been aware of the allowed claims of the application from which the '826 Patent issued since February 24, 2005. Rexam admits that it has continued to manufacture and sell can ends including the Rexam End. Rexam denies that it has infringed the '826 Patent. Rexam denies any remaining averments of this paragraph.

19. Crown Technology and Crown USA have been damaged by Rexam's infringing activities.

6

**Rexam's Response to Complaint Paragraph 19:**

Denied.

20. On information and belief, Rexam will continue its infringing activities unless enjoined by this Court.

**Rexam's Response to Complaint Paragraph 20:**

Denied.

### COUNT III (DECLARATORY JUDGMENT OF INFRINGMENT OF U.S. PATENT NO. 6,935,826)

21. The allegations contained in paragraphs 1-20 above are incorporated herein by reference as if set forth in full.

**Rexam's Response to Complaint Paragraph 21:**

Rexam responds by restating its responses to paragraphs 1 - 20.

22. Rexam has sold, is selling, and on information and belief, is planning to continue to sell in the future, Rexam ends to Coke and possibly others in the United States.

**Rexam's Response to Complaint Paragraph 22:**

Rexam denies that it has sold, is selling or plans to sell can ends to The Coca-Cola Company or to any subsidiary. Rexam admits that it has sold, is selling, and plans to continue to sell can ends, including the Rexam End, in the United States including to customers who package Coca-Cola products including a customer that is partially owned by The Coca-Cola Company.

23. An actual controversy exists between Crown Technology and Crown USA, on the one hand, and Rexam, on the other hand, as to whether Rexam's continued sale of Rexam ends in the United States infringes at least claim 13 of the '826 patent.

7

**Rexam's Response to Complaint Paragraph 23:**

Rexam admits that an actual controversy exists as to whether Rexam has infringed or will infringe the '826 Patent based on Crown's having asserted that Rexam has infringed and that it will infringe the '826 Patent.

24. Rexam's continued manufacture, use and sale of Rexam ends in the United States will directly infringe at least claim 13 of the '826 patent.

**Rexam's Response to Complaint Paragraph 24:**

Denied.

25. Crown Technology and Crown USA have been and will continue to be damaged by Rexam's infringing activities.

**Rexam's Response to Complaint Paragraph 25:**

Denied.

## AFFIRMATIVE DEFENSES

1. The '875 Patent is invalid for failure to comply with one or more of 35 U.S.C. §§ 102, 103 and 112.

2. The '826 Patent is invalid for failure to comply with one or more of 35 U.S.C. §§ 102, 103, and 112.

3. Rexam has not infringed and is not infringing either the '875 Patent or '826 Patent.

## COUNTERCLAIMS

### The Parties

1. Rexam is a Delaware corporation having a principal place of business at 8770 W. Bryn Mawr Ave., Chicago, Illinois 60631.

2. Upon information and belief, Crown USA is a Delaware corporation having a principal place of business at One Crown Way, Philadelphia, Pennsylvania 19154.

### Jurisdiction and Venue

3. These counterclaims arise under the patent laws of the United States, Title 35 of the United States Code. The Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a).

4. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) and because Crown USA submitted itself to the jurisdiction of this Court in bringing this action.

### Counterclaim I – Infringement of United States Patent No. 4,774,839

5. The United States Patent and Trademark Office duly and legally issued United States Patent No. 4,774,839 ("'839 Patent") on October 4, 1988. A copy of the '839 Patent is attached as Exhibit 1.

6. Rexam is the owner of the '839 Patent and has the right to bring suit for infringement of that patent.

7. The '839 Patent discloses and claims a method for necking an open end of a container including a cylindrical metal container such as can bodies.

8. Crown USA has made in the United States can bodies having a smoothly shaped necked in profile near an open end of the can bodies to which can ends are intended to be attached.

9. Upon information and belief, a reasonable opportunity for discovery will produce evidence that can bodies that Crown USA has made in the United States are made by a method as claimed by the '839 Patent.

10. Upon information and belief, a reasonable opportunity for discovery will produce evidence that Crown USA has known of the '839 Patent.

11. Upon information and belief, a reasonable opportunity for discovery will produce evidence that Crown USA's infringement of the '839 Patent has been in willful disregard of Rexam's rights granted by that patent.

### Counterclaim II – Infringement of United States Patent No. 5,222,385

12. The United States Patent and Trademark Office duly and legally issued United States Patent No. 5,222,385 ("'385 Patent") on July 29, 1993. A copy of the '385 Patent is attached as Exhibit 2.

13. Rexam is the owner of the '385 Patent and has the right to bring suit for infringement of that patent.

14. The '385 Patent discloses and claims a method and apparatus for reforming can bottoms.

15. Upon information and belief, Crown USA uses rollers to reform a base wall of the can bottom.

16. Upon information and belief, Crown USA uses rollers to reform a base wall of the can bottom such that the can bottom wall is angled from a longitudinal axis through the can.

17. Upon information and belief, a reasonable opportunity for discovery will produce evidence that can bodies that Crown USA has made in the United States are made by a method and/or using an apparatus as claimed by the '385 Patent.

18. Upon information and belief, a reasonable opportunity for discovery will produce evidence that Crown USA has known of the '385 Patent.

19.   Upon information and belief, a reasonable opportunity for discovery will produce evidence that Crown USA's infringement of the '385 Patent has been in willful disregard of Rexam's rights granted by that patent.

20.   Upon information and belief, Crown USA will continue to infringe the '385 Patent until and unless enjoined from future infringement by the Court.

### Counterclaim III – Infringement of United States Patent No. 5,697,242

21.   The United States Patent and Trademark Office duly and legally issued United States Patent No. 5,697,242 ("'242 Patent") on December 16, 1997. A copy of the '242 Patent is attached as Exhibit 3.

22.   Rexam is the owner of the '242 Patent and has the right to bring suit for infringement of that patent.

23.   The '242 Patent discloses and claims a method and apparatus for reforming can bottoms.

24.   Upon information and belief, Crown USA uses rollers to reform a base wall of the can bottom.

25.   Upon information and belief, Crown USA uses rollers to reform a base wall of the can bottom such that the can bottom wall is angled from a longitudinal axis through the can.

26.   Upon information and belief, a reasonable opportunity for discovery will produce evidence that can bodies that Crown USA has made in the United States are made by a method and/or using an apparatus as claimed by the '242 Patent.

27.   Upon information and belief, a reasonable opportunity for discovery will produce evidence that Crown USA has known of the '242 Patent.

RLF1-2941561-1

28. Upon information and belief, a reasonable opportunity for discovery will produce evidence that Crown USA's infringement of the '242 Patent has been in willful disregard of Rexam's rights granted by that patent.

29. Upon information and belief, Crown USA will continue to infringe the '242 Patent until and unless enjoined from future infringement by the Court.

### Counterclaim IV – Infringement of United States Patent No. 6,129,230

30. The United States Patent and Trademark Office duly and legally issued United States Patent No. 6,129,230 ("'230 Patent") on October 10, 2000. A copy of the '230 Patent is attached as Exhibit 4.

31. Rexam is the owner of the '230 Patent and has the right to bring suit for infringement of that patent.

32. Rexam has made and sold can ends that are within the scope of the '230 Patent.

33. Rexam has marked packaging of can ends that are within the scope of the '230 Patent to indicate that those can ends are covered by the '230 Patent.

34. Crown USA has made and sold in the United States can ends that have a peripheral edge adapted to be double seamed to a sidewall of a can and that have a central panel in which a rivet is formed and in which a groove defines a perimeter of a frangible panel that detaches from the can end along the groove.

35. The frangible panel of can ends that are made and sold by Crown USA separates from the central panel along the groove from a first end to a second end.

36. Can ends that are made and sold by Crown USA have a region of the central panel between the first end and the second end of the groove at which the frangible panel remains joined to the central section of the can end during normal separation of the frangible panel from

the central panel. That region bends to allow the detached section of the frangible panel to separate from the central panel.

37. Can ends that Crown USA has made and sold include a score that extends from the frangible panel to the central panel through the region that bends to allow the detached section of the frangible panel to separate from the can end.

38. Can ends that Crown USA has made and sold in the United States infringe the '230 Patent

39. Upon information and belief, a reasonable opportunity for discovery will produce evidence that Crown USA has known of the '230 Patent.

40. Upon information and belief, a reasonable opportunity for discovery will produce evidence that Crown USA's infringement of the '230 Patent has been in willful disregard of Rexam's rights granted by that patent.

41. Upon information and belief, Crown USA will continue to infringe the '230 Patent until and unless enjoined from future infringement by the Court.

### Counterclaim V – Infringement of United States Patent No. 6,260,728

42. The United States Patent and Trademark Office duly and legally issued United States Patent No. 6,260,728 ("'728 Patent") on July 17, 2001. A copy of the '728 Patent is attached as Exhibit 5.

43. Rexam is the owner of the '728 Patent and has the right to bring suit for infringement of that patent.

44. The '728 Patent discloses and claims a can end with a means for opening a frangible panel without the panel becoming completely detached from the can end.

RLF1-2941561-1

45. The '728 Patent discloses and claims a can end having a primary score that defines a partial perimeter of the frangible panel. The area of the frangible panel that does not become detached from the can end during normal opening acts as a hinge or a hinge segment.

46. The '728 Patent discloses and claims a can end having a second score located near the hinge segment to prevent complete detachment of the frangible panel even when the can end becomes damaged.

47. Rexam has made and sold can ends that are within the scope of the '728 Patent.

48. Rexam has marked packaging of can ends that are within the scope of the '728 Patent to indicate that those can ends are covered by the '728 Patent.

49. Crown USA has made and sold in the United States can ends that have a peripheral edge that is adapted to be double seamed to a sidewall of a can and that also have a central panel in which a groove defines a perimeter of a frangible panel that detaches from the can end along the groove.

50. The frangible panel of can ends that are made and sold by Crown USA separates from the central panel along the groove from a first end to a second end.

51. Can ends that are made and sold by Crown USA have a region of the central panel between the first end and the second end of the groove at which the frangible panel remains joined to the central section of the can end during normal separation of the frangible panel from the central panel. That region bends to allow the detached section of the frangible panel to separate from the central panel.

52. Can ends that Crown USA has made and sold include a second score that is adjacent to the second end of the score along which the frangible panel separates from the central panel and is adjacent to the region that bends to allow the frangible pane to separate from the central panel.

53. The second score of can ends that Crown USA has made and sold is intended to direct fracture of the region that bends in a direction away from the second end of the score along which the frangible panel separates from the central panel.

54. Can ends that Crown USA has made and sold in the United States infringe the '728 Patent

55. Upon information and belief, a reasonable opportunity for discovery will produce evidence that Crown USA has known of the '728 Patent.

56. Upon information and belief, a reasonable opportunity for discovery will produce evidence that Crown USA's infringement of the '728 Patent has been in willful disregard of Rexam's rights granted by that patent.

57. Upon information and belief, Crown USA will continue to infringe of the '728 Patent until and unless enjoined from future infringement by the Court.

## JURY DEMAND

Rexam demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Rexam prays that this Court grant the following relief:

    A. Judgment that the '875 and '826 patents are invalid, unenforceable, and not infringed by Rexam;

        B. Judgment that Crown USA has infringed Rexam's '839 Patent;

        C. Judgment that Crown USA has infringed Rexam's '385 Patent;

        D. Judgment that Crown USA has infringed Rexam's '242 Patent;

        E. Judgment that Crown USA has infringed Rexam's '230 Patent;

        F. Judgment that Crown USA has infringed Rexam's '728 Patent;

RLF1-2941561-1

G. A permanent injunction enjoining Crown USA and its officer, agents, employees, servants, and attorneys, and persons in active concert or participation with them who receive actual notice of the injunction from infringing, inducing infringement of, and contributing to infringement of the '385 Patent, the '242 Patent, the '230 Patent and the '728 Patent;

H. Judgment awarding Rexam damages caused by Crown USA's infringement of the '839 Patent, the '385 Patent, the '242 Patent, the '230 Patent and the '728 Patent together with prejudgment interest and costs as fixed by the Court as provided by 35 U.S.C. §284;

I. A finding that this case is exceptional as provided by 35 U.S.C. § 285 and an award to Rexam of its enhanced damges, costs and reasonable attorney fees; and

J. Such further relief as the Court deems just and proper.

Date: November 3, 2005

OF COUNSEL:
George P. McAndrews
Steven J. Hampton
Richard T. McCaulley
Gerald C. Willis
Paul W. McAndrews
McAndrews, Held & Malloy, Ltd.
500 W. Madison Street, Suite 3400
Chicago, IL 60661
Tel: 312.775.8000
Fax: 312.775.8100

Frederick L. Cottrell, III (#2555)
cottrell@rlf.com
Anne Shea Gaza (#4093)
gaza@rlf.com
Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
302-651-7700
Attorneys for Defendant and Counterclaimant

## CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of November 2005, I electronically filed the foregoing document with the Clerk of Court using CM/ECF which will send notification of such filing to the party listed below and by the manner stated.

### VIA E-FILING AND HAND DELIVERY

Barry M. Klayman
Wolf, Block, Schorr and Solis-Cohen LLP
Wilmington Trust Center
1100 North Market Street, Suite 1001
Wilmington, DE 19801

_____
Frederick L. Cottrell, III (#2555)
cottrell@rlf.com