IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CROWN PACKAGING TECHNOLOGY, INC. and CROWN CORK & SEAL USA, INC., <br><br> Plaintiffs, <br><br> v. <br><br> REXAM BEVERAGE CAN CO., <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) Civil Action No. 05-608 (KAJ) |

**PROPOSED JOINT SCHEDULING ORDER**

This 20th day of December, 2005, the Court having conducted an initial Rule 16 scheduling and planning conference pursuant to Local Rule 16.2(a) on December 15, 2005, and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

IT IS ORDERED that:

1. <u>Rule 26(a)(1) Initial Disclosures and E-Discovery</u>. The parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) on December 21, 2005. The parties have agreed to work out issues relating to e-discovery.

2. <u>Joinder or Other Parties and Amendment of Pleadings</u>. All motions to join other parties, and to amend or supplement the pleadings shall be filed on or before February 15, 2006. After that, any amendments will be governed by Federal Rule of Civil Procedure 15.

WIL:55698.1

3. <u>Discovery</u>

   a. <u>Limitation on Hours for Deposition Discovery</u>. Each side is limited to a total of 150 hours of taking testimony by deposition upon oral examination from fact witnesses, plus seven hours per expert witness. To the extent that the parties have an expert provide a report addressing multiple issues, the parties agree to make that expert available for more than seven hours of deposition. The parties have agreed not to object to a reasonable request to have more than seven hours of deposition with a particular witness. The parties contemplate multiple depositions of the parties' representatives pursuant to Rule 30(b)(6). The parties have agreed that the deposition of a witness or witnesses produced in response to a Rule 30(b)(6) Notice with multiple, unrelated topics may proceed for more than seven hours. The parties have also agreed to produce any fact witnesses that they expect to have testify at trial for deposition (if that witness has not been previously deposed in this case).

   b. <u>Location of Depositions</u>. Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily by required, upon request, to submit to a deposition at a place designated within this district. The parties will produce witnesses for deposition either in their offices or at a location convenient for the witness.

   c. <u>Fact Discovery Cut Off</u>. All fact discovery in this case shall be initiated so that it will be completed on or before September 29, 2006. The Court encourages the parties to serve and respond to contention interrogatories early in the case. The parties agree to the limitations on discovery set forth in Local Rule 26.1.

WIL:55698.1

d. <u>Disclosure of Expert Testimony and Expert Discovery</u>. Expert disclosure and discovery will proceed as follows:

| Event | Date |
|---|---|
| Parties serve expert reports on issues for which they have the burden of proof | September 1, 2006 |
| Parties serve responsive expert reports | October 1, 2006 |
| Expert Discovery | October 1, 2006-November 30, 2006 |

To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm.*, 509 U.S. 579 (1993), it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.

e. <u>Discovery Disputes</u>. Should counsel find they are unable to resolve a discovery dispute, the party seeking the relief shall contact chambers at (302) 573-6001 to schedule a telephone conference. Not less than forty-eight hours prior to the conference, the party seeking relief shall file with the Court a letter, not to exceed three pages, outlining the issues in dispute and its position on those issues. (The Court does not seek extensive argument or authorities at this point; it seeks simply a statement of the issue to be addressed and a summary of the basis for the party's position on the issue.) Not less than twenty-four hours prior to the conference, any party opposing the application for relief may file a letter, not to exceed three pages, outlining that party's reasons for its opposition. Should the Court find further briefing necessary upon conclusion of the telephone conference, the Court will order it. Disputes over protective orders are to be addressed in the first instance in accordance with this paragraph.

4. <u>Application to Court for Protective Order</u>. Counsel for the parties are working out the terms of a protective order, which protective order shall include the following paragraph:

WJL:55698.1

>Other Proceedings. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "confidential" [the parties should list any other level of designation, such as "highly confidential," which may be provided for in the protective order] pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

5. <u>Papers Filed Under Seal</u>. When filing papers under seal, counsel should deliver to the Clerk an original and one copy of the papers.

6. <u>Settlement Conference</u>. Pursuant to 28 U.S.C. § 636, this matter is referred to the United States Magistrate for the purpose of exploring the possibility of a settlement. The Magistrate Judge will schedule a settlement conference with counsel and their clients to be held within ninety days from the date of this Order.

7. <u>Interim Status Report</u>. On June 8, 2006, counsel shall submit a letter to the Court with an interim report on the nature of the matters in issue and the progress of discovery to date.

8. <u>Status Conference</u>. On June 15, 2006, the Court will hold a Rule 16(a), (b) and (c) conference by telephone with counsel beginning at 4:30 p.m. Plaintiff's counsel shall initiate the telephone call.

If all parties agree that there is nothing to report, nor anything to add to the interim status report or to this order, they may so notify the Court in writing before the conference is scheduled to occur, and the conference will be taken off the Court's calendar.

9. <u>Tutorial Describing the Technology and Matters in Issue</u>. The parties shall provide the Court by July 6, 2006, [at 10:00 am] a tutorial on the technology at issue. In that regard, each party may submit a videotape of not more than 30 minutes. The parties may choose to present the

tutorial in person. In either event, the tutorial should focus on the technology in issue and should not be used to argue the parties' claims construction contentions. If the parties choose to file videotapes, they should be filed under seal as part of the Court's file, subject to any protective order in effect. Each party may comment, in writing (in no more than 5 pages) on the opposing party's videotape tutorial. Any such comment shall be filed within ten (10) days of submission of the videotapes.

10. <u>Case Dispositive Motions</u>. All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed according to the following schedule:

| Event | Date |
| --- | --- |
| Opening summary judgment briefs | December 15, 2006 |
| Opposition summary judgment briefs | January 22, 2007 |
| Reply summary judgment briefs | February 9, 2007 |

11. <u>Claim Construction Issue Identification</u>. If the Court does not find that a limited earlier claim construction would be helpful in resolving the case, on July 15, 2006, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction and their proposed claim construction of those term(s)/phrase(s). This document will not be filed with the Court. Subsequent to exchanging that list, the parties will meet and confer to prepare a Joint Claim Construction Chart to be submitted pursuant to paragraph 12 below. The parties Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed

constructions. A copy of the patent(s) in issue as well as those portions of the intrinsic record relied upon are to be submitted with this Joint Claim Construction Chart. In this joint submission, the parties shall not provide argument.

12.  Claim Construction. Briefing of the claim construction issues will proceed according to the following schedule:

| Event | Date |
| --- | --- |
| Opening claim construction briefs | December 15, 2006 |
| Responsive claim construction briefs | January 22, 2007 |

13.  Hearing on Claim Construction. Beginning at 9:30 a.m. on February 23, 2007, the Court will hear evidence and argument on claim construction and summary judgment.

14.  Applications by Motion. Except as otherwise specified herein, any application to the Court shall be by written motion filed with the Clerk. Unless otherwise requested by the Court, counsel shall not deliver copies of papers or correspondence to Chambers. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

15.  Pretrial Conference. On June 11, 2007, the Court will hold a Final Pretrial Conference in Chambers with counsel beginning at 4:30 p.m.. Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement of Federal Rule of Civil Procedure 26(a)(3). The parties shall file with the Court the joint proposed final pretrial order with the information required by the form of Final Pretrial Order which accompanies this Scheduling Order on or before May 11, 2007.

16.  Motions *in Limine*. Motions *in limine* shall not be separately filed. All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order. Each party shall

WIL:55698.1

be limited to ten (10) *in limine* requests, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of five pages of argument and may be opposed by a maximum of five pages of argument. If more that one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single five (5) page submission, unless otherwise ordered by the Court. No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

16.     Jury Instructions, Voir Dire, and Special Verdict Forms. Where a case is to be tried, pursuant to Local Rules 47 and 51 the parties should file proposed voir dire, instructions to the jury, and special verdict forms and jury interrogatories three full business days before the final pretrial conference. That submission shall be accompanied by a computer diskette (in WordPerfect format) which contains the instructions, proposed voir dire, special verdict forms, and jury interrogatories.

17.     Trial. This matter is scheduled for jury trial on July 9-20, 2007 beginning at 9:30 a.m. on July 9, 2007, with trial on the other days starting at 9:00 a.m. For the purpose of completing pretrial preparations, counsel should plan on each side being allocated a total of 22 hours to present their case.

                                                              UNITED STATES DISTRICT JUDGE

WIL:55698.1