## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CROWN PACKAGING TECHNOLOGY, INC. and CROWN CORK & SEAL USA, INC., | ) ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 05-608 (KAJ) |
| v. | ) ) ) | |
| REXAM BEVERAGE CAN CO., | ) ) | |
| Defendant. | ) | |

### REPLY TO REXAM'S ANSWER TO CROWN'S SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Crown Cork & Seal USA, Inc. ("Crown USA") hereby replies to the counterclaims set forth in The Answer To Second Amended Complaint For Patent Infringement And Counterclaims filed by defendant Rexam Beverage Can Co. ("Rexam"), in accordance with the numbered paragraphs thereof, as follows:

1.    Upon information and belief, admitted.

2.    Admitted.

3.    Admitted.

4.    Admitted.

5.    Crown USA admits that the United States Patent and Trademark Office issued United States Patent No. 4,774,839 ("839 Patent") on October 4, 1988 and that a true and correct copy is attached to the counterclaims. Crown USA denies that the 839 Patent was duly and legally issued.

6.     Crown USA is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6 of the counterclaims and, on that basis, denies the same.

7.     Crown USA admits that the 839 Patent discloses a method for necking an open end of a cylindrical container such as a can body.  Crown USA avers that the 839 patent includes claims directed to methods for necking container side walls and to necking apparatus as more particularly set forth in the patent itself.  Except as so admitted and averred, Crown USA denies the remaining allegations set forth in paragraph 7.

8.     Crown USA admits that it has made in the United States can bodies having a necked open end to which can ends are intended to be attached.  Except as so admitted, Crown USA denies the remaining allegations set forth in paragraph 8.

9.     Denied.

10.     Crown USA admits that it has known of the 839 patent since the early 1990's. Crown USA avers that Rexam has been aware of Crown USA's activities for more than a decade and yet failed to notify Crown USA of any belief by Rexam that Crown USA was infringing any claim of the 839 patent.  Except as so admitted and averred, Crown USA denies the remaining allegations set forth in paragraph 10.

11.     Denied.

12.     Crown USA admits that the United States Patent and Trademark Office issued United States Patent No. 5,222,385 ("385 Patent") on July 29, 1993 and that a true and correct copy is attached to the counterclaims.  Crown USA denies that the 385 Patent was duly and legally issued.

13.    Crown USA is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13 of the counterclaims and, on that basis, denies the same.

14.    Admitted.

15.    Crown USA admits that, for many years, it has used rollers to reform the bottom of certain cans made at its Fort Bend, Texas plant.  Except as so admitted, Crown USA denies the remaining allegations set forth in paragraph 15.

16.    Crown USA admits that, for many years, it has used rollers to reform the bottom of certain cans at its Fort Bend, Texas plant.  Except as so admitted, Crown USA denies the remaining allegations set forth in paragraph 16.

17.    Denied.

18.    Denied.

19.    Denied.

20.    Denied.

21.    Crown USA admits that the United States Patent and Trademark Office issued United States Patent No. 5,697,242 ("242 Patent") on December 16, 1997 and that a true and correct copy is attached to the counterclaims.  Crown USA denies that the 242 Patent was duly and legally issued.

22.    Crown USA is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 22 of the counterclaims and, on that basis, denies the same.

23.    Crown USA admits that the 242 Patent discloses and claims a method and apparatus for reforming can bottoms. Crown USA denies the remaining allegations set forth in paragraph 23.

24.    Crown USA admits that, that for many years, it has used rollers to reform the bottom of certain cans at its Fort Bend, Texas plant. Except as so admitted, Crown USA denies the remaining allegations set forth in paragraph

25.    Crown USA admits that, for many years, it has used rollers to reform the bottom of certain cans at its Fort Bend, Texas plant. Except as so admitted, Crown USA denies the remaining allegations set forth in paragraph Denied.

26.    Denied.

27.    Denied.

28.    Denied.

29.    Denied.

30.    Crown USA admits that the United States Patent and Trademark Office issued United States Patent No. 6,129,230 ("230 Patent") on October 10, 2000 and that a true and correct copy is attached to the counterclaims. Crown USA denies that the 230 Patent was duly and legally issued.

31.    Crown USA is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 31 of the counterclaims and, on that basis, denies the same.

32.    Crown USA is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 32 of the counterclaims and, on that basis, denies the same.

33.     Crown USA is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 33 of the counterclaims and, on that basis, denies the same.

34.     Crown USA admits that it has made and sold in the United States can ends that have a peripheral edge adapted to be double seamed to the sidewall of a can and that have a central panel in which a rivet is formed.  Except as so admitted, Crown USA denies the remaining allegations set forth in paragraph 34.

35.     Denied.

36.     Denied.

37.     Denied.

38.     Denied.

39.     Denied.

40.     Denied.

41.     Denied.

42.     Crown USA admits that the United States Patent and Trademark Office issued United States Patent No. 6,260,728 ("728 Patent") on July 17, 2001 and that a true and correct copy is attached to the counterclaims.  Crown USA denies that the 728 Patent was duly and legally issued.

43.     Crown USA is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 43 of the counterclaims and, on that basis, denies the same.

44.     Crown USA admits that the 728 Patent discloses a can end with a means for opening a frangible panel without the panel becoming completely detached from the can end.

Crown USA avers that the 728 patent includes claims more particularly set forth in the patent itself. Except as so admitted and averred, Crown USA denies the remaining allegations set forth in paragraph 44.

45.     Crown USA admits that the 728 Patent discloses a can end having a primary score. Crown USA avers that the 728 patent includes claims more particularly set forth in the patent itself. Except as so admitted and averred, Crown USA denies the remaining allegations set forth in paragraph 45.

46.     Crown USA admits that the 728 patent discloses a can end having a second score. Crown USA avers that the 728 patent includes claims more particularly set forth in the patent itself. Except as so admitted and averred, Crown USA denies the remaining allegations set forth in paragraph 46.

47.     Crown USA is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 47 of the counterclaims and, on that basis, denies the same.

48.     Crown USA is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 48 of the counterclaims and, on that basis, denies the same.

49.     Crown USA admits that has made and sold within the United States can ends that have a peripheral edge that is adapted to be double seamed to a sidewall of a can and that also have a central panel. Except as so admitted, Crown USA denies the remaining allegations set forth in paragraph 49.

50.     Denied.

51.     Denied.

52.    Denied.

53.    Denied.

54.    Denied.

55.    Denied.

56.    Denied.

57.    Denied.

### FIRST AFFIRMATIVE DEFENSE

Defendant's counterclaims fail to state claims upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

The 839, 385, 242, 230 and 728 Patents have not been infringed by Crown USA.

### THIRD AFFIRMATIVE DEFENSE

Defendant's counterclaims, to the extent that they are predicated upon an assertion of infringement under the doctrine of equivalents, are barred in part under the doctrine of prosecution history estoppel.

### FOURTH AFFIRMATIVE DEFENSE

One or more claims of the 839, 385, 242, 230 and 728 Patents are invalid for failure to comply with one or more of the provisions of 35 U.S.C. §§ 102, 103, and/or 112.

### FIFTH AFFIRMATIVE DEFENSE

Defendant's damage claim under the 839, 385 and 242 Patents is barred, in part, under 35 U.S.C. § 286.

### SIXTH AFFIRMATIVE DEFENSE

Defendant's damage claim under the 839 Patent is barred in its entirety by the doctrine of laches.

## SEVENTH AFFIRMATIVE DEFENSE

Defendant's damages claim under the 839 Patent is barred in its entirety because defendant failed to comply with the marking and notice requirements of 35 U.S.C. § 287.

## EIGHTH AFFIRMATIVE DEFENSE

Defendant's pre-complaint damage claim under the 385 and 242 Patents is barred in its entirety by the doctrine of laches.

## NINTH AFFIRMATIVE DEFENSE

Defendant's rights in the 839 Patent, to the extent they could otherwise apply to Crown USA, have been exhausted.

## TENTH AFFIRMATIVE DEFENSE

Defendant's pre-complaint damage claim under the 839, 385 and 242 Patents is barred in its entirety because defendant failed to comply with the marking and notice requirements of 35 U.S.C. § 287.

## ELEVENTH AFFIRMATIVE DEFENSE

On information and belief, defendant has expressly licensed Belvac Production Machinery, Inc. under the 839 Patent and, to the extent defendant's claim under that patent arises out of use made by Crown of Belvac machines, Crown USA is impliedly licensed under the 839 Patent.

WHEREFORE, Crown USA requests that this Court enter final judgment:

a. dismissing Defendant's counterclaims with prejudice;

b. awarding to Crown USA its reasonable attorney's fees incurred in defense of this action as provided by 35 U.S.C. § 285; and

c. awarding such other and further relief as it deems just and proper.

Dated: December 23, 2005

Barry M. Klayman, Esquire (#3676)
Wolf, Block, Schorr and Solis-Cohen LLP
Wilmington Trust Center
1100 N. Market Street, Suite 1001
Wilmington, DE 19801
Tel: (302) 777-0313
Fax: (302) 778-7813

*Attorney for Plaintiffs,*
*Crown Packaging Technology, Inc. and*
*Crown Cork & Seal USA, Inc.*

*Of Counsel:*

Dale M. Heist
Lynn A. Malinoski
Chad E. Ziegler
WOODCOCK WASHBURN, LLP
One Liberty Place, 46th Floor
Philadelphia, PA 19103
(215) 568-3100

Jerome J. Shestack
Wolf, Block, Schorr and Solis-Cohen LLP
1650 Arch Street, 22nd Floor
Philadelphia, PA 19103-2097
(215) 561-5151

Michael Korniczky
Crown Cork & Seal USA, Inc.
One Crown Way
Philadelphia, Pennsylvania 19154

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this date, he caused a copy of the foregoing document to be filed electronically with the Clerk of Court using CM/ECF and that a copy was served on the person(s) listed below in the manner stated:

<u>Via E-Filing and Hand Delivery</u>

Frederick L. Cottrell, III, Esquire
Richards, Layton & Finger, P.A.
One Rodney Square
920 King Street
Wilmington, DE 19801

Dated:  December 23, 2005

Barry M. Klayman, Esquire (#3676)