IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CROWN PACKAGING TECHNOLOGY, INC., | ) ) ) |
| Plaintiff, and | ) ) |
| CROWN CORK & SEAL USA, INC., | ) Civil Action No. 05-608 (KAJ) ) |
| Plaintiff/Counterclaim Defendant, | ) ) |
| v. | ) ) ) |
| REXAM BEVERAGE CAN CO., | ) ) |
| Defendant/Counterclaimant. | ) |

**MEMORANDUM OF LAW IN SUPPORT OF COUNTERCLAIMANT REXAM BEVERAGE CAN COMPANY'S MOTION FOR SUMMARY JUDGMENT THAT DAMAGES FOR INFRINGEMENT OF U.S. PATENT NO. 4,774,839 ARE NOT PRECLUDED BY THE MARKING PROVISION OF 35 U.S.C. §287(a)**

This lawsuit involves seven patents: two by Plaintiffs/Counterclaim Defendant and five by Defendant/Counterclaimant. Plaintiff Crown Packaging Technology, Inc. and Plaintiff/Counterclaim Defendant Crown Cork & Seal USA, Inc. ("Crown") have asserted a "lack of notice" defense against an award of damages on one of Defendant and Counterclaimant Rexam Beverage Can Company's ("Rexam") patents in suit. Because Rexam alleges infringement by Crown of only the method claims in that particular patent, a ruling by the Court regarding Rexam's ability to recover damages for infringement on that patent would be outcome determinative. Hence, this Motion for Summary Judgment is appropriate at this early stage of the proceedings.

This Court should grant summary judgment declaring that the patent marking provision of 35 U.S.C. §287(a) does not apply to the asserted method claims of the patent in question, Rexam's patent, U.S. Patent No. 4,774,839 ("'839 Patent"). Rexam is

RLF1-2968758-1

asserting only the method claims from the '839 patent, which expired on October 3, 2005. Based on Federal Circuit precedent, §287(a) does not apply when only the method claims of a patent containing both method and apparatus claims are asserted. As such, this Court should grant Rexam's Motion for Summary Judgment allowing for damages if infringement of the method claims of the '839 patent is proven.

In the alternative, Rexam asks this Court to certify the issue for immediate appeal to the United States Court of Appeals for the Federal Circuit since a denial of the summary judgment motion would be outcome determinative on this particular issue.

## INTRODUCTION

Rexam is the assignee of the '839 Patent, which expired on October 3, 2005. The patent contains both method and apparatus claims. Rexam has asserted that Crown has infringed only the method claims of the '839 patent. Federal Circuit precedent establishes that the marking provision of §287(a) only applies to the method claims of a patent containing both method and apparatus claims when a party alleges infringement of both apparatus claims and method claims of the patent-in-suit. *Hanson v. Alpine Valley Ski Area, Inc.*, 718 F.2d 1075 (Fed. Cir. 1983) (unanimous five judge panel of the Federal Circuit). This precedent can only be overruled by an *en banc* ruling by the Federal Circuit or by the Supreme Court of the United States. *Newell Cos. v. Kenney Mfg. Co.*, 864 F.2d 757, 765 (Fed. Cir. 1988) ("This court has adopted the rule that prior decisions of a panel of the court are binding precedent on subsequent panels unless and until overturned *en banc*.").

In Federal Circuit cases since *Hanson v. Alpine Valley* (none even questioning the authority of the *Hanson* decision), the Federal Circuit has made statements that, when

taken out of context, appear to expand the coverage of §287(a), but when analyzed closely, simply carry on the clear precedent that the issue turns on whether apparatus claims of the patent have been asserted along with the method claims. In fact, the subsequent Federal Circuit cases that cite the *Hanson* decision, correctly cite it for the proposition that the applicability of §287(a) turns on whether the patentee asserted the apparatus claims. *See American Medical Systems, Inc. v. Medical Engineering Corp.*, 6 F.3d 1523 (Fed. Cir. 1993); *Devices for Medicine, Inc. v. Boehl*, 822 F.2d 1062 (Fed. Cir. 1987); *State Contracting & Engineering Corp. v. Condotte America, Inc.*, 346 F.3d 1057, 1074 (Fed. Cir. 2003).

Although it is very early in the proceedings of this case, a controversy exists between the parties as to the correct meaning of the marking provision as it applies to method claims when asserted on their own from a patent containing both method and apparatus claims. Adding further to the controversy is the fact that <u>this Court</u> has ruled in favor of the application of the marking provision of §287(a) to method claims from patents containing both types of claims. *Philips Electronics North America Corp. v. Contec Corp.*, 312 F. Supp. 2d 649 (D. Del. 2004).

## FACTS

On August 18, 2005, Crown filed a complaint in this Court, alleging that Rexam had infringed various claims of U.S. Patent No. 6,848,875 ("'875 patent"). Crown ultimately filed a Second Amended Complaint on October 20, 2005 which included the original allegation of infringement of the '875 patent and allegations of infringement of U.S. Patent No. 6,935,826 ("'826 patent"). On November 3, 2005 Rexam filed its Answer to the Second Amended Complaint For Patent Infringement And Counterclaims.

3

One of the counterclaims asserted by Rexam is that Crown infringed, *inter alia*, certain method claims of the '839 Patent. The patent issued on October 4, 1988 and is presumed to have been valid throughout its term. Rexam is seeking past damages for infringement of the asserted method claims of the '839 patent. The '839 patent also included apparatus claims, none of which are being asserted by Rexam.

During the course of scheduling discussions with opposing counsel from Woodcock, Washburn, it has become apparent that there is a disagreement as to whether Rexam is entitled to these damages. Rexam is relying on Federal Circuit precedent in asserting that it is entitled to damages for past infringement by Crown of the method claims of the '839 patent.

The resolution of this issue at an early stage in the litigation will assist both the parties and the Court in directing resources to the resolution of the real issues in the case. Conducting extensive fact and expert discovery on an issue that may ultimately be deemed moot serves no purpose for the Court or either party.

## SUMMARY JUDGMENT STANDARD

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment shall be entered if "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. "The availability of summary judgment turn[s] on whether a proper jury question . . . [has been] presented." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). "The judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Id.* "In making that determination, the Court is required to accept the non-moving parties' evidence and draw all inferences from the

evidence in the non-moving parties' favor." *Callaway Golf Co. v. Dunlop Slazenger Group*, 318 F. Supp.2d 205, 210 (D. Del. 2004) (citing *Anderson*, 477 U.S. at 255). "Summary judgment procedure is properly regarded not as a disfavored procedural shortcut but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986) (quoting Fed. R. Civ. P. 1).

### ARGUMENT

Patent holders are entitled to damages for infringement of their patents. "Upon finding for the claimant the court shall award the claimant damages adequate to compensate for infringement, but in no event less than a reasonable royalty for the use of the invention by the infringer, together with interest and costs as fixed by the court." 35 U.S.C. §284.

In some cases in which a defendant is found to have infringed, the amount or time period for damages may be limited. The marking requirement is one such limitation on damages. 35 U.S.C. §287(a). Marking is affixing the word "'patent' or the abbreviation 'pat.', together with the number of the patent. . ." to a patented item or its packaging. *Id.* Generally, "[t]he marking statute provides that if a product is not marked, no damages shall be recovered by the patentee except on proof that the infringer was notified of the infringement." *Rite-Hite Corp. v. Kelley Co., Inc.*, 56 F.3d 1538 (Fed. Cir. 1995). The obligation to mark does not, however, arise when the patent claims are directed to a method. It is "settled in the case law that the notice requirement of this statute does not apply where the patent is directed to a process or method." *Bandag, Inc. v. Gerrard Tire Co.*, 704 F.2d 1578, 1581 (Fed. Cir. 1983).

The issue presented by this motion is whether an obligation to mark arises when solely the method claims of a patent containing both method and apparatus claims are asserted. A five judge panel of the United States Court of Appeals for the Federal Circuit rejected the argument that the marking requirement attaches to the method claims of a patent containing both method and apparatus claims. *Hanson*, 718 F.2d 1075 (Fed. Cir. 1983). The defendant in the *Hanson* case, Alpine Valley, suggested that the marking obligation applied to the method claims of the patent because "the [plaintiff's] patent also include[d] apparatus claims." *Id.* at 1083. Despite the fact that the plaintiff's patent indeed included apparatus claims, and the fact that the plaintiff's apparatus was not marked with the patent number, the court awarded damages based on infringement of the method claims. *Id.*

More recently, in *Devices for Medicine, Inc.*, the Federal Circuit recognized that the cases mentioned above stand for the proposition that method claims do not trigger a duty to mark when apparatus claims are not asserted. *Devices for Medicine, Inc. v. Boehl*, 822 F.2d 1062 (Fed. Cir. 1987). "In *Bandag* and *Hanson*, this court specifically noted a distinction between cases in which only method claims are asserted to have been infringed and cases like the present case, where [the patentee] alleged infringement of all its apparatus and method claims." *Id.* at 1066. The court ruled against the patentee on the issue of marking only in light of the distinction (the patentee asserted both method <u>and</u> apparatus claims). *Id.*

Still more recently, the proverbial waters have started to muddy. A three judge Federal Circuit panel correctly cited *Devices for Medicine* for the proposition that there is a distinction between cases "'in which only method claims are asserted to have been

6

infringed' and cases where a patentee alleges infringement of both the apparatus and method claims of the same patent." *American Medical Systems*, 6 F.3d at 1538 (Fed. Cir. 1993) (quoting *Devices for Medicine*, 822 F.2d at 1066). In dicta, the Federal Circuit panel then made a statement that has been a source of confusion in later cases. The court stated that "[w]here the patent contains both apparatus and method claims . . ., to the extent that there is a tangible item to mark by which notice of the asserted method claims can be given, a party is obliged to do so if it intends to avail itself of the constructive notice provisions of section 287(a)." *American Medical Systems*, 6 F.3d at 1538-39 (Fed. Cir. 1993). When read in the context of the holding in *American Medical Systems* (a case in which both method and apparatus claims were asserted), the statement does not cause problems. When, however, that statement is taken in a vacuum and relied upon by other courts for the proposition that any time there is a patent containing both method and apparatus claims, the obligation to mark attaches to the method claims (regardless of whether the apparatus claims are asserted), there is an issue.

The Federal Circuit's most recent discussion on these points again dealt with the precise issue only in dicta. In *State Contracting & Engineering Corp. v. Condotte America, Inc.*, 346 F.3d 1057, 1074 (Fed. Cir. 2003), the Federal Circuit mentioned the *American Medical Systems* case only for the purpose of stating that the case was inapposite to the facts of the case before the court. In *State Contracting,* the patent in suit contained only method claims and therefore the Federal Circuit ruled that the marking provision of §287(a) did not apply. *State Contracting*, 346 F.3d at 1074 (Fed. Cir. 2003). After discussing the difference between the *American Medical Systems* and the *State Contracting* cases, the court cited *Hanson* as lending support to the proposition that

7

method claims asserted on their own do not trigger the marking provision. *Id.* The court reiterated the holding and authority of the *Hanson* case, stating that *Hanson* "uph[eld] [the] decision that *section* 287 did not apply when only process claims were found infringed and the patent contained apparatus claims." The citation to *Hanson* comes after the citation signal "Cf." "Cf." is defined in "The Bluebook" as follows:

> Cited authority supports a proposition different from the main proposition but sufficiently analogous to lend support. Literally, 'cf.' means 'compare.' The citation's relevance will usually be clear to the reader only if it is explained. Parenthetical explanations. . ., however brief, are therefore strongly recommended.

*The Bluebook, A Uniform System of Citation*, Seventeenth Edition, p. 23 (2000).

In other words, the facts in cases that have come before the Federal Circuit since *Hanson* have not presented the same question. No Federal Circuit case has had a contrary holding from *Hanson* and even if one did, the precedent set by the five judge panel in *Hanson* could not be overturned by another panel, but rather would require an *en banc* decision by the Federal Circuit (or a ruling by the United States Supreme Court) to overturn the clear precedent of the *Hanson* case. *Newell Cos. v. Kenney Mfg. Co.*, 864 F.2d 757 (Fed. Cir. 1988).

To illustrate the authority on this issue, the following table breaks down the cases by the type of patent, the type of claims asserted, the type of claims found to have been infringed, the dicta, and the holding of the case:

| Case | Type of Patent | Claims Asserted | Claims Infringed | Dicta | Holding |
|---|---|---|---|---|---|
| *Bandag v. Gerrard Tire* (Fed. Cir. 1983). | Method Claims only | Method Claims | Method Claims | Marking provision does not apply to method claims | Marking provision does not apply to method claims |
| *Hanson v. Alpine* | Method and Apparatus Claims | Method Claims | Method Claims | Marking provision does not apply to | Marking provision does not apply to |

8

| | | | | | |
|---|---|---|---|---|---|
| *Valley Ski Area* (Fed. Cir. 1983). | | | | method claims | method claims |
| *Device for Medicine v. Boehl* (Fed. Cir. 1987). | Method and Apparatus Claims | Method <u>and</u> Apparatus claims | Method <u>and</u> Apparatus claims | "distinction between cases in which method and apparatus claims are asserted . . . and cases like the present case, where [the plaintiff] alleged infringement of all its apparatus and method claims." p. 1066. | Marking provision applies when both method and apparatus claims are asserted |
| *American Medical Systems v. Medical Engineering* (Fed. Cir. 1993). | Method and Apparatus Claims | Method <u>and</u> Apparatus Claims | Method and Apparatus Claims | "where the patent contains both apparatus and method claims, . . . to the extent that there is a tangible item to mark by which notice of the asserted method claims can be given, a party is obliged to do so if it intends to avail itself of the constructive notice provisions of section 287(a). p. 1538-39. | Marking provision applies when both method and apparatus claims are asserted |
| *State Contracting v. Condotte America* (Fed. Cir. 2003). | Method Claims | Method Claims | Method Claims | To the extent that *American Medical Systems* stands for the proposition that where a patent contains both method and apparatus claims, the duty to mark a tangible item | When a method patent is asserted and found to be infringed, the marking provision of §287(a) is not triggered |

9

RLF1-2968758-1

| | | | | | |
|---|---|---|---|---|---|
| | | | | arises – it does not stand for that proposition – *American Medical Systems* is inapposite to the facts of this case. Also cites *Hanson* for the proposition that when both types of claim are present, but only method claims are "found infringed," §287(a) does not apply. | |
| *Philips Electronics v. Contec Corporation* (D. Del. 2004). | Method and Apparatus Claims | Method Claims | Method Claims | | Patentee made something capable of being marked so, despite the fact that only method claims were asserted (from the patent containing both types of claims), the patentee is precluded from recovering damages for the period before it provided actual notice of infringement. |

As illustrated in the table, the only Federal Circuit case dealing with a similar set of facts (only the method claims of a patent containing both method and apparatus claims were asserted) is the *Hanson* case. None of the other cases even disagree with the holding of *Hanson* and, in fact, have reiterated its authority. *See State Contracting*, 346 F.3d at 1074, and *Devices for Medicine*, 822 F.2d at 1066.

10

RLF1-2968758-1

It is respectfully suggested that this Court appears to have incorrectly applied Federal Circuit precedent in the *Philips Electronics v. Contec Corporation* case. *Philips Electronics North America Corp. v. Contec Corp.*, 312 F. Supp. 2d 649 (D. Del. 2004). Because the facts of the present case will present the same issue, Rexam asks that the Court rule on summary judgment in favor of allowing Rexam to seek past damages for infringement of the '839 patent. In the alternative, should the Court decide that §287(a) is applicable to Rexam's allegations of infringement, Rexam moves this Court to certify the issue for immediate appeal to the Federal Circuit. Since the ruling would be outcome determinative, the issue would be ripe for immediate appeal or mandamus. *See In re Spalding Sports Worldwide, Inc.*, 203 F.3d 800 (Fed. Cir. 2000).

## CONCLUSION

Accordingly, Rexam respectfully requests that this Court grant its Motion For Summary Judgment That Damages For Infringement of U.S. Patent No. 4,774,839 Are Not Precluded By The Marking Provision of 35 U.S.C. §287(a).

Of Counsel:
George P. McAndrews
Steven J. Hampton
Richard T. McCaulley
Gerald C. Willis
Paul W. McAndrews
McAndrews, Held & Malloy, Ltd.
500 W. Madison Street, Suite 3400
Chicago, IL  60601
Tel:  312-775-8000
Fax:  312-775-8100

Date:  January 12, 2006

*/s/ Anne Shea Gaza*
Frederick L. Cottrell, III (#2555)
cottrell@rlf.com
Anne Shea Gaza (#4093)
gaza@rlf.com
Richards, Layton & Finger, P.A.
One Rodney Square
P.O. Box 551
920 North King Street
Wilmington, DE 19801
Tel:  302-651-7700
Fax:  302-651-7701
  Attorneys for Defendant/Counterclaimant
  Rexam Beverage Can Co.

11

RLF1-2968758-1

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I hereby certify that on January 12, 2006, I caused to be served by hand delivery the foregoing document and electronically filed the same with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following:

Barry M. Klayman
Wolf, Block, Schorr and Solis-Cohen LLP
Wilmington Trust Center
1100 North Market Street, Suite 1001
Wilmington, Delaware 19801

*/s/ Anne Shea Gaza*
Anne Shea Gaza (#4093)
Gaza@rlf.com
Richards, Layton & Finger, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
(302) 651-7700

RLF1-2949563-1