IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CROWN PACKAGING TECHNOLOGY, INC., | ) ) ) |
| Plaintiff, and | ) ) ) |
| CROWN CORK & SEAL USA, INC., | ) Civil Action No. 05-608 (KAJ) ) |
| Plaintiff/Counterclaim Defendant, | ) ) ) |
| v. | ) **REDACTED** ) **PUBLIC VERSION** ) |
| REXAM BEVERAGE CAN CO., | ) ) |
| Defendant/Counterclaimant. | ) |

**REXAM BEVERAGE CAN COMPANY'S MOTION TO WITHDRAW WITHOUT PREJUDICE ITS MOTION FOR SUMMARY JUDGMENT THAT DAMAGES FOR INFRINGEMENT OF U.S. PATENT 4,774,839 ARE NOT PRECLUDED BY THE MARKING PROVISION OF 35 U.S.C. § 287(a)**

Of Counsel:
George P. McAndrews
Steven J. Hampton
Richard T. McCaulley
Gerald C. Willis
Paul W. McAndrews
McAndrews, Held & Malloy, Ltd.
500 W. Madison Street, Suite 3400
Chicago, IL 60601
Tel: 312-775-8000
Fax: 312-775-8100

Date: January 31, 2006

Frederick L. Cottrell, III (#2555)
cottrell@rlf.com
Anne Shea Gaza (#4093)
gaza@rlf.com
Richards, Layton & Finger, P.A.
One Rodney Square
P.O. Box 551
920 North King Street
Wilmington, DE 19801
Tel: 302-651-7700
Fax: 302-651-7701
 Attorneys for Defendant/Counterclaimant
 Rexam Beverage Can Co.

At this time, and in light of recent developments, it no longer appears that Rexam Beverage Can Company's ("Rexam's") Motion for Summary Judgment That Damages for Infringement of U.S. Patent 4,774,839 (the "Motion") (D.I. 42) will be dispositive on the issue of damages stemming from Crown Cork & Seal USA, Inc.'s ("Crown's") potential infringement of the method claims of U.S. Patent 4,774,839 (the "'839 patent").[1] Therefore, for the reasons set forth below, Rexam respectfully requests that this Court permit Rexam to withdraw without prejudice the Motion subject to Rexam's right to raise this Motion at a later time.

## I. THE FEDERAL MARKING REQUIREMENT AND BACKGROUND OF THE MOTION FOR SUMMARY JUDGMENT.

On January 12, 2006, Rexam filed its Motion requesting that this Court make an expedited ruling in favor of Rexam on the issue of marking. Specifically, Rexam asked this Court to rule that damages stemming from Crown's potential infringement of the method claims of the '839 Patent are not precluded by 35 U.S.C. § 287(a) ("the marking provision"). Rexam's Motion was based on the Federal Circuit's pronouncement that the duty to mark contained in 35 U.S.C. § 287(a) does not apply when only the method claims are asserted from a patent containing both method and apparatus claims, as is presently the case with Rexam's '839 patent-in-suit. *Hanson v. Alpine Valley Ski Area, Inc.*, 718 F.2d 1075 (Fed. Cir. 1983). (D.I. 42-44). Documentary evidence reviewed in conjunction with ongoing discovery efforts indicates, however, that Crown may have had actual notice of Rexam's '839 patent. If this is found to be the case, then it constitutes actual notice of potential infringement to the alleged infringer. Such actual notice would supplant the marking requirement of 35 U.S.C. § 287(a), which we believe is inapplicable in this case anyway, and may even negate the need for the Court to ever need to

---

[1] The '839 patent is one of five patents that Rexam has asserted against Plaintiffs/Counterclaim Defendants and is the only patent at issue in Rexam's Motion.

consider whether 35 U.S.C. § 287(a) imposes a limitation on the availability of damages based on infringement of the '839 Patent.

## II. NEWLY DISCOVERED EVIDENCE OF ACTUAL NOTICE NEGATES NEED FOR EXPEDITED SUMMARY JUDGMENT AT THIS TIME.

Rexam's attorneys have discovered documents that suggest Crown may have had actual notice of Rexam's patent rights in and to the '839 Patent. In 1993, American National Can ("ANC"), Rexam's predecessor in interest, entered into a license agreement with Belvac Production Machinery, Inc. ("Belvac") for the sale of smooth die necking equipment. (Exhibit A, 1995 License Agreement between ANC and Belvac). After a dispute between Rexam and Belvac, the parties entered into a new license agreement related to the '839 Patent and the use of smooth die necking technology. (*Id.*). The new agreement, effective from April 17, 1994 through October 4, 2005, was executed on January 23, 1995. This new license expressly

(*Id.*, Appendix A). Also, ANC received assurances from Belvac that customers and prospective customers were in fact notified of the need to obtain a license from ANC. (Exhibit B, January 6, 1995 Letter from E. James Schneiders at Belvac to Richard Deneau at ANC).

3

Based on Crown's asserted affirmative defense of an implied license for use of the '839 Patent, Rexam has reason to believe that Crown was a purchaser of smooth die necking equipment and, as such, received notice of the need to obtain a license from ANC under the '839 Patent. Crown's Eleventh Affirmative Defense states, "[o]n information and belief, defendant has expressly licensed Belvac Production Machinery, Inc. under the 839 Patent and, to the extent defendant's claim under that patent arises out of use made by Crown of Belvac machines, Crown USA is impliedly licensed under the 839 Patent." (D.I. 37). If further discovery reveals that this actual notice of the '839 patent was in fact provided to Crown, which we believe is the case, then this may render the question of "marking" moot for purposes of this litigation.

Section 287(a) of the United States Code sets forth the notice and marking requirements for patent holders to safeguard their patent rights. Specifically, it states that "[p]atentees, and persons making, offering for sale, or selling with the United States any patented article" may provide constructive notice of infringement to potential infringers by way of marking the patented product (the patentee's version). 35 U.S.C. § 287(a). The patentee may do this by "fixing [onto the patented product] the word 'patent' or the abbreviation 'pat.', together with the number of the patent, or when, from the character of the article, this can not be done, by fixing to it, or to the package wherein one or more of them is contained, a label containing a like notice." *Id.* In lieu of providing "constructive notice" by way of marking, "[p]atentees, and persons making, offering for sale, or selling within the United States any patented article" may also provide "actual notice" to a potential infringer. *Id.* "In the event of failure to mark, no damages shall be recovered by the patentee in any action for infringement, except on proof that the infringer was notified of the infringement and continued to infringe thereafter, in which event

4

damages may be recovered only for infringement occurring after such notice." *Id. (emphasis added)*.

Rexam's pending Motion, and memorandum in support thereof, addresses whether Section 287(a) precludes damages resulting from Crown's infringement of the method claims of the '839 Patent and is based on the assumption, which we believe now to have been incorrect, that Crown did not receive actual notice of infringement. It now appears that Rexam's licensee, Belvac, may have provided actual notice to Crown that Crown's conduct would infringe Rexam's patent along with explicit instructions to obtain a license from Rexam to perform Rexam's patented method of necking cans. "Informing the alleged infringer of the identity of the patent and the activity that is believed to be an infringement, accompanied by a proposal to abate the infringement, whether by license or otherwise complies with the actual notice requirement of the marking statute." *Gart v. Logitech, Inc.*, 254 F.3d 1334, 1345-1346 (Fed. Cir. 2001). Therefore, even if the Court were to determine that "the marking provision" was applicable to the method claims of Rexam's '839 Patent, Rexam would still be entitled to seek damages for Crown's infringement from the time that Crown received actual notice of Rexam's patent rights in and to the '839 Patent. Until the parties have undertaken sufficient discovery to determine whether actual notice was in fact provided to Crown, the Motion is premature and may, in the end, be rendered moot by the facts.

## III.  CONCLUSION

The new developments likely mean that Rexam's Motion for Summary Judgment will not prove to be dispositive at this time. Because the original basis for treating this matter on an expedited basis - - that it would be issue dispositive - - now appears to be inaccurate, Rexam believes that its motion for summary judgment should be withdrawn at this time, so that Rexam

can take discovery to determine if and when Crown received actual notice of Rexam's patent rights in and to the '839 Patent. Therefore, Rexam respectfully requests that this Court grant Rexam's Motion to Withdraw Without Prejudice Its Motion for Summary Judgment That Damages For Infringement of U.S. Patent No. 4,774,839 Are Not Precluded By the Marking Provision of 35 U.S.C. § 287(a) subject to Rexam's right to renew the Motion at a later time. A proposed form of order is attached hereto as Exhibit C.

Of Counsel:
George P. McAndrews
Steven J. Hampton
Richard T. McCaulley
Gerald C. Willis
Paul W. McAndrews
McAndrews, Held & Malloy, Ltd.
500 W. Madison Street, Suite 3400
Chicago, IL 60601
Tel: 312-775-8000
Fax: 312-775-8100

Date: January 24, 2006

*/s/ Anne Shea Gaza*
Frederick L. Cottrell, III (#2555)
cottrell@rlf.com
Anne Shea Gaza (#4093)
gaza@rlf.com
Richards, Layton & Finger, P.A.
One Rodney Square
P.O. Box 551
920 North King Street
Wilmington, DE 19801
Tel: 302-651-7700
Fax: 302-651-7701
  Attorneys for Defendant/Counterclaimant
  Rexam Beverage Can Co.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CROWN PACKAGING TECHNOLOGY, INC., <br><br> Plaintiff, and <br><br> CROWN CORK & SEAL USA, INC., <br><br> Plaintiff/Counterclaim Defendant, <br><br> v. <br><br> REXAM BEVERAGE CAN CO., <br><br> Defendant/Counterclaimant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) Civil Action No. 05-608 (KAJ) |

## CERTIFICATION PURSUANT TO
## DISTRICT OF DELAWARE LOCAL RULE 7.1.1

Pursuant to Local Rule 7.1.1., the undersigned counsel certifies that they have consulted with counsel for Crown Packaging Technology, Inc. and Crown Cork & Seal USA, Inc. (collectively, "Crown") and have been advised that Crown does not oppose the relief sought by this Motion.

Of Counsel:
George P. McAndrews
Steven J. Hampton
Richard T. McCaulley
Gerald C. Willis
Paul W. McAndrews
McAndrews, Held & Malloy, Ltd.
500 W. Madison Street, Suite 3400
Chicago, IL  60601
Tel:  312-775-8000
Fax:  312-775-8100

Date: January 24, 2006

/s/ Anne Shea Gaza
Frederick L. Cottrell, III (#2555)
cottrell@rlf.com
Anne Shea Gaza (#4093)
gaza@rlf.com
Richards, Layton & Finger, P.A.
One Rodney Square
P.O. Box 551
920 North King Street
Wilmington, DE 19801
Tel:  302-651-7700
Fax:  302-651-7701
    Attorneys for Defendant/Counterclaimant
    Rexam Beverage Can Co.

RLF1-2973435-1