IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CROWN PACKAGING TECHNOLOGY, INC., <br><br>    Plaintiff, and <br><br> CROWN CORK & SEAL USA, INC., <br><br>    Plaintiff/Counterclaim Defendant, <br><br> v. <br><br> REXAM BEVERAGE CAN CO., <br><br>    Defendant/Counterclaimant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) Civil Action No. 05-608 (KAJ) |

### NOTICE OF SERVICE OF SUBPOENA

To:    Barry M. Klayman                      Dale M. Heist
        Wolf, Block, Schorr and            Woodcock Washburn LLP
        Solis-Cohen LLP                        One Liberty Place, 46th Floor
        Wilmington Trust Center           Philadelphia, PA 19103
        1100 North Market Street
        Suite 1001
        Wilmington, DE  19801

       PLEASE TAKE NOTICE that on February 6, 2006, defendant Rexam Beverage Can Co. issued the attached subpoena for service on Belvac Production Machinery, Inc., 237 Graves Mill Road, Lynchburg, VA 24502-4203.

RLF1-2983521-1

Of Counsel:
George P. McAndrews
Steven J. Hampton
Richard T. McCaulley
Gerald C. Willis
Paul W. McAndrews
McAndrews, Held & Malloy, Ltd.
500 W. Madison Street, Suite 3400
Chicago, IL  60601
Tel:  312-775-8000

Dated:  February 22, 2006

_/s/ Anne Shea Gaza_
Frederick L. Cottrell, III (#2555)
cottrell@rlf.com
Anne Shea Gaza (#4093)
gaza@rlf.com
Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
302-651-7700
Attorneys for Defendant/Counterclaimant
  Rexam Beverage Can Co.

AO 88 (Rev 1/94) Subpoena in a Civil Case

## Issued by the
# United States District Court
### WESTERN DISTRICT OF VIRGINIA

SUBPOENA IN A CIVIL CASE

CROWN PACKAGING TECHNOLOGY, INC.,
CROWN CORK & SEAL USA, INC

Plaintiff/Counter Defendant

V.

REXAM BEVERAGE CAN COMPANY,

Defendants/Counterclaimant

CASE NUMBER:[1] 05-608 (KAJ)
Pending in the United States District Court
For the District of Delaware

TO: Belvac Production Machinery, Inc
237 Graves Mill Road
Lynchburg, VA 24502-4203

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
|  | DATE AND TIME |

| ☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case | |
| --- | --- |
| PLACE OF DEPOSITION: Days Inn Lynchburg Airport, 3320 Candlers Mountain Road, Lynchburg VA 24502 | DATE AND TIME: March 10, 2006 at 9:30 am |

| ☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):   See Appendix A attached hereto. The subpoena is designated to collect evidence relevant to a lawsuit between the parties set forth above, now pending in the United States District Court for the District of Delaware, a courtesy copy of the Second Amended Complaint and Answer are attached hereto. | |
| --- | --- |
| PLACE  Belvac Production Machinery, Inc. 237 Graves Mill Road Lynchburg, VA 24502-4203 | DATE AND TIME February 24, 2006 at 1:00pm |

| ☐ YOU ARE COMMANDED to produce and permit inspection of the following premises at the date and time specified below | |
| --- | --- |
| PREMISES | DATE AND TIME |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| Issuing Officer Signature and Title (Indicate if attorney for Plaintiff or Defendant) Attorney for Defendant/Counterclaimant, Rexam Beverage Can Company | Date February 3, 2006 |
| --- | --- |
| Issuing Officer=s Name, Address, and Phone Number     *[signature: Gerald C. Willis]* | Gerald C Willis McAndrews, Held & Malloy, Ltd - (312) 775-8000 500 West Madison, Suite 3400 Chicago, IL 60661 |

---

[1] If action is pending in district other than district of issuance, state district under case number

(See Rule 45, Federal Rules of Civil Procedure Parts C & D on Reverse)

AO 88 (Rev 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
| SERVED BY (PRINT NAME) | | TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct

Executed on _____        _____
                    DATE                                              SIGNATURE OF SERVER

                                                                    _____
                                                                    ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial

(2)(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued If objection is made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden

(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, of commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim

## APPENDIX A
## BELVAC PRODUCTION MACHINERY, INC.

## DEFINITIONS AND INSTRUCTIONS

The term "documents and things" shall include, without limitation, originals and copies (carbon, photographic, xerographic, microfilm, emails, computer stored or otherwise) of all documents, correspondence (electronic or otherwise), sales documents, papers, minutes, memoranda, reports, studies, notes, diaries, messages, telegrams, books, letters, ledgers, photographs, pictures, drawings, sketches, blueprints, data sheets, motion pictures, publications, advertisements, brochures, pamphlets, recordings (tape, disc, or any other type), samples, models, prototypes, devices and any other writings or other physical objects known to Belvac Production Machinery, Inc., ("Belvac") as defined above.

The term "necking equipment" shall include equipment used to taper the neck of a can body.

The term "bottom reforming equipment" shall include equipment used to reform the bottom of a can body.

**Belvac is hereby commanded to produce and permit for inspection and copying the following documents:**

1. All documents and things in your possession, custody or control relating to the sale of necking equipment to Crown Packaging Technology, Inc. and/or Crown Cork & Seal USA, Inc. ("Crown") from 1993 to the present – including, but not limited to, communications to or from Crown concerning necking and necking equipment, communications to or from Crown concerning all agreements for the sale of necking equipment, all offers for sale and/or quotes for necking equipment and all communications to or from Crown relating to Rexam Beverage Can Company's ("Rexam" – previously American National Can) patent rights relating to necking technology.

2. All documents and things in your possession, custody or control relating to the sale of bottom reforming equipment to Crown from 1990 to the present – including, but not limited to, communications to or from Crown concerning

bottom reforming and bottom reforming equipment, communications to or from Crown concerning all agreements for the sale of bottom reforming equipment, all offers for sale and/or quotes, for bottom reforming equipment and all communications to and from Crown relating to Rexam's patent rights relating to bottom reforming technology.

**Belvac Production Machinery, Inc. is hereby commanded to designate a corporate representative to testify on its behalf, at the location designated in the subpoena, about the following:**

1. The sales, offers for sale and quotes that Belvac provided to Crown for necking equipment and for bottom reforming equipment and all communications to or from Crown concerning those sales, offers for sale, and quotes

2. All communications between Belvac and Crown concerning Rexam's (or its predecessors') patent rights relating to bottom reforming or necking.

3. The license agreements that Belvac executed with Rexam (or its predecessors') relating to smooth die necking technology and/or bottom reforming technology.

4. The authenticity of any documents produced for inspection and copying by Belvac in response to the subpoena.

(See Rule 45, Federal Rules of Civil Procedure Parts C & D on Reverse)

AO 88 (Rev. 1/94) Subpoena in a Civil Case

# PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | 2/6/06 @11:34am | 237 GRAVES MILL ROAD, LYNCHBURG, VA 24502 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| BELVAC PRODUCTION MACHINERY, INC | ACCEPTED BY JOHN SAUNDERS, MGMT |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| SANDRA M HESTER | PPS |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

SANDRA M HESTER

Executed on  2/6/06
            DATE

SIGNATURE OF SERVER
400 HILLTOP DR
MADISON HEIGHTS, VA 24572
ADDRESS OF SERVER
434 845 0628

## Rule 45, Federal Rules of Civil Procedure, Parts C & D

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition hearing or trial.

(2)(B) Subject to paragraph (d)(2) of this rule a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection is made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held or
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden
(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research development, of commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents communications or things not produced that is sufficient to enable the demanding party to contest the claim.

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I hereby certify that on February 22, 2006, I caused to be served by hand delivery the foregoing document and electronically filed the same with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following:

Barry M. Klayman
Wolf, Block, Schorr and Solis-Cohen LLP
Wilmington Trust Center
1100 North Market Street, Suite 1001
Wilmington, Delaware 19801

I hereby certify that on February 22, 2006, I sent by facsimile the foregoing document to the following non-registered participants:

Dale M. Heist
Woodcock Washburn LLP
One Liberty Place, 46th Floor
Philadelphia, PA 19103

Anne Shea Gaza (#4093)
Gaza@rlf.com
Richards, Layton & Finger, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
(302) 651-7700

RLF1-2949563-1