## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CROWN PACKAGING | ) |
| TECHNOLOGY, INC. AND CROWN | ) |
| CORK & SEAL USA, INC. | ) |
| | ) Civil Action No. 05-608 (KAJ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| REXAM BEVERAGE CAN CO. | ) |
| | ) |
| Defendant. | ) |

## AGREED PROTECTIVE ORDER

WHEREAS, the parties recognize that during the course of the above-captioned action ("Action") the parties may seek to obtain discovery of information which the party from whom discovery is sought considers to be a trade secret or other confidential research, development, marketing, or commercial or highly personal information; and

WHEREAS, the parties, through counsel, have agreed to and respectfully request entry of this Protective Order pursuant to Rule 26(c) to prevent unnecessary disclosure or dissemination of such confidential information.

By agreement of the parties and for good cause the Court finds that a protective order should be entered pursuant to Federal Rules of Civil Procedure Rule 26 for the purpose of protecting confidential research, development, marketing, or commercial or highly personal information of the parties, as follows:

IT IS HEREBY ORDERED that the following provisions of this Order shall control the disclosure, dissemination, and use of information that is within the scope of this Protective Order in this action:

1

1.      This Order shall apply to material produced or disclosed in this Action, including any and all documents (whether written or graphic matter, no matter how produced, recorded, stored, or reproduced, including tape recordings or other electronically stored data, together with the programming instructions and other written material necessary to understand such tapes and data), things, deposition testimony, deposition exhibits, responses to interrogatories and requests for admissions, and all other information and material (collectively "Discovery Material") produced or disclosed by a party or third party (the "Producing Party") to another party (the "Receiving Party").

2.      "Confidential Information," as used herein, means any Discovery Material of any type, kind or character that is designated as "Confidential" by a Producing Party. In designating information as "Confidential," the Producing Party will make such designation only as to that information that it in good faith believes contains a trade secret or other confidential research, development, marketing, or commercial or highly personal information. The designation of "Confidential" information pursuant to this Order and the failure of any other Party to object to such designation shall not be construed as a concession by any other Party that such information is relevant or material to any issue, or is in fact Confidential Information.

3.      Information or material that is available to the public, including catalogs, press releases, advertising materials, and the like shall not be designated "Confidential" and nothing shall be regarded as Confidential Information if it is information that either:

      (a)     is in the public domain at the time of production, as evidenced by a written document;

      (b)     becomes part of the public domain through no fault of a Receiving Party, as evidenced by a written document;

2

(c)    a Receiving Party can show by written document that the information was in its rightful and lawful possession at the time of disclosure; or

(d)    a Receiving Party lawfully receives such information at a later date from a third party without restriction as to disclosure, provided such third party has the right to make the disclosure to the Receiving Party.

4.    Confidential Information produced in the course of this Action shall be used by the Receiving Party solely for the purpose of preparation and trial of this Action and for no other purpose whatsoever without a Court order permitting such other use, and shall not be disclosed to any person except as permitted by this Order.

5.    Documents produced in this Action may be designated by any Producing Party as "Confidential" information by marking each page of the document(s) so designated with a stamp stating "Confidential."

6.    "Qualified Recipients," who may receive and/or review "Confidential" information are:

(a)    Outside trial counsel who are actively engaged in the conduct of this litigation, and the partners, associates, secretaries, paralegal assistants, employees and may include attorneys who are responsible for administrative oversight of patent prosecution without involvement in determining the scope or content of patent claims or patent applications but exclude those who presently or during the two years following the inclusion of the litigation will prosecute or have substantive input into the patent applications on behalf of a party;

(b)    Expert consultants who meet the requirements of paragraph 8 below;

(c)    Independent translators, trial consultants, mock jurors, focus groups, or independent third-party contractors of such counsel to the extent reasonably necessary to render professional services in the litigation under their supervision provided that those people are not employees of a party and that they have executed the Confidentiality Agreement that is attached as Exhibit A;

(d)    The following designated persons from each party deemed necessary by counsel to aid in the prosecution, defense, or settlement of this action after they have executed the Confidentiality Agreement that is attached as Exhibit A:

3

                                      (i)      for Crown: Michael Korniczky, Esq. and William

Gallagher

                                      (ii)     for Rexam: Mary Schnurr, Esq. and Frank Brown, Esq.;

                 (e)      The Court, any court personnel involved with the Action, and court
reporters;

                 (f)      any other person that the Court so approves after notice and
hearing to all parties.

       7.      Authors and original and copy addressees of materials that are designated

as "Confidential," persons to whom "Confidential" materials were provided by the Designating

Party of such "Confidential" material, or by that Designating Party's employees or

representatives, may be shown such "Confidential" materials.

       8.      Expert consultants to trial counsel may have access to "Confidential"

materials if they have executed the Confidentiality Agreement that is attached as Exhibit A; and

either:

                 (a)      are not any of:

                     i)      current employees of or consultants to a party other than
consultants who provide services only to a party's counsel in relation to a lawsuit,

                     ii)     current employees of or consultants to a third party
manufacturer of can bodies and/or can ends, including consultants for
manufacturers of can bodies and/or can ends in connection with litigation to
which such manufacturer is a party; or

                 (b)      the identity and current résumé or curriculum vitae (including
employment history) of the expert is furnished to all parties and

                     i)      within five (5) business days after the identity information,
curriculum vitae and signed Confidentiality Agreement (Exhibit A) have been
provided to the other parties and no objection is made to disclosure of confidential
material to the expert; or

                     ii)     if objection(s) to disclosure of confidential material to the
proposed expert are made within five (5) days of disclosure of the proposed
expert and those objections are not resolved by the parties, the party or parties that

4

objected to disclosure of confidential material to the proposed expert may within 14 days (two calendar weeks) from the day that the expert was disclosed file a motion asking the Court to preclude disclosure of confidential material to the proposed expert. The burden shall be on the objecting party to demonstrate good cause why confidential material may not be shown to the proposed expert. If an objecting party fails to file a motion to preclude disclosure of confidential material to the proposed expert within 14 days (two calendar weeks) from the time the day that the expert was disclosed, confidential material may be disclosed to the proposed expert and the objecting party will be deemed to have waived all objections to that proposed expert other than objections it did not know of and could not have known of based on the disclosure of the expert and reasonable diligence.

An expert consultant qualified under this paragraph to have access to "Confidential" materials shall not be employed by or consult for a party, or be employed by or consult for a third party manufacturer of can bodies and/or can ends for a period of one year following the conclusion of this action unless:

(c)     Prior to such employment or consulting opportunity the expert notifies counsel who provided that expert access to "Confidential" materials of that employment or consulting and that counsel notifies all parties who designated "Confidential" materials that were provided to that expert of the expert's identity and the employment or consulting opportunity; and

(d)     All parties that are notified of such employment or consulting consent in writing to the expert's employment by or consultation for a party or a third party manufacturer of can bodies and/or can ends before the one year period expires.

6.     Counsel who provides or permits access to "Confidential" materials to Qualified Recipients who are required to execute the Confidentiality Agreement that is attached as Exhibit A as a condition for access to "Confidential" material, shall retain the original Confidentiality Agreement executed by all such persons.

7.     Persons who are not Qualified Recipients under this Order may be examined as witnesses at depositions and trials and may testify concerning all "Confidential" information of which such persons have prior knowledge. In addition,

(a)      parties, third parties, and present employees of parties and third parties maybe examined as witnesses at depositions and trials and may testify concerning all "Confidential" information produced or designated by that party, or the employee's employer.

(b)      former employees of the parties and former employees of third parties may be examined and may testify concerning all "Confidential" information produced or designated by the person's former employer which pertains to the period or periods of the person's employment and prior thereto; and

(c)      nothing herein shall prevent any counsel of a party from utilizing "Confidential" information in the examination or cross-examination of any person who is indicated on the document as being an author, source or recipient of the "Confidential" information, irrespective of which party or third party produced or designated such information.

     Information disclosed at (a) the deposition of a party or one of its present or former officers, directors, employees, agents or independent experts retained by counsel for the purpose of this Action or (b) the deposition of a third party (which information pertains to a party or is confidential or trade secret information belonging to the third party) may be designated by any party or the third party as "Confidential" information by indicating on the record at the deposition that the testimony is "Confidential" and is subject to the provisions of this Order. At that time, all persons not qualified to receive that category of information shall leave the room prior to continuation of the deposition. Such designation shall remain effective until the time for designating confidential information contained in the transcript of the deposition in accordance with Paragraph 12.

     12.      Any party or third party may designate information disclosed at a deposition as "Confidential" by notifying counsel for all parties in writing within thirty (30) days of receipt of the transcript, of the specific pages and lines of the transcript which should be treated as "Confidential" thereafter. Each party and counsel shall attach a copy of such written notice or notices to the face of the transcript and each copy thereof in its possession, custody or control. All information disclosed at a deposition and all information contained in deposition transcripts

shall be treated as "Confidential" for a period of thirty-five (35) days after the receipt of the transcript to permit adequate time for review of the transcript and notice to other counsel regarding any designation as "Confidential" by a Designating Party.

To the extent possible, the court reporter shall segregate into separate transcripts information designated as "Confidential," with blank, consecutively numbered pages being provided in a Non-designated main transcript. The separate transcript containing "Confidential" information shall have page numbers that correspond to the blank pages in the main transcript.

14.    Copies of documents produced under this Protective Order may be made, or exhibits prepared by independent copy services, printers or illustrators for the purpose of this Action.

15.    Documents to be inspected shall be treated as "Confidential" during inspection. At the time of copying for the Receiving Party, such appropriate documents shall be stamped prominently "Confidential" by the Producing Party. If a party other than the Producing Party ("Designating Party") wishes to designate information or documents produced by the Producing Party as "Confidential," then that Designating Party shall notify all other parties in writing as to the specific information or documents so designated and all documents within each party's possession, custody, and control shall be marked accordingly and all such designated information and documents shall thereafter be treated as "Confidential." To the extent information (other than deposition testimony or transcripts, which are provided for in Paragraphs 11 and 12 herein) or documents are designated after disclosure or production to the Receiving Party, then the provisions of Paragraph 25 regarding late designation shall apply. However, all information or documents in the possession of a third party, which reasonably can be considered to pertain to

7

confidential information of a party, shall be treated as "Confidential" by the Receiving Party for at least 30 days to give the other party the opportunity to notify all parties whether such information or documents are designated as "Confidential."

16.     Nothing herein shall prevent disclosure of Confidential Information beyond the terms of this Order if the Designating Party consents to such disclosure or, if the Court, after notice to all affected parties, orders such disclosures.

17.     A party shall not be obligated to challenge the propriety of a designation as "Confidential" at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. In the event that any party to this Action disagrees at any stage of these proceedings with the designation of any information as "Confidential," the parties shall first try to resolve such dispute in good faith on an informal basis, such as by production of redacted copies. If the dispute cannot be resolved, the objecting party may move the Court for an order reclassifying the designated status of such information. The party that designated the information as "Confidential" shall have the burden of establishing that the designated information is properly designated as "Confidential."

18.     The parties may, by agreement, not designate information and documents as within the scope of "Confidential" material and treat such material as agreed by the parties and any party may seek an order of this Court modifying this Protective Order.

19.     In the event a party wishes to use any "Confidential" information in any affidavits, briefs, memoranda of law, or other papers filed in Court in this Action, such "Confidential" information used therein shall be filed under seal with the Court as provided for in Paragraph 20.

8

20.    Unless the Court orders otherwise, the Clerk of this Court is directed to maintain under seal all documents and transcripts of deposition testimony and answers to interrogatories, admissions and other pleadings filed under seal with the Court in this Action which have been designated, in whole or in part, as "Confidential" information in this Action. All documents and materials filed with the Court, including, but not limited to, transcripts of depositions, exhibits, answers to interrogatories, answers to requests for admissions, briefs and memoranda of law which comprise or contain "Confidential" information, shall be filed in sealed envelopes or other appropriately sealed containers on which shall be labeled with the title of this Action, an indication of the nature of the contents of such sealed envelope or other container, the identity of the party filing the materials, the terms "Confidential--Subject to Protective Order" and a statement in substantially the following form:

> Contains Confidential Information
> Subject to Protective Order
> Open Only as Directed by the Court

21.    No such sealed envelope shall be opened without an order from the Court identifying by name the person or persons who may have access to the sealed material, and specifically designating which portions of the sealed file may be revealed to such person or persons. The first page of any documents filed with the Court, which documents comprise or contain "Confidential" information or information taken therefrom shall bear a notice substantially the same as that on the envelope.

22.    Unless otherwise agreed to in writing by the parties or ordered by the Court, all proceedings prior to trial of this action that involve or relate to Discovery Material in this Action shall be subject to the provisions of this Order.

9

23.     Within one hundred twenty (120) days after conclusion of this Action and any appeal thereof, any document containing "Confidential" information and all reproductions of such documents produced by a party, in the possession of any of the persons qualified under Paragraph 5 shall be returned to the Producing Party or destroyed, except to the extent the parties agree otherwise or as this Court may otherwise order or to the extent such information was used as evidence at the trial. As far as the provisions of any Protective Orders entered in this Action restrict the communication and use of the documents produced thereunder, such orders shall continue to be binding after the conclusion of this Action, except (a) that there shall be no restriction on documents or things that are used as exhibits in Court or admitted as evidence at trial (unless filed under seal in accordance with this Order or sealed by subsequent order), and (b) that a party may seek the written permission of the Producing Party or an order of the Court with respect to dissolution or modification of such protective orders.

24.     Should any Discovery Material designated "Confidential" be disclosed, through inadvertence or mistake, by the Receiving Party to any person or party not authorized to receive it under this Order, then the Receiving Party shall:

(a)     within three (3) business days of the discovery of such disclosure, inform such person of all provisions of this Order, use best efforts to obtain the return of such Discovery Material, and cause such person to execute the Confidentiality Agreement in the form attached hereto as Exhibit A. The executed Confidentiality Agreement shall be served upon counsel of record for the Producing Party, or Designating Party if different than the Producing Party, within five (5) days of receipt by the Receiving Party; and

(b)     within three (3) business days of the discovery of such disclosure, identify such unauthorized person to the Producing Party or Designating Party.

25.     The inadvertent or mistaken production of Discovery Material subject to a claim of attorney-client, work product, or other privilege shall not be deemed a waiver of a claim of privilege, either as to the specific information disclosed or as to any other information relating

10

thereto or on the same or related subject matter. A Producing Party that mistakenly or inadvertently produces Discovery Materials subject to a claim of attorney-client, work product, or other privilege may, promptly upon discovery of such disclosure, request the Receiving Party to return the Discovery Material. The Receiving Party shall return any copies to the Producing Party within three (3) business days of the request. Any notes or summaries referring or relating to any inadvertently or mistakenly produced Discovery Material subject to a claim of attorney-client, work product, or other privilege shall be destroyed to the extent practicable. Nothing contained herein shall preclude the party returning such Discovery Material from seeking an order compelling the production of Discovery Material previously produced through inadvertence or mistake.

26.    The inadvertent or unintentional disclosure by the Producing Party of Discovery Material it believes is "Confidential," regardless of whether the information was so designated at the time of disclosure, or the designation of Discovery Material by a party other than the Producing Party after its disclosure to a Receiving Party, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter, provided that the party later asserting a claim of confidentiality informs the other party or parties of its claim within a reasonable time after learning of the disclosure. Information inadvertently or unintentionally disclosed without designation or designated late may be designated from the date written notice of the designation is provided to the Receiving Party. After late designation the parties shall treat the subject matter as if timely designated except to the extent that disclosures before late designation have occurred.

11

27.    Nothing in this Order shall prevent or otherwise restrict outside trial counsel of record from rendering advice to their client who is a party to this action and, in the course thereof, relying generally on such counsel's examination of confidential material; provided, however, that in rendering such advice and otherwise communicating with such client, such counsel shall not make specific disclosure of any information or documents so designated unless permitted by this Order.

28.    Nothing in this Protective Order shall be deemed to preclude any party from seeking and obtaining, on an appropriate showing, such additional protection with respect to the confidentiality of documents or other Discovery Material as that party may consider appropriate; nor shall any party be precluded from claiming that any matter designated hereunder is not entitled to protection or is entitled to a more limited form of protection than designated.  This Protective Order is entered without prejudice to the right of any party to move the Court for modification of or relief from any of its terms.

29.    By entering this Protective Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that the same information may be relevant and subject to disclosure in another case. Any person or party subject to this Protective Order who becomes subject to a motion to disclose another party's information designated "confidential" pursuant to this Protective Order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

12

Dated: May 18, 2006

Barry M. Klayman (#3676)
Wolf, Block, Schorr and Solis-Cohen LLP
Wilmington Trust Center
1100 N. Market Street, Suite 1001
Wilmington, DE 19801
Tel: (302) 777-0313
Fax: (302) 778-7813
bklayman@wolfblock.com

*Attorneys for Plaintiffs*
*Crown Packaging Technology, Inc. and*
*Crown Cork & Seal USA, Inc.*

Frederick L. Cottrell, III (#2555)
Anne Shea Gaza (#4093)
Richards, Layton & Finger, P.A.
One Rodney Square
920 King Street
Wilmington, DE 19801
Tel: (302) 651-7700
Fax: (302) 651-7701
Gaza@rlf.com

*Attorneys for Defendant*
*Rexam Beverage Can Co.*

SIGNED and ENTERED this 23 day of May, 2006

UNITED STATES DISTRICT COURT JUDGE

13

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CROWN PACKAGING | ) |
| TECHNOLOGY, INC. AND CROWN | ) |
| CORK & SEAL USA, INC. | ) |
| | ) **Civil Action No. 05-608 (KAJ)** |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| REXAM BEVERAGE CAN CO. | ) |
| | ) |
| Defendant. | ) |

## EXHIBIT A – CONFIDENTIALITY AGREEMENT

My name, present employer, and contact information are as follows:

I hereby acknowledge that I am about to receive confidential information designated as

"Confidential" supplied in connection with the litigation entitled *Crown Packaging Technology,*

*Inc., et al. v. Rexam Beverage Can Co.,* Civil Action No. 05-608, pending before the United States

District Court for the District of Delaware. I have received and read a copy of the Agreed

Protective Order in this case dated _____ 2006, and I agree not to

disclose this information except in accordance with the Agreed Protective Order. I submit to the

jurisdiction of the United States District Court for the District of Delaware for the purpose of

enforcement of my obligations under the Agreed Protective Order.

Dated: _____