IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

CROWN PACKAGING                          )
TECHNOLOGY, INC. and CROWN               )
CORK & SEAL USA, INC.,                   )
                                         )
    Plaintiffs,                          )
                                         )
    v.                                   )
                                         )
REXAM BEVERAGE CAN CO.,                  )
                                         )
    Defendant.                           )

)  Civil Action No. 05-608 (KAJ)

)  JURY TRIAL DEMANDED

## PLAINTIFFS' NOTICE OF SERVICE OF DEPOSITION NOTICES ON REXAM BEVERAGE CAN CO. PURSUANT TO RULE 30(b)(6)

The undersigned hereby states that on May 25, 2006, two Notices of Deposition of

Rexam Beverage Can Co. Pursuant to Rule 30(b)(6), copies of which are attached as Exhibit A,

were served upon counsel for defendant, Rexam Beverage Can Co., at the following addresses in

the manner indicated:

      By Federal Express

      Anne Shea Gaza, Esquire
      Richards, Layton & Finger, P.A.
      One Rodney Square
      P.O. Box 551
      920 King Street
      Wilmington, DE 19801

<u>By E-Mail</u>

Gerald C. Willis, Esquire
McAndrews, Held & Malloy, Ltd.
34th Floor
500 West Madison Street
Chicago, IL 60661
jwillis@mhmlaw.com

Dated: May 30, 2006

Barry M. Klayman, Esquire (#3676)
Wolf, Block, Schorr and Solis-Cohen LLP
Wilmington Trust Center
1100 N. Market Street, Suite 1001
Wilmington, DE 19801
Tel: (302) 777-0313
Fax: (302) 778-7813

*Attorney for Plaintiffs,*
*Crown Packaging Technology, Inc. and*
*Crown Cork & Seal USA, Inc.*

*Of Counsel:*

Dale M. Heist
Lynn A. Malinoski
Chad E. Ziegler
WOODCOCK WASHBURN, LLP
One Liberty Place, 46th Floor
Philadelphia, PA 19103
(215) 568-3100

Jerome J. Shestack
Wolf, Block, Schorr and Solis-Cohen LLP
1650 Arch Street, 22nd Floor
Philadelphia, PA 19103-2097
(215) 561-5151

Michael Korniczky
Crown Packaging Technology, Inc.
11535 South Central Avenue
Alsip, IL  60803
(215) 698-5100

WIL:59503.1/CRO056-230788

# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CROWN PACKAGING TECHNOLOGY, INC. AND CROWN CORK & SEAL USA, INC., | ) ) ) ) | |
| PLAINTIFFS, | ) ) | CIVIL ACTION NO. 05-608 (KAJ) |
| V. | ) ) | |
| REXAM BEVERAGE CAN CO., | ) ) | |
| DEFENDANT. | ) ) ) | |

## CROWN'S NOTICE OF DEPOSITION OF REXAM BEVERAGE CAN CO. PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(b)(6)

PLEASE TAKE NOTICE that Plaintiffs Crown Packaging Technology, Inc. and Crown Cork & Seal USA, Inc. (together "Crown") will take the deposition upon oral examination of the corporate defendant Rexam Beverage Can Co. ("Rexam") pursuant to Federal Rule of Civil Procedure 30(b)(6), before a Notary Public or other officer authorized to administer oaths. The deposition will take place on a date mutually agreed to by the parties at the offices of Sidley Austin LLP, One South Dearborne, Chicago, IL 60603, or such other place as shall be mutually agreed, and shall be videotaped in addition to being recorded stenographically.

Rexam shall designate one or more officers, agents, or other persons to testify on its behalf with respect to the facts known or reasonably available to it regarding the matters listed in Attachment A hereto.

You are invited to attend and cross-examine.

Dated: May 25, 2006

Lynn A. Malinoski
WOODCOCK WASHBURN, LLP
One Liberty Place, 46th Floor
Philadelphia, PA 19103
(215) 568-3100

*Attorney for Plaintiffs*
*Crown Packaging Technology, Inc. and*
*Crown Cork & Seal USA, Inc.*

- 2 -

## ATTACHMENT A

## DEFINITIONS AND TOPICS

### DEFINITIONS

Crown incorporates by reference the definitions set forth in its First Request for the Production of Documents and Things as if set forth fully herein.

### TOPICS

1.      When Rexam first became aware, or first came to an understanding or belief, that Crown or that any competitor (*e.g.,* Crown, MCC, Ball, or Coors) was selling smooth die-necked cans, and the circumstances under which it became aware of the same.

2.      When Rexam first became aware, or first came to an understanding or belief, that Crown or that any competitor (*e.g.,* Crown, MCC, Ball, or Coors) was using methods to smooth die neck cans, and the circumstances under which it became aware of the same.

3.      When Rexam first became aware, or first came to an understanding or belief, that Crown or that any competitor (*e.g.,* Crown, MCC, Ball, or Coors) was using methods that allegedly infringed the 839 patent, and the circumstances under which it became aware of the same.

4.      All persons knowledgeable about topics 1-3.

5.      When Rexam first became aware, or first came to an understanding or belief, that Crown or that any competitor (*e.g.,* Crown, MCC, Ball, or Coors) was using equipment that it purchased from Belvac for which Belvac paid Rexam a royalty under the License Agreement between American National Can Company and Belvac effective April 17, 1994 (attached hereto as Exhibit A), and the circumstances under which Rexam became aware of the same.

6.      All persons knowledgeable about the subject matter of topic 5.

- 3 -

7.      When Rexam first became aware or first came to an understanding or belief, that Crown or that any competitor (*e.g.,* Crown, MCC, Ball, or Coors) was selling cans having an internally-reformed base, and the circumstances under which Rexam became aware of the same.

8.      When Rexam first became aware, or first came to an understanding or belief, that Crown or that any competitor (*e.g.,* Crown, MCC, Ball, or Coors) was using methods of internal base reforming, and the circumstances under which Rexam became aware of the same.

9.      When Rexam first became aware, or first came to an understanding or belief, that Crown or that any competitor (*e.g.,* Crown, MCC, Ball, or Coors) was using methods claimed in either or both of the 385 and 242 patents, and the circumstances under which it became aware of the same.

10.     All persons knowledgeable about the subject matter identified in topics 7-9.

11.     When Rexam first became aware, or first came to an understanding or belief, that Crown or that any competitor (*e.g.,* Crown, MCC, Ball, or Coors) was using equipment that it purchased from Belvac which performed a process of internal base reforming, including the Belvac N-595 High Speed necker/flanger/reformer system, and the circumstances under which it became aware of the same.

12.     All persons knowledgeable about the subject matter in topic 11.

- 4 -

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of **CROWN'S NOTICE OF DEPOSITION UNDER FEDERAL RULE OF EVIDENCE 30(b)(6)** has been forwarded on this the 25th day of May, 2006, in accordance with the Federal Rules of Civil Procedure, to the following:

**VIA E-MAIL:**
Gerald C. Willis, Esq.
McAndrews, Held & Malloy, Ltd.
500 W. Madison Street, Suite 3400
Chicago, IL 60601

**VIA FEDERAL EXPRESS:**
Anne Shea Gaza, Esq.
Richards, Layton & Finger, P.A.
One Rodney Square
P.O. Box 551
Wilmington, DE 19899

Date: May 25, 2006

Lynn A. Malinoski

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **CROWN PACKAGING TECHNOLOGY, INC. AND CROWN CORK & SEAL USA, INC.,** ) ) ) ) | |
| **PLAINTIFFS,** ) | **CIVIL ACTION NO. 05-608 (KAJ)** |
| ) | |
| **V.** ) ) | |
| **REXAM BEVERAGE CAN CO.,** ) ) | |
| **DEFENDANT.** ) ) ) | |

## CROWN'S NOTICE OF DEPOSITION OF REXAM BEVERAGE CAN CO. PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(b)(6)

PLEASE TAKE NOTICE that Plaintiffs Crown Packaging Technology, Inc. and Crown Cork & Seal USA, Inc. (together "Crown") will take the deposition upon oral examination of the corporate defendant Rexam Beverage Can Co. ("Rexam") pursuant to Federal Rule of Civil Procedure 30(b)(6), before a Notary Public or other officer authorized to administer oaths. The deposition will take place on a date mutually agreed to by the parties at the offices of Sidley Austin LLP, One South Dearborne, Chicago, IL 60603, or such other place as shall be mutually agreed, and shall be videotaped in addition to being recorded stenographically.

Rexam shall designate one or more officers, agents, or other persons to testify on its behalf with respect to the facts known or reasonably available to it regarding the matters listed in Attachment A hereto.

You are invited to attend and cross-examine.

Dated: May 25, 2006

Lynn A. Malinoski
WOODCOCK WASHBURN, LLP
One Liberty Place, 46th Floor
Philadelphia, PA 19103
(215) 568-3100

*Attorney for Plaintiffs*
*Crown Packaging Technology, Inc. and*
*Crown Cork & Seal USA, Inc.*

## ATTACHMENT A

## DEFINITIONS AND TOPICS

### DEFINITIONS

Crown incorporates by reference the definitions set forth in its First Request for the Production of Documents and Things as if set forth fully herein.

### TOPICS

1.    Marking of any machinery manufactured by or on behalf of Rexam that is used for die-necking cans, including, without limitation, any machinery covered by the 839 Patent.  This topic includes the circumstances surrounding such marking and the individuals most knowledgeable about the same.

2.    Marking of any machinery sold by or on behalf of Rexam that is used for die-necking cans, including, without limitation, any machinery covered by the 839 Patent.  This topic includes the circumstances surrounding such marking and the individuals most knowledgeable about the same.

3.    Marking of any machinery used by or on behalf of Rexam that is used for die-necking cans, including, without limitation, any machinery covered by the 839 Patent.  This topic includes the circumstances surrounding such marking and the individuals most knowledgeable about the same.

4.    Marking of any can die-necking machinery used by a third party under a license from Rexam which license is directed to the subject matter of the 839 Patent.  This topic includes the circumstances surrounding such marking and the individuals most knowledgeable about the same.

5.    Marking of any can die-necking machinery manufactured by a third party under a license from Rexam which license is directed to the subject matter of the 839 Patent. This topic includes the circumstances surrounding such marking and the individuals most knowledgeable about the same.

6.    Marking of any can die-necking machinery sold by a third party under a license from Rexam which license is directed to the subject matter of the 839 Patent. This topic includes the circumstances surrounding such marking and the individuals most knowledgeable about the same.

7.    Marking of any can die-necking tooling equipment manufactured by or on behalf of Rexam including, without limitation, any such equipment covered by the 839 Patent. This topic includes the circumstances surrounding such marking and the individuals most knowledgeable about the same.

8.    Marking of any can-die necking tooling equipment sold by or on behalf of Rexam including, without limitation, any such equipment covered by the 839 Patent. This topic includes the circumstances surrounding such marking and the individuals most knowledgeable about the same.

9.    Marking of any can die-necking tooling equipment used by or on behalf of Rexam including, without limitation, any such equipment covered by the 839 Patent. This topic includes the circumstances surrounding such marking and the individuals most knowledgeable about the same.

10.    Marking of any can die-necking tooling equipment used by a third party under a license from Rexam which license is directed to the subject matter of the 839 Patent. This topic includes

the circumstances surrounding such marking and the individuals most knowledgeable about the same.

11.     Marking of any can die-necking tooling equipment sold by a third party under a license from Rexam which license is directed to the subject matter of the 839 Patent. This topic includes the circumstances surrounding such marking and the individuals most knowledgeable about the same.

12.     Marking of any can die-necking tooling equipment manufactured by a third party under a license from Rexam which license is directed to the subject matter of the 839 Patent. This topic includes the circumstances surrounding such marking and the individuals most knowledgeable about the same.

13.     Marking of any machinery manufactured by or on behalf of Rexam that is used for can bottom reforming, including, without limitation, any equipment covered by the 839 Patent. This topic includes the circumstances surrounding such marking and the individuals most knowledgeable about the same.

14.     Marking of any machinery sold by or on behalf of Rexam that is used for can bottom reforming including, without limitation, any equipment covered by the 385 and/or 242 Patents. This topic includes the circumstances surrounding such marking and the individuals most knowledgeable about the same.

15.     Marking of any machinery used by or on behalf of Rexam that is used for can bottom reforming including, without limitation, any equipment covered by the 385 and/or 242 Patents. This topic includes the circumstances surrounding such marking and the individuals most knowledgeable about the same.

16.     Marking of any bottom reforming machinery used by a third party under a license from Rexam which license is directed to the subject matter of the 385 and/or 242 Patents. This topic includes the circumstances surrounding such marking and the individuals most knowledgeable about the same.

17.     Marking of any bottom reforming machinery sold by a third party under a license from Rexam which license is directed to the subject matter of the 385 and/or 242 Patents. This topic includes the circumstances surrounding such marking and the individuals most knowledgeable about the same.

18.     Marking of any bottom reforming machinery sold by a third party under a license from Rexam which license is directed to the subject matter of the 385 and/or 242 Patents. This topic includes the circumstances surrounding such marking and the individuals most knowledgeable about the same.

19.     Marking of any bottom reforming machinery manufactured by a third party under a license from Rexam which license is directed to the subject matter of the 385 and/or 242 Patents. This topic includes the circumstances surrounding such marking and the individuals most knowledgeable about the same.

20.     Marking of any bottom reforming tooling equipment manufactured by or on behalf of Rexam including, without limitation, any such equipment covered by the 385 and/or 242 Patents. This topic includes the circumstances surrounding such marking and the individuals most knowledgeable about the same.

21.     Marking of any bottom reforming tooling equipment sold by or on behalf of Rexam including, without limitation, any such equipment covered by the 385 and/or 242 Patents. This

- 6 -

topic includes the circumstances surrounding such marking and the individuals most knowledgeable about the same.

22.    Marking of any bottom reforming tooling equipment used by or on behalf of Rexam including, without limitation, any such equipment covered by the 385 and/or 242 Patents. This topic includes the circumstances surrounding such marking and the individuals most knowledgeable about the same.

23.    Marking of any bottom reforming tooling equipment used by a third party under a license from Rexam which license is directed to the subject matter of the 385 and/or 242 Patents. This topic includes the circumstances surrounding such marking and the individuals most knowledgeable about the same.

24.    Marking of any bottom reforming tooling equipment sold by a third party under a license from Rexam which license is directed to the subject matter of the 385 and/or 242 Patents. This topic includes the circumstances surrounding such marking and the individuals most knowledgeable about the same.

25.    Marking of any bottom reforming tooling equipment manufactured by a third party under a license from Rexam which license is directed to the subject matter of the 385 and/or 242 Patents. This topic includes the circumstances surrounding such marking and the individuals most knowledgeable about the same.

26.    Any license agreements between Rexam and any third party relating to the 839 Patent.

27.    Any license agreements between Rexam and any third party relating to the 385, and/or 242 Patents.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of **CROWN'S NOTICE OF DEPOSITION UNDER FEDERAL RULE OF EVIDENCE 30(b)(6)** has been forwarded on this the 25th day of May, 2006, in accordance with the Federal Rules of Civil Procedure, to the following:

**VIA E-MAIL:**
Gerald C. Willis, Esq.
McAndrews, Held & Malloy, Ltd.
500 W. Madison Street, Suite 3400
Chicago, IL 60601

**VIA FEDERAL EXPRESS:**
Anne Shea Gaza, Esq.
Richards, Layton & Finger, P.A.
One Rodney Square
P.O. Box 551
Wilmington, DE 19899

Date: May 25, 2006

Lynn A. Malinoski

- 8 -

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this date, he caused a copy of the foregoing Notice of Service of Plaintiffs' Notices of Deposition of Rexam Beverage Can Co. Pursuant to Rule 30(b)(6) to be filed electronically with the Clerk of Court using CM/ECF and that copies were served on the person(s) listed below in the manner stated:

Via CM/ECF Notification & E-Mail

Anne Shea Gaza, Esquire
Richards, Layton & Finger, P.A.
One Rodney Square
920 King Street
Wilmington, DE 19801

By E-Mail

Gerald C. Willis, Esquire
McAndrews, Held & Malloy, Ltd.
34th Floor
500 West Madison Street
Chicago, IL 60661
jwillis@mhmlaw.com

Dated: May 30, 2006

Barry M. Klayman, Esquire (#3676)