IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CROWN PACKAGING TECHNOLOGY, INC., | ) | |
| Plaintiff, and | ) | |
| CROWN CORK & SEAL USA, INC., | ) | |
| Plaintiff/Counterclaim Defendant, | ) | Civil Action No. 05-608 (KAJ) |
| v. | ) | |
| REXAM BEVERAGE CAN CO., | ) | |
| Defendant/Counterclaimant. | ) | |

**NOTICE OF SERVICE OF AMENDED SUBPOENA**

To: Barry M. Klayman
Wolf, Block, Schorr and Solis-Cohen LLP
Wilmington Trust Center
1100 North Market Street
Suite 1001
Wilmington, DE 19801

Dale M. Heist
Woodcock Washburn LLP
One Liberty Place, 46th Floor
Philadelphia, PA 19103

Chad E. Ziegler
Woodcook Washburn LLP
One Liberty Place, 46th Floor
Philadelphia, PA 19103

PLEASE TAKE NOTICE that on June 1, 2006, defendant Rexam Beverage Can Co. amended the attached subpoena, which was originally issued on February 3, 2006, to reflect the change in the date of the deposition from March 10, 2006 at 9:30 a.m. to June 7, 2006 at 9:00 a.m.

Frederick L. Cottrell, III (#2555)
cottrell@rlf.com
Anne Shea Gaza (#4093)
gaza@rlf.com
Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
302-651-7700
Attorneys for Defendant/Counterclaimant
Rexam Beverage Can Co.

Of Counsel:
George P. McAndrews
Steven J. Hampton
Richard T. McCaulley
Gerald C. Willis
Paul W. McAndrews
McAndrews, Held & Malloy, Ltd.
500 W. Madison Street, Suite 3400
Chicago, IL 60601
Tel: 312-775-8000

Dated: June 1, 2006

LAW OFFICES

MCANDREWS, HELD & MALLOY, LTD.

34TH FLOOR
500 WEST MADISON STREET
CHICAGO, ILLINOIS 60661

TELEPHONE: (312) 775-8000
FACSIMILE: (312) 775-8100
WWW.MHMLAW.COM

GEORGE P. MCANDREWS
JOHN J. HELD
TIMOTHY J. MALLOY
WILLIAM M. WESLEY
LAWRENCE M. JARVIS
GREGORY J. VOGLER
JEAN DUDEK KUELPER
HERBERT D. HART III
ROBERT W. FIESELER
THOMAS J. WIMBISCUS
STEVEN J. HAMPTON
PRISCILLA F. GALLAGHER
STEPHEN F. SHERRY
PATRICK J. ARNOLD JR.
GEORGE F. WHEELER
CHRISTOPHER C. WINSLADE
EDWARD A. MAS II
GREGORY C. SCHODDE
EDWARD W. REMUS
DONALD J. POCHOPIEN
SHARON A. HWANG
DAVID D. HEADRICK
ALEJANDRO MENCHACA
KIRK A. VANDER LEEST
RICHARD T. MCCAULLEY JR.
PETER J. MCANDREWS
LELAND G. HANSEN
JAMES M. HAFERTEPE
JONATHAN R. SICK
ELIGIO C. PIMENTEL
JAMES P. MURPHY
DEAN A. PELLETIER
MICHAEL B. HARLIN
JAMES R. NUTTALL
ROBERT A. SURRETTE
JOSEPH M. BARICH
SCOTT P. MCBRIDE
PATRICIA J. MCGRATH
TROY A. GROETKEN
GERALD C. WILLIS
JOHN A. WIBERG
WILHELM L. RAO
SANDRA A. FRANTZEN
RONALD H. SPUHLER
CHRISTOPHER V. CARANI
RONALD A. DICERBO
JENNIFER E. LACROIX
JOSEPH F. HARDING
JOSEPH M. BUTSCHER
SARA J. BARTOS
JOHN L. ABRAMIC
MICHAEL J. FITZPATRICK
DAVID Z. PETTY
MICHAEL T. CRUZ*
MIHUT P. DALAL
CHRISTOPHER N. GEORGE
MATTHEW A. ANDERSON
YUFENG MA
DENNIS M. JASKOVIAK
DEBORAH A. LAUGHTON
WILLIAM E. GONT
DENNIS P. HACKETT
HOPETON S. WALKER
SHAWN L. PETERSON
OGNYAN I. BEREMSKI
PHILIP H. SHERIDAN
CHRISTOPHER R. CARROLL
CHRISTOPHER M. SCHARFF
CONSUELO G. ERWIN
PETER J. PROMMER
MERLE S. ELLIOTT
BRIAN C. BIANCO
PAUL W. MCANDREWS
ANDREW B. KARP
LEONARD D. CONAPINSKI
LAURA M. PERSONICK
JONATHAN M. RUSHMAN
JEREMY R. GATED
CHRISTOPHER J. SUCHKO
MICHAEL J. KRAUTNER
ADAM J. FAIER
JAMES M. WILLIAMS
SARAH A. KOFFLIN
PATRICK V. BRADLEY
CHRISTINA F. POLYN

OF COUNSEL
S. JACK SAUER
*ADMITTED TO PRACTICE IN CA

February 7, 2006

**VIA FACSIMILE & U.S. MAIL**

Kenneth E. Krosin
Foley & Lardner, LLP
Washington Harbour, Suite 500
3000 K Street N.W.
Washington, D.C. 20007-5109

Chad E. Ziegler
Woodcock Washburn, LLP
One Liberty Place, 46th Floor
Philadelphia, PA 19103

Barry M. Klayman
Wolf, Block, Schorr and Solis-Cohen, LLP
Wilmington Trust Center
1100 N. Market Street, Suite 1001
Wilmington, DE 19801

**RE: Crown v. Rexam – Civil Action No. 05-608 (KAJ)**
**Deposition of Belvac Production Machinery, Inc. – Terry Babbit**

Dear Sirs:

This letter is to confirm that Defendant-Counterclaimant in the above referenced action, Rexam Beverage Can Company, will take the deposition upon oral examination of Terry Babbitt, pursuant to the Subpoena served on Belvac Production Machinery, Inc. ("Belvac") on February 3, 2006, and Rule 45 of the Federal Rules of Civil Procedure, commencing at 9:00 AM on June 7, 2006, at the offices of Foley & Lardner, LLP, Washington Harbour, Suite 500, 3000 K Street N.W., Washington, D.C. 20007-5109, before a Notary Public or other officer duly authorized to administer oaths. The deposition will be recorded by stenographic means and will be recorded by videotape and instant visual display of the stenographic record

The witness will be expected to testify about the issues described in Schedule A, attached to the subpoena that was served on Belvac on February 3, 2006. A courtesy copy of the subpoena is attached hereto for your convenience.

Very truly yours,

Gerald C Willis

Enclosure

AO 88 (Rev 1/94) Subpoena in a Civil Case

Issued by the

# United States District Court

## WESTERN DISTRICT OF VIRGINIA

CROWN PACKAGING TECHNOLOGY, INC ,
CROWN CORK & SEAL USA, INC

Plaintiff/Counter Defendant

V.

REXAM BEVERAGE CAN COMPANY,

Defendants/Counterclaimant

SUBPOENA IN A CIVIL CASE

CASE NUMBER:[1] 05-608 (KAJ)
**Pending in the United States District Court For the District of Delaware**

TO: Belvac Production Machinery, Inc
237 Graves Mill Road
Lynchburg, VA 24502-4203

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case

| PLACE OF DEPOSITION: **Days Inn Lynchburg Airport, 3320 Candlers Mountain Road, Lynchburg VA 24502** | DATE AND TIME: **March 10, 2006 at 9:30 am** |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): **See Appendix A attached hereto. The subpoena is designated to collect evidence relevant to a lawsuit between the parties set forth above, now pending in the United States District Court for the District of Delaware, a courtesy copy of the Second Amended Complaint and Answer are attached hereto.**

| PLACE **Belvac Production Machinery, Inc 237 Graves Mill Road Lynchburg, VA 24502-4203** | DATE AND TIME **February 24, 2006 at 1:00pm** |
|---|---|

☐ YOU ARE COMMANDED to produce and permit inspection of the following premises at the date and time specified below

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| Issuing Officer Signature and Title (Indicate if attorney for Plaintiff or Defendant) Attorney for Defendant/Counterclaimant, Rexam Beverage Can Company | Date February 3, 2006 |
|---|---|

Issuing Officer's Name, Address, and Phone Number
Gerald C Willis
McAndrews, Held & Malloy, Ltd - (312) 775-8000
500 West Madison, Suite 3400
Chicago, IL 60661

[1] If action is pending in district other than district of issuance, state district under case number

(See Rule 45, Federal Rules of Civil Procedure Parts C & D on Reverse)

AO 88 (Rev 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

SERVED ON (PRINT NAME) MANNER OF SERVICE

SERVED BY (PRINT NAME) TITLE

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct

Executed on ____________
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

## Rule 45, Federal Rules of Civil Procedure, Parts C & D

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial

(2)(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued If objection is made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim

# APPENDIX A
## BELVAC PRODUCTION MACHINERY, INC.

## DEFINITIONS AND INSTRUCTIONS

The term "documents and things" shall include, without limitation, originals and copies (carbon, photographic, xerographic, microfilm, emails, computer stored or otherwise) of all documents, correspondence (electronic or otherwise), sales documents, papers, minutes, memoranda, reports, studies, notes, diaries, messages, telegrams, books, letters, ledgers, photographs, pictures, drawings, sketches, blueprints, data sheets, motion pictures, publications, advertisements, brochures, pamphlets, recordings (tape, disc, or any other type), samples, models, prototypes, devices and any other writings or other physical objects known to Belvac Production Machinery, Inc., ("Belvac") as defined above.

The term "necking equipment" shall include equipment used to taper the neck of a can body.

The term "bottom reforming equipment" shall include equipment used to reform the bottom of a can body.

**Belvac is hereby commanded to produce and permit for inspection and copying the following documents:**

1. All documents and things in your possession, custody or control relating to the sale of necking equipment to Crown Packaging Technology, Inc. and/or Crown Cork & Seal USA, Inc. ("Crown") from 1993 to the present – including, but not limited to, communications to or from Crown concerning necking and necking equipment, communications to or from Crown concerning all agreements for the sale of necking equipment, all offers for sale and/or quotes for necking equipment and all communications to or from Crown relating to Rexam Beverage Can Company's ("Rexam" – previously American National Can) patent rights relating to necking technology

2. All documents and things in your possession, custody or control relating to the sale of bottom reforming equipment to Crown from 1990 to the present – including, but not limited to, communications to or from Crown concerning

bottom reforming and bottom reforming equipment, communications to or from Crown concerning all agreements for the sale of bottom reforming equipment, all offers for sale and/or quotes, for bottom reforming equipment and all communications to and from Crown relating to Rexam's patent rights relating to bottom reforming technology.

**Belvac Production Machinery, Inc. is hereby commanded to designate a corporate representative to testify on its behalf, at the location designated in the subpoena, about the following:**

1. The sales, offers for sale and quotes that Belvac provided to Crown for necking equipment and for bottom reforming equipment and all communications to or from Crown concerning those sales, offers for sale, and quotes.

2. All communications between Belvac and Crown concerning Rexam's (or its predecessors') patent rights relating to bottom reforming or necking.

3. The license agreements that Belvac executed with Rexam (or its predecessors') relating to smooth die necking technology and/or bottom reforming technology.

4. The authenticity of any documents produced for inspection and copying by Belvac in response to the subpoena.

**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

## CERTIFICATE OF SERVICE

I hereby certify that on June 1, 2006, I caused to be served by hand delivery the foregoing document and electronically filed the same with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following:

Barry M. Klayman
Wolf, Block, Schorr
and Solis-Cohen LLP
Wilmington Trust Center
1100 North Market
Street, Suite 1001
Wilmington, DE 19801

I hereby certify that on June I caused to be sent in the manner indicated below the foregoing document to the following non-registered participants:

**VIA FACSIMILE**
Dale M. Heist
Woodcock Washburn LLP
One Liberty Place, 46th Floor
Philadelphia, PA 19103

**VIA ELECTRONIC MAIL**
Chad E. Ziegler
Woodcook Washburn LLP
One Liberty Place, 46th Floor
Philadelphia, PA 19103

Anne Shea Gaza (#4093)
Gaza@rlf.com
Richards, Layton & Finger, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
(302) 651-7700