IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CROWN PACKAGING TECHNOLOGY, INC., Plaintiff, and CROWN CORK & SEAL USA, INC., Plaintiff and Counterclaim Defendant<br><br>v.<br><br>REXAM BEVERAGE CAN CO.,<br><br>    Defendant Counterclaimant. | Civil Action No. 05-608 (KAJ) |

## REXAM'S SECOND NOTICE OF DEPOSITION UNDER RULE 30(b)(6)

TO:   Chad E. Ziegler
       Woodcook Washburn LLP
       One Liberty Place, 46th Floor
       Philadelphia, PA 19103

       Dale M. Heist
       Woodcock Washburn LLP
       One Liberty Place, 46th Floor
       Philadelphia, PA 19103

       Barry M. Klayman
       Wolf, Block, Schorr and Solis-Cohen LLP
       Wilmington Trust Center
       1100 North Market Street
       Suite 1001
       Wilmington, DE 19801

**PLEASE TAKE NOTICE** that Defendant, Rexam Beverage Can Co. ("Rexam") will take the deposition of Plaintiffs, Crown Packaging Technology, Inc., and Crown Cork & Seal USA, Inc., Plaintiffs ("Crown") regarding the subject matters set forth in the attached Schedule A, pursuant to Fed. R. Civ. P. 30(b)(6), on a date to be mutually agreed upon by the parties at the offices of McAndrews, Held & Malloy, Ltd., 500 West Madison Street, Suite 3400, Chicago, Illinois, or at a location that is mutually agreed upon by the parties. The deposition will be taken upon oral examination before an officer authorized by law to administer oaths and will continue

day to day until completed or as mutually agreed to by counsel for the respective parties. The deposition will be recorded stenographically and also will be recorded on videotape.

The deposition will be conducted according to Rule 30(b)(6), which states in pertinent part:

> A party may . . . name as the deponent a public or private corporation . . . and describe with reasonable particularity the matters on which examination is requested. In that event, the organization so named shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.

FED. R. CIV. P. 30(b)(6) (2005). This Notice of Deposition is directed to the topics in the attached Schedule A. Rexam reserves the right to serve additional Rule 30(b)(6) deposition notices and topics on Crown.

Of Counsel:
George P. McAndrews
Steven J. Hampton
Richard T. McCaulley
Gerald C. Willis
Paul W. McAndrews
McAndrews, Held & Malloy, Ltd.
500 W. Madison Street, Suite 3400
Chicago, IL 60601
Tel: 312-775-8000
Fax: 312-775-8100

Dated: July 27, 2006

/s/ Anne Shea Gaza
Frederick L. Cottrell, III (#2555)
cottrell@rlf.com
Anne Shea Gaza (#4093)
gaza@rlf.com
Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
302-651-7700
Attorneys for Defendant Counterclaimant
    Rexam Beverage Can Co.

**SCHEDULE A**

**INSTRUCTIONS AND DEFINITIONS:**

The Instructions and Definitions set forth in (1) Rexam's First Sets of Interrogatories, (2) Rexam's First Set of Document Requests and (3) Rexam's First Requests for Admission are herein incorporated by reference. Additionally, the following Instructions and Definitions apply.

1. "Crown" refers to either or both of Plaintiff Crown Packaging Technology, Inc. and Plaintiff and Counterclaim Defendant Crown Cork & Seal USA, Inc. and each of their subsidiaries, parents, subsidiaries of subsidiaries, divisions, affiliates in which it owns a majority or a controlling interest, and other organizational or operating units, each of their respective predecessors and successors, and each of their respective employees, officers, directors, attorneys, agents, representatives, and all persons acting on their behalf.

2. The term "document" or "documents" includes documents and things as broadly defined in Rule 34, and includes papers of all kinds and includes non-paper information storage means, including by way of example and without limitation, originals and copies, however made, of letters, memoranda, notes, calendars, records, minutes, studies, reports, notebooks, messages, telegrams, ledgers, legal instruments, agreements, drawings, sketches, graphs, prints, handwritten notes, rough drafts, secretarial notes, workpads, diaries, films, tapes, pictures, photographs, videotapes, books, pamphlets, publications, advertisements, sales literature, brochures, manuals, price lists, announcements, or any other writings, records or tangible objects where produced or reproduced mechanically, electrically, electronically, photographically or chemically including and without limitation by facsimile and e-mail.

3. "Person" means any individual or firm, association, organization, joint venture, trust, partnership, corporation, or other collective organization or entity and the acts and

knowledge of a "person" as used herein are defined to include acts and knowledge of directors, officers, employees, agents, representatives, and attorneys acting on behalf of such "person."

4. "Custodian" means the person or persons most knowledgeable within Crown or agents of Crown of the location, document management or document control, and document retention of specific documents within Crown or agents of Crown.

**SCHEDULE OF TOPICS:**

1. The research, design/development, structure and operation, intended use, and manufacturing methods, associated or related to the alleged commercial embodiments of Crown's '875 Patent, including but not limited to methods for forming a double seam between beverage can bodies and can ends and products produced using such methods.

2. The prosecution of the '875 Patent.

3. The research, design/development, structure and operation, intended use, and manufacturing methods, associated or related to the alleged commercial embodiments of Crown's '826 Patent, including but not limited to un-seamed can ends adapted to be joined to can bodies in a double seaming process, beverage cans produced with such un-seamed can ends, and the methods used to produce beverage cans with such un-seamed can ends.

4. The prosecution of the '826 Patent.

5. The research, design/development, structure and operation, intended use, manufacturing, marketing, sales, accounting, costs, and profits associated with the scoring of Crown's can ends produced and sold with such scoring (e.g., anti-fracture scoring or scoring around the tear or pour panel) and the methods used to produce beverage cans with such scoring from 1999 to the present.

6. The research, design/development, structure and operation, intended use, manufacturing, marketing, sales, accounting, costs, and profits associated with the necking of Crown's beverage cans, and beverage cans produced with necking methods.

7. The research, design/development, structure and operation, intended use, manufacturing, marketing, sales, accounting, costs, and profits associated with the sales of cans that are bottom reformed at Crown's Fort Bend, Texas manufacturing facility.

8. Crown's methods for forming a double seam between beverage can bodies and can ends, including documents relating to the research, design/development, structure and operation, intended use, manufacturing, marketing, sales, accounting, costs, and profits associated with all products made, sold, or used by Crown which employ such a double seam or are made by a method for forming such a double seam.

9. Development, design, testing, evaluating, seaming and revisions to the design of Crown's Super Ends and all of the variations of Crown's Super End.

10. Overall sales, profits, costs, finances, accounting and accounting methods of Crown's sales of cans and can ends for the United States, including products that are made in the United States for export.

11. The Rexam End and the development of the Rexam End and all analyses of the Rexam End.

12. The '385 and '242 Patents.

13. The '839 Patent.

14. The '230 and '728 Patents.

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I hereby certify that on July 27, 2006, I caused to be served by hand delivery the foregoing document and electronically filed the same with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following:

> Barry M. Klayman
> Wolf, Block, Schorr
> and Solis-Cohen LLP
> Wilmington Trust Center
> 1100 North Market
> Street, Suite 1001
> Wilmington, DE 19801

I hereby certify that on July 27, 2006 I caused to be sent in the manner indicated below the foregoing document to the following non-registered participants:

| **VIA FACSIMILE** | **VIA ELECTRONIC MAIL** |
| --- | --- |
| Dale M. Heist | Chad E. Ziegler |
| Woodcock Washburn LLP | Woodcook Washburn LLP |
| One Liberty Place, 46th Floor | One Liberty Place, 46th Floor |
| Philadelphia, PA 19103 | Philadelphia, PA 19103 |

*/s/ Anne Shea Gaza*
Anne Shea Gaza (#4093)
Gaza@rlf.com
Richards, Layton & Finger, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
(302) 651-7700

RLF1-3000496-1