IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CROWN PACKAGING TECHNOLOGY, INC. and CROWN CORK & SEAL USA, INC., <br><br> Plaintiffs/Counterclaim Defendants, <br><br> v. <br><br> REXAM BEVERAGE CAN COMPANY, <br><br> Defendant/Counterclaimant. | ) ) ) ) ) ) ) ) Civil Action No. 05-608 (KAJ) ) ) ) ) |

**REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE PURSUANT TO THE HAGUE CONVENTION OF MARCH 18, 1970 ON THE TAKING OF EVIDENCE IN CIVIL OR COMMERCIAL MATTERS**

1. **Sender and Transmitter**

    At the request of: Rexam Beverage Can Company, Defendant/Counterclaimant,

    and its counsel, McAndrews, Held & Malloy, Ltd.

    To be transmitted to the Central Authority by:

    Dr. Myles Jelf
    Bristows
    3 Lincoln's Inn Fields
    London WC2A 3AA
    United Kingdom

2. **Central Authority of the requested state:**

    The Foreign and Commonwealth Office, Clive House, Petty France, London, SWI, United Kingdom

3. **Persons to whom the executed request is to be returned**

    Judge Kent A. Jordan
    United States District Court for the District of Delaware

844 North King Street
Wilmington, Delaware 19801

Dale M. Heist
Woodcock Washburn, LLP
One Liberty Place, 46th Floor
Philadelphia, Pennsylvania 19103
U.S. Counsel for Crown

George P. McAndrews
McAndrews, Held & Malloy, Ltd.
500 West Madison, Suite 3400
Chicago, Illinois 60661
U.S. Counsel for Rexam

4.  **Request for Judicial Assistance:**

In conformity with Article 3 of the Hague Convention of March 18, 1970 on the Taking of Evidence in Civil or Commercial Matters, the undersigned applicant has the honor to submit the following request as set forth herein:

5(a)  **Requesting Judicial Authority:**

Judge Kent A. Jordan
United States District Court for the District of Delaware
844 North King Street
Wilmington, Delaware 19801

5(b)  **To the Competent Authority of the United Kingdom**

The Senior Master of the Supreme Court
(Queen's Bench Division) for England and Wales
London
United Kingdom

5(c)  **Names and addresses of the parties and their representatives:**

i)  Plaintiffs and Counterclaim Defendants:

Crown Packaging Technology, Inc.
11535 South Central Avenue
Alsip, Illinois 60803

        Crown Cork & Seal USA, Inc.
        One Crown Way
        Philadelphia, Pennsylvania 19154

        Represented by:

        Barry Klayman
        Wolf, Block, Schorr and Solis-Cohen LLP
        Wilmington Trust Center
        1100 North Market Street, Suite 1001
        Wilmington, Delaware 19801

        Dale M. Heist
        Woodcock Washburn, LLP
        One Liberty Place, 46th Floor
        Philadelphia, Pennsylvania 19103

    ii)    Defendant and Counterclaimant:

        Rexam Beverage Can Company
        8770 Bryn Mawr Avenue
        Chicago, Illinois 60631

        Represented by:

        Frederick L. Cotrell, III
        Anne Shea Gaza
        Richards, Layton & Finger, P.A.
        One Rodney Square
        920 North King Street
        Wilmington, Delaware 19801

        George P. McAndrews
        Steven J. Hampton
        Richard T. McCaulley
        Gerald C. Willis
        Paul W. McAndrews
        McAndrews, Held & Malloy, Ltd.
        500 West Madison, Suite 3400
        Chicago, Illinois 60661

6.    **Nature and purpose of the proceedings and summary of the allegations and defenses:**

The above captioned case is a patent infringement suit that is proceeding in the United States District Court for the District of Delaware. Crown Packaging Technology, Inc. and Crown Cork & Seal USA, Inc. (hereinafter collectively "Crown") filed an action against Rexam Beverage Can Company (hereinafter "Rexam") alleging that Rexam infringed certain claims of United States Patent Nos. 6,848,875 (the "'875 Patent") and 6,935,826 (the "'826 Patent"). Rexam has answered that complaint, denying that its accused products infringe any claims of either of Crown's patents and alleging that Crown's patents are invalid for failure to comply with 35 U.S.C. §§ 102, 103 and 112. Rexam has also asserted, as counterclaims, that Crown infringes Rexam's United States Patent Nos. 4,774,839, 5,222,385, 5,697,242, 6,129,230 and 6,260,728. Crown has replied to those counterclaims denying that it infringes any claims of Rexam's asserted patents and alleging that one or more of the claims in Rexam's asserted patents are invalid for failure to comply with 35 U.S.C. §§ 102, 103 and 112. Crown has also asserted that Rexam's damages are limited in whole or in part due to the equitable doctrine of laches.

The patents that Crown has asserted against Rexam relate to methods and apparatuses in the art of manufacturing two-piece drawn and ironed cans. Specifically, Crown's patents relate to the "can end" or the top of the can, which is seamed to the can body after the can body has been filled with a beverage.

The patents that Rexam has asserted against Crown in its counterclaims relate to: (1) "smooth die necking," which is a method of tapering the top of the can inward so that the diameter of the can end can be reduced in size; (2) "bottom reforming" which includes methods and apparatuses for reforming the inside of the bottom of the can body;

and (3) the "anti-fracture score" which is one of the scored lines that are visible around the "pour panel" (the part that opens so the beverage can be consumed) of the can end.

Discovery in the case is proceeding and the parties are in the process of exchanging documents and taking depositions. The case is set for trial from July 9 through July 20, 2007. The current cut-off for taking discovery is September 30, 2006, although the parties have jointly asked for an extension of thirty (30) days. Should that request for a thirty (30) day extension be denied, and should it not be possible for the deposition requested herein to take place prior to September 30, 2006, Rexam's counsel will seek leave of court for an exception to the discovery schedule in order to take the deposition of Mr. Hinton.

7.  **Evidence to be obtained and judicial act to be performed:**

The requesting judicial authority respectfully requests the Supreme Court to compel viva voce testimony of a witness to be used at trial as more fully specified in paragraphs 8 and 9 below.

8.  **Identity and address of person to be examined:**

Peter James Hinton
3 Divinity Close Wanborough
Wiltshire SN4 0EH
United Kingdom

Phone number 011 44 1793 790920

9.  **Subject matter of examination:**

It has been represented to this Court that it is necessary for the purpose of justice and for the due determination of the matters in dispute between the parties that Mr. Hinton should be examined as a witness in this action. Mr. Hinton is a named inventor on both the '875 and '826 Patents that Crown has asserted against Rexam. With respect

to the other inventors, Crown has represented that Mr. Brifcani is deceased and Mr. Kysh in incapacitated. Thus, Mr. Hinton is the only inventor available for deposition.

Rexam would like to depose Mr. Hinton in order to preserve testimony for trial relating to: (1) his understanding of the inventions claimed in the patents asserted against Rexam; (2) his understanding of the disclosures made in the specifications of those patents; (3) his involvement and understanding of what took place during the prosecution of those patent applications; (4) his understanding and involvement with the patents of which he is a named inventor and to which the asserted patents claim priority; (5) his knowledge and understanding of, what Rexam believes to be, invalidating prior art; and (6) his previous testimony taken September 18, 2003 at: Dechert, 2 Serjeants' Inn, London EC4Y 1LT, which testimony was taken in relation to the patent infringement suit entitled: *Anheuser-Bush Companies, Inc., Metal Container Corporation and Anheuser-Bush, Inc. v. Crown Cork & Seal Company, Inc. and Crown Cork & Seal Technologies Corporation*, Case No.: 02801-02, which was pending in the United States District Court for the Western District of Wisconsin.

10.     **Requirement of an oath:**

The requesting authority requests that the testimony taken should be under an oath of truthfulness in the form used in the United Kingdom.

11.     **Special methods or procedures to be followed:**

The requesting party requests that the examination of Peter James Hinton be scheduled on September 14, 2006 or at such other time as is agreed between U.S. counsel for the parties and Mr. Hinton, or ordered by the Central Authority, that one day of examination be permitted, and that the examination be taken before an individual who,

RLF1-3049496-1

according to the Supreme Court's procedure, is competent and authorized or commissioned to take the testimony and administer the oath of truthfulness.

It is requested that U.S. counsel for the Defendants/Counterclaimants be permitted to conduct the direct examination viva voce of the witness relating to the matters in question between the parties; that U.S. counsel for Plaintiffs/Counterclaim Defendants be permitted to conduct cross examination if they deem it necessary; and that the U.S. counsel for the Defendants/Counterclaimants be permitted to conduct re-direct examination (collectively "the Examination"). The examination should be transcribed verbatim, and it is requested that Defendants/Counterclaimants be permitted to provide a court reporter for this purpose who is certified in the United States. The transcript will be presented to Mr. Hinton for review and signature. It is requested that any documents and things presented to Mr. Hinton during the Examination be marked for identification and that all such documents and things may be photocopied by the parties, and that you will be further pleased to authenticate such Examination, including the transcription thereof, by the seal of your tribunal, or in such other way as is in accordance with the Supreme Court's procedure, and to return the same, together with such request in writing, if any, of the charges and expenses payable in respect of the execution of this Request, through the Supreme Court from whom the same was received for transmission to the United Kingdom solicitors and United States counsel for the parties.

In addition, it is requested that the Examination of Mr. Hinton be allowed to be videotaped so that the Examination may be presented to the requesting authority at the trial of this action in the United States. The necessary equipment and operator to

videotape the Examination shall by provided by counsel for the Defendants/Counterclaimants.

**12.   Request for notification:**

Notification of the time and place of the execution of this letter request is requested to be sent to the requesting judicial authority, the Plaintiffs/Counterclaim Defendants and the Defendants/Counterclaimants at the addresses for their respective counsel as listed in paragraph 5(c) above.

**13.   Specification of privilege to refuse to give evidence under the law of the sate of origin:**

Pursuant to the Fifth Amendment to the Constitution of the United States:

No person … shall be compelled in any criminal case to be a witness against himself ….

It is requested that any objections or privileges asserted be articulated with specificity at the designated date and hour for examination so that it may be transcribed for use in this case.

**14.   Fees and costs:**

Fees and costs incurred which are reimbursable under the second paragraph of Article 14 or under Article 26 of the Convention, or other applicable statute, ordinance, or rule will be borne by Defendants/Counterclaimants, payable through:

Dr. Myles Jelf
Bristows
3 Lincoln's Inn Fields
London WC2A 3AA
United Kingdom

DATE OF REQUEST: _August 21_ 2006

SIGNATURE AND SEAL OF THE REQUESTING AUTHORITY

_Kent A. Jordan_ (signature)

The Honorable Kent A. Jordan
United States District Judge
United States District Court for the District of Delaware
844 North King Street
Wilmington, Delaware 19801

WITNESS, _NEIL T. LOOBY_, the Deputy Clerk of the United States District Court for the District of Delaware, this _21ST_ day of _August_, 2006.

_____
DEPUTY CLERK OF THE UNITED
STATES DISTRICT COURT FOR THE
DISTRICT OF DELAWARE

RLF1-3049496-1