AO 88 (Rev. 1/94) Subpoena in a Civil Case

Issued by the

# United States District Court
## WESTERN DISTRICT OF VIRGINIA

CROWN PACKAGING TECHNOLOGY, INC.,
CROWN CORK & SEAL USA, INC.

    Plaintiff/Counter Defendant

V.

REXAM BEVERAGE CAN COMPANY,

    Defendants/Counterclaimant

SUBPOENA IN A CIVIL CASE

CASE NUMBER:[1] 05-608 (KAJ)
Pending in the United States District Court
For the District of Delaware

TO: Belvac Production Machinery, Inc.
237 Graves Mill Road
Lynchburg, VA 24502-4203

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION: Days Inn Lynchburg Airport, 3320 Candlers Mountain Road, Lynchburg VA 24502 | DATE AND TIME: November 28, 2006 |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):  See Appendix A attached hereto. The subpoena is designated to collect evidence relevant to a lawsuit between the parties set forth above, now pending in the United States District Court for the District of Delaware.  A courtesy copy of the Second Amended Complaint and Answer are attached hereto.

| PLACE  Belvac Production Machinery, Inc. 237 Graves Mill Road Lynchburg, VA 24502-4203 | DATE AND TIME November 22, 2006 at 1:00pm |
|---|---|

☐ YOU ARE COMMANDED to produce and permit inspection of the following premises at the date and time specified below

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| Issuing Officer Signature and Title (Indicate if attorney for Plaintiff or Defendant) Attorney for Defendant/Counterclaimant, Rexam Beverage Can Company | Date November 14, 2006 |
|---|---|

Issuing Officer=s Name, Address, and Phone Number:  Gerald C. Willis
McAndrews, Held & Malloy, Ltd - (312) 775-8000
500 West Madison, Suite 3400
Chicago, IL 60661

---

[1] If action is pending in district other than district of issuance, state district under case number.

(See Rule 45, Federal Rules of Civil Procedure Parts C & D on Reverse)

AO 88 (Rev 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
| SERVED BY (PRINT NAME) | | TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct

Executed on _____
               DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

## Rule 45, Federal Rules of Civil Procedure, Parts C & D

**(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS**

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial

(2)(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises If objection is made the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued If objection is made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
  (i) fails to allow reasonable time for compliance;
  (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that subject to the provisions of clause (c)(3)(B)(iii)

of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
  (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
  (iv) subjects a person to undue burden

(B) If a subpoena
  (i) requires disclosure of a trade secret or other confidential research, development, of commercial information, or
  (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
  (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions

**(d) DUTIES IN RESPONDING TO SUBPOENA.**

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim

## APPENDIX A
## BELVAC PRODUCTION MACHINERY, INC.
## DEFINITIONS AND INSTRUCTIONS

The term "documents and things" shall include, without limitation, originals and copies (carbon, photographic, xerographic, microfilm, emails, computer stored or otherwise) of all documents, correspondence (electronic or otherwise), sales documents, papers, minutes, memoranda, reports, studies, notes, diaries, messages, telegrams, books, letters, ledgers, photographs, pictures, drawings, sketches, blueprints, data sheets, motion pictures, publications, advertisements, brochures, pamphlets, recordings (tape, disc, or any other type), samples, models, prototypes, devices and any other writings or other physical objects known to Belvac Production Machinery, Inc., ("Belvac").

The Term "Belvac" shall include Belvac Production Machinery, Inc. and any of its subsidiaries, affiliates, predecessors, successors and assigns.

The term "Crown" shall include Crown Packaging Technology, Inc and Crown Cork and Seal USA, Inc. and any of its subsidiaries, affiliates, predecessors, successors and assigns.

The term "Bottom Reforming Equipment" shall include equipment and tooling manufactured and sold to Crown, and/or used by Crown to reform the bottom of a can body from 1996 to the present.

> **Belvac is hereby commanded to produce and/or permit inspection and copying of the following documents relating to bottom reforming equipment:**

1. All documents that disclose, relate to or refer to any apparatus, including, but not limited to, jigs, receptacles, rollers and supports that have been used at any time since 1996 at Crown's Fort Bend Texas facility to position, hold, align, secure or support can bodies during reforming of the bottom of the can."

2.  All documents that describe, disclose, relate to or refer to any change in any apparatus, including, but not limited to, jigs, receptacles, rollers and supports, that have been used at any time since 1996 at Crown's Fort Bend, Texas facility to position, hold, align, secure, or support can bodies during reforming of the bottom of the can bodies, including, but not limited to, drawings with part numbers: # 1700486 (current receptacle); part # 1700315 (current roller); part #1700943 (receptacle), part # 1700924 (roller).

3.  All documents that disclose, describe or refer to the operation or function of any apparatus, including, but not limited to, jigs, receptacles, rollers and supports that have been used at any time since 1996 at Crown's Fort Bend, Texas facility to position, hold, align, secure, or support can bodies during reforming of the bottom of the can bodies, including, but not limited to, drawings with part numbers: # 1700486 (current receptacle); part # 1700315 (current roller); part #1700943 (receptacle), part # 1700924 (roller)

4.  All documents that disclose, describe, refer to, or relate to any reason or reasons for changing any apparatus, including, but not limited to, jigs, receptacles, and supports, that have been used at any time since 1996 at Crown's Fort Bend, Texas facility to position, hold, align, secure, or support can bodies during reforming of the bottom of the can bodies."

5.  All documents relating to Bottom Reforming Equipment that Belvac has made for, sold to, or sent to, Crown for use at Crown's Fort Bend Texas manufacturing facility from 2001 to the present, including, but not limited to, drawings with part numbers: # 1700486 (current receptacle); part # 1700315 (current roller); part #1700943 (receptacle), part # 1700924 (roller).

**Belvac Production Machinery, Inc. is hereby commanded to designate a corporate representative to testify on its behalf, at the location designated in the subpoena, about the following:**

1.  The authenticity of any documents produced for inspection and copying by Belvac in response to the subpoena.

2.  The subject matter of the documents requested herein.

3.  Knowledge of any change, whatsoever, in the profile(s) of any jig, dome receptacle, or stand radius receptacle or whatever name Belvac calls the part of the bottom reforming machine that supports the can bottom during bottom reforming.