493

HIGHAM - CONFIDENTIAL



1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

ESQUIRE DEPOSITION SERVICES

494

HIGHAM - CONFIDENTIAL

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24



495

HIGHAM - CONFIDENTIAL



ESQUIRE DEPOSITION SERVICES

A51

496

HIGHAM - CONFIDENTIAL

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

ESQUIRE DEPOSITION SERVICES

A52

1

PETE MORAN, AUGUST 14, 2006

```
1        IN THE UNITED STATES DISTRICT COURT
2          FOR THE DISTRICT OF DELAWARE
3                    -   -   -
4  CROWN PACKAGING        :  C.A. NO.
   TECHNOLOGY, INC.,      :  05-608(KAJ)
5  Plaintiff, and CROWN   :
   CORK & SEAL USA, INC., :      ORIGINAL
6  Plaintiff and          :
   Counterclaim Defendant :
7                         :     CONFIDENTIAL
       vs.               :
8                         .
   REXAM BEVERAGE CAN CO.,:  JURY TRIAL
9  Defendant Counterclaim :    DEMANDED
10
                    -   -   -
11
            Monday, August 14, 2006
12
                    -   -   -
13
              Videotape deposition
14 of PETE MORAN, taken pursuant to notice,
   was held at the offices of WOODCOCK
15 WASHBURN, LLP, One Liberty Place, 46th
   Floor, Philadelphia, Pennsylvania 19103,
16 beginning at 8:57 a.m., on the above
   date, before MARIA NOELLE DAMIANI,
17 Registered Merit Reporter, Certified
   Realtime Reporter, Certified Shorthand
18 Reporter (NJ License No. 30XI00224100; DE
   License No. RPR-117) and a Notary Public.
19
20                  -   -   -
21     ESQUIRE DEPOSITION SERVICES
        Four Penn Center, Suite 1210
22     1600 John F. Kennedy Boulevard
        Philadelphia, Pennsylvania 19103
23             (215) 988-9191
24
```

A53

52

PETE MORAN, AUGUST 14, 2006



1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

ESQUIRE DEPOSITION SERVICES - CHICAGO
312.782.8087   800.708.8087   FAX: 312.704.4950

53

PETE MORAN, AUGUST 14, 2006



1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

ESQUIRE DEPOSITION SERVICES - CHICAGO
312.782.8087   800.708.8087   FAX: 312.704.4950

PETE MORAN,  AUGUST 14, 2006



1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

63

PETE MORAN,  AUGUST 14, 2006



1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

ESQUIRE DEPOSITION SERVICES - CHICAGO
312.782.8087   800.708.8087   FAX: 312.704.4950

A57

PETE MORAN, AUGUST 14, 2006

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24



158

PETE MORAN, AUGUST 14, 2006

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24



A59

PETE MORAN,  AUGUST 14, 2006

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24



161

PETE MORAN,  AUGUST 14, 2006



1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

ESQUIRE DEPOSITION SERVICES - CHICAGO
312.782.8087   800.708.8087   FAX: 312.704.4950

162

PETE MORAN, AUGUST 14, 2006



1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

A62

BBC

Home   News   Sport   Radio   TV   Weather   Languages

| Search |

## B B C LEARNING ENGLISH

Help ¦ Text only ¦ Make BBC Learning English my homepage

⌨ **Open BBC Radio Player**

**Learning English**
**News English**
**Business English**
**Watch & Listen**
**Grammar &**
**Vocabulary**
Ask about English
Ask about English
archive
**Songlines**
**Learn It**
Pronunciation Tips
Keep your English
up to date
Keep your English
up to date 2
Funky Phrasals
Moving Words
News vocabulary
Science vocabulary
Football vocabulary
Tennis vocabulary
**Communicate**
**Quizzes**
**The Flatmates**
**Webcast**
**For teachers**

Downloads
FAQs
Contact us
Meet us

You are in:   Learning English > Grammar and Vocabulary

## Learn It

### The passive with modals, future and infinitive forms

**Gosia** from **Poland** writes:

> Could you explain to me how be is used in this sentence:
> *Sofia Coppola has become only the third woman to be*
> *nominated for the best director at the Oscars.*
> I understand the meaning, but I have a problem with use. When
> should I use **be** and when not? I meet this construction in
> sentences very often

**Roger Woodham** replies:

**The passive with modals, future and infinitive forms**

This is an example of a **passive** form. We use the passive when it is not
so important to know who the agent of the action is. Here we are not so
interested in knowing who nominated Sofia Coppola for best director.
Our attention is focused on the object, the person who has been
nominated. So instead of saying:

*The American Academy of Motion Picture Arts and Sciences has*
*nominated Sofia Coppola for best director*

we say:

*Sofia Coppola has been nominated for best director*

Note that the object of an active verb becomes the subject of a passive
verb:

> The People **is published** on Sundays
> My curtains **are being dry-cleaned**
> My passport **has been stolen**
> The vase **was sold** for £5,000

With modals and with infinitive forms, the passive is formed with **be +**
**past participle** or **have been + past participle**. With future forms it is
constructed with **be + past participle** or **being + past participle**

Future forms: **will be / is going to be / is being / is to be + past**
**participle**

> The prisoner **will be held** indefinitely in a maximum security jail.
> He **will never be released**.
> The Council House Tower Blocks in Manchester **are to be**
> **knocked down**
> The tenants **are being offered** alternative accommodation
> The cinema in the High Street **is going to be converted** into a
> dance hall



**LATEST LEARN ITS**

▶ Noun-verb agreement
▶ Situation, position, condition
▶ Third conditional
▶ Animal idioms
▶ no = not a / not any

▶ Learnit Archive

**Modals: can be / could be + past participle**

We use these forms to talk about present and past ability or possibility in the passive voice:

> My professor has told me that I **may be invited** to give the keynote speech at the conference this year.
>
> The road over the mountains **might be closed** if this rain turns to snow.
>
> If you're all keen to make an early start, the meeting **could be brought** forward to nine o' clock.

**Modals: must be / ought to be / should be + past participle**

We use these forms to talk about necessity and advisability in the passive voice:

> You can't expect her to work if she's not well. She **must be given** time off.
>
> You're not supposed to walk on that type of floor in high heels. It shouldn't **be allowed**.
>
> He **ought to be rewarded** for handing in all the money to the police.

**Modals: must've been / should've been / could've been + past participle<**

Note that when we are using modals to talk about most past situations in the passive voice, be + past participle becomes have been + past participle:

> The car was clearly defective and **should never have been** rented out.
>
> That necklace is no longer in the shop window so it **must have been** sold.
>
> He insisted on playing American football wearing only a T-shirt and shorts and **could've been** seriously injured.

**Infinitives: to be / to have been + past participle**

There is sometimes little difference in meaning whether **be** or **have been** passive forms are used. On other occasions, be is more clearly associated with present time and have been is more clearly associated with past time:

> Sofia Coppola is only the third woman **to be nominated** for best director.
>
> Sofia Coppola is only the third woman **to have been nominated** for best director.
>
> The prisoners **are expected to be released** today.
>
> He **is to be congratulated** on passing his exam.
>
> He **was to have been rewarded** for handing in the stolen goods until it was discovered that he was involved with the criminal gang.

---

© BBC MMVII

^^ Back to Top

Learning English | News English | Business English | Watch and Listen
Grammar and Vocabulary | Communicate | Quizzes | Webcast
For teachers | Downloads | FAQ | Contact us



SEARCH THE BBC SITE
[GO]

Learning English

News English

Business English

Watch and Listen

Grammar and Vocabulary

Learn it

Ask about English

Ask about English archive

Songlines

Pronunciation

Up to Date

Up to Date 2

Funky Phrasals

Moving Words

News vocab

Science vocab

Football vocab

Tennis vocab

Communicate

Quizzes

The Flatmates

Webcast

For teachers

--------------

Downloads

FAQ

Contact us

Meet us

--------------

BBC China ELT

You are in:    Learning English > Grammar and Vocabulary > Learn It!

## Learning English

**The future and the future seen from the past**

**Siegfried Leistner from Germany writes:**

Can you please explain the difference in meaning between:
**I'm leaving tomorrow.**
**I'll leave tomorrow.**
**I'll be leaving tomorrow.**
**I'm going to leave tomorrow.**
Thank you very much for your reply

**Bjoco from Romania writes:**

I have a sentence whose meaning is not clear to me: **I was going to call you.** Why doesn't the speaker say: **I wanted to call you?**

**Roger Woodham** replies:

I'll reply to the second question first.

You could say: **I wanted to call you,** Bjoco. The meaning is roughly the same although if you use **wanted,** the idea of the speaker's intention of calling is not so strong. Closer equivalents would be: **I intended to call you / I was intending to call you.**

**The future seen from the past**

Sometimes when we are discussing past events, we want to refer to something that was **in the future at that time.** In order to express this idea, we can use the past tenses of the verbs we would normally use to talk about the future. Thus,

**is going to > was going to**

○ *I'm going to leave Britain to start a new life in Canada. > When I heard that she was going to leave Britain to start a new life in Canada, I was quite upset.*

Other future verb forms change in the same way:

**present progressive > past progressive:**

○ *We're meeting Jane outside the town hall at three o' clock > We left school before the classes were over because we were*

A65

*meeting Jane outside the town hall at three o' clock.*

**will > would**

- *If I play my CDs while I'm working, it **won't** disturb you, **will** it? > I didn't think my music **would** disturb her, but it did.*

**future progressive: will + be + verb-ing > would + be + verb-ing:**

- *Don't phone them now, **they'll be having** supper.*
- *I didn't want to phone them at that time because I thought **they would be having** supper.*

**future perfect: will have + past participle > would have + past participle:**

- ***I'll have finished** writing up this report by noon, so we will be able to watch the tennis this afternoon.*
- *I thought **I would have finished** that report by noon and then we could have watched the tennis, but it took longer than expected.*

**is to be > was to be; is about to > was about to:**

- *The factory **is to be closed down** and all the work (is to be) **transferred** to Germany.*
- *I was on holiday in Greece when I heard that the factory **was to be closed down**.*

- *Please take your seats, ladies and gentlemen. The performance **is about to begin**.*
- *We weren't able to finish our drinks. We had to take our seats as the performance **was about to begin**.*

Now for your question, Siegfried

### Talking about the future

When we want to refer to the future itself, we tend to use the **present progressive, future progressive** and **going to future** for things that are already decided or fairly certain to happen:

- *We **shan't be going** to Glastonbury for the festival this year. **We're going to** Val and Keith's wedding instead. **It's being held** in a castle in Ireland.*
- ***I'm going to** give the house a thorough clean this weekend. It's absolutely filthy.*

We use the **will / shall future** for things which are much more open or have not already been decided:

- ***What will you have** to drink? ~ **I'll have** a cappuccino and one of those sticky buns.*
- *I've got a hospital appointment this afternoon. ~ **I'll***

*come* with you, if you like.
- *I'm quite worried about it. ~ Don't worry. I'm sure **it'll be** all right.*

If you would like more practice more please visit our **Message Board** in the **You, Me and Us** part of our website.

**more questions**

© ⒷⒷⒸ MMVII

Learning English | News English | Business English | Watch and Listen
Grammar and Vocabulary | Communicate | Quizzes | For teachers
Downloads | FAQ | Contact us

CONFIDENTIAL
DANIEL A. ABRAMOWICZ, Ph.D.    AUGUST 29, 2006

1

1   IN THE UNITED STATES DISTRICT COURT
2     FOR THE DISTRICT OF DELAWARE
3           -   -   -
4   CROWN PACKAGING          :  C.A. NO.
    TECHNOLOGY, INC.,        :  05-608(KAJ)
5   Plaintiff, and CROWN     :
    CORK & SEAL USA, INC., :
6   Plaintiff and            :
    Counterclaim Defendant : 
7
8       vs.                  :

9   REXAM BEVERAGE CAN CO.,:  JURY TRIAL
    Defendant Counterclaim :   DEMANDED
10          -   -   -
11      Tuesday, August 29, 2006
12          -   -   -
13    C O N F I D E N T I A L
14          -   -   -
            Videotape Deposition of
15  DANIEL A. ABRAMOWICZ, Ph.D., taken
    pursuant to notice, was held at the
16  offices of WOODCOCK WASHBURN, LLP, One
    Liberty Place, 46th Floor, Philadelphia,
17  Pennsylvania 19103, beginning at 9:14
    a.m., on the above date, before MARIA
18  NOELLE DAMIANI, Registered Merit
    Reporter, Certified Realtime Reporter,
19  Certified Shorthand Reporter (NJ License
    No. 30XI00224100; DE License No. RPR-117)
20  and a Notary Public.

21          -   -   -

22      ESQUIRE DEPOSITION SERVICES
23
24

ORIGINAL



| 11:46:42 | 1 |
| 11:46:45 | 2 |
| 11:46:47 | 3 |
| 11:46:48 | 4 |
| 11:46:50 | 5 |
| 11:46:52 | 6 |
| 11:46:55 | 7 |
| 11:46:56 | 8 |
| 11:46:56 | 9 |
| 11:46:58 | 10 |
| 11:46:59 | 11 |
| 11:47:03 | 12 |
| 11:47:04 | 13 |
| 11:47:07 | 14 |
| 11:47:10 | 15 |
| 11:47:10 | 16 |
| 11:47:11 | 17 |
| 11:47:12 | 18 |
| 11:47:14 | 19 |
| 11:47:15 | 20 |
| 11:47:16 | 21 |
| 11:47:18 | 22 |
| 11:47:27 | 23 |
| 11:47:31 | 24 |

CONFIDENTIAL
DANIEL A. ABRAMOWICZ, Ph.D.    AUGUST 29, 2006

125

11:47:33    1

11:47:36    2

11:47:38    3

11:47:40    4

11:47:41    5

11:47:42    6

11:47:44    7

11:47:46    8

11:47:46    9

11:47:47    10

11:47:47    11

11:47:48    12

11:47:49    13

11:47:50    14

11:47:52    15

11:47:57    16

17

11:47:58    18

11:47:59    19

11:48:02    20

11:48:03    21

11:48:06    22

11:48:07    23

11:48:10    24



ESQUIRE DEPOSITION SERVICES, LLC - CHICAGO
312.782.8087  800.708.8087  FAX: 312.704.4950

A70

Mar-14-06   03:51pm   From-WoodcockWashburn                    +2155693439        T-204   P 002/006   F-907

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CROWN PACKAGING TECHNOLOGY, INC. AND CROWN CORK & SEAL USA, INC. ) ) ) ) | Civil Action No. 05-608 (KAJ) |
| Plaintiffs, ) ) | |
| v, ) ) | |
| REXAM BEVERAGE CAN CO. ) ) | |
| Defendant. ) | |

SUPPLEMENTAL INITIAL DISCLOSURES OF CROWN PACKAGING
TECHNOLOGY CORPORATION AND CROWN CORK & SEAL USA, INC. UNDER
FED. R. CIV. P. 26(a)

| Peter Hinton | c/o Woodcock Washburn LLP One Liberty Place – 46th Floor Philadelphia, PA 19013 (215) 568-3100 | Development of SuperEnd® can ends and methods for seaming SuperEnd® can ends to can bodies |
|---|---|---|
| Mark Kysh (presently disabled) | Crown Cork & Seal Corporate Technologies Downsview Road Wantage Oxfordshire OX12 9BP UK | Development of SuperEnd® can ends and methods for seaming SuperEnd® can ends to can bodies |
| Len A. Jenkins | Crown Packaging Technology Corporation 11535 S. Central Ave. Alsip, IL 60803 | Development of SuperEnd® can ends and methods for seaming SuperEnd® can ends to can bodies |
| Brian Fields | Crown Packaging Technology Corporation 11535 S. Central Ave. Alsip, IL 60803 | Development of SuperEnd® can ends and methods for seaming SuperEnd® can ends to can bodies; general details regarding can ends and methods of making can ends sold by Crown Cork & Seal, USA, Inc. |
| Richard Golding | Crown Packaging Technology Corporation 11535 S. Central Ave. Alsip, IL 60803 | Methods and apparatus used by Crown Cork & Seal, USA, Inc. for forming and/or reforming the bottom and necks of can bodies in or after 1995 |
| Neill Mitchell | Director of Marketing Crown Cork & Seal USA, Inc. One Crown Way Philadelphia, PA 19154-4599 | Sales of Crown cans and can ends from at least 1999 to the present. |
| Joe Bauder | Vice President of Machinery and Tooling Division Crown Cork & Seal USA, Inc. One Crown Way Philadelphia, PA 19154-4599 | Necking methods and equipment used to manufacture Crown Cans |

2

A72

BRIAN FIELDS, DECEMBER 12, 2006
C O N F I D E N T I A L

1          IN THE UNITED STATES DISTRICT COURT

2            FOR THE DISTRICT OF DELAWARE

3    CROWN PACKAGING TECHNOLOGY, INC.      )

4    and CROWN CORK & SEAL USA, INC.,      )

5                 Plaintiffs and           )

6         Counterclaim Defendants,         )   Civil Action

7              -vs-                        )   No. 05-608

8    REXAM BEVERAGE CAN COMPANY,           )      (KAJ)

9              Defendant and               )

10             Counterclaimant.            )   **ORIGINAL**

11

12         C O N F I D E N T I A L

13         The confidential resumed videotaped

14   deposition of BRIAN FIELDS, called as a witness

15   herein for examination, taken pursuant to the

16   Federal Rules of Civil Procedure of the United

17   States District Courts pertaining to the taking of

18   depositions, taken before ROSANNE M. NUZZO, a

19   Notary Public within and for the County of Will,

20   State of Illinois, and a Certified Shorthand

21   Reporter of said state, at the offices of

22   Crown Packaging Technologies, Inc., 11535 South

23   Central Avenue, Alsip, Illinois, on the 12th day

24   of December, A.D. 2006, at 8:54 a.m.

CONFIDENTIAL

ESQUIRE DEPOSITION SERVICES - CHICAGO
312.782.8087   800.708.8087   FAX: 312.704.4950

619

BRIAN FIELDS, DECEMBER 12, 2006
C O N F I D E N T I A L

16:15:44    1
16:15:44    2
16:15:44    3
16:15:48    4
16:15:51    5
16:15:53    6
16:15:53    7
16:15:55    8
16:15:57    9
16:15:58    10
16:16:00    11
16:16:07    12
16:16:11    13
16:16:12    14
16:16:14    15
16:16:15    16
16:16:17    17
16:16:27    18
16:16:27    19
16:16:27    20
16:16:28    21
16:16:28    22
16:16:28    23
16:16:30    24



# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

Crown Packaging Technology, Inc. and
Crown Cork and Seal USA, Inc.,

             Plaintiff/Counter Defendant,

    v.

Rexam Beverage Can Company,

             Defendant/Counterclaimant

C. A. No. 05-608 (MPT)

**CONFIDENTIAL--FILED UNDER SEAL**

## REXAM BEVERAGE CAN COMPANY'S OPENING
## CLAIM CONSTRUCTION BRIEF

Of Counsel:
George P. McAndrews
Steven J. Hampton
Gerald C. Willis
Paul W. McAndrews
McAndrews, Held & Malloy, Ltd.
500 W. Madison Street, Suite 3400
Chicago, IL 60601
312-775-8000

Dated: January 16, 2007

Frederick L. Cottrell, III (#2555)
cottrell@rlf.com
Anne Shea Gaza (#4093)
gaza@rlf.com
Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
302-651-7700
   *Attorneys for Defendant/Counterclaimant*
   *Rexam Beverage Can Co.*

8.   **Bent Upwardly Around Said Juncture Of Said Chuck Walls At Said First Point On Said Wall**

Rexam's and Crown's proposed constructions are not that different with respect to this limitation and either construction would be appropriate. (*See* Joint Claim Chart at 3) (A 3) Rexam understands this limitation to be directed to the portion of the can end that bends about the juncture. For example, the bending from angle C to angle B shown in Fig. 2 and the bending of the can end wall from the angle C to surface 33 of the chuck shown in Fig. 5. (A 18, 19)

9.   **A Second Point Forming A Lowermost End Of Said Wall**

Rexam construes this limitation to mean "the specific place on the wall nearest the central panel (toward the bottom of the can)." (A 5) The plain and customary meaning of the terms would imply that the lowest point of the wall would be the point closest to the central panel. This is based on every can end disclosed by Crown's patents in prior art and in embodiments of the invention that have a wall that meets an annular reinforcing bead (anti-peaking bead or countersink) located radially inward from the end wall and that extends below the central panel. As implicitly described by Crown's patents, the wall ends at the annular reinforcing bead which connects the wall and central panel.

Here again, Crown's proposed construction offers little explanation as to what this limitation means. (A 5) Where Rexam's proposed construction provides a basis to locate the lower most point of the wall, Crown's does not. Rexam's construction is fully supported by the claims of the '826 Patent, its specification and the plain meaning of the claim terms.

10.  **Annular Reinforcing Bead**

Rexam construes this limitation to mean "an outwardly concave generally "U" shaped groove (also called a countersink or anti-peaking bead) that is stamped or pressed into the can end, and is located inwards from the bottom of the wall (chuck wall), which encircles and supports the center panel of the can end." (A 4) This construction is consistent with all of the disclosures in Crown's patents.


Fig.4

The term "annular reinforcing bead" is used interchangeably in the specification with countersink and anti-peaking bead. '826 Patent col.1 ln.37, col.4 ln.62-63. (A 38) As set out above in Section

15

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

CROWN PACKAGING                          )
TECHNOLOGY, INC. AND CROWN               )
CORK & SEAL USA, INC.,                   )
                                         )
        PLAINTIFFS,                      )        CIVIL ACTION NO. 05-608 (MPT)
                                         )
        V.                               )
                                         )
REXAM BEVERAGE CAN CO.,                  )
                                         )
        DEFENDANT.                       )
                                         )
                                         )

## CROWN'S OPENING CLAIM CONSTRUCTION BRIEF
## RELATING TO CROWN'S PATENTS

Barry M. Klayman, Esquire (#3676)
WOLF, BLOCK, SCHORR and
SOLIS-COHEN LLP
Wilmington Trust Center
1100 N. Market Street
Wilmington, DE 19801
(302) 777-0313

Dale M. Heist
Lynn Malinoski
Chad E. Ziegler
WOODCOCK WASHBURN, LLP
2929 Arch Street
Philadelphia, PA 19104
(215) 568-3100

*Attorneys for Plaintiffs*
*Crown Packaging Technology, Inc. and*
*Crown Cork & Seal USA, Inc.*

specific place on the wall nearest the central panel (toward the bottom of the can)." But Rexam's construction adds confusion because the subject of the disputed phrase is a *"point,"* whereas Rexam's proposed construction defines a region rather than a point, *i.e.*, a "portion of the wall." Further, Rexam limits the region to a wall portion that "extends from" one point, *i.e.*, the "juncture" of the seaming chuck walls to another point, *i.e.*, "the specific place on the [can end] wall nearest the central panel."

        j)    *annular reinforcing bead*

The Court should construe the phrase *"annular reinforcing bead"* to refer to a "ring-like stiffening channel."

Crown's proposed construction is supported by the plain meaning and is consistent with the patent specification. The term "annular" means "of or relating to a ring: forming a ring: shaped like a ring" (Ex. 12, Webster's at 88). The term "reinforce" means "to strengthen with additional force, assistance, material, or support: make stronger or more pronounced" *(Id.* at 1915). The term "bead" is defined as a "groove . . . on the surface of a metal can . . . or metal closure to improve appearance and to stiffen" *(Id.* at 190). A "groove," in turn is defined as a "narrow hollow or channel made artificially in a surface" *(Id.* at 1001). Taken together, the ordinary meaning of the phrase *"annular reinforcing bead"* is, therefore, a ring-like stiffening channel.

The specification is entirely consistent. First, the specification describes "*annular reinforcing beads*" as a type of channel, stating, for example, that in "one embodiment the reinforcing bead has an inner portion parallel to an outer portion joined by [a] concave radius" (Ex. 23, 826 patent at 2:17-19). Second, the specification describes the reinforcing bead as an "annulus" that supports the circular central panel and that has an inner diameter $d_1$ and an outer diameter $d_2$ *(Id.* at 2:7-8; 4:19-20). Thus, the specification discloses that the "*reinforcing bead*"

A78



CONFIDENTIAL

CCS0071061

A79



CONFIDENTIAL



CONFIDENTIAL



CONFIDENTIAL

REDACTED

CONFIDENTIAL

CCS0071065

A83



CONFIDENTIAL



CONFIDENTIAL

CCS0071067
A85



CONFIDENTIAL

CCS0071068

A86



CONFIDENTIAL



CONFIDENTIAL



CONFIDENTIAL

CCS0071071

A89



CONFIDENTIAL



CONFIDENTIAL                                    CCS0071073



CONFIDENTIAL



CONFIDENTIAL

CCS0071075

A93

CONFIDENTIAL

i

CONFIDENTIAL



CONFIDENTIAL

CCS0071079

A97



CONFIDENTIAL



CONFIDENTIAL

CONFIDENTIAL

CONFIDENTIAL

CCS0071083

A101

CONFIDENTIAL

CCS0071084

A102

CONFIDENTIAL

CONFIDENTIAL



CONFIDENTIAL

CONFIDENTIAL

CONFIDENTIAL



CONFIDENTIAL



CONFIDENTIAL

CONFIDENTIAL

CCS0071092

A110



CONFIDENTIAL

CONFIDENTIAL



CONFIDENTIAL

CCS0071095

A113

CONFIDENTIAL