Exhibit 28

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

CROWN PACKAGING TECHNOLOGY,          )
INC., Plaintiff, and CROWN CORK &     )
SEAL USA, INC.,                       )
                                      )
    Plaintiff and Counterclaim        )
    Defendant,                        )
                                      )          Civil Action No. 05-608 (KAJ)
v.                                    )
                                      )
REXAM BEVERAGE CAN COMPANY,           )
                                      )
    Defendant and Counterclaimant.    )
                                      )

## DEFENDANT-COUNTERCLAIMANT REXAM BEVERAGE CAN COMPANY'S SUPPLEMENTAL RESPONSES TO CROWN TECHNOLOGY'S AND CROWN USA'S AMENDED INTERROGATORIES NOS. 7 THROUGH 9

Defendant-Counterclaimant Rexam Beverage Can Company ("Rexam"), through

its counsel, hereby submits its general objections, specific objections and supplemental

responses to Crown Packaging Technology, Inc.'s and Crown Cork & Seal USA, Inc.'s

("Plaintiffs") Amended Interrogatories Nos. 7 through 9.

### GENERAL OBJECTIONS:

Rexam objects to Plaintiffs' Interrogatories to the extent they seek information,

documents or things protected by the attorney-client privilege, are immune from

discovery pursuant to the work product doctrine, or are protected or immunized by any

other applicable privilege, immunity, doctrine or protection from discovery. All of the

following responses and answers are made subject to this objection and none of the

following responses or answers, none of the information, documents or things identified in

these interrogatory responses, and none of the responses or answers to any other discovery

attempts by Plaintiffs (including, but not limited to, questions posed at any oral deposition) will include any such privileged, protected or immune information, documents or things.

Rexam objects to each Interrogatory, including all accompanying Definitions and Instructions, to the extent that they attempt to impose upon Rexam discovery obligations beyond those required by the Federal Rules of Civil Procedure, the Local Rules of the U.S. District Court for the District of Delaware and/or judge specific rules and/or the Court's scheduling order establishing a discovery schedule and pretrial requirements.

Rexam objects to Plaintiffs' definition of the phrase "provide a detailed description of the factual basis" to the extent it renders the scope of any Interrogatory overly broad and/or unduly burdensome. Rexam objects to Plaintiffs' Interrogatories to the extent they pertain to former counsel, agents, employers or employees or other persons who formerly acted on behalf of Rexam. Rexam cannot reasonably be expected in all instances to speak now for former counsel, agents or employees or other persons who formerly acted on behalf of Rexam.

Rexam objects to each Interrogatory and each Definition and/or Instruction to the extent it is overly broad, unduly burdensome, vague, ambiguous, indefinite, lacking in reasonable particularity, untimely, premature or seeks information, documents or things uniquely in the possession, custody or control of Plaintiffs, its divisions, affiliates, officers, directors, employees, agents, representatives, distributors and/or customers.

To the extent that Rexam provides a response arguably within the scope of any definition set forth by Plaintiffs, such response by Rexam shall not be construed to be an admission by Rexam as to the validity or scope of any such definition.

*Page 2*

Rexam objects to each Interrogatory to the extent that it seeks confidential, proprietary, and/or sensitive business information. Any answers, responses, documents, things or information provided by Rexam, are subject to the Protective Order entered in this case.

Discovery is ongoing, and Rexam is continuing its preparation for trial. All responses to the following Interrogatories are based on information presently known to Rexam after a reasonable effort to compile information called for by these Interrogatories. All answers are given without prejudice to Rexam's right to supplement and/or modify its responses at a later time. In addition, Rexam's objections as set forth herein are made without prejudice to Rexam's right to assert any additional or supplemental objections.

## RESPONSES

### AMENDED INTERROGATORY NO. 7:

Provide a claim chart and detailed description of the factual basis for Rexam's allegation that Crown is infringing claims of the 839 Patent. The detailed description should include, but should not be limited to, an identification of the asserted claims; an identification of the Crown product accused of infringement; an explanation as to which claims are allegedly infringed either literally or under the doctrine of equivalents for each accused product; an explanation of the claim construction of the limitations of each claim alleged to be infringed, and an explanation as to why each such claim limitation is met (either literally and/or under the doctrine of equivalents).

### RESPONSE TO AMENDED INTERROGATORY NO. 7:

Rexam objects to this Interrogatory to the extent that it seeks to place an undue burden on Rexam with respect to contentions that will, due to documents and things that still have not been produced by Crown, and other developments of this action, necessarily

*Page 3*

change. Rexam also objects to this Interrogatory to the extent that it seeks to discover

information that is subject to the attorney/client privilege or work product immunity and

to the extent that it requires a "claim chart".

Subject to the above stated objections and the General Objections, Rexam submits

this supplemental response to Interrogatory No. 7 as follows:

Rexam asserts that Crown has infringed claim 1 of the 839 patent. The claim

recites:

A method of necking an open end of a container side wall to form a
smoothly-shaped neck profile comprising the steps of:

(a) producing relative axial movement between a container and a first
necking die to engage the external surface of a portion of the open end of
the container with said first die at a small acute angle to compress said
side wall radially inwardly along a length of said container to produce a
reduced cylindrical neck at said open end and form a first taper having a
first arcuate segment on the end of said side wall and a second arcuate
segment on the end of said reduced cylindrical neck;

(b) removing said container from said first necking die;

(c) producing relative axial movement between a second necking die and
said container to engage the external surface of the container and form a
second taper; and

(d) forcing said second taper downwardly until it is contiguous with said
first taper and reforms only an upper portion of said first taper while
producing an extension of said first taper to produce an enlarged
smoothly-shaped necked-in profile.

Rexam asserts that the claim terms set forth in claim 1 (and claims 2, 5 and 11 of

the '839) patent mean what they say, and that full effect must be given to the ordinary

and accustomed meaning of each claim limitation (or term). *See, e.g., Johnson
Worldwide Assoc., Inc. v. Zebco Corp.*, 175 F.3d 985, 989 (Fed. Cir. 1999). Rexam is

*Page 4*

also asserting that Crown's cans literally infringe the method claims of claims 1, 2, 5 and 11 of the '839 Patent. Rexam is also asserting that certain of Crown's cans infringe the method claims of claims 1, 2, 5 and 11 of the '839 Patent under the doctrine of equivalence. Rexam is not asserting the apparatus claims of the '839 Patent.

Rexam asserts that its investigation of certain Crown cans shows that Crown is using a smooth die necking method to manufacture its can bodies. Examination of certain of Crown's cans indicate that there are no striations associated with the tapered neck such as those that can be seen when forming a tapered neck using a forming roller. (*See* the figure below.) Rexam has also discussed this matter with its engineers who confirm that the necked-in portion of Crown's can body must have been made using the methods claimed in the '839 Patent.

As Rexam pled in its Answer To Crown's Second Amended Complaint For Patent Infringement And Counterclaims, "[u]pon information and belief, a reasonable opportunity for discovery will produce evidence that certain can bodies that Crown USA has made in the United States are made by a method as claimed by the '839 Patent." (Rexam's Answer and Counterclaims at ¶ 9.) As with many infringement claims involving method claims, a significant amount of information relating to infringement, the accused products and damages is in the possession, custody and/or control of the accused infringer. Rexam is still waiting for the production of documents relating to the tooling used by Crown in its smooth die necking manufacturing process and the documents relating and referring to any changes in the tooling.

*Page 5*

RLF1-3057074-1

Additionally, Crown has also admitted that it has purchased equipment from Belvac Production Machinery, Inc. for the manufacture of can bodies with a smooth necked-in portion and, contrary to Crown's Eleventh Affirmative Defense, there is no implied license for using the methods claimed in the '839 Patent, even assuming Crown did purchase such equipment from Belvac.

Rexam continues to investigate and will continue to take discovery on issues relating to this Interrogatory. If additional non-privileged, non-immune information, documents or things responsive to this Interrogatory become available, Crown will be made aware of or provided with that information or those documents or things.



*Page 6*

## AMENDED INTERROGATORY NO. 8:

Provide a claim chart and detailed description of the factual basis for Rexam's allegation that Crown is infringing claims of the 385 Patent. The detailed description should include, but should not be limited to, an identification of the asserted claims; an identification of the Crown product accused of infringement; an explanation as to which claims are allegedly infringed either literally or under the doctrine of equivalents for each accused product; an explanation of the claim construction of the limitations of each claim alleged to be infringed, and an explanation as to why each such claim limitation is met (either literally and/or under the doctrine of equivalents).

## RESPONSE TO AMENDED INTERROGATORY NO. 8:

Rexam objects to this Interrogatory to the extent that it seeks to place an undue burden on Rexam with respect to contentions that will, due to documents and things that still have not been produced by Crown, and other developments of this action, necessarily change. Rexam also objects to this Interrogatory to the extent that it seeks to discover information that is subject to the attorney/client privilege or work product immunity and to the extent that it requires a "claim chart". Rexam also objects to this Interrogatory to the extent that it is multiple Interrogatories (i.e., has multiple subparts) rather than a single Interrogatory. As such, Interrogatory No. 8 and Amended Interrogatory No. 8 will be treated as two separate sets of interrogatories for the purpose of discovery limits.

Subject to the above stated objections and the General Objections, Rexam responds in part to Interrogatory No. 8 as follows:

Rexam asserts that Crown has infringed claim 17 of the '385 patent. The claim recites:

A method of reforming the bottom of a container, said container having a longitudinal and a radial axis, a generally cylindrical side wall parallel with said longitudinal axis; an outer annular wall; a convex U-shaped portion; a preformed bottom wall including a center domed portion; and

*Page 7*

> an annular, substantially longitudinal wall joining said domed portion and
> said convex U-shaped portion, said method comprising:
>
> (a) providing radially inward support for said container;
>
> (b) providing a reforming roller; and
>
> (c) moving said reforming roller radially into engagement with said
> substantially longitudinal wall, said reforming roller rotating along said
> longitudinal wall and about an arcuate path, in substantial radial alignment
> with said radial inward support;
>
> (d) wherein said reforming roller affects the angle of said substantially
> longitudinal wall.

Rexam asserts that the claim terms set forth in claim 17 of the '385 Patent mean what they say, and that full effect must be given to the ordinary and accustomed meaning of each claim limitation (or term). *See, e.g., Johnson Worldwide Assoc., Inc. v. Zebco Corp.*, 175 F.3d 985, 989 (Fed. Cir. 1999). Rexam is asserting that Crown's method of manufacturing certain cans (in particular those made at Crown's Fort Bend manufacturing facility) literally infringes the method claimed by claim 17 of the '385 Patent. Rexam is also asserting that Crown's method of manufacturing those cans infringes the method claimed by claim 17 of the '385 Patent under the doctrine of equivalents.

Using the ordinary and customary meaning of claim terms such as "radially inward support," "roller," "substantially longitudinal wall," "reforming roller rotating along said longitudinal wall and about an arcuate path," and "reforming roller affects the angle of said substantially longitudinal wall," Rexam's investigation of certain Bud Light Cans manufactured by Crown shows that Crown has in the past and apparently continues to "reform" the bottom of its cans by using "rollers" to "affect the angle" of the

*Page 8*

"substantially longitudinal wall" in such a way that is covered by claim 17 of the 385 patent.



As Rexam pleaded in its Answer To Crown's Second Amended Complaint For Patent Infringement And Counterclaims, "[u]pon information and belief, a reasonable opportunity for discovery will produce evidence that can bodies that Crown USA has made in the United States are made by a method and/or apparatus as claimed by the '385 Patent." (Rexam's Answer and Counterclaims at ¶ 17.) As with many infringement claims involving method claims, a significant amount of information relating to infringement, the accused products and damages is in the possession, custody and/or control of the accused infringer.

*Page 9*

Rexam has obtained testimony and documents that support its allegation of infringement and it continues to investigate and will continue to take discovery on issues relating to this Interrogatory, including an inspection of Crown's Fort Bend manufacturing facility.    If additional non-privileged, non-immune information, documents or things responsive to this Interrogatory become available, Crown will be made aware of or provided with that information or those documents or things.

## AMENDED INTERROGATORY NO. 9:

Provide a claim chart and detailed description of the factual basis for Rexam's allegation that Crown is infringing claims of the 242 Patent. The detailed description should include, but should not be limited to, an identification of the asserted claims; an identification of the Crown product accused of infringement; an explanation as to which claims are allegedly infringed either literally or under the doctrine of equivalents for each accused product; an explanation of the claim construction of the limitations of each claim alleged to be infringed, and an explanation as to why each such claim limitation is met (either literally and/or under the doctrine of equivalents).

## RESPONSE TO AMENDED INTERROGATORY NO. 9:

Rexam objects to this Interrogatory to the extent that it seeks to place an undue burden on Rexam with respect to contentions that will, due to documents and things that still have not been produced by Crown, and other developments of this action, necessarily change. Rexam also objects to this Interrogatory to the extent that it seeks to discover information that is subject to the attorney/client privilege or work product immunity and to the extent that it requires a "claim chart". Rexam also objects to this Interrogatory to the extent that it is multiple Interrogatories (i.e., has multiple subparts) rather than a single Interrogatory. As such, Interrogatory No. 9 and Amended Interrogatory No. 9 will be treated as two separate sets of interrogatories for the purpose of discovery limits.

*Page 10*

Subject to the above stated objections and the General Objections, Rexam

responds in part to Interrogatory No. 9 as follows:

Rexam asserts that Crown has infringed claim 11 of the '242 Patent. The claim

recites:

> A method of reforming a bottom of a drawn and ironed beverage
> container, said container having a longitudinal axis; the bottom having an
> outer annular wall, a convex U-shaped portion, a preformed wall including
> a center domed portion, and an annular, substantially longitudinal wall
> joining said domed portion and said convex U-shaped portion, said
> method comprising:
>
> (a) providing said drawn and ironed beverage container;
>
> (b) providing a reforming roller; and
>
> (c) moving said reforming roller radially into engagement with said
> substantially longitudinal wall of said beverage container, said reforming
> roller rotating along said longitudinal wall and circumferentially about an
> arcuate path, wherein said reforming roller affects the angle of said
> substantially longitudinal wall.

Rexam asserts that the claim terms set forth in claim 11 (and claims 12 and 17) of

the '242 Patent mean what they say, and that full effect must be given to the ordinary and

accustomed meaning of each claim limitation (or term). *See, e.g., Johnson Worldwide*

*Assoc., Inc. v. Zebco Corp.*, 175 F.3d 985, 989 (Fed. Cir. 1999). Rexam is asserting that

certain of Crown's cans are manufactured using a method that literally infringes the

method claimed by claim 11 of the '242 Patent. Rexam is also asserting that certain of

Crown's cans are manufactured using a method that infringes the method claimed by

claim 11 of the '242 Patent under the doctrine of equivalents.

*Page 11*

Rexam is also asserting that Crown has literally infringed claims 12 and 17 of the '242 Patent and/or that Crown has infringed claims 12 and 17 of the '242 Patent under the doctrine of equivalents.

Using the ordinary and customary meaning of claim terms such as "roller," "substantially longitudinal wall," "reforming roller rotating along said longitudinal wall and circumferentially about an arcuate path," and "reforming roller affects the angle of said substantially longitudinal wall," Rexam's investigation of certain Bud Light Cans manufactured by Crown shows that Crown has in the past and apparently continues to "reform" the bottom of its cans by using "rollers" to "affect the angle" of the "substantially longitudinal wall" in such a way that is covered by claims 11, 12 and 17 of the '242 Patent.



*Page 12*

As Rexam pleaded in its Answer To Crown's Second Amended Complaint For Patent Infringement And Counterclaims, "[u]pon information and belief, a reasonable opportunity for discovery will produce evidence that certain can bodies that Crown USA has made in the United States are made by the methods as claimed in the '242 Patent." (Rexam's Answer and Counterclaims at ¶ 26.) As with many infringement claims involving method claims, a significant amount of information relating to infringement, the accused products and damages is in the possession, custody and/or control of the accused infringer.

Rexam has obtained testimony and documents that support its allegation of infringement and it continues to investigate and will continue to take discovery on issues relating to this Interrogatory, including an inspection of Crown's Fort Bend manufacturing facility. Rexam recognizes its obligation to supplement these interrogatories and reserves the right to do so. If additional non-privileged, non-immune information, documents or things responsive to this Interrogatory become available, Crown will be made aware of or provided with that information or those documents or things.

*Page 13*

**FOR THE GENERAL OBJECTIONS AND SPECIFIC OBJECTIONS TO REXAM'S SUPPLEMENTAL ANSWERS TO AMENDED INTERROGATORY NOS. 7-9, THE LEGAL CONTENTIONS SET FORTH HEREIN AND THE LEGAL AUTHORITY SET FORTH IN THE SUPPLEMENTAL ANSWERS TO INTERROGATORY NOS. 7-9:**

Of Counsel:
George P. McAndrews
Steven J. Hampton
Richard T. McCaulley
Gerald C. Willis
Paul W. McAndrews
McAndrews, Held & Malloy, Ltd.
500 W. Madison Street, Suite 3400
Chicago, IL 60601
Tel: 312-775-8000
Fax: 312-775-8100

Frederick L. Cottrell, III (#2555)
cottrell@rlf.com
Anne Shea Gaza (#4093)
gaza@rlf.com
Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
302-651-7700
Attorneys for Defendant Counterclaimant
   Rexam Beverage Can Co.

Dated: September 11, 2006

*Page 14*

# VERIFICATION

I, Timothy Turner, being duly sworn, state that I am the Manager – End Development, for Rexam Beverage Can Company, have read the foregoing Interrogatory responses and, believe that the information contained in the answers is true and correct based on the use of channels of communication which I would normally rely upon in my position with Rexam Beverage Can Company  As presently informed, Rexam Beverage Can Company understands that it is bound by the information set forth in the foregoing Interrogatory responses unless future information received indicates that a correction must be made.

Date: _____

_____
Timothy Turner
Title:          _____

**Sworn to before me this** _____ **day**

**of September** ____**, 2006**

_____
Notary Public
My commission expires on _____ .

*Verification*

RLF1-3057074-1

## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I hereby certify that on September 11, 2006, true and correct copies of the foregoing were

caused to be served on counsel of record by hand delivery at the following address as indicated:

#### VIA HAND DELIVERY
Barry M. Klayman
Wolf, Block, Schorr and Solis-Cohen LLP
Wilmington Trust Center
1100 North Market Street, Suite 1001
Wilmington, DE  19801

#### VIA FACSIMILE
Dale M. Heist
Woodcock Washburn LLP
One Liberty Place, 46th Floor
Philadelphia, PA 19103

#### VIA ELECTRONIC MAIL
Chad E. Ziegler
ziegler@woodcock.com
Woodcock Washburn LLP
One Liberty Place, 46th Floor
Philadelphia, PA 19103

Anne Shea Gaza (#4093)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

CROWN PACKAGING TECHNOLOGY,          )
INC., Plaintiff, and CROWN CORK & SEAL )
USA, INC.,                           )
                                     )
         Plaintiff and Counterclaim Defendant,    )        Civil Action No. 05-608 (KAJ)
                                     )
v.                                   )
                                     )
REXAM BEVERAGE CAN CO.,              )
                                     )
         Defendant Counterclaimant.  )
                                     )
                                     )

### NOTICE OF SERVICE

PLEASE TAKE NOTICE that on September 11, 2006, counsel for defendant counterclaimant served copies of Defendant-Counterclaimant Rexam Beverage Can Company's Second Supplemental Responses to Crown Technology's and Crown USA's Interrogatories No. 10 and 11 in Light of Plaintiffs' December 21, 2005 Letter upon the following counsel of record in the manner indicated below:

**VIA HAND DELIVERY**
Barry M. Klayman
Wolf, Block, Schorr and Solis-Cohen LLP
Wilmington Trust Center
1100 North Market Street
Suite 1001
Wilmington, DE  19801

**VIA ELECTRONIC MAIL**
Chad E. Ziegler
Woodcook Washburn LLP
One Liberty Place, 46th Floor
Philadelphia, PA 19103

**VIA FACSIMILE**
Dale M. Heist
Woodcock Washburn LLP
One Liberty Place, 46th Floor
Philadelphia, PA 19103

Of Counsel:
George P. McAndrews
Steven J. Hampton
Richard T. McCauiley
Gerald C. Willis
Paul W. McAndrews
McAndrews, Held & Malloy, Ltd.
500 W. Madison Street, Suite 3400
Chicago, IL 60601
Tel: 312-775-8000
Fax: 312-775-8100

Frederick L. Cottrell, III (#2555)
cottrell@rlf.com
Anne Shea Gaza (#4093)
gaza@rlf.com
Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
302-651-7700
Attorneys for Defendant Counterclaimant
   Rexam Beverage Can Co.

Dated: September 11, 2006

## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I hereby certify that on September 11, 2006, I caused to be served by hand delivery the

foregoing document and electronically filed the same with the Clerk of Court using CM/ECF

which will send notification of such filing(s) to the following:

> Barry M. Klayman
> Wolf, Block, Schorr
> and Solis-Cohen LLP
> Wilmington Trust Center
> 1100 North Market
> Street, Suite 1001
> Wilmington, DE   19801

I hereby certify that on September 11, 2006  I caused to be sent in the manner indicated

below the foregoing document to the following non-registered participants:

| **VIA FACSIMILE** | **VIA ELECTRONIC MAIL** |
|---|---|
| Dale M. Heist | Chad E. Ziegler |
| Woodcock Washburn LLP | Woodcook Washburn LLP |
| One Liberty Place, 46th Floor | One Liberty Place, 46th Floor |
| Philadelphia, PA 19103 | Philadelphia, PA 19103 |

Anne Shea Gaza (#1093)
Gaza@rlf.com
Richards, Layton & Finger, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
(302) 651-7700

## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CROWN PACKAGING TECHNOLOGY, INC., Plaintiff, and CROWN CORK & SEAL USA, INC., | ) ) ) |
| Plaintiff and Counterclaim Defendant, | ) ) ) |
| v. | ) Civil Action No. 05-608 (KAJ) ) |
| REXAM BEVERAGE CAN COMPANY, | ) ) |
| Defendant and Counterclaimant. | ) ) |

## DEFENDANT-COUNTERCLAIMANT REXAM BEVERAGE CAN COMPANY'S SECOND SUPPLEMENTAL RESPONSES TO CROWN TECHNOLOGY'S AND CROWN USA'S INTERROGATORIES NO. 10 AND 11 IN LIGHT OF PLAINTIFFS' DECEMBER 21, 2005 LETTER

Defendant-Counterclaimant Rexam Beverage Can Company ("Rexam"), through

its counsel, hereby submits its general objections, specific objections and supplemental

responses to Crown Packaging Technology, Inc.'s and Crown Cork & Seal USA, Inc.'s

("Plaintiffs") Interrogatories No. 10 and 11 and December 21, 2005 letter.

### GENERAL OBJECTIONS:

Rexam objects to Plaintiffs' Interrogatories to the extent they seek information,

documents or things protected by the attorney-client privilege, are immune from

discovery pursuant to the work product doctrine, or are protected or immunized by any

other applicable privilege, immunity, doctrine or protection from discovery. All of the

following responses and answers are made subject to this objection and none of the

following responses or answers, none of the information, documents or things identified in

these Interrogatory responses, and none of the responses or answers to any other discovery attempts by Plaintiffs (including, but not limited to, questions posed at any oral deposition) will include any such privileged, protected or immune information, documents or things.

Rexam objects to each Interrogatory, including all accompanying Definitions and Instructions, to the extent that they attempt to impose upon Rexam discovery obligations beyond those required by the Federal Rules of Civil Procedure, the Local Rules of the U.S. District Court for the District of Delaware and/or judge specific rules and/or the Court's scheduling order establishing a discovery schedule and pretrial requirements.

Rexam objects to Plaintiffs' definition of the phrase "provide a detailed description of the factual basis" to the extent it renders the scope of any Interrogatory overly broad and/or unduly burdensome. Rexam objects to Plaintiffs' Interrogatories to the extent they pertain to former counsel, agents, employers or employees or other persons who formerly acted on behalf of Rexam. Rexam cannot reasonably be expected in all instances to speak now for former counsel, agents or employees or other persons who formerly acted on behalf of Rexam.

Rexam objects to each Interrogatory and each Definition and/or Instruction to the extent it is overly broad, unduly burdensome, vague, ambiguous, indefinite, lacking in reasonable particularity, untimely, premature or seeks information, documents or things uniquely in the possession, custody or control of Plaintiffs, its divisions, affiliates, officers, directors, employees, agents, representatives, distributors and/or customers.

*Page 2*

To the extent that Rexam provides a response arguably within the scope of any definition set forth by Plaintiffs, such response by Rexam shall not be construed to be an admission by Rexam as to the validity or scope of any such definition.

Rexam objects to each Interrogatory to the extent that it seeks confidential, proprietary, and/or sensitive business information. Any answers, responses, documents, things or information provided by Rexam are subject to the provisions of the Protective Order entered in this case.

Discovery is ongoing, and Rexam is continuing its preparation for trial. All responses to the following Interrogatories are based on information presently known to Rexam after a reasonable effort to compile information called for by these Interrogatories. All answers are given without prejudice to Rexam's right to supplement and/or modify its responses at a later time. In addition, Rexam's objections as set forth herein are made without prejudice to Rexam's right to assert any additional or supplemental objections.

## SUPPLEMENTAL RESPONSES

### INTERROGATORY NO. 10:

Provide a claim chart and detailed description of the factual basis for Rexam's allegation that Crown is infringing claims of the 230 Patent by its making, using, and selling of the three can ends attached hereto as Exhibits 1-3. The detailed description should include, but should not be limited to, an identification of the asserted claims; an identification of the Crown product accused of infringement; an explanation as to which claims are allegedly infringed either literally or under the doctrine of equivalents; an explanation of the claim construction of the limitations of each claim alleged to be infringed, and an explanation as to why each such claim limitation is met (either literally and/or under the doctrine of equivalents).

*Page 3*

## RESPONSE TO INTERROGATORY NO. 10:

Rexam objects to this Interrogatory to the extent that it seeks to place an undue

burden on Rexam with respect to contentions that may, due to discovery documents and

things that have not been produced to date, in particular design changes to the score

profiles of Crown's can ends, and other developments of this action, change. However,

pursuant to opposing counsel's December 21, 2005 letter and Rexam's Supplemental

Responses to Interrogatory No. 10 the following supplemental response includes

Rexam's basis for asserting the '230 Patent.

Subject to the above stated objections and the General Objections, Rexam

responds in part to Interrogatory No. 10 as follows.

Rexam asserts that Crown has infringed claim 2 of the '230 patent. Claim 2

depends from claim 1, the preamble of which recites:

> An end member for a container having a circumferential sidewall, the end
> member having a peripheral seaming edge adapted to be integrally
> connected to the sidewall, and having a central panel wall with a means
> for opening a frangible panel segment of the panel wall, the end member
> comprising;

Rexam construes this preamble to require a can end that includes a peripheral

edge that is formed to be seamed to a can body and also has a central panel, a frangible

panel, and a means for opening the frangible panel as further described by the claim.

> a rivet formed in the central panel and adapted to integrally attach a tab
> lever to the panel, the tab having a nose portion overlying at least a vent
> region of the frangible panel segment and having a lift end opposite said
> nose;

Rexam construes this limitation to require that the central panel of the claimed

end member forms a rivet that can be deformed to retain a tab to the central panel, as

*Page 4*

does rivet 44 as depicted by Fig. 3 of the '230 Patent and as described at col. 5 lines 54 –
55. Rexam further construes this limitation to require a tab, as tab 42 shown by Figs. 1
and 3 of the '230 patent that has a "nose portion," portion 50 of tab 42, that is adjacent to
a frangible panel, and a lift end, such as lift end 46 of the tab 42.

> a primary score groove in the central panel wall defining an outer
> perimeter of the frangible panel segment, the score groove having a first
> end adjacent the vent region, and a second end joined to the first end by a
> curvilinear segment of the score groove,

Rexam construes this limitation to require that the central panel of the claimed

end member have a groove formed in the central member that extends from an end, first

end, that is near to the region of the central panel that is adjacent to the nose of the tab, to

another end, second end, and the groove is not a straight line from the first end to the

second end. The groove defines the boundary of a frangible panel.

> the first end and the second end being separated by a generally linear
> hinge segment of the central panel wall, said hinge segment being non-
> frangible to integrally connect the frangible panel segment to an adjacent
> area of the panel; and,

Rexam construes this limitation to require that a generally linear segment be

between the first and second ends of the groove and that the generally linear segment join

the frangible panel that is bounded by the groove to the central panel (during normal

operation).

> a second score groove having a tail portion passing from the frangible
> panel into said adjacent area of the central panel and transecting said hinge
> segment.

Rexam construes this limitation to require a score that lies at least in part in the

frangible panel and that extends into the generally linear segment between the first and

second ends of the primary score groove.

*Page 5*

Dependent claim 2 adds the following limitation:

The end member of claim 1, wherein, the second score groove has a curvilinear segment generally parallel an extent of the primary score groove, said curvilinear segment being positioned on the frangible panel radially inward of the outer perimeter.

Rexam construes this limitation to require a non-straight second score that generally parallels the primary score and is located inside of the primary score.

Rexam in good faith believes the photograph depicted below to be a portion of a Crown can end (B64 LOE) that literally infringes claim 2 of the '230 patent. The can end meets each of claim 2's limitations. In particular, the can end includes a rivet positioned such that an attached tab would have a nose portion overlying the frangible panel. The can end includes a frangible panel defined by a primary score groove, having a first end (at or near "A") and a second end (at or near "B"). The can end includes a generally linear hinge segment that begins at or near the second end of the primary score and extends in the direction of the first end of the primary score. As shown in the photograph, the frangible panel includes a second score groove that lies at least in part in the frangible panel and transects said generally linear hinge segment. Finally, the second score groove is curvilinear, generally parallels the primary score, and is located radially inward of the primary score.

Rexam further asserts that Crown is, or has, infringed claims 5, 13 and 15 of the '230 Patent.

Rexam further states that the current score configurations of the Super End products that were produced by Crown are not accused of infringing the '230 Patent, but Rexam is waiting for the production of design changes and documents relating to design

*Page 6*

changes in order to determine whether previous designs of the score configuration of the Super End products infringed the '728 Patent. (REX012219-12228.) Rexam reserves the right to add previous Super End products to the accused products should production or testimony demonstrate that Crown's Super Ends had score configurations that infringe the '728 Patent, and seek past damages for any such infringement. Rexam also reserves the right to add any new SuperEnd or other end products that are subsequently discovered and determined to infringe.

*Page 7*





*Page 8*

## INTERROGATORY NO. 11:

Provide a claim chart and detailed description of the factual basis for Rexam's allegation that Crown is infringing claims of the 728 Patent by its making, using, and selling of the three can ends attached hereto as Exhibits 1-3. The detailed description should include, but should not be limited to, an identification of the asserted claims; an explanation as to which claims are allegedly infringed either literally or under the doctrine of equivalents; an explanation of the claim construction of the limitations of each claim alleged to be infringed, and an explanation as to why each such claim limitation is met (either literally and/or under the doctrine of equivalents).

## RESPONSE TO INTERROGATORY NO. 11:

Rexam objects to this Interrogatory to the extent that it seeks to place an undue burden on Rexam with respect to contentions that may, due to discovery documents and things that have not been produced, in particular design changes to the score profiles of Crown's can ends, and other developments of this action, change. However, pursuant to opposing counsel's December 21, 2005 letter and Rexam's Supplemental Response to Crown's Interrogatory No. 11, the following supplemental response includes Rexam's basis for asserting the '728 Patent.

Subject to the above stated objections and the General Objections, Rexam responds in part to Interrogatory No. 11 as follows.

Rexam presently asserts that Crown has infringed claim 1 of the '728 patent. The preamble of claim 1 recites:

An end member for a container having a circumferential sidewall, the end member having a peripheral seaming edge adapted to be integrally connected to the sidewall, and having a central panel wall with a vent region and a means for opening a frangible panel segment of the panel wall, the end member comprising;

*Page 9*

Rexam construes this preamble to require a can end that includes a peripheral edge that is formed to be seamed to a can body and also has a central panel, a frangible panel, and a means for opening the frangible panel.

> a primary score groove in the central panel wall defining an outer perimeter of the frangible panel segment, the score groove having a first end adjacent the vent region and a second end,

Rexam construes this limitation to require that the central panel of the claimed end member have a groove formed in the central member that extends from an end, first end, that is near to the region of the central panel that is adjacent to the nose of the tab, vent region, to another end, second end. The groove defines the boundary of a frangible panel.

> the first end and the second end being separated by a generally linear hinge segment of the central panel wall, said hinge segment integrally connecting the frangible panel segment to an adjacent area of the panel;

Rexam construes this limitation to require that a generally linear segment, the hinge segment, be between the first and second ends of the groove and that the generally linear segment join the frangible panel that is bounded by the groove to the central panel.

> a second score groove adjacent the second end of said primary score and adjacent said hinge segment to direct fracture of metal of said hinge segment in a direction away from said second end of the score.

Rexam construes this limitation to require a score, the second score, that lies in a location that is adjacent the second end of the primary score and adjacent said hinge segment, said second score serving the purpose of directing a tear in the hinge segment away from the second end of the primary score.

Rexam further asserts that Crown is, or has, infringed claims 10 and 11 of the '728 Patent.

*Page 10*

Rexam further states that the current score configurations of the Super End products that were produced by Crown are not accused of infringing the '728 Patent, but Rexam is waiting for the production of design changes and documents relating to design changes in order to determine whether previous designs of the score configuration of the Super End products infringed the '728 Patent. (REX012219-12228.) Rexam reserves the right to add previous Super End products to the accused products should production or testimony demonstrate that Crown's Super Ends had score configurations that infringe the '728 Patent, and seek past damages for any such infringement. Rexam also reserves the right to add any new SuperEnd or other end products that are subsequently discovered and determined to infringe.



*Page 12*

**FOR THE GENERAL OBJECTIONS AND SPECIFIC OBJECTIONS TO INTERROGATORY NOS. 10 & 11, THE LEGAL CONTENTIONS SET FORTH HEREIN AND THE LEGAL AUTHORITY SET FORTH IN THE ANSWERS TO INTERROGATORY NOS. 10 & 11:**

Of Counsel:
George P. McAndrews
Steven J. Hampton
Richard T. McCaulley
Gerald C. Willis
Paul W. McAndrews
McAndrews, Held & Malloy, Ltd.
500 W. Madison Street, Suite 3400
Chicago, IL 60601
Tel: 312-775-8000
Fax: 312-775-8100

Frederick L. Cottrell, III (#2555)
cottrell@rlf.com
Anne Shea Gaza (#4093)
gaza@rlf.com
Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
302-651-7700
Attorneys for Defendant Counterclaimant
  Rexam Beverage Can Co.

Dated: September 11, 2006

*Page 13*

## VERIFICATION

I, Timothy Turner, being duly sworn, state that I am the of Rexam Beverage Can

Company, have read the foregoing Interrogatory responses and, believe that the

information contained in the answers is true and correct based on the use of channels of

communication which I would normally rely upon in my position with Rexam Beverage

Can Company. As presently informed, Rexam Beverage Can Company understands that

it is bound by the information set forth in the foregoing Interrogatory responses unless

future information received indicates that a correction must be made.

Date: _____

Timothy Turner
Title: _____

**Sworn to before me this _____ day**

**of January, 2006**

_____
Notary Public
My commission expires on _____ .

*Verification*

# UNITED STATES DISTRICT COURT
# DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I hereby certify that on September 11, 2006, true and correct copies of the foregoing were

caused to be served on counsel of record by hand delivery at the following address as indicated:

### VIA HAND DELIVERY
Barry M. Klayman
Wolf, Block, Schorr and Solis-Cohen LLP
Wilmington Trust Center
1100 North Market Street, Suite 1001
Wilmington, DE   19801

### VIA FACSIMILE
Dale M. Heist
Woodcock Washburn LLP
One Liberty Place, 46th Floor
Philadelphia, PA 19103

### VIA ELECTRONIC MAIL
Chad E. Ziegler
ziegler@woodcock.com
Woodcock Washburn LLP
One Liberty Place, 46th Floor
Philadelphia, PA 19103

Anne Shea Gaza (#4093)

# FAX TRANSMITTAL SHEET

## RICHARDS, LAYTON & FINGER

One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
(302) 651-7700
Fax (302) 651-7701
Fax Confirmation (302) 651-7796

**RECEIVED**

SEP 1 2 2006

Woodcock Washburn

**CONFIDENTIALITY NOTE:** Richards, Layton and Finger, P.A. is not providing any advice with respect to any federal tax issue in connection with this matter.

The information contained in this fax transmission is intended only for the use of the individual or entity named below and may be privileged and/or confidential. If the reader of this message is not the intended recipient, you are hereby notified that any unauthorized dissemination, distribution or copying of this communication is strictly prohibited by law. If you have received this communication in error, please immediately notify us by return fax, e-mail or telephone (302-651-7700) and destroy the original message. Thank you.

Date:      September 11, 2006
From:      Anne Shea Gaza
Number of Pages (including cover): 3 8

| | TO | COMPANY | PHONE # | FAX # |
|---|---|---|---|---|
| 1. | Dale M. Heist | Woodcock Washburn | 215-568-3100 | 215-568-3439 |

CLIENT/MATTER NAME:

RL&F MATTER NUMBER:    149373

TELECOMMUNICATOR:

MESSAGE/REMARKS:
Please deliver immediately to the person(s) listed above who is/are in your office. Thank you.

IF YOU DO NOT RECEIVE ALL THE PAGES OR FIND THEM TO BE ILLEGIBLE,
PLEASE CALL (302) 651-7796 AS SOON AS POSSIBLE.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

CROWN PACKAGING TECHNOLOGY, )
INC., Plaintiff, and CROWN CORK & SEAL )
USA, INC., )
    )
    Plaintiff and Counterclaim Defendant, )    Civil Action No. 05-608 (KAJ)
    )
v. )
    )
REXAM BEVERAGE CAN CO., )
    )
    Defendant Counterclaimant. )
    )
    )

## NOTICE OF SERVICE

PLEASE TAKE NOTICE that on September 11, 2006, counsel for defendant

counterclaimant served copies of Defendant-Counterclaimant Rexam Beverage Can Company's

Supplemental Responses to Crown Technology's and Crown USA's Amended Interrogatories

Nos. 7 Through 9 upon the following counsel of record in the manner indicated below:

**VIA HAND DELIVERY**
Barry M. Klayman
Wolf, Block, Schorr and Solis-Cohen LLP
Wilmington Trust Center
1100 North Market Street
Suite 1001
Wilmington, DE 19801

**VIA ELECTRONIC MAIL**
Chad E. Ziegler
Woodcook Washburn LLP
One Liberty Place, 46th Floor
Philadelphia, PA 19103

**VIA FACSIMILE**
Dale M. Heist
Woodcock Washburn LLP
One Liberty Place, 46th Floor
Philadelphia, PA 19103

_Anne Shea Gaza_

Of Counsel:                                      Frederick L. Cottrell, III (#2555)
George P. McAndrews                              cottrell@rlf.com
Steven J. Hampton                                Anne Shea Gaza (#4093)
Richard T. McCaulley                             gaza@rlf.com
Gerald C. Willis                                 Richards, Layton & Finger, P.A.
Paul W. McAndrews                                One Rodney Square
McAndrews, Held & Malloy, Ltd.                   920 North King Street
500 W. Madison Street, Suite 3400                Wilmington, DE 19801
Chicago, IL 60601                                302-651-7700
Tel: 312-775-8000                                Attorneys for Defendant Counterclaimant
Fax: 312-775-8100                                    Rexam Beverage Can Co.

Dated: September 11, 2006

# UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I hereby certify that on September 11, 2006, I caused to be served by hand delivery the foregoing document and electronically filed the same with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following:

> Barry M. Klayman
> Wolf, Block, Schorr
> and Solis-Cohen LLP
> Wilmington Trust Center
> 1100 North Market
> Street, Suite 1001
> Wilmington, DE  19801

I hereby certify that on September 11, 2006  I caused to be sent in the manner indicated below the foregoing document to the following non-registered participants:

**VIA FACSIMILE**
Dale M. Heist
Woodcock Washburn LLP
One Liberty Place, 46th Floor
Philadelphia, PA 19103

**VIA ELECTRONIC MAIL**
Chad E. Ziegler
Woodcock Washburn LLP
One Liberty Place, 46th Floor
Philadelphia, PA 19103

Anne Shea Gaza (#4093)
Gaza@rlf.com
Richards, Layton & Finger, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
(302) 651-7700

Exhibit 29



Crown v. Rexam
USDC-DEL 05-608
P-88

Exhibit 88