## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| **CROWN PACKAGING TECHNOLOGY, INC. AND CROWN CORK & SEAL USA, INC.,** | ) ) ) ) ) |  |
| **PLAINTIFFS,** | ) ) |  |
| **V.** | ) ) | **CIVIL ACTION NO. 05-608 (MPT)** |
| **REXAM BEVERAGE CAN CO.,** | ) ) |  |
| **DEFENDANT.** | ) ) |  |

### CROWN'S MEMORANDUM IN OPPOSITION
### TO REXAM'S MOTION FOR SUMMARY JUDGMENT THAT CROWN INFRINGES
### REXAM'S 839 NECKING PATENT AND 242 BOTTOM REFORMING PATENT

Barry Klayman (ID # 3676)
WOLF, BLOCK, SCHORR and
SOLIS-COHEN LLP
Wilmington Trust Center
1100 N. Market Street
Wilmington, DE 19801
(302) 777-0313

Dale M. Heist
Lynn Malinoski
Chad E. Ziegler
WOODCOCK WASHBURN, LLP
Cira Centre, 12th Floor
2929 Arch Street
Philadelphia, PA 19104
(215) 568-3100

*Attorneys for Plaintiffs*
*Crown Packaging Technology, Inc. and*
*Crown Cork & Seal USA, Inc.*

Dated: February 20, 2007

# TABLE OF CONTENTS

I.  INTRODUCTION ................................................................................................. 1

II.  NATURE AND STAGE OF THE PROCEEDINGS ....................................... 1

III.  SUMMARY OF ARGUMENT ....................................................................... 1

IV.  COUNTER-STATEMENT OF FACTS ........................................................ 2

V.  CONTROLLING LAW ON PATENT INFRINGEMENT AND SUMMARY
JUDGMENT ...................................................................................................... 3

VI.  REXAM IS NOT ENTITLED TO JUDGMENT OF INFRINGEMNT OF THE
839 NECKING PATENT ................................................................................. 5

    A.  Rexam Has Failed To Make A *Prima Facie* Case Of Infringement Of
Claim 1 ..................................................................................................... 7

        1.  Rexam has failed to show that element (a) is satisfied ............... 7

        2.  Rexam has failed to show that element (b) is satisfied ........... 10

        3.  Rexam has failed to show that element (c) is satisfied ........... 10

        4.  Rexam has failed to show that element (d) is satisfied ........... 11

    B.  Rexam Has Not Shown Infringement Of Dependent Claims 2 and 5 ................. 12

VII.  REXAM IS NOT ENTITLED TO JUDGMENT OF INFRINGEMENT OF THE
242 BOTTOM REFORMING PATENT .......................................................... 12

    A.  Rexam Has Failed To Make A *Prima Facie* Case Of Infringement Of
Claim 11 ..................................................................................................... 13

        1.  Rexam has failed to show that element (a) is satisfied ............... 14

        2.  Rexam has failed to show that element (b) is satisfied ........... 14

        3.  Rexam has failed to show that element (c) is satisfied ........... 15

        4.  Rexam has failed to show that element (d) is satisfied ........... 15

    B.  Rexam Has Failed To Show Infringement Of Dependent Claims 11 And
17..................................................................................................................... 16

VIII.  CONCLUSION.................................................................................................. 17

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Anderson v. Liberty Lobby, Inc.*,
477 U.S. 242 (1986)..................................................................3, 4, 5

*Bai v. L & L Wings, Inc.*,
160 F.3d 1350 (Fed. Cir. 1998)...........................................................3

*Becton Dickinson and Co. v. C.R. Bard, Inc.*,
922 F.2d 792 (Fed. Cir. 1990)......................................................12, 16

*Celotex Corp. v. Catrett*,
477 U.S. 317 (1986).................................................2, 3, 4, 5, 7, 12, 13

*Chimie v. PPG Indus.*,
303 F. Supp. 2d 502 (D. Del. 2004)........................................5, 6, 12, 13

*Hilgraeve Corp. v. McAfee Assocs., Inc.*,
224 F.3d 1349 (Fed. Cir. 2000)............................................................5

*Johnston v. IVAC Corp.*,
885 F.2d 1574 (Fed. Cir. 1989).........................................6, 8, 13, 15, 16

*L & W, Inc. v. Shertech, Inc.*,
471 F.3d 1311 (Fed. Cir. 2006)....................................................4, 5, 9

*Laitram Corp. v. Cambridge Wire Cloth Co.*,
919 F.2d 1579 (Fed. Cir. 1990).....................................................6, 8, 13

*Leggett & Platt, Inc. v. Hickory Springs Mfg. Co.*,
285 F.3d 1353 (Fed. Cir. 2002).............................................................3

*London v. Carson Pirie Scott & Co.*,
946 F.2d 1534 (Fed. Cir. 1991).......................................................6, 13

*Markman v. Westview Instruments, Inc.*,
52 F.3d 967 (Fed. Cir. 1995), *aff'd* 517 U.S. 370 (1996)........................3

*Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*,
475 U.S. 574 (1986)...........................................................................5

*SRI Int'l v. Matsushita Elec. Corp.*,
775 F.2d 1107 (Fed. Cir. 1985)............................................................5

*Telemac Cellular Corp. v. Topp Telecom, Inc.*,
    247 F.3d 1316 (Fed. Cir. 2001)..............................................................5, 6, 12, 13

*Warner-Jenkinson Co. v. Hilton Davis Chem. Co.*,
    520 U.S. 17 (1997).......................................................................................3

*Wahpeton Canvas Co. v. Frontier, Inc.*,
    870 F.2d 1546 (Fed. Cir. 1989)...........................................................12

*Wilson Sporting Goods Co. v. Hillerich & Bradsby Co.*,
    442 F.3d 1322 (Fed. Cir. 2006)..............................................................3

## FEDERAL STATUTES

Fed. R. Civ. P. 56(c) ........................................................................................4

## OTHER AUTHORITIES

11 James Wm. Moore, Moore's Federal Practice § 56.13(1) (2006) ..................................4

## I.    INTRODUCTION

Rexam's motion for summary judgment that Crown infringes the asserted claims of its 839 necking patent and the 242 bottom reforming patent is without merit and should be denied.    Rexam lacks evidence establishing essential elements of its infringement claims and has failed to meet its procedural burden on summary judgment.

## II.    NATURE AND STAGE OF THE PROCEEDINGS

This is a patent infringement case.  Crown filed this action alleging that Rexam is infringing Crown's 826 and 875 patents by making, using, and selling Rexam can ends in the United States.  The 826 patent, issued August 30, 2005, is directed to a can end having a specific geometric profile.  The 875 patent, issued February 1, 2005, is directed to methods of seaming can ends onto a can after the can is filled.

After Crown filed suit against Rexam, Rexam answered and asserted counterclaims alleging that Crown infringed five of Rexam's patents directed to aspects of can body manufacturing and can end design (D.I. 17, counterclaims I-V).  Crown has moved for summary judgment dismissing all of these counterclaims.  Rexam's present motion seeks summary judgment on its infringement counterclaims of the 839 and 242 patents.

## III.    SUMMARY OF ARGUMENT

Rexam's motion for summary judgment of infringement of claims 1, 2, and 5 of the 839 necking patent and claims 11 and 12 of the 242 bottom reforming patent should be denied because Rexam has not made a prima facie case showing that it is entitled to judgment as a matter of law.[1]

---

[1]    Rexam has not sought summary judgment with respect to claim 11 of the 839 patent, or claim 17 of the 242 patent, thus Crown has not responded to these issues.

Rexam's motion is deficient because it is not properly supported as required by Rule 56, which requires an identification of record evidence demonstrating that Rexam is entitled to judgment as a matter of law on all of the elements of its infringement claim. Because Rexam failed to meet its initial summary judgment burden, there is no requirement for Crown to come forward with evidence showing that there are genuine issues of material fact.

In particular, Rexam's has failed to show that each and every element of its asserted claims is found in Crown's necking or bottom reforming processes. Rexam did nothing more than to generally cite to Crown documents, off-point deposition testimony, and physical can samples with no specific correlation between that "evidence" and the claim elements. Rexam has not a shred of technical testimony to explain what these document mean or how they show infringement. Rexam expects the Court to accept its attorney's conclusory characterizations about its "evidence" as "fact." But Rexam's attorney's truth-by-assertion statements are no substitute for evidence.

Because Rexam failed to properly support its motion and lacks proof of essential elements of its infringement claim, its summary judgment motion, which seeks to establish that Crown infringes claims 1, 2, and 5 of the 839 necking patent and claims 11 and 12 of the 242 bottom reforming patent, must be denied.

## IV.    COUNTER-STATEMENT OF FACTS

As explained below, Rexam has failed to meet its initial burden on summary judgment because it failed to "inform[] the district court of the basis for its motion, and identify[] those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323

(1986). Accordingly, the burden has yet to shift to Crown to show that there is a genuine dispute as to a material fact. *See Celotex*, 477 U.S. at 322-23; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50, n.4 (1986) (noting "the initial burden of production of evidence placed by Rule 56 on the party moving for summary judgment" as required by a properly supported motion).

## V.    CONTROLLING LAW ON PATENT INFRINGEMENT AND SUMMARY JUDGMENT

The infringement analysis requires two steps. *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 976 (Fed. Cir. 1995) (*en banc*), *aff'd* 517 U.S. 370 (1996). First, the claims must be construed to determine their scope as a matter of law. *Id.* The claim construction issues are discussed in the parties' briefs on claim construction. After construction, the properly construed claims must then be compared to Crown's accused processes to determine whether they literally contain each and every claim limitation.[2] *Id.*; *Leggett & Platt, Inc. v. Hickory Springs Mfg. Co.*, 285 F.3d 1353, 1358 (Fed. Cir. 2002); *see also Warner-Jenkinson Co. v. Hilton Davis Chem. Co.*, 520 U.S. 17, 29 (1997). Application of the claims to the accused process to determine infringement is a question of fact reserved for the jury. *Bai v. L & L Wings, Inc.*, 160 F.3d 1350, 1353 (Fed. Cir. 1998); *Wilson Sporting Goods Co. v. Hillerich & Bradsby Co.*, 442 F.3d 1322, 1326 (Fed. Cir. 2006).

To prove infringement, Rexam must prove that Crown's accused necking and bottom reforming processes satisfy each and every limitation of the asserted claims. Rexam's evidentiary burden on infringement at the summary judgment stage is viewed through the prism of its burden of proof at trial. *See Celotex,* 477 U.S. at 322. And if

---

[2] Rexam is not seeking summary judgment on the doctrine of equivalents. The only infringement issue, therefore, is literal infringement.

Rexam does not meet its burden of showing an essential element of its infringement case—a showing that each and every element of the asserted claims is satisfied— summary judgment must be denied. *See id.* Under Federal Rule of Civil Procedure 56, summary judgment is only proper where the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

In the context of a patent case, "[w]hen a patentee with the burden of proof seeks summary judgment of infringement, it must make a prima facie showing of infringement as to each accused device before the burden shifts to the accused infringer to offer contrary evidence." *L&W, Inc. v. Shertech, Inc.*, 471 F.3d 1311, 1318 (Fed. Cir. 2006) (finding the patentee failed to establish a prima facie case of infringement because it did not present sufficient evidence as to each accused product). It is only *after* the prima facie case is made that the burden shifts to the nonmovant to show that there is a genuine dispute as to a material fact. *Anderson*, 477 U.S. at 249-50, n.4; *see also Celotex*, 477 U.S. at 322-23.

It is also established law that "if the movant has the burden of persuasion on an issue, the movant must make a stronger claim to summary judgment by introducing supporting evidence that would conclusively establish [the] movant's right to a judgment after trial should [the] nonmovant fail to rebut the evidence." 11 James Wm. Moore, Moore's Federal Practice § 56.13(1), at 56-135 (2006). To prevail on summary judgment, the party with the burden of proof on an issue for which it seeks summary judgment must provide evidence that would be sufficient to prevail as a matter of law.

*L&W*, 471 F.3d at 1318 (citations omitted).  Summary judgment may only be granted "where the evidence is such that it 'would require a directed verdict for the moving party." *Anderson*, 477 U.S. at 251.

And in deciding whether summary judgment is proper, all reasonable factual inferences must be drawn in favor of the nonmovant.  *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986); *Hilgraeve Corp. v. McAfee Assocs., Inc.*, 224 F.3d 1349, 1352 (Fed. Cir. 2000); *see also SRI Int'l v. Matsushita Elec. Corp.*, 775 F.2d 1107, 1116 (Fed. Cir. 1985) (en banc).

## VI.  REXAM IS NOT ENTITLED TO JUDGMENT OF INFRINGEMNT OF THE 839 NECKING PATENT

Rexam failed to satisfy both its procedural or evidentiary burden on summary judgment and its motion should be denied.

Rexam claims that it is entitled to judgment that claims 1, 2, and 5 of its 839 necking patent are infringed (Br. at 1).  But to prevail Rexam must come forward with evidence showing that each and every claim limitation is found in Crown's necking processes.  *See, e.g., Chimie v. PPG Indus.*, 303 F. Supp. 2d 502, 507 (D. Del. 2004) (citing *Telemac Cellular Corp. v. Topp Telecom, Inc*., 247 F.3d 1316, 1323 (Fed. Cir. 2001)).  Summary judgment is only "appropriate when it is apparent that only one conclusion as to infringement could be reached by a reasonable jury." *Telemac Cellular Corp.*, 247 F.3d at 1323.  Rexam has the "responsibility [to] inform[] the district court of the basis for its motion, and [to] identify[] those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323. Rexam has failed to do that.

Rexam has done nothing more than generally cite to Crown documents, off-point deposition testimony, and physical can samples and has provided no specific correlation between this "evidence" and claim elements.  Rexam apparently expects the Court and Crown to sift through this information to find where each and every element of Rexam's patent claims may be found.  But that is *Rexam's* burden.

Further, Rexam has offered no technical evidence to support its infringement position.  Instead, Rexam relies upon its attorney's conclusory characterizations about the Crown documents, deposition testimony, and physical samples as "fact."  But Rexam's attorney's characterization of technical documents, testimony, and can samples is no substitute for evidence.  *See Johnston v. IVAC Corp.*, 885 F.2d 1574, 1581 (Fed. Cir. 1989) ("Attorneys' argument is no substitute for evidence."); s*ee also Laitram Corp. v. Cambridge Wire Cloth Co.*, 919 F.2d 1579, 1583 (Fed. Cir. 1990) ("[S]tatements of fact with no record reference; statements of fact for which there is no record; [and] reliance on attorney argument and counsel's unsworn fact statements as 'evidence'" are not facts to be relied upon by the court).  Because Rexam's proof is "deficient in meeting an essential part of the legal standard [for infringement]," its "failure renders all other facts immaterial."  *London v. Carson Pirie Scott & Co.*, 946 F.2d 1534, 1537 (Fed. Cir. 1991); *see also Telemac Cellular Corp.*, 247 F.3d at 1323.  Accordingly, Rexam's summary judgment motion with respect to the infringement of the claims of the 839 patent must be denied. *See, e.g., Chimie v. PPG Indus.,* 303 F. Supp. 2d 502, 505 (D. Del. 2004) (Federal Rules of Civil Procedure mandate entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential

to that party's case, and on which that party will bear the burden of proof at trial") (citing *Celotex*, 477 U.S. at 322 (1986)).

### A.     Rexam Has Failed To Make A *Prima Facie* Case Of Infringement Of Claim 1

Rexam was required to come forward with evidence showing that each and every element of claim 1 was satisfied by Crown's necking process.  Rexam failed to meet that burden.

### 1.     Rexam has failed to show that element (a) is satisfied

| Claim element (a) | Rexam's "evidence" |
|---|---|
| (a) producing relative axial movement between a container and a first necking die to engage the external surface of a portion of the open end of the container with said first die at a small acute angle to compress said side wall radially inwardly along a length of said container to produce a reduced cylindrical neck at said open end and form a first taper having a first arcuate segment on the end of said side wall and a second arcuate segment on the end of said reduced cylindrical neck; | "The tooling drawings, specifications, testimony of Crown's witnesses and the physical samples produced by Crown, which show the cans during each stage of smooth die necking, establish that Crown's process of forming smooth die necked cans incorporates all of the elements of this limitation. (Attachment 1 at A60-A93; A42; A139-A139-153)." |

The construction of element (a) is not in dispute.  But there is a serious dispute regarding claim application.  The right column of the table above is the extent of Rexam's infringement "evidence."  Instead of pointing to evidence demonstrating that it is entitled to judgment, Rexam leaves one guessing where the evidence is and how, if at all, it may show that element (a) is found in Crown's process.

In particular, Rexam's first item of "evidence" (Attachment 1 at A60-A93) is a collection of Crown documents.  Although certain documents are drawings or specifications for Crown cans or ends (Attachment 1 at A60-A65), Rexam has failed to show what they are, how they relate to Crown's business, or how they relate to Rexam's

claim. Certain other documents are a random collection of papers with various numbers, and in some instances schematics, with no explanation as to what the numbers or schematics mean (Attachment 1 at A66-A93). Rexam has offered no testimony explaining what any of the documents are, what they mean or how they correlate to the claim limitation. At most, Rexam has offered conclusory attorney argument about what the documents purportedly show. But Rexam's truth-by-assertion argument that the documents somehow establish that Crown's process satisfies the claim element (a) is not evidence upon which it can shoulder its heavy summary judgment burden. *See Johnston*, 885 F.2d at 1581 ("Attorneys' argument is no substitute for evidence."); *Laitram Corp.*, 919 F.2d at 1583 (disapproving of reliance on attorney argument and unsupported fact statements because they are not evidence).

Rexam next points to testimony from a Crown witness, Richard Golding (Attachment 1 at A42), as purportedly showing that Crown's process satisfies element (a). But again, one is left searching in vain for where the testimony supposedly shows that element (a) is satisfied. Golding's testimony is nothing more than a general description of a necking process:

> Q:  Of the necking equipment that you've purchased from Belvac with the smooth die necking tooling that was purchased from Belvac, can you explain to me how that necking process would work?
>
> A:  The -- well, there is two aspects of it.  There is the straightforward die necking process that's achieved by very simply pressing a can, the top edge of a can into a die that has a profile in it and that profile is imparted onto the can producing the neck diameter. So that's the sort of simple basis for all of the die making processes.  With the smooth die necking system the first up is a standard die neck that has a profile with -- I'm trying to verbalize this. It is hard to do with hands.

- 8 -

Q:  I appreciate with hands.

A:  If you come up the sidewall, then it has an arc bending inwards and then it has another arc bending back the other way to a straight portion or chimney on the neck.

The subsequent operations reduce the diameter of that chimney further in smaller stages than achieved in the first stage, and that profile is moved down the can to create a smooth geometry when it's finished. So the tooling is positioned in the machine to leave a smooth profile on the can.

(Attachment 1 at A42, 19:9-20:11).   This testimony provides no detail about the "operations" of the process, much less whether they are performed as required by the claim element.  Again, Rexam's proof falls short.  Strike two.

Finally, Rexam points to photographs of Crown cans at various stages of manufacture (Attachment 1 at A139-A153) and expects them to speak for themselves. According to Rexam's admissions, however, they cannot.  Rexam has contended that the physical appearance of cans is insufficient to prove what method was used to neck them (Attachment 2, Rexam Interrogatory Response No. 7 at 3-7; D.I. 17, counterclaim I). Rexam cannot discharge its summary judgment burden by simply pointing to necked cans with no technical testimony explaining what the cans depict and how the claims apply to them.   Strike three; Rexam is out on claim element (a).   Lacking evidence on this essential element of its claim that patent claim 1 is satisfied, Rexam's motion must be denied.  *See L&W*, 471 F.3d at 1318   As shown below, Rexam's evidence for the remaining claim elements is similarly deficient.

### 2.    Rexam has failed to show that element (b) is satisfied

| Element (b) | Rexam's "evidence" |
|---|---|
| (b) removing said container from said first necking die; | Rexam cites to no evidence to support this element and relies only on this "limitation [being] necessary and common" (Br. at 10). |

There is no dispute as to the meaning of this claim element and Crown does not dispute that a can needs to be removed from the first necking die after it is necked.  But Rexam points to no evidence showing that this element is satisfied in Crown's necking process.  It relies only on its unsubstantiated belief that Crown would not dispute that this step is present (Br. at 10).  That does not discharge Rexam's summary judgment burden of pointing to record evidence that this element is satisfied.

### 3.    Rexam has failed to show that element (c) is satisfied

| Element (c) | Rexam's "evidence" |
|---|---|
| (c) producing relative axial movement between a second necking die and said container to engage the external surface of the container with the second die at an acute angle to further compress said reduced cylindrical neck inwardly along a length of the container to form a second taper; | "Here again, the tooling drawings, the testimony of Crown's witnesses and the physical samples of the cans produced by Crown, which show the cans during each stage of smooth die necking, establish that Crown's process of forming smooth die necked cans incorporates all the limitations of this limitation" (Br. at 11). |

The parties did not contest the meaning of this claim limitation.  But again, Rexam's "evidence" leaves one guessing as to why element (c) is satisfied by Crown's process because Rexam has cited to no record evidence at all.  Its vague reference to Crown's "drawings" and "witnesses" is insufficient to support its infringement position.  Rexam was required identify record evidence demonstrating this essential element of its infringement claim.  As explained above in connection with element (a), Rexam has failed to satisfy its summary judgment burden and its motion must be denied.

### 4.    Rexam has failed to show that element (d) is satisfied

| Element (d) | Rexam's "evidence" |
|---|---|
| (d) forcing said taper downwardly ***until it is contiguous with said first taper and reforms only an upper portion of said first taper while producing an extension of said first taper*** to produce an ***enlarged smoothly-shaped necked-in profile.*** | "Here again, the tooling drawings and physical samples produced by Crown establish that Crown's method of necking reforms only an upper portion of the first taper such that it gradually reduced the diameter of the first taper and extends the first taper without any bump, steps or ribs. (CCS0058042, A61-A62; A139-A153)." (Br. at 12).  "The necking dimensions on CCS0058042-43 also confirm that Crown is using the patented method to neck its beverage cans.  Several other drawings show that Crown is using the smooth die necking methods of the '839 Patent. (A60-76)." (Br. at 13). |

While the parties have a disagreement regarding the meaning of the claim terms in bold italics, Rexam has pointed to no evidence that claim element (d) is satisfied under any construction.

Rexam seeks to shift the burden to Crown and the Court to determine what "evidence" supports its assertion and how it demonstrates that this claim element is satisfied.  Again, just as with element (a), Rexam points to certain product drawings and physical samples of Crown's cans as "evidence" that this element is found on Crown's process.  But Rexam has no technical evidence explaining either the documents or product samples and how they show that Crown's necking process is supposedly infringing.  Further, Rexam does not explain its bald assertion that the dimensions of CCS0058042-43 establish that Crown's cans must be produced using the patented method.  Rexam continues to rely only on attorney argument as "fact."  But counsel's argument is not evidence upon which summary judgment may be granted.

### B.  Rexam Has Not Shown Infringement Of Dependent Claims 2 and 5

Claims 2 and 5 of the 839 patent depend from claim 1 and thus incorporate all the limitations of claim 1.  Because Rexam has failed to satisfy its burden of coming forward with evidence showing infringement of claim 1, it has also failed with respect to claims 2 and 5 as matter of law.  *See Becton Dickinson and Co. v. C.R. Bard, Inc.*, 922 F.2d 792, 798 (Fed. Cir. 1990) ("The holding of noninfringement of claim 1 applies as well to all claims dependent on claim 1); *Wahpeton Canvas Co. v. Frontier, Inc.*, 870 F.2d 1546, 1552 n.9 (Fed. Cir. 1989) ("One who does not infringe an independent claim cannot infringe a claim dependent on (and thus containing all the limitations of) that claim.").  Rexam's proof as to these dependent claims is thus deficient.

## VII.  REXAM IS NOT ENTITLED TO JUDGMENT OF INFRINGEMENT OF THE 242 BOTTOM REFORMING PATENT

Rexam failed to satisfy either its procedural or evidentiary burden on summary judgment, thus its motion should be denied with regard to its 242 bottom reforming patent.

Rexam claims that it is entitled to summary judgment of infringement of claims 11, 12, and 17 (Br. at 17-18).  However, its burden to show infringement here is no different from its burden to show infringement of the necking patent claims.  *See, e.g., Chimie*, 303 F. Supp. 2d at 507 (citing *Telemac Cellular Corp.*, 247 F.3d at 1323 ).  Just as it failed to "inform[] the district court of the basis for its motion, and identify[] those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact" with the necking patent claims, it has failed to do so with the bottom reforming claims.  *See Celotex*, 477 U.S. at 323.

As before, Rexam presents nothing more than an undifferentiated haze of documents, irrelevant deposition testimony, and certain can samples without providing any specific correlation between that "evidence" and the claim elements. Rexam fails to demonstrate where and how the claim limitations can be found in Crown's process and again Rexam seeks to shift the burden to Crown and the Court to determine where, if at all, each and every element of Rexam's patent claims may be found. Rexam again relies on its counsel's truth-by-assertion as a substitute for evidence of infringement. But such assertions are not "facts" that could support summary judgment. *See Johnston*, 885 F.2d at 1581 ("Attorneys' argument is no substitute for evidence."); *Laitram Corp.*, 919 F.2d at 1583 (disapproving of reliance on attorney argument and unsupported fact statements because they are not evidence).

Because Rexam's proof is "deficient in meeting an essential part of the legal standard [for infringement]," its "failure renders all other facts immaterial." *London,* 946 F.2d at 1537. Accordingly, Rexam's motion with respect to the infringement of the claims of the 242 patent must be denied. *Chimie,* 303 F. Supp. 2d at 505 (Rule 56 mandates denial of judgment where a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial") (citing *Celotex,* 477 U.S. at 322); *see also Telemac Cellular*, 247 F.3d at 1323. (citation omitted);

### A.    Rexam Has Failed To Make A *Prima Facie* Case Of Infringement Of Claim 11

Rexam was required to come forward with evidence showing that each and every element of claim 11 was satisfied by Crown's bottom reforming process. Rexam failed to meet that burden.

### 1. Rexam has failed to show that element (a) is satisfied

| Element (a) | Rexam's "evidence" |
|---|---|
| A method of reforming a bottom of a drawn and ironed beverage container, said container having a longitudinal axis; a generally cylindrical side wall parallel with said longitudinal axis; the bottom having an outer annular wall, a convex U-shaped portion, a preformed bottom wall including a center domed portion, and an annular, substantially longitudinal wall joining said domed portion and said convex U-shaped portion, said method comprising: | Rexam cites to no evidence to support the presence of this element in Crown's process. But only states that 'Rexam does not believe that Crown is claiming that any of the elements of this limitation are missing from the can bottoms to which Crown performs its bottom reforming process" (Br. at 18). |

Rexam points to no evidence showing that claim element (a) was satisfied. It relies only on its unsubstantiated belief that Crown would not dispute that this step is present (Br. at 16). But that does not discharge Rexam's summary judgment burden of pointing to evidence in the record. The pattern Rexam established in treating the 839 patent claims is thus continued in its discussion of the 242 claim elements and is characterized by an absolute failure of proof.

### 2. Rexam has failed to show that element (b) is satisfied

| Element (b) | Rexam's "evidence" |
|---|---|
| providing said drawn and ironed beverage container; | Rexam cites to no evidence to support the presence of this element in Crown's process. But only states that "Rexam does not believe that Crown is claiming that any of the elements of this limitation are missing from the can bottoms to which Crown performs its bottom reforming process" (Br. at 18). |

Crown does not dispute that it provides drawn and ironed cans to its bottom reforming process. Thus Rexam's failure of proof regarding element (b) is moot except that it is symptomatic of Rexam's continued effort to shift its burden of proof.

### 3. Rexam has failed to show that element (c) is satisfied

| Element (c) | Rexam's "evidence" |
|---|---|
| providing a reforming roller; and | "The documents produced by Crown and Belvac, as well as the testimony of Crown's witnesses, establish Crown's method of bottom reforming includes a reforming roller. (A94-104; Golding, 79, A44)." (Br. at 18). |

The right column of the table above is Rexam's supposed infringement "evidence." But Rexam nowhere shows how the cited documents (Attachment 1 at A94-A104) satisfy claim element (c). Rexam has offered no technical testimony explaining what any of the documents are or what they mean. And Mr. Golding's testimony (Attachment 1 at A44) does not fill the gap in Rexam's proof. Golding's testimony does not discuss the drawings, and fails to confirm that Crown uses a "*reforming* roller." Rexam's attorney-arguments cannot establish that Crown's process satisfies element (c). *See Johnston*, 885 F.2d at 1581. Because Rexam fails to provide evidence on this essential element of its infringement claims, Rexam's summary judgment motion as to its 242 bottom reforming patent must be denied.

### 4. Rexam has failed to show that element (d) is satisfied

| Element (d) | Rexam's "evidence" |
|---|---|
| ***moving said reforming roller radially*** into engagement with said substantially longitudinal wall of said beverage container, said ***reforming roller rotating along said longitudinal wall and circumferentially about an arcuate path***, wherein said reforming roller ***affects the angle*** of said substantially longitudinal wall. | Rexam cites to a drawing of a can bottom undergoing a bottom reforming process (Br. at 19). "The drawings produced by Crown and Belvac in this case, along with the testimony of Mr. Golding, establish that Crown is using each element of this limitation. (A94-104; A44-47)." Rexam also cites to other areas of Mr. Golding's testimony (A48). (Br. at 19-20). "[T]he physical samples showing the bottom profile <u>before and after reforming</u> confirm that fact as well." (Br. at 20). |

Again Rexam's "evidence," is unexplained Crown and Belvac drawings and testimony from Mr. Golding, which is buttressed with nothing more than attorney-argument and conclusory assertions about what this evidence purportedly shows. Nowhere does Rexam exhibit how the Crown process satisfies claim element (d).

As to the Crown and Belvac documents (Attachment 1 at A94-104), Rexam has provided no technical testimony to demonstrate what the documents show or how they correlate to the asserted claim element. And while Rexam has cited approximately 20 pages of the Golding transcript, it has provided no correlation between specific testimony and the claim terms. Attorney argument concerning claim application does not alone suffice to meet one's summary judgment burden. *See Johnston*, 885 F.2d at 1581.

Rexam also points to "physical samples" as proof that Crown is infringing Rexam's bottom reforming process and, as with the necked cans, Rexam expects them to speak for themselves. But Rexam has elsewhere claimed that they cannot. Rexam has contended that the physical appearance of cans is insufficient to prove what method was used to reform the bottom  (Attachment 2, Rexam Interrogatory Response No. 9 at 11-15; Ex. 23, D.I. 17, counterclaims II-III). Rexam cannot now discharge its summary judgment burden by simply pointing to the appearance of cans. For the additional reason that Rexam fails to proffer evidence that establishes element (d) is met by the Crown process, Rexam's summary judgment must be denied.

### B. Rexam Has Failed To Show Infringement Of Dependent Claims 11 And 17

Because Rexam's infringement proof as to claim 11 is deficient, its proof as to dependent claims 12 and 17 is similarly deficient as a matter of law. *See Becton Dickinson*, 922 F.2d at 798.

- 16 -

## VIII.   CONCLUSION

Rexam has failed to establish a prima facie case of infringement with respect to any asserted claim of the 839 and 242 patent.  Thus for all of the above reasons, Crown respectfully requests that the Court enter an order denying Rexam's motion for summary judgment of infringement.

Dated: February 20, 2007                              Respectfully submitted,


                                                     _/s/ Barry Klayman_____
                                                     Barry Klayman (ID # 3676)
                                                     Wolf, Block, Schorr and Solis-Cohen
                                                     LLP
                                                     Wilmington Trust Center
                                                     1100 N. Market Street, Suite 1001
                                                     Wilmington, DE 19801
                                                     (302) 777-0313

                                                     *Attorney for Plaintiffs*
                                                     *Crown Packaging Technology, Inc.*
                                                     *and*
                                                     *Crown Cork & Seal USA, Inc.*

*Of Counsel:*

Dale M. Heist
Lynn A. Malinoski
Chad E. Ziegler
WOODCOCK WASHBURN, LLP
Cira Centre, 12th Floor
2929 Arch Street
Philadelphia, PA 19104
(215) 568-3100

Michael Korniczky
Crown Cork & Seal USA, Inc.
One Crown Way
Philadelphia, Pennsylvania  19154

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Crown's Memorandum in Opposition to Rexam's Motion for Summary Judgment that Crown Infringes Rexam's 839 Necking Patent and 242 Bottom Reforming Patent been served on this the 20th day of February, 2007, in accordance with the Federal Rules of Civil Procedure, on the following in the manner indicated below:

**VIA E-MAIL AND FEDERAL EXPRESS:**

Gerald C. Willis, Esq.
McAndrews, Held & Malloy, Ltd.
500 W. Madison Street, Suite 3400
Chicago, IL  60601

**VIA E-MAIL AND HAND DELIVERY:**

Anne Shea Gaza, Esq.
Richards, Layton & Finger, P.A.
One Rodney Square
P.O. Box 551
Wilmington, DE 19899

*Attorneys for Defendant Rexam
Beverage Can Co.*

Date: February 20, 2007                          __/s/ Barry Klayman_____
                                                 Barry M. Klayman, Esquire (ID # 3676)
                                                 Wolf, Block, Schorr and Solis-Cohen LLP
                                                 Wilmington Trust Center
                                                 1100 N. Market Street, Suite 1001
                                                 Wilmington, DE 19801
                                                 (302) 777-0313

                                                 *Attorney for Plaintiffs
                                                 Crown Packaging Technology, Inc. and
                                                 Crown Cork & Seal USA, Inc.*