# Attachment 2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CROWN PACKAGING TECHNOLOGY, INC., Plaintiff, and CROWN CORK & SEAL USA, INC.,<br><br>    Plaintiff and Counterclaim Defendant,<br><br>v.<br><br>REXAM BEVERAGE CAN COMPANY,<br><br>    Defendant and Counterclaimant. | Civil Action No. 05-608 (KAJ) |

**DEFENDANT-COUNTERCLAIMANT REXAM BEVERAGE CAN COMPANY'S RESPONSES TO CROWN TECHNOLOGY'S AND CROWN USA'S AMENDED INTERROGATORIES NOS. 7 THROUGH 9**

Defendant-Counterclaimant Rexam Beverage Can Company ("Rexam"), through its counsel, hereby submits its general objections, specific objections and supplemental responses to Crown Packaging Technology, Inc.'s and Crown Cork & Seal USA, Inc.'s ("Plaintiffs") Amended Interrogatories Nos. 7 through 9.

**GENERAL OBJECTIONS:**

Rexam objects to Plaintiffs' Interrogatories to the extent they seek information, documents or things protected by the attorney-client privilege, are immune from discovery pursuant to the work product doctrine, or are protected or immunized by any other applicable privilege, immunity, doctrine or protection from discovery. All of the following responses and answers are made subject to this objection and none of the following responses or answers, none of the information, documents or things identified in these Interrogatory responses, and none of the responses or answers to any other discovery

attempts by Plaintiffs (including, but not limited to, questions posed at any oral deposition) will include any such privileged, protected or immune information, documents or things.

Rexam objects to each Interrogatory, including all accompanying Definitions and Instructions, to the extent that they attempt to impose upon Rexam discovery obligations beyond those required by the Federal Rules of Civil Procedure, the Local Rules of the U.S. District Court for the District of Delaware and/or judge specific rules and/or the Court's scheduling order establishing a discovery schedule and pretrial requirements.

Rexam objects to Plaintiffs' definition of the phrase "provide a detailed description of the factual basis" to the extent it renders the scope of any Interrogatory overly broad and/or unduly burdensome. Rexam objects to Plaintiffs' Interrogatories to the extent they pertain to former counsel, agents, employers or employees or other persons who formerly acted on behalf of Rexam. Rexam cannot reasonably be expected in all instances to speak now for former counsel, agents or employees or other persons who formerly acted on behalf of Rexam.

Rexam objects to each Interrogatory and each Definition and/or Instruction to the extent it is overly broad, unduly burdensome, vague, ambiguous, indefinite, lacking in reasonable particularity, untimely, premature or seeks information, documents or things uniquely in the possession, custody or control of Plaintiffs, its divisions, affiliates, officers, directors, employees, agents, representatives, distributors and/or customers.

To the extent that Rexam provides a response arguably within the scope of any definition set forth by Plaintiffs, such response by Rexam shall not be construed to be an admission by Rexam as to the validity or scope of any such definition.

Rexam objects to each Interrogatory to the extent that it seeks confidential, proprietary, and/or sensitive business information. Any answers, responses, documents, things or information provided by Rexam, should be treated as "Outside Attorneys' Eyes Only," limiting disclosure to Plaintiffs' outside **trial** counsel, Woodcock Washburn, LLP and Wolf, Block, Schorr and Solis-Cohen, LLP until an appropriate protective order is entered in this case.

Discovery is ongoing, and Rexam is continuing its preparation for trial. All responses to the following Interrogatories are based on information presently known to Rexam after a reasonable effort to compile information called for by these Interrogatories. All answers are given without prejudice to Rexam's right to supplement and/or modify its responses at a later time. In addition, Rexam's objections as set forth herein are made without prejudice to Rexam's right to assert any additional or supplemental objections.

## RESPONSES

### AMENDED INTERROGATORY NO. 7:

Provide a claim chart and detailed description of the factual basis for Rexam's allegation that Crown is infringing claims of the 839 Patent. The detailed description should include, but should not be limited to, an identification of the asserted claims; an identification of the Crown product accused of infringement; an explanation as to which claims are allegedly infringed either literally or under the doctrine of equivalents for each

accused product; an explanation of the claim construction of the limitations of each claim alleged to be infringed, and an explanation as to why each such claim limitation is met (either literally and/or under the doctrine of equivalents).

**RESPONSE TO AMENDED INTERROGATORY NO. 7:**

Rexam objects to this Interrogatory in that it prematurely seeks contentions and positions. The agreed schedule for this matter contemplates an exchange of claim construction positions in July of 2006. Rexam further objects to this Interrogatory to the extent that it seeks to place an undue burden on Rexam with respect to contentions that will, due to discovery and other developments of this action, necessarily change. Rexam also objects to this Interrogatory to the extent that it seeks to discover information that is subject to the attorney/client privilege or work product immunity and to the extent that it requires a "claim chart." For example, Crown is not entitled to discover the individuals who may have assisted in formulating the positions set forth in Rexam's pleadings. Finally, Rexam objects to this Interrogatory to the extent that it purports to be a replacement for Interrogatory No. 7 from Crown Technology's and Crown USA's First Set of Interrogatories. To treat Amended Interrogatory No. 7 as simply a replacement for Interrogatory No. 7 would impermissibly shift the burden of interpretation (of Crown's apparently improperly written Interrogatory No. 7) to Rexam. Rexam responded to Interrogatory No. 7 on December 15, 2005. Rexam also objects to this Interrogatory to the extent that it consists of multiple Interrogatories (*i.e.*, has multiple subparts) rather than a single Interrogatory. As such, Interrogatory No. 7 and Amended Interrogatory No.

7 will be treated as two separate sets of interrogatories for the purpose of discovery limits.

Subject to the above stated objections and the General Objections, Rexam responds in part to Interrogatory No. 7 as follows:

Rexam presently asserts that Crown has infringed at least claim 1 of the 839 patent. The claim recites:

> A method of necking an open end of a container side wall to form a smoothly-shaped neck profile comprising the steps of:
>
> (a) producing relative axial movement between a container and a first necking die to engage the external surface of a portion of the open end of the container with said first die at a small acute angle to compress said side wall radially inwardly along a length of said container to produce a reduced cylindrical neck at said open end and form a first taper having a first arcuate segment on the end of said side wall and a second arcuate segment on the end of said reduced cylindrical neck;
>
> (b) removing said container from said first necking die;
>
> (c) producing relative axial movement between a second necking die and said container to engage the external surface of the container and form a second taper; and
>
> (d) forcing said second taper downwardly until it is contiguous with said first taper and reforms only an upper portion of said first taper while producing an extension of said first taper to produce an enlarged smoothly-shaped necked-in profile.

At this time, Rexam asserts that the claim terms set forth in claim 1 (and the other method claims) of the '839 patent mean what they say, and that full effect must be given to the ordinary and accustomed meaning of each claim limitation (or term). *See, e.g., Johnson Worldwide Assoc., Inc. v. Zebco Corp.*, 175 F.3d 985, 989 (Fed. Cir. 1999). At

*Rexam's Answers to Crown's Amended Interrogatories Nos. 7 - 9*

*Page 5*

this time, Rexam is asserting that Crown literally infringed at least method claims 1, 11 and 20 of the '839 Patent.  Rexam is also asserting that Crown infringed at least method claims 1, 11 and 20 of the '839 Patent under the doctrine of equivalents.  Rexam is not asserting that Crown infringed the apparatus claims of the '839 Patent at this time.

Rexam asserts that its investigation of certain Crown cans shows that Crown is using a smooth die necking method to manufacture its can bodies.  Examination of certain of Crown's cans indicate that there are no striations associated with the tapered neck such as those that can be seen when forming a tapered neck using a forming roller. (*See* the figure below.)

As Rexam pled in its Answer To Crown's Second Amended Complaint For Patent Infringement And Counterclaims, "[u]pon information and belief, a reasonable opportunity for discovery will produce evidence that certain can bodies that Crown USA has made in the United States are made by a method as claimed by the '839 Patent." (Rexam's Answer and Counterclaims at ¶ 9.)  As with many infringement claims involving method claims, a significant amount of information relating to infringement, the accused products and damages is in the possession, custody and/or control of the accused infringer and not available t the patentee.

Additionally, Crown has also admitted that it has purchased equipment from Belvac Production Machinery, Inc. for the manufacture of can bodies with a smooth necked-in portion and, contrary to Crown's Eleventh Affirmative Defense, there is no

*Rexam's Answers to Crown's Amended Interrogatories Nos. 7 - 9*

*Page 6*

implied license for using the methods claimed in the '839 Patent, even assuming Crown did purchase such equipment from Belvac.

Rexam continues to investigate and will continue to take discovery on issues relating to this Interrogatory. If additional non-privileged, non-immune information, documents or things responsive to this Interrogatory become available, Crown will be made aware of or provided with that information or those documents or things.



*Rexam's Answers to Crown's Amended Interrogatories Nos. 7 - 9*

*Page 7*

**AMENDED INTERROGATORY NO. 8:**

Provide a claim chart and detailed description of the factual basis for Rexam's allegation that Crown is infringing claims of the 385 Patent. The detailed description should include, but should not be limited to, an identification of the asserted claims; an identification of the Crown product accused of infringement; an explanation as to which claims are allegedly infringed either literally or under the doctrine of equivalents for each accused product; an explanation of the claim construction of the limitations of each claim alleged to be infringed, and an explanation as to why each such claim limitation is met (either literally and/or under the doctrine of equivalents).

**RESPONSE TO AMENDED INTERROGATORY NO. 8:**

Rexam objects to this Interrogatory in that it prematurely seeks contentions and positions. The agreed schedule for this matter contemplates an exchange of claim construction positions in July of 2006. Rexam further objects to this Interrogatory to the extent that it seeks to place an undue burden on Rexam with respect to contentions that will, due to discovery and other developments of this action, necessarily change. Rexam also objects to this Interrogatory to the extent that it seeks to discover information that is subject to the attorney/client privilege or work product immunity and to the extent that it requires a "claim chart." For example, Crown is not entitled to discover the individuals who may have assisted in formulating the positions set forth in Rexam's pleadings. Finally, Rexam objects to this Interrogatory to the extent that it purports to be a replacement for Interrogatory No. 8 from Crown Technology's and Crown USA's First Set of Interrogatories. To treat Amended Interrogatory No. 8 as simply a replacement for Interrogatory No. 8 would impermissibly shift the burden of interpretation (of Crown's apparently improperly written Interrogatory No. 8) to Rexam. Rexam responded to Interrogatory No. 8 on December 15, 2005. Rexam also objects to this Interrogatory to

*Rexam's Answers to Crown's Amended Interrogatories Nos. 7 - 9*

*Page 8*

the extent that it consists of multiple Interrogatories (*i.e.*, has multiple subparts) rather than a single Interrogatory. As such, Interrogatory No. 8 and Amended Interrogatory No. 8 will be treated as two separate sets of interrogatories for the purpose of discovery limits.

Subject to the above stated objections and the General Objections, Rexam responds in part to Interrogatory No. 8 as follows:

Rexam presently asserts that Crown has infringed at least claim 17 of the 385 patent. The claim recites:

> A method of reforming the bottom of a container, said container having a longitudinal and a radial axis, a generally cylindrical side wall parallel with said longitudinal axis; an outer annular wall; a convex U-shaped portion; a preformed bottom wall including a center domed portion; and an annular, substantially longitudinal wall joining said domed portion and said convex U-shaped portion, said method comprising:
>
> (a) providing radially inward support for said container;
>
> (b) providing a reforming roller; and
>
> (c) moving said reforming roller radially into engagement with said substantially longitudinal wall, said reforming roller rotating along said longitudinal wall and about an arcuate path, in substantial radial alignment with said radial inward support;
>
> (d) wherein said reforming roller affects the angle of said substantially longitudinal wall.

At this time, Rexam asserts that the claim terms set forth in claim 17 (and the other method claims) of the 385 patent mean what they say, and that full effect must be given to the ordinary and accustomed meaning of each claim limitation (or term). *See, e.g., Johnson Worldwide Assoc., Inc. v. Zebco Corp.*, 175 F.3d 985, 989 (Fed. Cir. 1999).

*Rexam's Answers to Crown's Amended Interrogatories Nos. 7 - 9*

*Page 9*

At this time, Rexam is asserting that Crown literally infringed at least method claim 17 of the 385 Patent. Rexam is also asserting that Crown infringed at least method claim 17 of the 385 Patent under the doctrine of equivalents.

Using the ordinary and customary meaning of claim terms such as "radially inward support," "roller," "substantially longitudinal wall," "reforming roller rotating along said longitudinal wall and about an arcuate path," and "reforming roller affects the angle of said substantially longitudinal wall," Rexam's investigation of certain Bud Light Cans (*See* figure below) manufactured by Crown shows that Crown apparently "reforms" the bottom of its cans by using "rollers" to "affect the angle" of the "substantially longitudinal wall" in such a way that is covered by at least claim 17 of the 385 patent.



*Rexam's Answers to Crown's Amended Interrogatories Nos. 7 - 9*

*Page 10*

As Rexam pleaded in its Answer To Crown's Second Amended Complaint For Patent Infringement And Counterclaims, "[u]pon information and belief, a reasonable opportunity for discovery will produce evidence that can bodies that Crown USA has made in the United States are made by a method and/or apparatus as claimed by the 385 Patent." (Rexam's Answer and Counterclaims at ¶ 17.)  As with many infringement claims involving method claims, a significant amount of information relating to infringement, the accused products and damages is in the possession, custody and/or control of the accused infringer and not available to the patentee.

Rexam continues to investigate and will continue to take discovery on issues relating to this Interrogatory.  If additional non-privileged, non-immune information, documents or things responsive to this Interrogatory become available, Crown will be made aware of or provided with that information or those documents or things.

**AMENDED INTERROGATORY NO. 9:**

Provide a claim chart and detailed description of the factual basis for Rexam's allegation that Crown is infringing claims of the 242 Patent.  The detailed description should include, but should not be limited to, an identification of the asserted claims; an identification of the Crown product accused of infringement; an explanation as to which claims are allegedly infringed either literally or under the doctrine of equivalents for each accused product; an explanation of the claim construction of the limitations of each claim alleged to be infringed, and an explanation as to why each such claim limitation is met (either literally and/or under the doctrine of equivalents).

**RESPONSE TO AMENDED INTERROGATORY NO. 9:**

Rexam objects to this Interrogatory in that it prematurely seeks contentions and positions.  The agreed schedule for this matter contemplates an exchange of claim

*Rexam's Answers to Crown's Amended Interrogatories Nos. 7 - 9*

*Page 11*

construction positions in July of 2006. Rexam further objects to this Interrogatory to the extent that it seeks to place an undue burden on Rexam with respect to contentions that will, due to discovery and other developments of this action, necessarily change. Rexam also objects to this Interrogatory to the extent that it seeks to discover information that is subject to the attorney/client privilege or work product immunity and to the extent that it requires a "claim chart." For example, Crown is not entitled to discover the individuals who may have assisted in formulating the positions set forth in Rexam's pleadings. Finally, Rexam objects to this Interrogatory to the extent that it purports to be a replacement for Interrogatory No. 9 from Crown Technology's and Crown USA's First Set of Interrogatories. To treat Amended Interrogatory No. 9 as simply a replacement for Interrogatory No. 9 would impermissibly shift the burden of interpretation (of Crown's apparently improperly written Interrogatory No. 9) to Rexam. Rexam responded to Interrogatory No. 9 on December 15, 2005. Rexam also objects to this Interrogatory to the extent that it consists of multiple Interrogatories (*i.e.*, has multiple subparts) rather than a single Interrogatory. As such, Interrogatory No. 9 and Amended Interrogatory No. 9 will be treated as two separate sets of interrogatories for the purpose of discovery limits.

Subject to the above stated objections and the General Objections, Rexam responds in part to Interrogatory No. 9 as follows:

Rexam presently asserts that Crown has infringed at least claim 11 of the 242 patent. The claim recites:

> A method of reforming a bottom of a drawn and ironed beverage container, said container having a longitudinal axis; the bottom having an outer annular wall, a convex U-shaped portion, a preformed wall including a center domed portion, and an annular, substantially longitudinal wall joining said domed portion and said convex U-shaped portion, said method comprising:
>
> (a) providing said drawn and ironed beverage container;
>
> (b) providing a reforming roller; and
>
> (c) moving said reforming roller radially into engagement with said substantially longitudinal wall of said beverage container, said reforming roller rotating along said longitudinal wall and circumferentially about an arcuate path, wherein said reforming roller affects the angle of said substantially longitudinal wall.

At this time, Rexam asserts that the claim terms set forth in claim 11 (and the other method claims) of the 242 patent mean what they say, and that full effect must be given to the ordinary and accustomed meaning of each claim limitation (or term).  *See, e.g., Johnson Worldwide Assoc., Inc. v. Zebco Corp.*, 175 F.3d 985, 989 (Fed. Cir. 1999). At this time, Rexam is asserting that Crown literally infringed at least method claim 11 of the 242 Patent.  Rexam is also asserting that Crown infringed at least method claim 11 of the 242 Patent under the doctrine of equivalents.

Using the ordinary and customary meaning of claim terms such as "roller," "substantially longitudinal wall," "reforming roller rotating along said longitudinal wall and circumferentially about an arcuate path," and "reforming roller affects the angle of said substantially longitudinal wall," Rexam's investigation of certain Bud Light Cans (*See* figure below) manufactured by Crown shows that Crown apparently "reforms" the

bottom of its cans by using "rollers" to "affect the angle" of the "substantially longitudinal wall" in such a way that is covered by claim 11 of the 242 patent.



As Rexam pleaded in its Answer To Crown's Second Amended Complaint For Patent Infringement And Counterclaims, "[u]pon information and belief, a reasonable opportunity for discovery will produce evidence that certain can bodies that Crown USA has made in the United States are made by a method and/or apparatus as claimed by the 242 Patent." (Rexam's Answer and Counterclaims at ¶ 26.) As with many infringement claims involving method claims, a significant amount of information relating to infringement, the accused products and damages is in the possession, custody and/or control of the accused infringer and not available to the patentee.

Rexam continues to investigate and will continue to take discovery on issues relating to this Interrogatory. If additional non-privileged, non-immune information, documents or things responsive to this Interrogatory become available, Crown will be made aware of or provided with that information or those documents or things.

*Rexam's Answers to Crown's Amended Interrogatories Nos. 7 - 9*

*Page 15*

<u>FOR THE GENERAL OBJECTIONS AND SPECIFIC OBJECTIONS TO
INTERROGATORY NOS. 7-9, THE LEGAL CONTENTIONS SET FORTH
HEREIN AND THE LEGAL AUTHORITY SET FORTH IN THE ANSWERS TO
INTERROGATORY NOS. 7-9:</u>

Date: Jan 19, 2006

George P. McAndrews
Steven J. Hampton
Richard T. McCaulley
Gerald C. Willis
Paul W. McAndrews
McAndrews, Held & Malloy, Ltd.
500 W. Madison Street, Suite 3400
Chicago, IL 60661
Tel: 312.775.8000
Fax: 312.775.8100

Frederick L. Cottrell, III,
Anne Shea Gaza
Richards, Layton & Finger, P.A.
One Rodney Square, 920 N. King Street,
P.O. Box 551
Wilmington, Delaware 19899-0551
Telephone: 302-651-7700
Telecopier: 302-651-7701

## VERIFICATION

I, Timothy Turner, being duly sworn, state that I am the Manager – End Development, for Rexam Beverage Can Company, have read the foregoing Interrogatory responses and, believe that the information contained in the answers is true and correct based on the use of channels of communication which I would normally rely upon in my position with Rexam Beverage Can Company  As presently informed, Rexam Beverage Can Company understands that it is bound by the information set forth in the foregoing Interrogatory responses unless future information received indicates that a correction must be made.

Date: _____

_____
Timothy Turner
Title:_____

Sworn to before me this _____ day

of January, 2006

_____
Notary Public
My commission expires on _____ .

*Verification*

CERTIFICATE OF SERVICE

I hereby certify that on the date this proof of service is signed below, I served the foregoing

DEFENDANT-COUNTERCLAIMANT REXAM BEVERAGE CAN COMPANY'S RESPONSES TO CROWN TECHNOLOGY'S AND CROWN USA'S AMENDED INTERROGATORY NOS. 7-9

in the above identified action, addressed as follows:

Barry Klayman
Wolf, Block, Schorr and Solis-Cohen LLP
Wilmington Trust Center
1100 N. Market Street, Suite 1001
Wilmington, DE 19801

Tel.: (302) 777-0313
Fax: (302) 778-7813

Dale M. Heist
Woodcock Washburn
One Liberty Place, 46th Floor
Philadelphia, PA 19103

Tel.: (215) 568-3100
Fax: (215) 568-3439

[✓] (BY FACSIMILE)

[✓] (BY MAIL) By placing a true copy thereof enclosed in a sealed envelope. I placed each such sealed envelope, with postage thereon fully prepaid for first-class mail.

Date: January 19, 2006

*Certificate of Service*