**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| **CROWN PACKAGING TECHNOLOGY, INC. AND CROWN CORK & SEAL USA, INC.,**<br><br>**PLAINTIFFS,**<br><br>**V.**<br><br>**REXAM BEVERAGE CAN CO.,**<br><br>**DEFENDANT.** | ) | **CIVIL ACTION NO. 05-608 (MPT)** |

**STIPULATION REGARDING CLAIM CONSTRUCTION**

The parties, by and through their respective counsel, hereby stipulate and agree to the following issues with regard to the patents in suit, thereby reducing the issues for resolution by the Court and clarifying those issues remaining for resolution. As per the Court's request at the claims construction hearing, attached hereto following the signature page are the asserted claims with the parties' respective constructions of the disputed terms substituted for the disputed terms.

## I. CROWN'S '826 PATENT

### A. Claim 13:

#### 1. Disputed Terms

The following terms remain in dispute and require resolution by the Court:

*a) first and second chuck walls forming a juncture therebetween* [D.I. 158 at 2.]

| Crown's Proposed Construction | Rexam's Proposed Construction |
|---|---|
| First and second walls encircling the chuck forming a place between them at which they | When looking at a cross section of a seaming chuck, an upper wall and a lower wall of a |

| | |
|---|---|
| meet. | seaming chuck (also referred to the first and second walls) meet at a point (juncture) to form a distinct angle. |

***b)*** ***a peripheral cover hook*** [D.I. 158 at 2.]

| Crown's Proposed Construction | Rexam's Proposed Construction |
|---|---|
| Curved portion of the can end that is to be formed into a portion of a double seam. | When looking at a cross section of the can end, the outermost portion of the can end that is curved or conforms to one or more radii, which engages a can body flange to form at least a part of a double seam, and ends where the curved or radiused portion(s) stops. |

***c)*** ***seaming panel*** [D.I. 158 at 2. (First part of identified claim term.)]

| Crown's Proposed Construction | Rexam's Proposed Construction |
|---|---|
| Curved innermost portion of the peripheral cover hook. | An uppermost portion of the peripheral cover hook formed by a constant radius that becomes part of the double seam during seaming to a can body. |

***d)*** **[seaming panel]** ***adapted to be formed into a portion of said double seam during said seaming operation*** [D.I. 158 at 2. (Second part of identified claim term.)]

| Crown's Proposed Construction | Rexam's Proposed Construction |
|---|---|
| Adapted to be formed into a portion of the double seaming during the seaming operation. | Some treatment or conditioning, done to the first wall portion of the can end that makes the first wall portion easier to deform than the rest of the can end. |

*e)* **[wall portion]** ***adapted to be deformed during said seaming operation*** [D.I. 158 at 3.]

| Crown's Proposed Construction | Rexam's Proposed Construction |
|---|---|
| Adapted to have its shape altered during the seaming operation. | Some treatment or conditioning, done to the first wall portion of the can end that makes the first wall portion easier to deform than the rest of the can end. |

*f)* ***forming a lowermost end of said wall*** [D.I. 158 at 3.]

| Crown's Proposed Construction | Rexam's Proposed Construction |
|---|---|
| A second point that marks the lowest end of the can end wall. | The specific place on the wall nearest the central panel (toward the bottom of the can). |

### 2. Agreed Terms

The following terms are no longer in dispute. The parties agree that, subject to the approval of the Court, the terms have the following meanings:

*a)* ***"a wall extending inwardly and downwardly from said cover hook"*** [D.I. 158 at 3.] refers to "a can end wall extending inwardly and downwardly from the end of the cover hook."

*b)* ***"a first portion of said wall extending from said cover hook"*** [D.I. 158 at 3.] refers to "a first portion of the can end wall extending from the end of the cover hook."

*c)* ***"first point on said wall"*** [D.I. 158 at 3.] refers to "the point on the wall of the can end where the wall bends about the juncture of the two chuck walls of the seaming chuck during seaming."

*d)* ***"bent upwardly around said juncture of said chuck walls at said first point on said wall"*** [D.I. 158 at 3.] refers to "to be turned upwardly around the juncture of the chuck walls against the first chuck wall at the first point on the can end wall."

## B. Claim 14

### 1. Disputed Term

The following term remains in dispute and requires resolution by the Court:

*a)* ***annular reinforcing bead*** [D.I. 158 at 4.]

| Crown's Proposed Construction | Rexam's Proposed Construction |
|---|---|
| A ring-like stiffening channel. | An outwardly concave generally "U" shaped groove (also called a countersink or anti peaking bead) that is stamped or pressed into the can end, and is located inwards from the bottom of the wall (chuck wall) when looking at a cross section of the can end, which encircles and supports the center panel of the can end. |

## II. CROWN'S '875 PATENT

### A. Claim 32

#### 1. Disputed Terms

The following terms remain in dispute and require resolution by the Court:

***a) circumferentially extending peripheral cover hook***
[D.I. 158 at 4.]

*See* disputed phrase above at section I.A.1.b for claim 13.

***b) seaming panel*** [D.I. 158 at 4.]

*See* disputed phrase above at section I.A.1.c for claim 13.

***c) first location on said wall***
[D.I. 158 at 5. (Second part of identified claim term.)]

| Crown's Proposed Construction | Rexam's Proposed Construction |
|---|---|
| First location on the can end wall. | The point on the wall of the can end that becomes the lowermost extent of the double seam. |

***d) a radiused portion extending from said seaming panel***
[D.I. 158 at 5. (Third part of identified claim term.)]

| Crown's Proposed Construction | Rexam's Proposed Construction |
|---|---|
| A portion formed on an arc extending from the seaming panel. | A curved portion that is different from the radius of the seaming panel (i.e., the radiused portion of the upper portion of the wall is a part of the cover hook). |

*e)* ***a second location on said wall . . . said second wall location being the lowermost point of said wall*** [D.I. 158 at 5.]

| Crown's Proposed Construction | Rexam's Proposed Construction |
|---|---|
| A second point that marks the lowest end of the can end wall. | The specific place on the wall nearest the central panel (toward the bottom of the can). |

*f)* ***between about 20° and about 60°*** [D.I. 158 at 5.]

| Crown's Proposed Construction | Rexam's Proposed Construction |
|---|---|
| Between about 20° and about 60°. | Between 20° and 60°. |

*g)* ***at least a portion of said first portion of said can end wall is bent upward through an angle of at least about 16°*** [D.I. 158 at 5.]

| Crown's Proposed Construction | Rexam's Proposed Construction |
|---|---|
| At least part of the first portion of the can end wall is turned upwardly through an angle of at least about 16°. | A portion of the upper wall (chuck wall), which is above **<u>and adjacent to</u>**[1] the first location, is bent upwards, when looking at a cross section drawing, around the first location by 16 degrees (less 1 degree or plus 1 degree or more). |

*h)* ***transition from said double seam to said second wall portion*** [D.I. 158 at 6.]

| Crown's Proposed Construction | Rexam's Proposed Construction |
|---|---|
| The first location, after seaming, at which the double seam region changes to the second wall portion. | The location on the end wall at the lowermost extent of the double seam. |

**2. Agreed Terms**

The following terms are no longer in dispute. The parties agree that, subject to the approval of the Court, the terms have the following meanings:

[1] Added for clarity consistent with the arguments supporting this proposed construction.

a) ***"circumferentially extending wall comprising first and second portion[s]"*** [D.I. 158 at 4.] refers to "an end wall extending around the center panel that has upper and lower parts"

b) ***"first wall portion extending from said seaming panel"*** [D.I. 158 at 5. (First part of identified claim term.)] refers to "the first wall portion extending from the end of the seaming panel"

**B. Claim 33:**

**1. Disputed Term**

The following term remains in dispute and requires resolution by the Court:

a) ***between about 30° and about 50°*** [D.I. 158 at 6.]

| Crown's Proposed Construction | Rexam's Proposed Construction |
|---|---|
| Between about 30° and about 50°. | Between 30 and 50 degrees. |

**C. Claim 34:**

**1. Disputed Term**

The following term remains in dispute and requires resolution by the Court:

a) ***said can end wall first portion is reformed by bending upward by an angle of at least about 26°*** [D.I. 158 at 6.]

| Crown's Proposed Construction | Rexam's Proposed Construction |
|---|---|
| The can end wall first portion is formed again by turning upward by an angle of at least about 26°. | A portion of the upper wall (chuck wall), which is above the first location, is bent upwards, when looking at a cross section drawing, around the first location by 26 degrees (less 1 degree or plus 1 degree or more). |

**D. Claim 50**

**1. Disputed Terms**

The following terms remain in dispute and require resolution by the Court:

*a)* ***circumferentially extending peripheral cover hook*** [D.I. 158 at 6.]

*See* disputed phrase above at section I.A.1.b for claim 13.

*b)* ***seaming panel*** [D.I. 158 at 6.]

*See* disputed phrase above at section I.A.1.c for claim 13.

*c)* ***an annular reinforcing bead*** [D.I. 158 at 7.]

*See* disputed phrase above at section I.B.1.a for claim 14.

*d)* ***a circumferentially extending wall extending from said seaming panel*** [D.I. 158 at 7.]

| Crown's Proposed Construction | Rexam's Proposed Construction |
|---|---|
| Can end wall encircling the center of the can end and extending from the seaming panel. | The end wall (or chuck wall) that begins where the seaming panel ends with a portion that has a different radius than the seaming panel. |

*e)* ***said wall and said reinforcing bead forming a transition therebetween*** [D.I. 158 at 7.]

| Crown's Proposed Construction | Rexam's Proposed Construction |
|---|---|
| Forming a place between two things at which one changes to the other. | A radiused portion of the can end, when looking at a cross section of the end, between the vertical wall of the annular reinforcing bead (countersink) and the second portion of the wall (chuck wall). |

f) *said second chuck wall depending from said first chuck wall so as to form a juncture therebetween* [D.I. 158 at 7.]

| Crown's Proposed Construction | Rexam's Proposed Construction |
|---|---|
| The second wall encircling the chuck depending from the first wall encircling the chuck so as to form a place between them at which they meet. | When looking at a cross section of the seaming chuck, an upper wall and a lower wall of a seaming chuck meeting at a point (juncture) on the seaming chuck where the upper and lower wall (also referred to the first and second walls) meet to form a distinct angle. |

g) *between about 20° and about 60°* [Not previously identified]

| Crown's Proposed Construction | Rexam's Proposed Construction |
|---|---|
| Between about 20° and about 60°. | Between 20° and 60°. |

**2. Agreed Terms**

The following terms are no longer in dispute. The parties agree that, subject to the approval of the Court, the terms have the following meanings:

a) ***"first and second circumferentially extending walls"*** [D.I. 158 at 7.] is plain on its face and requires no construction.

b) ***"to bend a portion of said can end wall upwardly around said juncture of said chuck walls at a first location on said can end wall"*** [D.I. 158 at 8.] refers to "turn a portion of the can end wall upwardly around the juncture of the first and second chuck walls and against the first chuck wall at a first location on the can end wall."

**E. Claim 51:**

**1. Disputed Term**

The following term remains in dispute and requires resolution by the Court:

a) ***at least a portion of said portion of said can end wall bent upwardly during said seaming operation is bent upward through an angle of at least about 16°*** [D.I. 158 at 8.]

*See* disputed phrase of claim 32 above at section II.A.1.g.

**F. Claim 52:**

**1. Disputed Term**

The following term remains in dispute and requires resolution by the Court:

***a) between about 30° and about 50°*** [D.I. 158 at 8.]

*See* disputed phrase of claim 33 above at section II.B.1.a.

**III. REXAM'S '230 PATENT**

Rexam has asserted that Crown has and is infringing Claims 2, 5 and 13 of the '230 Patent. Claims 2 and 5 depend from independent Claim 1 which recites all claim terms that the parties assert require construction. The parties agreed to the meaning of some of the terms set forth herein before they submitted the joint claim construction statement [D.I. 158]. Claim 13 is an independent claim.

**A. Claim 1:**

**1. Disputed Terms:**

The following terms remain in dispute and require resolution by the Court:

***a) hinge segment*** [D.I. 158 at 9.]

| **Crown's Construction** | **Rexam's Construction** |
|---|---|
| The region of metal that undergoes bending as a result of angular displacement of the frangible panel during normal use. | The segment of metal between the first end and the second end of the primary score that stays attached to the central panel of the can end under normal opening conditions. |

***b) said adjacent area of the central panel*** [D.I. 158 at 9.]

| **Crown's Construction** | **Rexam's Construction** |
|---|---|
| Portion of the central panel near the hinge segment. | Area of the central panel near the frangible panel. |

#### 2. Agreed Terms:

The following terms are no longer in dispute. The parties agree that, subject to the approval of the Court, the terms have the following meanings:

> *a)* ***means for opening a frangible panel segment*** [D.I. 158 at 9.] is not a means-plus-function claim and does not require construction.
>
> *b)* ***tail portion*** refers to "the end portion of the second score (anti-fracture score)." [Agreed to prior to filing D.I. 158.]
>
> *c)* ***transecting*** means "cutting across." [Agreed to prior to filing D.I. 158.]

### B. Claim 13:

#### 1. Disputed Terms

The following terms remain in dispute and require resolution by the Court:

> *a)* ***hinge segment*** [D.I. 158 at 9.] See disputed phrase above at section III.A.1.a. for claim 1.
>
> *b)* ***passing through*** [D.I. 158 at 9.]

| Crown's Construction | Rexam's Construction |
|---|---|
| Going from one end to the other | Penetrating into |

#### 2. Agreed Terms

The following term is no longer in dispute. The parties agree that, subject to the approval of the Court, the term has the following meanings:

> *a)* ***tail portion*** [Agreed to before filing D.I. 158.] See agreed phrase above in section III.A.2.b.

## IV. THE '728 PATENT

The only claim asserted from the '728 Patent is claim 7. Claim 7, however, depends from claim 1. Disputed terms are recited by both Claims 1 and 7.

### A. Claim 1:

#### 1. Disputed Terms

The following terms remain in dispute and require resolution by the Court:

*a)* ***hinge segment*** [D.I. 158 at 9-10] See disputed phrase above at section III.A.1.a. for claim 1 of the '230 patent.

*b)* ***direct fracture of metal of said hinge segment in a direction away from said second end of the score*** [D.I. 158 at 10.]

| Crown's Construction | Rexam's Construction |
|---|---|
| Means clause Subject to §112, ¶6. A second score groove that is near the end of the primary score and the hinge segment and that performs the function of directing the fracture of metal of the hinge segment in a direction away from the end of the primary score. The structure for performing this function described in the specification is an anti-fracture score in which the tail portion 25 has a score residual differential less than that of the remaining portions of the anti-fracture score. | Not a means plus function limitation under 35 U.S.C. §112, ¶ 6.<br><br>The second score is near the second end of the primary score and near the hinge segment to provide a path for a fracture of the hinge segment along the second score. |

**2. Agreed Terms**

The following terms are no longer in dispute. The parties agree that, subject to the approval of the Court, the terms have the following meanings:

*a)* ***tail portion*** See agreed phrase above in section III.A.2.b.

*b)* ***thickness residual*** [D.I. 158 at 9.] The parties agree that this term does not require construction.

**B. Claim 7:**

**1. Disputed Terms**

The following term remains in dispute and requires resolution by the Court:

*a)* ***hinge line*** [D.I. 158 at 10.]

| Crown's Construction | Rexam's Construction |
|---|---|
| The hinge segment referred to in claim 1: The region of metal that undergoes bending as a result of angular displacement of the frangible panel during normal use by a user. | A line between the first end and the second end of the primary score. |

# V. REXAM'S '385 PATENT

## A. Claim 17:

### 1. Disputed Terms

The following term remains in dispute and requires resolution by the Court:

*a)* ***substantial radial alignment with said inward radial support.*** [D.I. 158 at 11.]

| Crown's Construction | Rexam's Construction |
|---|---|
| The roller path having a height in the direction of the longitudinal axis, more than half of which overlaps with the height of the radial inward support. (D.I. 158 at 11.) | At or almost absolute radial alignment with said radial inward support. (D.I. 158 at 11.) |

### 2. Agreed Terms

The following terms are no longer in dispute. The parties agree that, subject to the approval of the Court, the terms have the following meanings:

*a)* ***radially inward support*** [D.I. 158 at 11.] means "a device imparting a force directed against the outside of the container and radially inward toward the longitudinal axis."

*b)* ***moving said reforming roller radially*** [D.I. 158 at 10.] means "moving the reforming roller from a radially inward position to a radially outward position with respect to the longitudinal axis."

*c)* ***reforming roller rotating along said longitudinal wall and about an arcuate path*** [D.I. 158 at 11.] means "reforming roller revolving around its own axis and rolling along the longitudinal wall on a curved path adjacent to the wall."

*d)* ***affects the angle*** [D.I. 158 at 11.] means "changes the inclination or shape."

# VI. REXAM'S '242 PATENT

## A. Claim 11 of the '242 Patent:

### 1. Disputed Terms

The following term remains in dispute and requires resolution by the Court: None.

2. **Agreed Terms**

The following terms are no longer in dispute. The parties agree that, subject to the approval of the Court, the terms have the following meaning:

*a)* ***moving said reforming roller radially*** [D.I. 158 at 10.] means "moving the reforming roller from a radially inward position to a radially outward position with respect to the longitudinal axis."

*b)* ***reforming roller rotating along said longitudinal wall and circumferentially about an arcuate path*** [D.I. 158 at 11.] means "reforming roller revolving around its own axis and rolling along the longitudinal wall on a circular path adjacent to the wall."

*c)* ***affects the angle*** [D.I. 158 at 11.] means "changes the inclination or shape."

**B. Claim 12 of the '242 Patent:**

1. **Disputed Terms**

The following term remains in dispute and requires resolution by the Court: None.

2. **Agreed Terms**

The following term is no longer in dispute. The parties agree that, subject to the approval of the Court, the term has the following meaning:

*a)* ***radially inward support*** [D.I. 158 at 11.] means "a device imparting a force directed against the outside of the container and radially inward toward the longitudinal axis."

**C. Claim 17 of the '242 Patent:**

1. **Disputed Terms**

The following terms remain in dispute and require resolution by the Court: None.

2. **Agreed Terms**

The following terms are no longer in dispute. The parties agree that, subject to the approval of the Court, the terms have the following meanings:

*a)* ***affects the angle*** [D.I. 158 at 11.] means "changes the inclination or shape."

*b)* ***negative angle*** [D.I. 158 at 11.] means "slope that generally tends to move radially outwards as it moves axially upwards."

## VII. THE '839 PATENT

### A. Claim 1:

#### 1. Disputed Terms

The following term remains in dispute and requires resolution by the Court: None.

#### 2. Agreed Terms

The following terms are no longer in dispute. The parties agree that, subject to the approval of the Court, the terms have the following meanings:

*a)* ***enlarged smoothly-shaped necked-in profile*** [D.I. 158 at 12.] refers to "smooth shaped neck profile towards the top of the can."

*b)* ***forcing said second taper downwardly until it is contiguous with said first taper and reforms only an upper portion of said first taper while producing an extension of said first taper*** [D.I. 158 at 12.] means "overlaps an upper portion of the first taper and extends the first taper, thereby forming a larger uninterrupted taper."

### B. Claim 2:

#### 1. Disputed Terms

The following term remains in dispute and requires resolution by the Court: None.

#### 2. Agreed Terms

The following terms are no longer in dispute. The parties agree that, subject to the approval of the Court, the terms have the following meanings:

a) ***reformed as a part of said second taper on said first taper*** [D.I. 158 at 12.] means "a second curved segment is changed as a result of the second taper being forced downwardly on the first taper."

b) ***combined and blend*** [D.I. 158 at 12.] The parties agree that this term does not need to be construed.

**C. Claim 5:**

**1. Disputed Terms**

The following term remains in dispute and requires resolution by the Court: None.

**2. Agreed Terms**

The following term is no longer in dispute. The parties agree that, subject to the approval of the Court, the term has the following meaning:

a) ***part formed by each die element partially integrates and blends with the portion formed by a preceding die element*** [D.I. 158 at 12.] refers to "the portion of the necked-in profile formed by each die partially overlaps and is continuous with the profile formed by the preceding die."

**D. Claim 11:**

**1. Disputed Terms**

The following term remains in dispute and requires resolution by the Court: None.

**2. Agreed Terms**

The following terms are no longer in dispute. The parties agree that, subject to the approval of the Court, the terms have the following meanings:

*a)* ***through a smooth shaped portion*** [D.I. 158 at 12.] means "through a portion that does not have steps or ribs."

*b)* ***reforming only an upper part*** [D.I. 158 at 13.] means "changing only a part of the necked-in portion that is adjacent the cylindrical portion."

*c)* ***while further compressing*** [D.I. 158 at 13.] means "while further compressing" and does not need to be construed.

## VIII. ADDITIONAL STIPULATION

In addition, the parties also agree that their experts will be permitted to supplement their expert reports to state that any stipulated construction of previously-disputed claim terms does not change their opinions.

Dated: March 27, 2007

/s/ Barry Klayman
Barry M. Klayman (#3676)
Wolf, Block, Schorr and Solis-Cohen LLP
Wilmington Trust Center
1100 N. Market Street
Suite 1001
Wilmington, DE 19801
Tel: (302) 777-0313
Fax: (303) 778-7813
E-Mail: bklayman@wolfblock.com

*Attorneys for Plaintiffs*
*Crown Packaging Technology, Inc. and*
*Crown Cork & Seal USA, Inc.*

/s/ Frederick L. Cottrell
Frederick I. Cottrell, III (2555)
Anne Shea Gaza (#4093)
Richards, Layton & Finger, P.A.
One Rodney Square
P.O. Box 551
Wilmington, DE 19899
Tel: (302) 651-7700
Fax: (302) 651-7701
E-Mail: gaza@RLF.com

*Attorneys for Defendant*
*Rexam Beverage Can Co*