

Wilmington Trust Center, 1100 North Market Street, Suite 1001, Wilmington, DE 19801
Tel: (302) 777-5860 ■ Fax: (302) 777-5863 ■ www.WolfBlock.com

Barry M. Klayman
Direct Dial: (302) 777-0313
Direct Fax: (302) 778-7813
E-mail:   bklayman@wolfblock.com
*Admitted in Delaware and Pennsylvania

April 23, 2007

**VIA HAND DELIVERY & E-FILING**

The Honorable Mary Pat Thynge
U.S. Magistrate Judge
U.S. District Court for the District of
Delaware
844 North King Street
Lock Box 8
Wilmington, DE 19801

   Re: Crown Packaging Technology, Inc., et al. v. Rexam
     Beverage Can Co., C.A. No. 05-608-MPT

Dear Magistrate Judge Thynge:

  I am writing to bring to the Court's attention a recent opinion by the Court of Appeals for the Federal Circuit that bears on one of the claim construction disputes currently pending before the Court.

  In connection with the construction of the term "hinge segment" in the claims of the Rexam score patents, Rexam argued that, because the patent specification used the term "defined" in referring to the hinge segment as being "defined by a generally straight line between a first end 28 and a second end 30 of the frangible score," the specification "expressly defines the hinge segment" (Rexam's Opening Claim Construction Brief at 23) (D.I. 172). Crown pointed out that the specification's use of the term "defined" in this context did not amount to a definition of the term "hinge segment," but merely an indication as to where the hinge segment should be located (Crown's Response to Rexam's Opening Claim Construction Brief at 29-30) (D.I. 280).

  In its recent opinion in *Acumed LLC v. Stryker Corp.*, a copy of which is attached, the Court of Appeals for the Federal Circuit recognized that the use of the term "define" in a patent

WIL:65660.1/CRO056-230788

Boston, MA ■ Cherry Hill, NJ ■ Harrisburg, PA ■ New York, NY ■ Norristown, PA ■ Philadelphia, PA ■ Roseland, NJ ■ Wilmington, DE
WolfBlock Government Relations - Harrisburg, PA ■ WolfBlock Public Strategies - Boston, MA and Washington, DC
Wolf, Block, Schorr and Solis-Cohen LLP a Pennsylvania Limited Liability Partnership

The Honorable Mary Pat Thynge
April 23, 2007
Page 2

specification must be considered in context and that, in the case at hand, it did not amount to a "lexicographic definition":

> By highlighting the specification phrase "each of which is defined" and by describing that phrase as "important[]," the dissent appears to suggest that the patentee has in some sense imposed a limiting definition upon the word "transverse." But the use of the word "defined" here does not imply a lexicographic definition, especially not a definition of "transverse" to mean "perpendicular." Instead, the statement that the holes of the cited embodiment are "defined on . . . an axis" merely introduces the useful abstract concept of a "hole axis," later employed in the claims to describe the orientation of the holes with respect to each other. ... The claims repeatedly echo this form of usage of the word "define." ... If the word "define" were always to be an important signifier of limitation, this claim language would indicate that the butt portion has been defined to be transverse holes, that those holes in turn have been defined as hole axes, and that the curved portion and butt portion -- physical parts of the nail -- have each been dubbed identical to an imaginary central axis. These interpretations are incorrect, but they are the natural consequence of finding a restrictive definition of a term anywhere the word "define" might appear in this patent, regardless of context.

*Acumed LLC v. Stryker Corp.*, No. 2006-1260, 2006-1437, slip op. at 13 (Fed. Cir. April 12, 2007) (citations omitted).

Respectfully yours,

Barry M. Klayman
For WOLF, BLOCK, SCHORR and SOLIS-COHEN LLP

Enclosure
cc: Anne Gaza, Esquire (Via E-filing & E-mail)
    Dale Heist, Esquire (Via E-filing & E-mail)
    Jerry Willis, Esquire (Via E-Mail)

WIL:65660.1/CRO056-230788