# RICHARDS, LAYTON & FINGER

A PROFESSIONAL ASSOCIATION
ONE RODNEY SQUARE
920 NORTH KING STREET
WILMINGTON, DELAWARE 19801
(302) 651-7700
FAX (302) 651-7701
WWW.RLF.COM

ANNE SHEA GAZA

DIRECT DIAL NUMBER
302-651-7539
GAZA@RLF.COM

April 24, 2007

**VIA HAND DELIVERY & E-FILING**
The Honorable Mary Pat Thynge
U.S. Magistrate Judge
U.S. District Court for the District of
Delaware
844 North King Street
Lock Box 8
Wilmington, DE 19801

Re: *Crown Packaging Technology, Inc. and Crown Cork & Seal USA, Inc. v. Rexam Beverage Can Co.*, C.A. No. 05-608-MPT

Dear Magistrate Judge Thynge:

     I am writing on behalf of Rexam and in response to the letter by Mr. Klayman that calls attention to the recent Federal Circuit opinion in *Acumed LLC v. Stryker Corp.* Crown highlights this opinion for the proposition that every use of the word "defined" does not necessarily imply a "lexicographic definition." Rexam agrees. However, the proposition has no bearing on the dispute over the meaning of the term "hinge segment" since Rexam's claim construction argument is not based upon a lexicographic definition.

     Crown has mischaracterized Rexam's claim construction argument to imply that it relies upon a lexicographic definition found in the specification. Instead, Rexam's briefs have consistently argued that by reading (1) the requirements of the <u>claims themselves</u> and (2) the descriptions of the embodiments in the specification, a person of ordinary skill in the art would arrive at Rexam's proposed construction of the term "hinge segment." (Rexam's Opening Claim Construction Brief at 23) (D.I. 172). Although Rexam pointed to support in the specification for its proposed construction, after a paragraph detailing support in the claims, Rexam's construction is clearly not premised upon one particular definition that should be blindly followed.

RLF1-3142845-1

Barry M. Klayman
April 24, 2007
Page 2

      Finally, just as the details of a third-party patent merited "little consideration" in the *Acumed* case, Acumed's use of the word "defined" in its case should have little relevance in the case currently before the Court. *See Acumed LLC v. Stryker Corp.*, No. 2006-1260, 2006-1437, slip op. at 14 (Fed. Cir. Apr. 12, 2007) (noting it is instead the claims and specification of the patent-in-suit that should be given "significantly greater weight").

      Respectfully,

      Anne Shea Gaza
      (#4093)

ASG:csi

cc:   Barry Klayman, Esquire (via hand delivery and electronic mail)
      Dale Heist, Esquire (via electronic mail)
      Jerry Willis, Esquire (via electronic mail)
      Frederick L. Cottrell, III, Esquire

RLF1-3142845-1