

Wilmington Trust Center, 1100 North Market Street, Suite 1001, Wilmington, DE 19801
Tel: (302) 777-5860 ■ Fax: (302) 777-5863 ■ www.WolfBlock.com

Barry M. Klayman
Direct Dial: (302) 777-0313
Direct Fax: (302) 778-7813
E-mail:    bklayman@wolfblock.com
*Admitted in Delaware and Pennsylvania

May 4, 2007

**VIA HAND DELIVERY & E-FILING**

The Honorable Mary Pat Thynge
U.S. Magistrate Judge
U.S. District Court for the District of
Delaware
844 North King Street
Lock Box 8
Wilmington, DE 19801

    Re:    <u>Crown Packaging Technology, Inc., et al. v. Rexam
               Beverage Can Co., C.A. No. 05-608-MPT</u>

Dear Magistrate Judge Thynge:

    I am writing in response to Rexam's May 1, 2007 letter concerning the recently-issued Supreme Court decision in *KSR International Co. v. Teleflex, Inc.*, No. 04-1350, slip op. (Apr. 30, 2007). Crown respectfully submits that the *KSR* decision does not disturb the bases for Crown's opposition to Rexam's motion for summary judgment.

    In its letter, Rexam contends that the *KSR* decision "eviscerates Crown's defenses." But the particular holding in *KSR* addressed an issue that is not in dispute in this case. The Supreme Court specifically held that prior art references do not need to be directed to the same problem or purpose as the problem facing the inventor of the patent-in-suit to be considered by one of ordinary skill at the time of invention. Slip op. at 16. The Court noted that the Federal Circuit had been too narrow in cases where it required courts to "look only to the problem the patentee was trying to solve," under the assumption that "a person of ordinary skill attempting to solve a problem will be led only to those elements of prior art designed to solve the same problem." *Id.* Here, Crown has not based its opposition on whether or not Rexam's alleged prior art dealt with the same or similar problems as those addressed by the patents. Thus, the

WIL:65814.1/CRO056-230788

Boston, MA ■ Cherry Hill, NJ ■ Harrisburg, PA ■ New York, NY ■ Norristown, PA ■ Philadelphia, PA ■ Roseland, NJ ■ Wilmington, DE
WolfBlock Government Relations - Harrisburg, PA ■ WolfBlock Public Strategies - Boston, MA and Washington, DC
Wolf, Block, Schorr and Solis-Cohen LLP, a Pennsylvania Limited Liability Partnership

The Honorable Mary Pat Thynge
May 4, 2007
Page 2

holding in *KSR*, and the reasoning in support thereof, has no bearing on Crown's opposition to Rexam's motion.

Moreover, the holding of the *KSR* decision was centered on a lack of evidence put forth by the plaintiff and, thus, a lack of genuine issues for trial. The Supreme Court specifically held that plaintiff's expert declarations were "conclusory" and insufficient to defeat summary judgment because "[n]othing in the declarations . . . prevented the District Court from reaching the careful conclusions underlying its order of summary judgment." Slip op. at 23. Here, Crown submitted a declaration of its expert that contained detailed and well-reasoned analyses of non-obviousness. By contrast, Rexam did not even submit a declaration from its expert, relying instead on unsupported attorney argument.

In addition, *KSR* held that "[w]here . . . the content of the prior art, the scope of the patent claim, and the level of ordinary skill in the art are not in material dispute, and the obviousness of the claim is apparent in light of these factors, summary judgment is appropriate." Slip op. at 23. Here, as acknowledged in Rexam's letter, the parties dispute the content of the prior art, in particular, whether the 323 reference discloses an unseamed can end. The parties also dispute the secondary considerations in this case. Rexam refuses to acknowledge that the commercial embodiment of the patents, the Superend, has been commercially successful or that the many licenses to the patents support the success of the end in the market. These are all triable issues that preclude summary judgment even under *KSR*.

In its letter, Rexam suggests that the *KSR* decision eliminated the Federal Circuit's teaching, suggestion, or motivation (TSM) test. But the Supreme Court in *KSR* did not outright reject the test; it rejected the way the Federal Circuit had "applied its TSM test *here*"— meaning the rigid analysis used under the set of facts presented in the *KSR* case. *KSR* still requires an evaluation of obviousness that rests on "whether there was an apparent reason to combine the known elements in the fashion claimed by the patent at issue." Slip op. at 14. In addition, "th[is] analysis should be made explicit" and it is insufficient to show obviousness with conclusory statements. *Id.* Thus, the Supreme Court left undisturbed the need to articulate a motivation or "reason" to combine prior art elements, rejecting only the need for a rigid explicit prior art teaching to direct the combination of prior art. In essence, the Supreme Court did not dismiss the TSM test as Rexam suggests, only applications that inflexibly apply the rule where "common sense" might show otherwise.

The Court recognized that "[i]n the years since the Court of Customs and Patent Appeals set forth the essence of the TSM test, the Court of Appeals no doubt has applied the test in accord with these principles in many cases. There is no necessary inconsistency between the idea underlying the TSM test and the *Graham* analysis." Slip op. at 15. Further, the Court went so far as to suggest that the Federal Circuit may have corrected itself in more recent

WIL:65814.1/CRO056-230788

The Honorable Mary Pat Thynge
May 4, 2007
Page 3

opinions which stress that the teaching need not be explicit and that the motivation to combine "may be found implicitly in the prior art" or with "consideration of common knowledge and common sense." See slip op. 18 (citing *DyStar Textilfarben GmbH & Co Deutschland KG v. C. H. Patrick Co.*, 464 F.3d 1356, 1367 (Fed. Cir. 2006) and *Alza Corp. v. Mylan Labs., Inc.*, 464 F.3d 1286, 1291 (Fed. Cir. 2006)). The views of the Deputy Commissioner of Patent Operations for the U.S. Patent and Trademark Office are in accord with Crown's reading of *KSR* (*see* Memorandum from M. Focarino to Technology Center Directors (May 3, 2007), attached hereto as Exhibit A).

Here, the *KSR* decision has not undercut the force of Crown's opposition. Quite to the contrary, the bases for Crown's opposition are as vital as ever in light of *KSR*. For example:

- Crown provided evidence in the form of an expert declaration that there was no reasonable expectation of success in the combination of a standard industry end with the 323 reference.

- Crown also provided evidence that the prior art, in particular, the 843 reference cited by Rexam, expressly taught away from Rexam's combination of a standard industry end with the 323 reference.

- Crown also provided evidence that demands known to the design community (termed "interchangeability") strongly discouraged Rexam's combination of standard industry end with the 323 reference.

- Crown provided more than ample evidence of secondary considerations.

Each of these bases has been expressly reaffirmed by *KSR*. *See* slip op. at 11-12, 14.

Finally, *KSR* cannot correct Rexam's failure to raise even a *prima facie* case of obviousness. Rexam provided no evidence as to the scope and content of the prior art or the level of ordinary skill in the art. It failed to conduct an element by element analysis. And it did not bother to present any evidence from its expert or otherwise as to what it now claims in its letter was "subject matter well within the realm of knowledge and creativity of a person of ordinary skill." These deficiencies in Rexam's proof are not cured by the *KSR* decision and summary judgment is precluded on this basis alone.

The Honorable Mary Pat Thynge
May 4, 2007
Page 4

    In sum, Crown respectfully submits that the *KSR* decision does affect the outcome of the issue of obviousness on summary judgment in this case and that further briefing concerning the decision is unwarranted.

Respectfully yours,

/ Barry M. Klayman
For WOLF, BLOCK, SCHORR and SOLIS-COHEN LLP

Attachment
cc: Anne Gaza, Esquire (Via E-filing & E-mail)
    Dale Heist, Esquire (Via E-filing & E-mail)
    Jerry Willis, Esquire (Via E-Mail)

WIL:65814.1/CRO056-230788