

Wilmington Trust Center, 1100 North Market Street, Suite 1001, Wilmington, DE 19801
Tel: (302) 777-5860 ■ Fax: (302) 777-5863 ■ www.WolfBlock.com

Barry M. Klayman
Direct Dial: (302) 777-0313
Direct Fax: (302) 778-7813
E-mail:    bklayman@wolfblock.com
*Admitted in Delaware and Pennsylvania

May 16, 2007

## VIA HAND DELIVERY & E-FILING

The Honorable Mary Pat Thynge
U.S. Magistrate Judge
U.S. District Court for the District of
Delaware
844 North King Street
Lock Box 8
Wilmington, DE 19801

> Re:    Crown Packaging Technology, Inc., et al. v. Rexam
>        Beverage Can Co., C.A. No. 05-608-MPT

Dear Magistrate Judge Thynge:

Rexam's May 14, 2007 letter brief (D.I. 332) violates the spirit, if not the letter, of Local Rule 7.1.2(c), which allows only a mere citation and brief discussion of supplemental authorities. Rexam's letter brief is really a second and unauthorized surreply for its unsupported motion for summary judgment of obviousness.

The recently-decided *Leapfrog* case does not change the standard for summary judgment and nowhere authorizes summary judgment of obviousness in the face of a disputed factual record on either the primary *or* secondary *Graham* factors. Although Rexam argues that *Leapfrog* authorizes a Court to summarily invalidate a patent for obviousness by simply pronouncing that any secondary *Graham* factors would be "inadequate" to overcome a conclusion of obviousness, *Leapfrog* in fact grants no such authorization having been decided, not on summary judgment, but only *after* a full trial on the merits and based on a complete record. *Leapfrog*, No. 06-1402, slip op. at 10-11.

With or without *Leapfrog*, Rexam cannot eradicate the factual record that precludes summary judgment. Rexam tacitly admits that there disputed factual issues regarding secondary

WIL:67128.1/CRO056-230788

Boston, MA ■ Cherry Hill, NJ ■ Harrisburg, PA ■ New York, NY ■ Norristown, PA ■ Philadelphia, PA ■ Roseland, NJ ■ Wilmington, DE

WolfBlock Government Relations - Harrisburg, PA ■ WolfBlock Public Strategies - Boston, MA and Washington, DC

Wolf, Block, Schorr and Solis-Cohen LLP, a Pennsylvania Limited Liability Partnership

The Honorable Mary Pat Thynge
May 16, 2007
Page 2

*Graham* factors in this case.[1] Further, Rexam pointedly ignores the disputed factual issues regarding the primary *Graham* factors that also preclude summary judgment.[2]

Neither *KSR* nor *Leapfrog* affect the Court's disposition of Rexam's motion. If the Court believes that further argument is required, however, Crown submits that argument should be scheduled rather than permitting further unstructured and piecemeal briefing.

Respectfully yours,

Barry M. Klayman
For WOLF, BLOCK, SCHORR and SOLIS-COHEN LLP

cc: Anne Gaza, Esquire (Via E-filing & E-mail)
    Dale Heist, Esquire (Via E-filing & E-mail)
    Jerry Willis, Esquire (Via E-Mail)

---

[1] See May 14 letter brief at n.2: "the evidence *contradicts* Crown's arguments regarding commercial success."

[2] Although Rexam dismisses Crown's evidence interpreting the Japanese reference as "absurd" (May 14 letter brief at 2), the Patent Office apparently credited that interpretation because it allowed the asserted claims over the Japanese reference.