RICHARDS, LAYTON & FINGER
A PROFESSIONAL ASSOCIATION
ONE RODNEY SQUARE
920 NORTH KING STREET
WILMINGTON, DELAWARE 19801
(302) 651-7700
FAX (302) 651-7701
WWW.RLF.COM

ANNE SHEA GAZA

DIRECT DIAL NUMBER
302-651-7539
GAZA@RLF.COM

May 23, 2007

**VIA HAND DELIVERY & E-FILING**
The Honorable Mary Pat Thynge
U.S. Magistrate Judge
U.S. District Court for the
 District of Delaware
844 North King Street
Lock Box 8
Wilmington, DE 19801

Re: *Crown Packaging Technology, Inc. and Crown Cork & Seal USA, Inc. v. Rexam Beverage Can Co.*, C.A. No. 05-608-MPT

Dear Magistrate Judge Thynge:

Defendant Counterclaimant Rexam Beverage Can Co. ("Rexam") filed three motions for summary judgment: a motion for partial summary judgment that Rexam's asserted U.S. Patents nos. 4,774,839 and 5,697,242 are infringed (D.I. 208); Rexam's motion for partial summary judgment of invalidity of Crown's U.S. Patents nos. 6,935,826 ("'826 patent") and 6,848,875 ("'875 patent")(D.I. 209); and Rexam's motion for summary judgment that its Rexam End does not infringe Crown's asserted U.S. Patents nos. 6,935,826 and 6,848,875 (D.I. 212). Each of those motions asks the Court to hold that there is no genuine issue of material fact on several specifically addressed issues and to enter summary judgment based on those holdings.

The Court's Order on claim construction (D.I. 334) does not render moot Rexam's request for a determination that there is no genuine issue of material fact on any issue raised by Rexam's motion for partial summary judgment that Rexam's U.S. Patents nos. 4,774,839 and 5,697,242 are infringed (D.I. 208) or any issue raised by Rexam's motion for partial summary judgment of invalidity of Crown's '826 patent and '875 patent (D.I. 209). Only two issues on which Rexam asked the Court to find no genuine issue of material fact in support of Rexam's motion for summary judgment that the Rexam End does not infringe Crown's patents are rendered moot by the Court's claim construction, but this limited mootness does not defeat that motion for summary judgment.

Rexam argued that the Rexam End together with the Rexam End chuck did not infringe claims 13 an 14 of the '826 patent or claims 50-53 of the '875 patent because the Rexam End chuck does not meet the requirements of those claims. D.I. 215 at 4, 5, 22–25. Two bases were argued. First, the Rexam End chuck does not meet Rexam's proposed construction of the claim

RLF1-3155510-1

The Honorable Mary Pat Thynge
May 23, 2007
Page 2

requirement that two chuck walls meet at a juncture. The Court rejected Rexam's construction thereby rendering this argument moot. D.I. 334 at 4. Second, Rexam argued that the Rexam End chuck did not meet Crown's proposed constructions of the requirement for two walls that meet at a juncture because there is no basis in Crown's proposed constructions to find that the Rexam End chuck has two walls that meet at a juncture. D.I. 215 at 23-25. This argument is not moot as it is specifically directed to the construction that the Court adopted. Rexam continues to request that the Court find that there is no genuine issue of material fact as to whether the Rexam End chuck meets the requirements of claims 13 and 14 of the '826 patent and the requirements of claims 50 through 52 of the '875 patent because the construction of those requirements provides no way to show that the Rexam End chuck does not form a single wall rather than the required two walls that meet at a juncture.

Rexam argued that the Rexam End did not infringe claims 13 and 14 of the '826 patent because the only portion of the Rexam End that is bent upwardly during seaming is the cover hook, as Rexam proposed that term be construed, not the wall as required by those claims. D.I. 215 at 7, 27-30. The Court adopted Crown's proposed construction of that term. D.I. 334 at 6. Rexam's request that the Court find no genuine issue of material fact based on Rexam's proposed construction is now moot in view of the Court's adoption of Crown's proposed construction. However, Rexam's motion also seeks summary judgment that the Rexam End and Rexam End chuck do not infringe claims 13 and 14 of the '826 patent because the Rexam End does not have an annular reinforcing bead, (D.I. 215 at 3-4, 19-22), the Rexam End Chuck does not have two chuck walls that meet at a juncture (D.I. 215 at 4-5, 23-25) and the Rexam End wall is not at an angle between 30° and 60° (D.I. 215 at 5-6, 25-26).

For the foregoing reasons, none of Rexam's motions for summary judgment are moot in view of the Court's claim construction order.

Respectfully,

Anne Shea Gaza, by Jameson A.L. Tweedie
Anne Shea Gaza                    (#4927)
(#4093)

ASG:afg
Enclosure

cc:  Barry M. Klayman, Esquire (via hand delivery and electronic mail)
     Dale M. Heist, Esquire (via electronic mail)
     Lynn A. Malinoski, Esquire (via electronic mail)
     Chad E. Ziegler, Esquire (via electronic mail)
     George P. McAndrews, Esquire (via electronic mail)
     Steven J. Hampton, Esquire (via electronic mail)
     Gerald C. Willis, Esquire (via electronic mail)
     Paul W. McAndrews, Esquire (via electronic mail)
     Frederick L. Cottrell, III, Esquire

RLF1-3155510-1