# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

CROWN PACKAGING TECHNOLOGY,
INC. and CROWN CORK & SEAL USA,
INC.,

   Plaintiffs,

v.           Civil Action No. 05-608-MPT

REXAM BEVERAGE CAN CO.,

   Defendant.



## MEMORANDUM ORDER

At Wilmington on this 24th day of July, 2007,

## 1. INTRODUCTION

This is a patent infringement case. On August 18, 2005 Crown Packaging Technology, Inc. and Crown Cork & Seal USA, Inc. (collectively "Crown") filed suit against Rexam Beverage Can Co. ("Rexam") and Rexam Beverage Can Americas, Inc. alleging infringement under 35 U.S.C. § 271 of Crown's U.S. Patent No. 6,848,875 ("the '875 patent").[1] On August 30, 2005, Crown filed its First Amended Complaint adding a count alleging infringement of its U.S. Patent No. 6,935,826 ("the '826 patent").[2] On October 18, 2005, Crown filed an Unopposed Motion for Leave to File Second

---

[1] D.I. 1 (Complaint for Patent Infringement).

[2] D.I. 3 (First Amended Complaint for Patent Infringement).

Amended Complaint[3] which was granted on October 20, 2005[4] and that complaint was filed on the same date.[5]

On November 3, 2005, Rexam filed its Answer to Second Amended Complaint for Patent Infringement and Counterclaims, denying infringement, raising certain affirmative defenses and alleging infringement of its U.S. Patent Nos. 4,774,839 ("the '839 patent"), 5,222,385 ("the '385 patent"), 5,697,242 ("the '242 patent"), 6,129,230 ("the '230 patent"), and 6,260,728 ("the '728 patent").[6] On December 23, 2005, Crown filed its answer to Rexam's counterclaims denying infringement and raising certain affirmative defenses.[7]

In an effort to preserve evidentiary rights and minimize alleged prejudice, Crown moved to bifurcate the trial of Rexam's counterclaims and to submit a defense of laches to the jury.[8] This is the court's decision on that motion.

## 2. LEGAL STANDARD

Bifurcation

A district court has broad discretion to order separate trials of discrete issues or claims if the court finds that "bifurcation would be in the furtherance of convenience or

---

[3] D.I. 13.

[4] D.I. 15.

[5] D.I. 16. Rexam Beverage Can Americas, Inc. was dismissed as a defendant on this same date. See D.I. 13, ¶ 4; D.I. 15. No additional patents were asserted by Crown in the Second Amended Complaint. See D.I. 16.

[6] D.I. 17.

[7] D.I. 37.

[8] D.I. 201. Crown's motion to present evidence of laches to the jury was granted in an opinion dated July 24, 2007.

2

to avoid prejudice, or when separate trials will be conducive to expedition and economy."[9] The decision is made on a case by case basis and subject to the informed discretion of the trial judge in each instance.[10] "In deciding whether one trial or separate trials will best serve the convenience of the parties and the court, avoid prejudice, and minimize expense and delay, the major consideration is directed toward the choice most likely to result in a just final disposition of the litigation."[11] In patent cases, bifurcation can be used to simplify the issues and to "maintain manageability of the volume and complexity of the evidence presented to a jury."[12] While Rule 42(b) suggests that bifurcation can be conducive to judicial expedition and economy, dividing the ultimate resolution of a dispute into separate trials could inevitably lead to additional discovery, more pre-trial disputes, empaneling a second jury, deposing or recalling the same witnesses and the potential for multiple, additional post trial motions and appeals.[13] Those probable consequences must be weighed and therefore, "bifurcation should be particularly compelling and prevail only in exceptional cases."[14]

## 3. POSITIONS OF THE PARTIES AND ANALYSIS

Crown argues that factually different counterclaims raise disparate liability and damages issues. It states that the technology for reforming the bottoms, necks and

---

[9] Federal Rule of Civil Procedure 42(b).

[10] See Lis v. Robert Packer Hosp., 579 F.2d 819, 824 (3d Cir. 1978).

[11] In Re Innotron Diagnostics, 800 F.2d 1077, 1084 (Fed. Cir. 1986).

[12] Thomas L. Creel & Robert P. Taylor, Bifurcation, Trifurcation, Opinions of Counsel, Privilege and Prejudice, 424 PLI/Pat 823, 826 (1995).

[13] See Koss Pharmaceuticals, Inc. v. Barr Labs, 218 F.R.D. 387, 390 (S.D.N.Y. 2003).

[14] Id.

attaching can ends are distinct and as a result, there is no evidentiary overlap. Crown contends that a jury would be confused if asked to consider infringement issues covering seven different patents and 21 asserted claims. Crown asserts that the technology for manufacturing may be similar, however, there is little evidentiary overlap and thus, bifurcation is justified. Finally, Crown offers that its experts have calculated a different royalty rate than Rexam's experts, and therefore, Crown would be prejudiced by the introduction of Rexam's evidence on that issue.

Rexam argues that the infringement issues clearly fall into one of four different can manufacturing technologies and the jury can easily compartmentalize the issues with regard to each technology. Rexam contends that a single product, a common beverage can, embodies all of the asserted technologies in the matter. It notes that the patent claims address formation of the can lid, the score line on the lid and the can neck and bottom. Rexam purports that jurors can comprehend and adhere to the instructions that they are given, even with the most complex factual and legal scenarios, and they will certainly comprehend can manufacturing technologies.[15] Rexam is confident that cogent presentations may be crafted to aid the jury, and suggests that separate trials are unnecessary and wasteful. Rexam refutes Crown's claims of prejudice as a result of jury incompetence and maintains that the jury *can* determine a reasonable royalty rate. Rexam contends that Crown seeks to gain a tactical advantage by dissecting out the counterclaims and it will not be prejudiced by their inclusion.

---

[15] *Citing Lis v. Robert Packer Hosp.*, 579 F.2d 819, 824 (3d Cir. 1978).

4

The court is not persuaded that complete bifurcation of the matter into two distinct trials, as Crown advocates, is warranted. Crown cites to *In re Innotron* for the proposition that a more economical, efficient, convenient and just disposition of the litigation will result from bifurcation.[16] *Innotron* supports bifurcation of patent infringement and anti-trust issues, noting such issues are distinct and appropriate for separate trials. In the instant matter, there are no distinct issues which require bifurcation. The second amended complaint and counterclaims are exclusively patent infringement matters between two parties concerning the manufacture of beverage cans with standard defenses to the patents alleged.[17] Crown contends that courts have outlined the important factors to consider in support of bifurcation.[18] Neither *Kimberly-Clark* nor *Ciena* suggest bifurcation of a defendant's counterclaims of infringement. Both cases allow that liability issues, in complex patent infringement cases, may be separate and distinct from damages issues. Although Crown relies on those cases, it is not moving to separate the issues in the present matter in the same manner, nor proposing that the time allotted for trial be halved. Rather, on the basis of efficiency,

---

[16] *In re Innotron Diagnostics*, 800 F.2d. 1077, 1084 (Fed. Cir. 1986).

[17] Crown's motion to dismiss Rexam's Counterclaim I was previously granted in the opinion of July 24, 2007.

[18] *See Kimberly-Clark Corp., v. James River Corp. of Va.*, 131 F.R.D. 607, 608 (N.D. Ga. 1989) ("In addition to the more general factors set forth in Rule 42(b); i.e., (1) convenience; (2) prejudice; (3) expedition; and (4) economy; a court reviewing a motion for separate trials may properly consider (5) whether the issues sought to be tried separately are significantly different; (6) whether they are triable by jury or the court; (7) whether discovery has been directed to a single trial of all issues; (8) whether the evidence required for each issue is substantially different; (9) whether one party would gain some unfair advantage from separate trials; (10) whether a single trial of all issues would create the potential for jury bias or confusion; and (11) whether bifurcation would enhance or reduce the possibility of a pretrial settlement."); *see also Ciena Corp. v. Corvis Corp.*, 210 F.R.D. 519, 520 (D. Del. 2002) ("Courts, when exercising their broad discretion to bifurcate issues for trial under Rule 42(b), should consider whether bifurcation will avoid prejudice, conserve judicial resources, and enhance juror comprehension of the issues presented in the case.").

Crown's proposition suggests two trials with two juries, potentially involving four weeks, rather than one trial involving similar technologies, scheduled for two weeks.[19] Crown does not point to a single case in which a trial court granted bifurcation of counterclaims of infringement.

Crown contends that the jury might be confused by the shear number of experts and fact witnesses that will be required during trial. Relying on *Ciena*, Crown implies that a single jury should not be entrusted with this "monumental task" and that confusion would be "inescapable."[20] In contrast to *Ciena*, where the patents pertained to wavelength division multiplexing optical communications equipment, the present matter concerns the methods of formation of three areas of a beverage can, the end, neck and bottom.[21] In addition, the '875 and '826 patents contain substantially identical specifications, reducing the issues for trial. Evidentiary overlaps do exist, and even in their absence, that alone does not mandate bifurcation. While a "minor overlap of evidence does not militate strongly against bifurcation, it certainly does not weigh in favor of bifurcation."[22] Only if necessary, bifurcation of a trial into separate liability and damages phases *may be* appropriate to increase juror comprehension in highly complex and/or technical cases, to present the evidence in a more understandable

---

[19] Crown does not propose *when* this second trial on Rexam's counterclaims would likely occur.

[20] D.I. 202 at 19.

[21] No doubt an item, unlike optical communications equipment, with which most, if not all jurors, have some familiarity.

[22] *Joy Technologies, Inc. v. Flakt, Inc.*, 772 F. Supp. 842, 848 (D. Del. 1991).

6

manner and to limit the legal issues a jury must address.[23]

In conclusion, for the reasons cited herein, Crown's motion to bifurcate the trial of Rexam's counterclaims (D.I. 201) is **DENIED**.

_____
Honorable Mary Pat Thynge
U.S. Magistrate Judge

---

[23] *See Ciena Corp.*, 210 F.R.D. at 521.