IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CROWN PACKAGING TECHNOLOGY, INC. AND CROWN CORK & SEAL USA, INC., <br><br> PLAINTIFFS, <br><br> V. <br><br> REXAM BEVERAGE CAN CO., <br><br> DEFENDANT. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) CIVIL ACTION NO. 05-608 (MPT) |

CROWN'S MEMORANDUM OF LAW IN SUPPORT OF
ITS MOTION FOR REARGUMENT AND RECONSIDERATION OF
THE COURT'S JULY 24, 2007 MEMORANDUM ORDER DENYING
CROWN'S MOTION TO BIFURCATE TRIAL OF REXAM'S COUNTERCLAIMS

Barry M. Klayman (ID # 3676)
WOLF, BLOCK, SCHORR and
   SOLIS-COHEN LLP
Wilmington Trust Center
1100 N. Market Street, Suite 1001
Wilmington, DE 19801
(302) 777-0313

Dale M. Heist
Lynn A. Malinoski
Chad E. Ziegler
WOODCOCK WASHBURN, LLP
Cira Centre, 12th Floor
2929 Arch Street
Philadelphia, PA 19104
(215) 568-3100

*Attorney for Plaintiffs*
*Crown Packaging Technology, Inc. and*
*Crown Cork & Seal USA, Inc.*

Dated: August 7, 2007

## TABLE OF CONTENTS

I. NATURE AND STAGE OF THE PROCEEDINGS ........................................................... 1

II. SUMMARY OF ARGUMENT ...................................................................................... 1

III. STATEMENT OF FACTS .............................................................................................. 3

IV. ARGUMENT ................................................................................................................... 4

    A. The Legal Standard For Reargument and Reconsideration. .................................. 4

    B. Crown Is Not Seeking To Add Any More Time To The Trial Schedule. .............. 4

    C. Crown Is Not Seeking To Have Two Different Juries Impaneled. ........................ 5

    D. Crown Seeks A Logical And Non-Confusing Sequencing Of Evidence, Argument, And Deliberations Before A Single Jury. ............................................. 6

V. CONCLUSION ................................................................................................................ 8

i

# TABLE OF AUTHORITIES

**Case Law**

*Adobe Systems, Inc. v. Macromedia, Inc.*,
   C.A. No. 00-cv-00743 (D. Del.) ............................................................................3, 6

*Brambles USA, Inc. v. Blocker*,
   735 F. Supp. 1239 (D. Del. 1990) ................................................................................4

*Elster Electricity LLC a/k/a ABB Automation, Inc. v. SchlumbergerSema, Inc.*,
   C.A. No. 01-00077 (D. Del.) ..........................................................................3, 6, 7, 8

*Inline Connection Corp. v. AOL Time Warner Inc.*,
   395 F. Supp. 2d 115 (D. Del. 2005) .............................................................................4

*North Dakota Fair Housing Council, Inc. v. Allen*,
   298 F. Supp. 2d 897 (D.N.D. 2004) .............................................................................6

*Philips Electrics N. America Corp. v. Contec Corp.*,
   Civ. A. No. 02-123-KAJ, 2005 U.S. Dist. LEXIS 3530 (D. Del. Mar. 7, 2005) ...........4

**Statutes and Rules**

Federal Rule of Civil Procedure 42(b) .................................................................... *passim*

**Treatises and Other Authorities**

MANUAL FOR COMPLEX LITIGATION (FOURTH) (2004) .......................................................6

8 James Wm. Moore, MOORE'S FEDERAL PRACTICE (3d ed. 2007) .....................................5

Herbert F. Schwartz, PATENT LAW AND PRACTICE (5th ed. 2006) ...............................2, 5, 6

I.  **NATURE AND STAGE OF THE PROCEEDINGS**

This case involves claims of patent infringement brought by plaintiffs Crown Packaging Technology, Inc. and Crown Cork & Seal USA, Inc. (collectively, "Crown") and counterclaims of patent infringement, on different patents, brought by defendant Rexam Beverage Can Company ("Rexam"). Summary judgment and claim construction briefing was completed in March 2007, and oral argument was heard on March 16, 2007. On July 24, 2007, this Court granted Crown's motions concerning Crown's defense of failure to mark under 35 U.S.C. § 287 with respect to Counterclaims I-III (D.I. 347, D.I. 350), but denied Crown's motion under Federal Rule of Civil Procedure 42(b) (D.I. 201) to bifurcate the trial of Crown's patent infringement claims from the trial of Rexam's separate patent infringement counterclaims. (D.I. 348).

II.  **SUMMARY OF ARGUMENT**

The Court's opinion denying Crown's bifurcation motion appears to be based in large part on the mistaken belief that Crown was seeking a four-week trial before two separately-impaneled juries. Crown brings this motion for reargument under Delaware Local Rule 7.1.5 to explain that this is not the case, and to more clearly restate the scope of its bifurcation request.

Crown is not seeking any additional trial time beyond the two-week schedule ordered by the Court. Nor is Crown requesting that the Court use two different juries, one for the trial of Crown's infringement claims on its Superend patents, and one for the trial of Rexam's patent infringement counterclaims. What Crown is seeking is a sequencing of the evidentiary presentations, attorney argument, and jury deliberations in this case, in such a way as to enhance juror comprehension, while still preserving the two-week trial schedule set by the Court.

Specifically, Crown's Rule 42(b) bifurcation proposal contemplates a two-phase trial with the same jury deciding the issues in both phases. The first phase of the trial would cover Crown's infringement claims on its Superend patents, and Rexam's defenses to those claims. At

the conclusion of the first phase, the jury would be asked to render a verdict on Crown's claims. The second phase would proceed immediately after the jury's verdict in the first phase and would cover Rexam's patent infringement counterclaims, and Crown's defenses to those counterclaims. The *same* jury would then be asked to render a verdict on Rexam's infringement counterclaims.

The proposed sequence of presentation should greatly aid juror comprehension by permitting the jury to hear all of the evidence and argument on one set of claims, and then consider and decide them, before being asked to switch gears and hear evidence and argument on a different set of claims involving different patents on different aspects of can body and can-end manufacturing technology. *Cf.* Herbert F. Schwartz, PATENT LAW AND PRACTICE § 9.II, at 254 (5th ed. 2006) (identifying ways to aid juror comprehension at trial, and specifically noting that "jurors may benefit from being able to . . . consider different patents separately").

At the same time, the proposed sequencing should not require any trial time beyond the two-week, ten-day period scheduled by the Court. Crown believes that its trial presentation on the Superend patent infringement claims can be completed in a little over a week, with sufficient time left for Rexam to present a full and complete case on its patent infringement counterclaims. Indeed, the Court's grant of summary judgment dismissing one of Rexam's counterclaim patents – U.S. Patent No. 4,774,839 (the "839 patent") directed to can "necking" technology – has narrowed and simplified Rexam's counterclaim case, and the Court's claim construction opinion will likely also narrow issues for the counterclaim phase of the trial. Moreover, in preparation for the submission of the joint proposed pretrial order, Crown and Rexam are continuing their good faith discussions as to how to pare down the factual issues that will be presented during the two-week trial of both Crown's claims and Rexam's counterclaims.

Finally, via this motion, Crown also brings to this Court's attention two relatively recent cases in the District of Delaware (albeit unreported) in which the court ordered a bifurcated trial of plaintiffs' patent infringement claims and the defendants' separate patent infringement counterclaims. Both cases followed the sequence proposed by Crown, *viz.*, a trial of the plaintiffs' patent infringement claims, followed immediately thereafter by trial of the defendants' patent infringement counterclaims. The first case is *Adobe Systems, Inc. v. Macromedia, Inc.*, C.A. No. 00-cv-00743, before Judge Joseph J. Farnan, Jr., and the second is *Elster Electricity LLC a/k/a ABB Automation, Inc. v. SchlumbergerSema, Inc.*, C.A. No. 01-00077, before Judge Sue L. Robinson.

In light of the above, Crown respectfully requests that the Court grant its motion for re-argument and enter an order sequencing the two-week, ten-day trial in the manner proposed.

### III. STATEMENT OF FACTS

As set forth in the Nature and Stage of the Proceedings section above, on July 24, 2007, the Court denied Crown's motion, made under Rule 42(b), to bifurcate trial of its patent infringement claims from trial of Rexam's permissive patent infringement counterclaims. (D.I. 348). In support of this denial, the Court noted in particular that Crown's request "suggests two trials with two juries, potentially involving four weeks, rather than one trial involving similar technologies, scheduled for two weeks." *Id.* at 6. The Court also observed that Crown had not "propose[d] *when* this second trial on Rexam's counterclaims would likely occur." *Id.* at 6 n.19. Finally, the Court stated that Crown had not "point[ed] to a single case in which a trial court granted bifurcation of counterclaims of infringement." *Id.* at 6.

This motion for reargument and reconsideration, brought under Delaware Local Rule 7.1.5, is intended to respond to the Court's concerns and to clarify the scope of Crown's bifurcation request.

3

IV.  **ARGUMENT**

    A.    **The Legal Standard For Reargument and Reconsideration.**

In the District of Delaware, re-argument can be granted where "(i) the court has patently misunderstood a party; (ii) the court has made a decision outside of the adversarial issues presented to the court by the parties; or (iii) the court has made an error not of reasoning but of apprehension." *Inline Connection Corp. v. AOL Time Warner Inc.*, 395 F. Supp. 2d 115, 117 (D. Del. 2005) (Thynge, J.); *see also Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1241 (D. Del. 1990) (Longobardi, J.) (same); *Philips Elecs. N. Am. Corp. v. Contec Corp.*, Civ. A. No. 02-123-KAJ, 2005 U.S. Dist. LEXIS 3530, at *1 (D. Del. Mar. 7, 2005) (Jordan, J.) (granting motion for reargument).

    B.    **Crown Is Not Seeking To Add Any More Time To The Trial Schedule.**

It appears from the Court's opinion on bifurcation that Crown's request was denied largely due to a concern that bifurcation would result in four weeks of trial time – instead of the currently-scheduled two – and would necessitate the impaneling of two different juries – instead of one. D.I. 348 at 5-6 (expressing concern that Crown's request "suggests two trials . . . potentially involving four weeks, rather than one trial . . . scheduled for two weeks"). Crown, through its bifurcation request, however, is not seeking to have the Court add any additional time to the ten-day, two-week period it has reserved for the trial of this action.

Crown is confident that two weeks allows sufficient time for a bifurcated presentation of evidence and arguments on both Crown's Superend patent infringement claims, as well as on Rexam's separate infringement counterclaims.[1] Here, the Court has helped simplify matters by

---

[1]    Presumably, Rexam would agree. Rexam has not requested any additional trial time to present its patent infringement counterclaims beyond the two weeks that the Court has scheduled for the trial as a whole.

4

dismissing on summary judgment one of Rexam's counterclaims – removing Rexam's 839 patent and its "necking" technology from this case entirely. Moreover, Crown and Rexam are currently in discussions to narrow the issues even further for the trial of Rexam's infringement counterclaims.

By its bifurcation request, Crown had no intention of expanding the Court's allotted time for trial. Rather, Crown is seeking to sequence the evidentiary presentations, argument, and deliberations in a logical, orderly, and non-confusing way – all to be done within the two weeks set by the Court. In this regard, the PATENT LAW AND PRACTICE treatise (a project of the Federal Judicial Center) specifically notes, as part of a discussion of ways to aid jury comprehension at trial, that "jurors may benefit from being able to . . . consider different patents separately." Herbert F. Schwartz, PATENT LAW AND PRACTICE § 9.II, at 254 (5th ed. 2006).

### C. Crown Is Not Seeking To Have Two Different Juries Impaneled.

It appears from the Court's opinion on bifurcation that Crown's request was also denied due to a concern that bifurcation would require two juries to separately decide the claims and counterclaims in this action. D.I. 348 at 5-6 (expressing concern that Crown's request "suggests two trials with two juries"). Crown's bifurcation request, however, is not intended to require the empanelment of two different juries to decide the issues in this case. Rather, Crown contemplates having the same jury that decides Crown's Superend patent infringement claims also decide Rexam's infringement counterclaims – but in a sequenced, two-phase fashion.

Crown's single-jury, dual-phase request is not novel. As a number of courts and commentators have observed, bifurcation under Rule 42(b) does not mandate the use of two separate juries. The MOORE'S FEDERAL PRACTICE treatise, for instance, specifically notes that a "single jury or different juries can decide bifurcated issues." 8 James Wm. Moore, MOORE'S FEDERAL PRACTICE § 42.22[4] at 42-55 to 42-46 (3d ed. 2007). Similarly, the PATENT LAW AND

5

PRACTICE treatise observes that "[a] court often addresses concerns about overlapping evidence by conducting a multiple-phase trial with the same jury." Schwartz, PATENT LAW AND PRACTICE, § 9.II, at 252-53. And the MANUAL FOR COMPLEX LITIGATION notes that "severance" of issues typically leads to those issues being "tried before the same jury," and "may take the form of having evidence on discrete issues presented sequentially, with the jury returning a verdict on an issue before the trial moves on to the next issue." MANUAL FOR COMPLEX LITIGATION (FOURTH) §§ 11.632, 12.34, 33.27 (2004). The MANUAL also refers to this organization as the "sequencing of evidence or arguments" or a "multiphase trial of the issues before the same jury." *Id.* at §§ 12.34, 33.27. *See also, e.g., North Dakota Fair Housing Council, Inc. v. Allen*, 298 F. Supp. 2d 897, 899 (D.N.D. 2004) (granting bifurcation under Rule 42(b), and stating that "this does not mean that there will be a separate trial with a separate jury," but rather a two-phase trial "utilizing the same jury panel").

This dual-phase, sequential approach to evidence, argument, and jury deliberations is what Crown contemplates should its bifurcation request be granted.

### D. Crown Seeks A Logical And Non-Confusing Sequencing Of Evidence, Argument, And Deliberations Before A Single Jury.

Should Crown's Rule 42(b) bifurcation motion be granted upon re-argument, Crown contemplates that trial of its claims and Rexam's counterclaims would follow a logical, two-phase sequence, intended to assist juror comprehension. Two relatively recent unreported Delaware decisions – recently brought to our attention by local practitioners – endorsed this type of two-phase approach to trial: (1) *Adobe Systems, Inc. v. Macromedia, Inc.*, C.A. No. 00-cv-00743, before Judge Joseph J. Farnan, Jr., and (2) *Elster Electricity LLC a/k/a ABB Automation, Inc. v. SchlumbergerSema, Inc.*, C.A. No. 01-00077, before Judge Sue L. Robinson. For the Court's convenience, Crown has attached as Exhibit A and Exhibit B to this motion publicly-

6

available copies of the docket entries in the two cases, which illustrate the courts' respective bifurcation decisions.

In the *Adobe Systems* case before Judge Farnan, plaintiff Adobe Systems Inc. brought suit against defendant Macromedia, Inc. on the "528 patent." Ex. A, docket nos. 1, 2, 241. Macromedia counterclaimed asserting patents of its own, the "998 patent," the "969 patent," and the "443 patent." *Id.*, docket nos. 18, 243. At the pretrial conference, Judge Farnan ordered that "[t]here will be 2 separate trials . . . with 2 juries in succession." *Id.*, 4/3/2002 entry between docket nos. 448 and 449. The "first trial" (also called "the '528 trial") of plaintiff Adobe's infringement claims started in late April 2002, and the jury reached a verdict (in favor of Adobe) on May 2, 2002. *Id.*, docket nos. 488-89, 527-28, 551-52. Immediately thereafter, Judge Farnan started the "2nd trial," exclusively focused on defendant Macromedia's patent infringement counterclaims. *Id.*, docket nos. 560; 5/3/2002 entry between docket nos. 558 and 559. That trial concluded with a jury verdict in Macromedia's favor about a week later, on May 10, 2002. *Id.*, docket no. 588-90.

Judge Robinson's *Elster Electricity/ABB Automation* case followed a similar two-phase, sequenced procedure. Plaintiff ABB Automation filed infringement suit against defendant Schlumberger on a number of patents, including the "527 patent," "508 patent," "621 patent," "629 patent," and "145 patent." Ex. B., docket nos. 1, 2, 84, 86-101. Schlumberger responded with its own counterclaims of patent infringement, including alleged infringement of the "049 patent," "554 patent," "335 patent," "128 patent," and "180 patent." *Id.*, docket nos. 6, 85. Judge Robinson held a first jury trial on plaintiff ABB Automation's infringement claims, over seven trial days, resulting in a verdict in plaintiff's favor on May 20, 2003. *Id.*, 5/20/2003 entry between docket nos. 198 and 200; docket no. 198. Like Judge Farnan in *Adobe Systems*, Judge

7

Robinson then proceeded directly to a second trial, this time on the defendant's infringement counterclaims. *Id.*, docket no. 203; 5/21/2003 entry between docket nos. 204 and 205. The second, counterclaim trial started the very next day (May 21, 2003), covered about seven trial days, and ended with a jury verdict in defendant Schlumberger's favor on its counterclaims. *Id.*, docket nos. 202-203, 215, 230-31.

In this case, Crown is proposing a bifurcated, two-phase trial structure akin to the one ordered by Judge Farnan in *Adobe Systems* and by Judge Robinson in *Elster Electricity/ABB Automation*. Juror comprehension would be greatly enhanced by presenting Crown's Superend infringement claims separately from Rexam's permissive infringement counterclaims. At the same time, Crown sees no need for additional trial time beyond the two weeks scheduled by the Court. Crown believes that the parties can present all of the evidence and arguments they would need on both Crown's claims and Rexam's counterclaims in the two-week, ten-day period allotted.

## V. CONCLUSION

For the reasons set forth above, Crown respectfully requests that the Court grant its motion for reargument and enter an order sequencing the two-week trial so that evidentiary presentations, argument, and jury deliberations on Crown's Superend patent infringement claims are completed first, followed immediately by presentations, argument, and deliberations on Rexam's separate infringement counterclaims.

Dated: August 7, 2007

Respectfully submitted,

/s/ Barry Klayman

Barry M. Klayman (ID # 3676)
WOLF, BLOCK, SCHORR and
    SOLIS-COHEN LLP
Wilmington Trust Center
1100 N. Market Street, Suite 1001
Wilmington, DE 19801
(302) 777-0313

*Attorney for Plaintiffs*
*Crown Packaging Technology, Inc. and*
*Crown Cork & Seal USA, Inc.*

*Of Counsel:*

Dale M. Heist
Lynn A. Malinoski
Chad E. Ziegler
WOODCOCK WASHBURN, LLP
Cira Centre, 12th Floor
2929 Arch Street
Philadelphia, PA 19104
(215) 568-3100