IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

CROWN PACKAGING TECHNOLOGY, )
INC. and CROWN CORK & SEAL USA, )
INC., )
)
    Plaintiffs/Counterclaim Defendants, )
)
v. ) C. A. No. 05-608 (MPT)
)
REXAM BEVERAGE CAN COMPANY, )
)
    Defendant/Counterclaimant. )

**REXAM'S OPPOSITION TO CROWN'S MOTION FOR REARGUMENT AND
RECONSIDERATION OF THE COURT'S DENIAL OF CROWN'S MOTION TO
BIFURCATE TRIAL OF REXAM'S COUNTERCLAIMS**

Of Counsel:
George P. McAndrews
Steven J. Hampton
Gerald C. Willis
Paul W. McAndrews
McAndrews, Held & Malloy, Ltd.
500 W. Madison Street, Suite 3400
Chicago, IL 60601
312-775-8000

Dated:  August 24, 2007

Frederick L. Cottrell, III (#2555)
cottrell@rlf.com
Anne Shea Gaza (#4093)
gaza@rlf.com
Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
302-651-7700
  *Attorneys for Rexam Beverage Can Co*

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................. ii

I.      INTRODUCTION ................................................................................................. 1

II.     ARGUMENT ........................................................................................................ 2

        A.      The Legal Standard For Reargument Under Delaware Local Rule
                7.1.5 ........................................................................................................... 2

        B.      Crown's Motion Does Not Satisfy The Legal Standard For
                Reargument ................................................................................................ 3

                1.      Crown's original argument sought to have the Rexam
                        counterclaims tried before a separate jury .................................. 4

                2.      Crown's new argument is not appropriately before the
                        Court .............................................................................................. 5

        C.      Crown's New Proposal Would Be Judicially Inefficient .......................... 5

III.    CONCLUSION ..................................................................................................... 7

- i -

# TABLE OF AUTHORITIES

**CASES**

*Awala v. United States Attorney's Office Del.,*
  2007 U.S. Dist. LEXIS 34443 (D. Del. May 10, 2007) ..................................................2, 5

*BP Amoco Chemical Co. v. Sun Oil Co.,*
  200 F. Supp. 2d 429 (D. Del. 2002) ................................................................................2

*Brambles USA, Inc. v. Blocker,*
  735 F. Supp. 1239 (D. Del. 1990) ................................................................................3, 5

*Inline Connection Corp. v. AOL Time Warner, Inc.,*
  395 F. Supp. 3d 115 (D. Del. 2005) ...............................................................................2

*Quaker Alloy Casting v. Gulfco Indus., Inc.,*
  123 F.R.D. 282 (N.D. Ill. 1988) ....................................................................................1

**OTHER AUTHORITIES**

L.R. 7.1.5 ...............................................................................................................................2

- ii -

## I.    INTRODUCTION

Crown's request for reargument under Delaware Local Rule 7.1.5 should be denied. As the Court recognized in its July 24, 2007 order, this is a patent infringement lawsuit about aluminum cans, not "wavelength division multiplexing optical communications equipment." (D.I. 348 at 6). The issues in this case are simply not complex enough to warrant bifurcation, whether in the form of entirely separate trials or seriatim phases.

Furthermore, Crown's current motion does not satisfy the legal standard for reargument. In its original motion to bifurcate, Crown repeatedly stated that the Crown and Rexam claims together would involve too many facts, witnesses, defenses, etc. for any one jury to handle. (D.I. 202 at 4). Having swung for the fences and missed, Crown now contends that the Court's order rests on the "mistaken belief" that Crown was requesting a separate jury for the Rexam counterclaims. (D.I. 352 at 1). Crown's new demand for two consecutive trials in the name of "juror comprehension" is more of the same pretext: Crown simply does not want the jury to learn of Rexam's patents while it is putting on its case.

There is a wise saying that "Court opinions are not first drafts." *See, e.g., Quaker Alloy Casting v. Gulfco Indus., Inc.*, 123 F.R.D. 282, 288 (N.D. Ill. 1988) ("this Court's opinions are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure"). The Court's order is not mistaken. Crown did ask for a separate trial, and the Court denied its request. By (1) claiming the Court misunderstood its request and (2) offering to "more clearly restate the scope of its bifurcation request," Crown is merely seeking a second bite at the apple. However, motions for reargument should not be used to put forth new arguments that inexcusably were not presented to the Court in the first instance. Only now, for the first time,

- 1 -

does Crown articulate that it "contemplates having <u>the same jury</u> that decides Crown's Superend patent infringement claims also decide Rexam's infringement counterclaims – <u>but in a sequenced, two-phase fashion</u>." (D.I. 352 at 5) (emphasis added). It is inappropriate for Crown to say the Court did not provide the desired relief when that relief was not requested in the original motion for bifurcation.

Local Rule 7.1.5 was recently amended to expressly note that motions for reargument shall be "sparingly granted." In this case, Crown clearly does not satisfy any of the factors necessary for reargument. The Court's well-reasoned order should not be considered a first draft, and Crown's request for reargument should be denied.

## II.    ARGUMENT

### A.    The Legal Standard For Reargument Under Delaware Local Rule 7.1.5

This Court has explained the requisites for granting a motion for reargument under Delaware Local Rule 7.1.5. Specifically:

> Motions for reargument under Delaware Local Rule 7.1.5 are granted only in narrow circumstances. A court should only grant reargument when (I) the court has patently misunderstood a party; (II) the court has made a decision outside of the adversarial issues presented to the court by the parties; or (III) the court has made an error not of reasoning but of apprehension. Like motions for reconsideration, motions for reargument cannot be granted in circumstances where the movant simply rehashes material and theories already briefed and decided. In addition, a motion for reargument may not be used to supplement or enlarge the record on which the court made its initial decision.

*Inline Connection Corp. v. AOL Time Warner, Inc.*, 395 F. Supp. 3d 115, 117 (D. Del. 2005) (Thynge, J.) (quoting from *BP Amoco Chemical Co. v. Sun Oil Co* , 200 F. Supp. 2d 429, 432 (D. Del. 2002)); *see also Awala v. United States Attorney's Office Del* , 2007 U.S. Dist. LEXIS 34443, at *2-3 (D. Del. May 10, 2007) (Thynge, J.) ("Motions for reargument or reconsideration

- 2 -

may not be used as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided.").

### B.    Crown's Motion Does Not Satisfy The Legal Standard For Reargument

Crown's motion does not satisfy the legal standard for reargument under Delaware Local Rule 7.1.5.  There is no doubt the Court's order addressed an adversarial issue presented by the parties.  Additionally, Crown's current motion contains no suggestion of (1) a change in the controlling law or (2) the discovery of new factual matters not previously obtainable.  *See Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1241 (D. Del. 1990).  The "relatively recent" cases that Crown now brings to the attention of the Court are, in reality, about four years old. Crown could have cited them and did not.  After distinguishing the cases that Crown did choose to cite, the Court's order explained:  "Crown does not point to a single case in which a trial court granted bifurcation of counterclaims of infringement." (D.I. 348 at 6).  Crown should not be able to now supplement its argument by citing cases under the ruse of its "failure to apprehend" argument.  Finally, the decision to grant Crown's Rule 42(b) bifurcation motion must be based on the facts of this case and lies squarely within the discretion of the Court.  These newly cited cases should therefore have minimal (if any) persuasive value absent some attempt to compare the facts of this case to the facts of those cases.  Other than stating that they involved counterclaims, Crown has made no attempt to compare the particular circumstances of those cases to the case at bar.

Crown's motion apparently springs from the premise that the Court either misunderstood or failed to apprehend the particular kind of relief that Crown was seeking in its original motion

to bifurcate. However, as shown below, the Court did not misunderstand Crown's original

bifurcation argument.

> **1.    Crown's original argument sought to have the Rexam
>        counterclaims tried before a separate jury**

Crown claims that it never intended to require the empanelment of two different juries to

decide the issues in this case. (D.I. 352 at 5). Yet, as suggested by the Court's order, Crown's

briefs speak otherwise:

> The rough summary given above detailing the different patents, technologies,
> witnesses, time periods, facts, and defenses shows just how monumental the task
> entrusted to a single jury would be if all of the seven patents and 21 claims were
> tried together. Keeping the facts, the technology, and the witnesses straight
> would be overwhelming. Jury confusion would be inescapable.

(D.I. 202 at 18-19) (emphasis added). After seeing Rexam's opposition, Crown's reply brief

stayed the course:

> Nothing in Rule 13(b)'s liberal joinder provisions gives Rexam a right to present
> its permissive counterclaims to the same fact finder that is to decide Crown's
> original patent infringement claims.

(D.I. 299 at 3) (emphasis added). Finally, although Crown now claims that they were not

seeking to add any more time to the trial schedule, its reply brief stated:

> Rexam is asking a single jury to decide four cases at once, without that jury
> having the advantage of past familiarity with the facts and law, or with access to
> written briefing recording the facts and sharpening the issues. Simply put, that is
> too much information for a jury to organize and evaluate, in the short period of
> time it has to hear and consider the issues.

(D.I. 299 at 9) (emphasis added).

It is clear that the Court did not misunderstand or fail to apprehend Crown's original

motion to bifurcate Rexam's counterclaims. Crown is now simply making a new argument.

2.    **Crown's new argument is not appropriately before the Court**

Crown's motion for reargument is essentially asking for different relief (albeit to achieve the same underlying goal of not having to confront the Rexam counterclaims while putting on its case). Motions for reargument are not to be used for such a purpose:

> A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made. Motions for reargument or reconsideration may not be used "as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided."

*Awala*, 2007 U.S. Dist. LEXIS 34443, at *2 (quoting from *Brambles*, 735 F. Supp. at 1240). In this case, Crown's memorandum in support of its motion for reargument explains that "Crown seeks a logical and non-confusing sequencing of evidence, argument, and deliberations before a single jury." (D.I. 352 at 6). Crown offers no excuse as to why this relief was not requested in its original bifurcation brief. Crown's motion for reargument should be denied.

C.    **Crown's New Proposal Would Be Judicially Inefficient**

In the event the Court decides to explore the merits of the new proposal put forth by Crown, it is subject to the same criticisms that plagued Crown's original bifurcation argument. In short, Crown should not be able to sacrifice judicial economy and efficiency in order to prevent the jury from learning of Rexam's patents and Crown's infringement of them.

As Rexam explained in its opposition brief to Crown's original bifurcation motion, the can technologies involved in this litigation are not complex. Crown's proposal was inappropriate then, and is even more inappropriate now that the Rexam '839 Patent on can "necking" is no longer at issue in light of the Court's opinion and order of July 30, 2007. (D.I. 350). It would be wasteful, in terms of the Court's time, the jurors' time, and the witnesses' time, to obligate multiple witnesses to be called multiple times to the stand, i.e., once for Crown's technologies

- 5 -

and at least once for Rexam's technologies (although, tellingly, Crown is not pressing for each of the two remaining Rexam technologies to receive individual-phase treatment).

It would be more efficient to handle <u>all</u> of the applicable issues as each witness comes to the stand. The jury can be assisted through the use of transition statements, *e.g.*, "We are now moving from Crown's can end patents to Rexam's anti-fracture score patents." This "one-call" policy would prevent (1) the waste of having both expert and fact witnesses called to the stand multiple times, (2) the need for trial subpoenas for Crown witnesses that Rexam would like to examine in its case-in-chief, and (3) the injustice of allowing Crown to call witnesses for its case-in-chief and then claim that those same witnesses are immune from service of subpoena.

- 6 -

## III.     CONCLUSION

The Court has already recognized that the technologies involved in this suit are straightforward and fully understandable by a jury.  In other words, bifurcation, whether in the form of entirely separate trials or seriatim phases, is unnecessary.  Crown's new proposal is untimely and would constitute a grossly inefficient use of resources.  In any event, Crown's motion does not satisfy the legal standard necessary under Delaware Local Rule 7.1.5.  For all of the above reasons, Crown's motion for reargument should be denied.

Frederick L. Cottrell, III (#2555)
cottrell@rlf.com
Anne Shea Gaza (#4093)
gaza@rlf.com
Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
302-651-7700
*Attorneys for Rexam Beverage Can Co.*

Of Counsel:
George P. McAndrews
Steven J. Hampton
Gerald C. Willis
Paul W. McAndrews
McAndrews, Held & Malloy, Ltd.
500 W. Madison Street, Suite 3400
Chicago, IL  60601
312-775-8000

Dated:  August 24, 2007

- 7 -

# UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I hereby certify that on August 24, 2007, I caused to be served by hand delivery and electronic mail the foregoing document and electronically filed the same with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following:

> Barry M. Klayman, Esq.
> Wolf, Block, Schorr
>   and Solis-Cohen LLP
> Wilmington Trust Center
> 1100 North Market
> Street, Suite 1001
> Wilmington, DE   19801

I hereby certify that on August 24, 2007, I caused the foregoing document to be served via electronic mail and Federal Express on the following non-registered participants:

> Dale M. Heist, Esq.
> heist@woodcock.com
> Chad E. Ziegler, Esq.
> ziegler@woodcock.com
> Woodcock Washburn LLP
> Cira Centre
> 2929 Arch Street, 12th Floor
> Philadelphia, PA 19104-2891

> Anne Shea Gaza (#4093)
> Gaza@rlf.com
> Richards, Layton & Finger, P.A.
> One Rodney Square
> P.O. Box 551
> Wilmington, Delaware 19899
> (302) 651-7700

RLF1-3000496-1