IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| CROWN PACKAGING TECHNOLOGY, INC. and CROWN CORK & SEAL USA, INC., | : : : : : | |
| Plaintiffs, | : : | |
| v. | : : | Civil Action No. 05-608-MPT |
| REXAM BEVERAGE CAN CO., | : : : | |
| Defendant. | : | |

**MEMORANDUM ORDER**

**INTRODUCTION**

This is a patent infringement case. On August 18, 2005 Crown Packaging Technology, Inc. and Crown Cork & Seal USA, Inc. (collectively "Crown") filed suit against Rexam Beverage Can Co. ("Rexam") and Rexam Beverage Can Americas, Inc. alleging infringement under 35 U.S.C. § 271 of Crown's U.S. Patent No. 6,848,875 ("the '875 patent").[1] On August 30, 2005, Crown filed its First Amended Complaint adding a count alleging infringement of its U.S. Patent No. 6,935,826 ("the '826 patent").[2] On October 18, 2005, Crown filed an Unopposed Motion for Leave to File Second Amended Complaint[3] which was granted on October 20, 2005[4] and that complaint was filed on the same date.[5]

---

[1] D.I. 1 (Complaint for Patent Infringement).
[2] D.I. 3 (First Amended Complaint for Patent Infringement).
[3] D.I. 13.
[4] D.I. 15.
[5] D.I. 16. Rexam Beverage Can Americas, Inc. was dismissed as a defendant on this same date. See D.I. 13, ¶ 4; D.I. 15. No additional patents were asserted by Crown in the Second Amended Complaint. See D.I. 16.

On November 3, 2005, Rexam filed its Answer to Second Amended Complaint for Patent Infringement and Counterclaims, denying infringement, raising certain affirmative defenses and alleging infringement of its U.S. Patent Nos. 4,774,839 ("the '839 patent"), 5,222,385 ("the '385 patent"), 5,697,242 ("the '242 patent"), 6,129,230 ("the '230 patent"), and 6,260,728 ("the '728 patent").[6] On December 23, 2005, Crown filed its answer to Rexam's counterclaims denying infringement and raising certain affirmative defenses.[7]

On January 25, 2007, Crown filed a motion requesting that the court bifurcate the trial of Rexam's counterclaims and to submit a defense of laches to the jury.[8] On July 24, 2007, the court denied Crown's motion to bifurcate the trial of Rexam's counterclaims.[9] On August 7, 2007, Crown filed a motion for reargument and reconsideration of the court's memorandum order denying Crown's motion to bifurcate, pursuant to Delaware Local Rule 7.1.5.[10] For the reasons stated below, Crown's motion is denied.

**LEGAL STANDARD**

Delaware Local Rule 7.1.5 which recites: "[m]otions for reargument shall be sparingly granted. . . . The motion shall briefly and distinctly state the grounds therefore. . . . [T]he opposing party may file a brief answer to each ground asserted in the motion. The Court will determine from the motion and answer whether reargument

---

[6] D.I. 17.
[7] D.I. 37.
[8] D.I. 201. Crown's motion to present evidence of laches to the jury was granted in an opinion dated July 24, 2007. See D.I. 346; D.I. 350.
[9] D.I. 348.
[10] D.I. 351 (Crown's Motion for Reargument and Reconsideration of the Court's July 24, 2007 Memorandum Order Denying Crown's Motion to Bifurcate Trial of Rexam's Counterclaims).

will be granted."

> [M]otions for reargument under Delaware Local Rule 7.1.5, are granted only in narrow circumstances. A court should only grant reargument when (i) the court has patently misunderstood a party; (ii) the court has made a decision outside of the adversarial issues presented to the court by the parties, or (iii) the court has made an error not of reasoning but of apprehension. *Schering Corp. v. Amgen, Inc.*, 25 F. Supp. 2d 293, 295 (D. Del. 1998). Like motions for reconsideration, motions for reargument cannot be granted in circumstances where the movant simply "rehashes material and theories already briefed and decided." *Id.* In addition, "a motion for reargument may not be used to supplement or enlarge the record" on which the court made its initial decision. *Stairmaster Sports/Medical Products, Inc. v. Groupe Procycle, Inc.*, 25 F. Supp. 2d 270, 292 (D. Del.1998).[11]

"Additionally, where the controlling law has been significantly altered, or new factual matters not previously obtainable have been discovered since the issue was submitted to the Court, reconsideration may be appropriate."[12]

**DISCUSSION**

Although Crown does not specifically enunciate the grounds for its motion for reargument/reconsideration, the grounds appear to be that the court either misunderstood or failed to apprehend the relief Crown sought in its motion to bifurcate.

Crown states that the court denied its motion to bifurcate "largely due to a concern that bifurcation would result in four weeks of trial time – instead of the currently-scheduled two – and would necessitate impaneling two different juries – instead of one."[13] Crown maintains that its bifurcation motion was not requesting trial-time in addition to the currently-scheduled nine-day, almost two-week period reserved

---

[11] *BP Amoco Chemical Co. v. Sun Oil Co.*, 200 F. Supp. 2d 429, 432 (D. Del. 2002) (citations omitted).
[12] *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1329, 1241 (D. Del. 1990).
[13] D.I. 352 at 4.

3

for trial in this matter. Crown explains that through its motion for bifurcation it was "seeking to sequence the evidentiary presentations, argument, and deliberations in a logical, orderly, and non–confusing way – all to be done within the two weeks set by the Court."[14] Further, Crown emphasizes that it did not seek to impanel two separate juries. It sought have the same jury decide Crown's claims against Rexam and Rexam's counterclaims; but in a two-phase fashion. Crown envisions the jury hearing the parties' presentations concerning Crown's claims and return verdicts on those claims. Then, the same jury would hear the parties' presentations concerning Rexam's counterclaims and return verdicts on those claims. Finally, in response to the court's statement that Crown had not "point[ed] to a single case in which a trial court granted bifurcation of counterclaims of infringement,"[15] Crown cites two "relatively recent" cases from this district in which the court bifurcated the trial of plaintiff's claims of infringement from defendant's counterclaims of infringement.

First, the court notes that docket entries of "relatively recent" cases two which Crown directs the court are from 2002 and 2003. If Crown believed those cases supported its arguments and would have been helpful to the court's analysis, it should have brought those cases to the court's attention during the briefing of its motion to bifurcate. Instead, Crown cited cases which it presumably considered the most compelling support for its position. It is not proper on a motion for reargument for a party to digest the court's analysis of the cases cited during briefing and then seek to find other cases (which *could* have been previously cited) to present to the court in

---

[14] *Id.* at 5.
[15] D.I. 348 at 6.

4

hopes that the court would be convinced to alter its decision in light of those other cases.

Second, the court does not believe that it misunderstood the relief Crown requested in its motion to bifurcate. In briefing Crown stated that it sought "bifurcation of the trial of Crown's patent infringement claims . . . . from trial of defendant's . . . counterclaims."[16] There is no suggestion in Crown's bifurcation briefs that the relief it sought was a two-phase trial as enunciated in its reargument brief. Crown points to nothing in its original briefing which was missed by the court to support its new two-phase-trial request.[17] Such a suggestion could have been made during the original briefing on this issue but was not.

Most importantly, Crown's contention that court denied its motion "based in large part" on the court's "the mistaken belief" that bifurcation would require additional trial time and the impaneling of two separate juries is a mistaken contention. The possibility of the affect on the court's calendar was one element of the court's analysis. The focus

---

[16] D.I. 202 at 3.

[17] In reviewing Crown's briefs in support of its motion to bifurcate, the court notes that Crown stated "[b]ifurcation of the trial into *two phases* is a sensible way of unraveling this thicket, while at the same time managing the case expeditiously and efficiently." D.I. 202 at 8 (emphasis added). In support of that statement, Crown cited *Avia Groupl Int'l, Inc. v. Nike, Inc.*, Cv. No. 91-326-U, 1991 U.S. Dist. LEXIS 20492, at *4 (D. Or. Sept. 17, 1991). There, Avia asserted claims of patent infringement against Nike. Nike asserted counterclaims of patent infringement. The *Avia* court granted Nike's motion for, among other things, separate trials of the issues of liability and damages. The court did not bifurcate trial on the patent infringement claims and cross claims as Crown requests. Also, it is not at all clear that the "separate trials" on the issues of liability and damages ordered in *Avia* were to be heard by the same jury. Nevertheless, the above-quotation from Crown's brief is the only mention of a trial in "two phases" by Crown in its original briefing and does not indicate the type of bifurcated two-phase trial Crown now suggests.

The court also notes that on the issue of witness testimony, Crown stated that "[t]here would be no burden on having [Crown employee] Mr. Fields testify at *two different proceedings*." D.I. 202 at 17 (emphasis added); *see also* D.I. 299 at 10 ("Rexam may ultimately have the right to have *a trier of fact* decide whether its royalty rate is proper, but Rule 42(b) makes clear that this does not have to be *the same fact-finder* that decides Crown's damages." (emphasis added)).

of Crown's argument for bifurcation, however, was based on a lack of overlap among the evidence and witnesses to be presented on its claims and Rexam's counterclaims which Crown maintained would "make the case unmanageable and the risk of jury confusion inescapable." The bulk of the court's analysis was a consideration of the cases cited by Crown as warranting bifurcation and the court's consideration of the purported lack of evidentiary overlap which could potentially result in jury confusion. As explained in the court's opinion denying bifurcation, those considerations do not warrant bifurcation in this case. Further, in light of this court's order of July 30, 2007 (D.I. 350), Rexam's '839 patent on can "necking" is no longer at issue, thereby further reducing potential jury confusion

For the reasons stated herein, Crown's motion for reargument (D.I. 351) is **DENIED**.

August 28, 2007
Wilmington, Delaware

Thynge, U.S. Magistrate Judge