**WOODCOCK WASHBURN**

INTELLECTUAL PROPERTY LAW
ATLANTA • PHILADELPHIA • SEATTLE

PHILADELPHIA OFFICE
Cira Centre, 12th Floor
2929 Arch Street
Philadelphia, PA 19104-2891
215.568.3100
Fax: 215.568.3439

DALE M. HEIST
215.564.8939
heist@woodcock.com

January 18, 2008

*Via Hand Delivery*
The Honorable Mary Pat Thynge
Magistrate Judge
J. Caleb Boggs Federal Building
Lockbox 8
844 N. King Street
Wilmington, DE 19801

Re: Crown Packaging Technology, Inc., et al. v. Rexam Beverage Can Co., CA No. 05-608-MPT

Dear Magistrate Judge Thynge:

I am writing to inform the Court that plaintiffs Crown Packaging Technology, Inc. and Crown Cork & Seal USA, Inc. (together "Crown") have withdrawn claims 32, 33, 50, 51, and 52 of the 875 patent and claim 13 of the 826 patent from contention in this action. For the sole purpose of narrowing the issues for trial, Crown has decided to only assert claim 34 of the 875 patent and claim 13 of the 826 patent against Rexam in connection with its Rexam end can ends.

Crown is hereby providing Rexam a covenant not to sue with respect to the aforementioned withdrawn patent claims. By the terms of the covenant, Crown unconditionally agrees not to sue Rexam, now or in the future, for direct, induced or contributory infringement of claims 32, 33, 50, 51, and 52 of the 875 patent and claim 13 of the 826 patent based on Rexam's manufacture, use, importation, sale, or offer of sale of the Rexam ends that are the subject of plaintiffs 'claims in this action (*See* attached 1/18/08 Letter Heist to McAndrews).

Because Crown has covenanted not to sue Rexam on the withdrawn patent claims, Crown respectfully submits that there is no longer any controversy between the parties regarding the Rexam end's infringement of these claims, and that the elimination of this controversy, in turn, divests the Court of subject matter jurisdiction over any infringement allegations regarding the claims and any affirmative defenses thereto, including jurisdiction over Rexam's claims for declaratory judgment of invalidity and noninfringement. See *Merck & Co. v. Apotex, Inc.*, 488 F. Supp. 2d 418, 2007 U.S. Dist. LEXIS 36859, *13 (D. Del. May 21, 2007) (Sleet, J.) ("[i]t is well-established that a trial court may be divested or deprived of subject matter jurisdiction over



The Honorable Mary Pat Thynge
January 18, 2008
Page 2

a particular patent claim if the patentee covenants not to assert an infringement claim against a putative infringer") (citations omitted); *see also Sandt Tech., Ltd. v. Resco Metal & Plastics Corp.*, 264 F.3d 1344, 1356 & n.4 (Fed. Cir. 2001) (vacating summary judgment that unasserted dependent claims were invalid and directing the district court to dismiss those claims on remand if no actual controversy found); *see also Carroll Touch Inc. v. Electro Mech. Sys., Inc.*, 15 F.3d 1573, 1581 & n.8 (Fed. Cir. 1993) (no case or controversy exists for nonasserted claims); *Glenayre Elecs. v. Polansky Elecs.*, 1994 U.S. Dist. LEXIS 8631, *10, 31 U.S.P.Q.2D 1058 (D.D.C. 1994) (dismissing motion for summary judgment of patent invalidity where covenant not to sue deprived court of jurisdiction).

Accordingly, Crown requests that the Court deny Rexam's summary judgment motion (D.I. 209, 210) as moot for lack of jurisdiction as the patent claims were withdrawn through the covenant.

Respectfully,

Dale M. Heist

DMH/si
Attachment

cc: George McAndrews, Esquire (Via E-mail)
    Ann Gaza, Esquire (Via E-mail)
    Barry M. Klayman, Esquire