IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CROWN PACKAGING TECHNOLOGY, INC. AND CROWN CORK & SEAL USA, INC.,<br><br>PLAINTIFFS,<br><br>V.<br><br>REXAM BEVERAGE CAN CO.,<br><br>DEFENDANT. | CIVIL ACTION NO. 05-608 (MPT)<br><br>**REDACTED PUBLIC VERSION** |

[JOINT PROPOSED] FINAL PRETRIAL ORDER

This matter comes before the Court at a final pretrial conference held on February 5, 2008, pursuant to Federal Rule of Civil Procedure 16.

**Plaintiffs' Counsel:**

| | |
|---|---|
| Barry Klayman (# 3676)<br>WOLF, BLOCK, SCHORR AND<br>  SOLIS-COHEN LLP<br>Wilmington Trust Center<br>1100 N. Market Street, Suite 1001<br>Wilmington, DE 19801<br>(302) 777-0313 | Dale M. Heist<br>Lynn A. Malinoski<br>Chad E. Ziegler<br>WOODCOCK WASHBURN LLP<br>Cira Centre, 12th Floor<br>2929 Arch Street<br>Philadelphia, PA 19104<br>(215) 568-3100 |

**Defendant's Counsel:**

| | |
|---|---|
| Frederick L. Cottrell, III (# 2555)<br>Anne Shea Gaza (# 4093)<br>RICHARDS, LAYTON & FINGER, P.A.<br>One Rodney Square<br>920 North King Street<br>Wilmington, DE 19801<br>(302) 651-7700 | George P. McAndrews<br>Steven J. Hampton<br>Gerald C. Willis<br>Paul W. McAndrews<br>McANDREWS HELD & MALLOY, LTD.<br>500 W. Madison Street, Suite 3400<br>Chicago, IL 60601<br>(312) 775-8000 |

## I. NATURE OF THE CASE

This is a patent infringement case.

Rexam Beverage Can Co. contends that Crown Cork & Seal USA ("Crown USA") has infringed claim 17 of United States Patent No. 5,222,385 (the "385 patent"); claims 11, 12 and 17 of United States Patent No. 5,697,242 (the "242 patent");[1] claims 2, 5, and 13 of United States Patent No. 6,129,230 (the "230 patent"); and claim 7 of United States Patent No. 6,260,728 (the "728 patent"). *See* Rexam's Answer to Crown's Second Amended Complaint for Patent Infringement and Counterclaims, Counterclaims II, III, IV, and V.

Crown USA denies these allegations. *See* Crown's Reply to Rexam's Answer to Crown's Second Amended Complaint. Crown USA additionally contends that the asserted claims of Rexam's patents are invalid either as having been anticipated under 35 U.S.C. § 102 or as being obvious under 35 U.S.C. § 103. *See* Crown's Reply to Rexam's Answer to Crown's Second Amended Complaint.

## II. JURISDICTION

This action for patent infringement arises under the Patent Laws of the United States, Title 35 of the United States Code. Subject matter jurisdiction over both Crown's claims and Rexam's counterclaims is conferred on this Court by 28 U.S.C. §§ 1331 and 1338(a).

The parties do not dispute that this Court has personal jurisdiction over them, or that venue in this Court is proper under 28 U.S.C. §§ 1391(b) & (c), and 1400(b).

## III. UNCONTESTED ISSUES OF FACT

A list of undisputed and stipulated facts is attached as Exhibit A.

## IV. CONTESTED ISSUES OF FACT FOR TRIAL

### A. Crown's Statement of Contested Issues of Fact

Crown's Statement of Contested Issues of Fact, which remain for trial, is attached as Exhibit B1.

---

[1] The Court has ruled that Crown's bottom reforming method at its Fort Bend Texas facility infringes claims 11 and 12 of the 242 Patent.

### B. Rexam's Statement of Contested Issues of Fact

Rexam's Statement of Contested Issues of Fact, which remain for trial, is attached as Exhibit B2.

## V. ISSUES OF LAW

### A. Crown's Statement of Issues of Law

Crown's Statement of Issues of Law is attached as Exhibit C1.

### B. Rexam's Statement of Issues of Law

Rexam's Statement of Issues of Law is attached as Exhibit C2.

## VI. WITNESSES

### A. Fact Witnesses

#### 1. Crown

Crown presently intends on calling at trial the following fact witnesses in the manner indicated below (*i.e.*, live or by deposition designation):

> Brian Fields (live)
> Frank Mechura (live)
> Richard Golding (live)
> Joseph Bauder (live)
> Tim Turner (live)
> Sylvan Praturlon (live)
>
> Paul Azzaline (by deposition)
> Terry Babbitt (by deposition)
> Christopher Caliendo (by deposition)
> John Caton (by deposition)
> Ken Fultz (by deposition)
> Mark Jacober (by deposition)
> Reed Jentsch (by deposition)
> Tim Turner (by deposition)

#### 2. Rexam

Rexam presently intends on calling at trial the following witnesses in the manner indicated below (*i.e.*, live or by deposition designation):

> Tim Turner (live)
> John Caton (live)
> Randy Forrest (live)
> Claude Marbauch (only if needed to authenticate financials)

Daniel Abramowicz (live)
Brian Fields (live)
Richard Golding (live)
Sylvan Praturlon (live)
Paul Azzaline (by dep; or live if Praturlon is unavailable)

Chris Caliendo (by deposition)
Andrew Halasz (by deposition)

### B. Expert Witnesses

#### 1. Crown

Crown presently intends on calling at trial the following expert witnesses:

(a) Martin Higham: Martin Higham is an expert in mechanical engineering and in the design, manufacture and use of beverage can ends. He will testify about the matters set forth in the expert reports he submitted in this case, including the score line technology pertinent to the 230 and 728 patents; Crown USA's non-infringement of those patents; the prior art pertinent to those patents; and the invalidity of those patents on anticipation and obviousness grounds.

(b) Richard Gering: Richard Gering is an expert in economics. He will testify in rebuttal to Rexam's reasonable royalty damage claims for Crown USA's alleged infringement of the 385, 242, 230, and 728 patents, as set forth generally in the expert report he submitted in this case.

(c) Anton Aschberger: Anton Aschberger is an expert in mechanical engineering and beverage can body design and manufacturing. He will testify about the matters set forth in the expert reports he submitted in this case, including the bottom reforming technology pertinent to the 385 and 242 patents; the prior art pertinent to those patents; the invalidity of those patents on anticipation and obviousness grounds; the failure of Rexam's 1990 PCT application to adequately disclose the invention of the 385 and 242 bottom reforming patents; and Crown USA's non-infringement of claim 17 of the 385 patent and claim 17 of the 242 patent.

#### 2. Rexam

(a) Edmund Gillest: Ed Gillest is an expert in the design, development, manufacturing and use of beverage packaging. Mr. Gillest has over 40 years of experience in the metal industry including 28

years in the metal packaging and processing industry, which includes aluminum beverage cans and can ends. He will testify about the technology and prior art pertinent to the '385 and '242 Patents, (Rexam's bottom reforming patents), and the technology and prior art pertinent to the '230 and '728 Patents (Rexam's anti-fracture score patents).

With respect to Rexam's '385, 242[2], '230 and '728 Patents, Mr. Gillest will testify that Crown infringes the asserted claims of those patents. He will also provide rebuttal testimony in response to the opinions of Crown's experts Martin Higham and Anton Ashberger concerning those patents.

(b) <u>Catharine Lawton</u>: Cathy Lawton is an expert in the areas of finance, economics, licensing intellectual property and assessing patent infringement damages. She will testify about the reasonable royalty damages that Rexam is entitled to receive as a result of Crown's infringement of Rexam's patents.

## VII.   DEPOSITION DESIGNATIONS

Crown's Deposition Designations are attached as Exhibit D1. Crown is concurrently herewith providing the Court with a binder containing color-coded hard copies of the designated deposition testimony.

Rexam's Deposition Designations are attached as Exhibit D2. Rexam will also provide the court with a binder containing color coded hard copies of the designated deposition testimony.

## VIII.   BRIEF STATEMENT OF WHAT PARTIES INTEND TO PROVE

### A.   Crown

In supports of Rexam's claims against Crown, Crown intends to prove:

- By clear and convincing evidence that Rexam's 242 and 385 bottom reforming patents are invalid in view of at least Ball's prior invention.

- By clear and convincing evidence that Rexam's 230 and 728 score line patents are invalid in view of at least the Stolle end.

- Crown will also present evidence to rebut Rexam's claims of willful infringement.

---

[2] Mr. Gillest will not provide opinion testimony about Crown's infringement of claims 11 and 12 of the '242 Patent in light of the Court's opinion and order of 12/21/07 ruling that those claims have been infringed.

5

### B. Rexam

Rexam intends to prove by a preponderance of the evidence that Crown has infringed the asserted claims of the '230 and '728 patents. Rexam also intends to rebut any evidence that the asserted claims of the '230 and '728 patents are invalid or not infringed.

Furthermore, as the Court has already found that Crown infringes claims 11 and 12 of the '242 Patent, Rexam intends to rebut any offering by Crown that those claims are invalid. Rexam will prove by a preponderance of the evidence that Crown has infringed claim 17 of the '242 Patent.

Rexam will also prove by a preponderance of the evidence that Crown has infringed claim 17 of the '385 Patent. Rexam will also present evidence to rebut Crown's claims that any of the asserted claims are invalid or not infringed.

Rexam will also present evidence of damages and make a claim for a reasonable royalty that it is entitled to as a result of Crown's infringement of the asserted claims of the '230, '728, '385 and '242 Patents.

Rexam will also present evidence of Crown's reckless disregard of Rexam's patent rights and seek a finding of willful infringement, a finding that this is an exceptional case, and a finding that Rexam is entitled to enhanced damages of up to three times actual damages, as well as attorneys' fees.

### IX. EXHIBITS

Crown's list of trial exhibits, and Rexam's objections thereto, are attached as Exhibit E1.

Rexam's list of trial exhibits, and Crown's objections thereto, are attached as Exhibit E2.

Each side's trial exhibit list sets forth those trial exhibits it intends to offer as substantive evidence in this case.

The parties have agreed that documents used solely for impeachment or cross-examination need not be listed on their respective exhibit lists.

### X. Jury Instructions

The parties' joint proposed preliminary jury instructions is attached as Exhibit F. Crown's objection to Rexam's instructions are that Rexam insists on advising the jury that (1) the Court has

already found that Crown infringed claims 11 and 12 of the 242 patent and (2) Crown originally filed this lawsuit but that the Court ruled against Crown and in favor of Rexam before the trial. Crown has filed a motion *in limine* directed to these two issues. Crown also sees no need to include a detailed definition of person of ordinary skill in the art at this stage of the case. The patent video, which the parties have agreed to show the jury, describes this in general terms and that is sufficient. Crown, however, advised Rexam that if the parties are in agreement on that matter, the jury could be read the agreed upon definition in connection with the pre-deliberation instructions.

The parties have also been unable to agree on the pre-deliberation instructions. Crown's proposed joint pre-deliberation jury instructions are attached as Exhibit G1. Rexam's proposed instructions are attached as exhibit G2. The parties have discussed their differences on numerous occasions and have reached an impasse. Crown's preliminary, but not exhaustive; list of objections to the instructions is attached as Exhibit G3.

### XI.    Verdict Form

Crown's proposed verdict form is attached as Exhibit H1. Rexam's proposed verdict form is attached as Exhibit H2.

### XII.    DAMAGES

#### Rexam

With respect to its '385, '242, '230 and '728 Patents, Rexam seeks damages in the form of a reasonable royalty as compensation to Rexam for Crown's infringement of Rexam's patent rights, including prejudgment and post-judgment interest. Rexam also seeks enhanced damages under 35 U.S.C. § 285 for Crown's willful infringement of up to three times the amount of the damages awarded, and an award of its reasonable attorneys' fees.

XIII. **MOTIONS IN LIMINE**

A. **Crown**

Crown's motions in limine are set forth in Exhibit I1. The exhibits to the motions are being provided in a separate appendix which is being filed concurrently herewith. The proposed orders are attached as Exhibit K1.

Rexam's responses to Crown's motions in limine are set forth in Exhibit I2.

B. **Rexam**

Rexam's motions in limine are set forth in Exhibit J1. The proposed orders are attached as Exhibit K2.

Crown's responses to Rexam's motions in limine are set forth in Exhibit J2. There are no exhibits accompanying the oppositions.

XIV. **LIMITATIONS, RESERVATIONS AND OTHER MATTERS**

A. **Length of Trial**

Under paragraph 6 of the Court's Amended Scheduling Order dated November 7, 2006, this matter is scheduled for a ten day jury trial to be conducted from February 19, 2008 through March 3, 2008. In view of the Court's various summary judgment rulings, Crown would expect the trial to be completed by no later than February 22, 2008.

Jury    __x__

Non-jury    _____

B. **Number of Jurors**

The parties propose that there be six jurors and two alternate jurors.

C. **Jury *Voir Dire***

The Court will conduct *voir dire*.

XV. **Other Agreements**

Demonstrative exhibits have not been identified on the parties' trial exhibit lists. The parties agree to exchange demonstratives and trial exhibits proposed to be shown during opening by 9PM

8

Thursday February 14, 2008. Any objections thereto shall be raised with the party proposing the exhibit by noon February 15, 2008.

The parties have endeavored in good faith to include on their respective exhibit lists those exhibits they anticipate will be used in rebuttal with respect to their respective claims. However, the parties reserve the right to introduce any exhibit listed by the other party and to supplement their trial exhibit lists in response to evidence introduced at trial, provided, however, that no exhibit shall be admitted into evidence unless identified in this Order or unless leave of Court is obtained for good cause shown.

Witnesses to be called live, together with the exhibits which will be offered, or demonstrative that will be shown, will be identified to the other party 6PM the day before the day on which their testimony will heard or exhibit proffered. Crown and Rexam have agreed to make witnesses under their respective control available to testify if called by the other party during their case in chief at trial.

The parties will work together in an effort to reach a stipulation with respect to documents listed in their respective trial exhibit lists which are authentic and/or come within the business records exception to the hearsay rule, F.R.E. 803(6).

## XVI. PARTIES SETTLEMENT EFFORTS

The parties certify that they have engaged in a good faith effort to explore the resolution of this controversy by settlement, but they have not been successful.

IT IS ORDERED that this Final Pretrial Order may be modified at the trial of the action, or prior thereto, to prevent manifest injustice or for good cause shown. Such modification may be made either on application of counsel for the parties or on motion of the Court. This order shall control the subsequent course of the action unless modified by the Court to prevent manifest injustice.

_Barry M. Klayman/TCS_
Barry M. Klayman (# 3676)
bklayman@wolfblock.com
Wolf, Block, Schorr and Solis-Cohen LLP
Wilmington Trust Center
1100 N. Market Street, Suite 1001
Wilmington, DE 19801
(302) 777-0313
  *Attorneys for Plaintiffs Crown Packaging Technology, Inc. and Crown Cork & Seal USA, Inc.*

OF COUNSEL:

Dale M. Heist
Chad E. Ziegler
Woodcock Washburn LLP
One Liberty Place, 46th Floor
Philadelphia, PA 19103
Phone: 215-557-5966
Fax: 215-568-3439

Dated: January 28, 2008

_Anne Shea Gaza_
Frederick L. Cottrell, III (#2555)
cottrell@rlf.com
Anne Shea Gaza (#4093)
gaza@rlf.com
Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
302-651-7700
  *Attorneys for Defendant Counterclaimant Rexam Beverage Can Co.*

OF COUNSEL:

George P. McAndrews
Steven J. Hampton
Gerald C. Willis
Paul W. McAndrews
McAndrews, Held & Malloy, Ltd.
500 W. Madison Street, Suite 3400
Chicago, IL  60601

January 28, 2008

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I hereby certify that on February 4, 2008, I caused to be served by hand delivery and electronic mail the foregoing document and electronically filed the same with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following:

>Barry M. Klayman, Esq.
>Wolf, Block, Schorr
>  and Solis-Cohen LLP
>Wilmington Trust Center
>1100 North Market
>Street, Suite 1001
>Wilmington, DE  19801

I hereby certify that on February 4, 2008, I caused the foregoing document to be served via electronic mail and Federal Express on the following non-registered participants:

>Dale M. Heist, Esq.
>heist@woodcock.com
>Chad E. Ziegler, Esq.
>ziegler@woodcock.com
>Woodcock Washburn LLP
>Cira Centre
>2929 Arch Street, 12th Floor
>Philadelphia, PA 19104-2891

>/s/ Anne Shea Gaza
>Anne Shea Gaza (#4093)
>Gaza@rlf.com
>Richards, Layton & Finger, P.A.
>One Rodney Square
>P.O. Box 551
>Wilmington, Delaware 19899
>(302) 651-7700

RLF1-3000496-1