# EXHIBIT A

## EXHIBIT A

## LIST OF UNCONTESTED FACTS

### I.    The Parties

1.    One party is Crown Cork & Seal USA, Inc., which may also be referred to as "Crown USA."

2.    Crown USA is a Delaware corporation, and Philadelphia, Pennsylvania is its principal place of business.  Crown USA is in the business of manufacturing and selling aluminum beverage can ends and can bodies.

3.    The other party is Rexam Beverage Can Company, which may also be referred to as "Rexam."

4.    Rexam is a Delaware corporation.  Rexam is in the business of manufacturing, and selling aluminum beverage can ends and can bodies.  Rexam is also a research, development and engineering company specializing in metal packaging for the beverage and food industry, including aluminum and steel packaging.

5.    National Can Company and American National Can Company are predecessor corporations to Rexam.

### II.    Basic Technology and Terminology

6.    An aluminum beverage can is manufactured in two pieces.

7.    One piece is formed into a "can body," through a process called "drawing and ironing."  A can body that has been "drawn and ironed" has a bottom, a cylindrical side wall, and an open top.

8.    The other piece of an aluminum beverage can is the lid or top that is used to close off the upper, open end of the can body.  In the can manufacturing industry, this lid is referred to as a "can end."

9.    Can ends are joined or seamed to a can body after the can has been filled with a beverage. The can manufacturing industry refers to this process as "double seaming."

## III.    The Rexam 385 and 242 Patents

### A.    The 385 Patent

10.    On June 29, 1993, the Patent and Trademark Office issued U.S. Patent No. 5,222,385 titled Method and Apparatus for Reforming Can Bottom to Provide Improved Strength." This patent may also be referred to as the "385 patent."

11.    Rexam owns the 385 patent, and has the right to bring suit for infringement of the patent and the right to recover damages for infringement of the patent.

12.    Rexam's 385 patent is directed to methods and apparatus for reforming the bottom of aluminum beverage cans.

### B.    The 242 patent

13.    On December 16, 1997, the Patent and Trademark Office issued U.S. Patent No. 5,697,242 titled Method and Apparatus for Reforming Can Bottom to Provide Improved Strength." This patent may also be referred to as the "242 patent."

14.    Rexam owns the 242 patent, and has the right to bring suit for infringement of the patent and the right to recover damages for infringement of the patent.

15.    Rexam's 242 patent is directed to methods and apparatus for reforming the bottom of aluminum beverage cans.

### C.    Crown's Accused Can Bodies

16.    The can bodies marked CCS0060244P and PP are representative of the can bodies that have been and continue to be made and sold by Crown USA from Crown USA's Fort Bend Texas Facility in the United States.

2

17.     Crown Production document CCS0055251 is a true and correct, authentic, and representative drawing of the can bodies that have been and continue to be made and sold by Crown USA from Crown USA's Fort Bend Texas Facility in the United States.

18.     Crown USA manufactures can bodies at Crown USA's Fort Bend, Texas plant using Belvac 595K neckers/flangers/reformers.

## IV.    The Rexam 230 and 728 Patents

### A.     The 230 Patent

19.     On October 10, 2000, the Patent and Trademark Office issued U.S. Patent No. 6,129,230, titled "End Closure with Improved Non-Detachable Opening Panel." This patent may also be referred to as the "230 patent."

20.     Rexam owns the 230 patent, and has the right to bring suit for infringement of the patent and the right to recover damages for infringement of the patent.

### B.     The 728 patent

21.     On July 17, 2001, the Patent and Trademark Office issued U.S. Patent No. 6,260,728, also titled "End Closure with Improved Non-Detachable Opening Panel." This patent may also be referred to as the "728 patent."

22.     Rexam owns the 728 patent, and has the right to bring suit for infringement of the patent and the right to recover damages for infringement of the patent.

### C.     Crown's Accused Standard LOE Can Ends

24.     Crown production documents CCS29434A – CCS29434T are representative of the LOE can ends that have been and continue to be made and sold by Crown USA.

25.     Crown production document CCS0035032 is a true and correct, authentic, and representative drawing of the LOE can ends that have been and continue to be made and sold by Crown USA.

3

26.    The accused standard LOE can ends are made by Crown USA under the Code BZ-202-A107 and are further identified as sales classes 31700 and 36700.

27.    Exhibit 467 is a true and correct, authentic, and representative drawing of the score caps for the SuperEnd, SuperEnd SP, and SuperEnd DA can ends that have been and continue to be made and sold by Crown USA

28.    Exhibit 1203 is representative of the re-designed LOE can ends that are now being made and sold by Crown USA.

4

# EXHIBIT B

# EXHIBIT B1

## EXHIBIT B1

## CROWN'S LIST OF CONTESTED ISSUES OF FACT

I.   **The 385 and 242 Patents**

A.   **Issues on Which Rexam Has The Burden of Proof**

(1)   **Infringement**

1.   Whether Crown USA has literally infringed claim 17 of the 385 patent by making and selling can bodies in the United States.

2.   Whether Crown USA has literally infringed claims 11, 12 or 17 of the 242 patent by making and selling can bodies in the United States.

3.   Assuming Crown USA is found to have literally infringed one or more asserted claims of the 385 or 242 patents, the amount of reasonable royalty damages that are adequate to compensate Rexam for the infringement.

4.   Assuming Crown USA is found to have literally infringed one or more of the asserted claims of the 385 or 242 patents, whether Crown USA's infringement was willful.

(2)   **Priority Date**

5.   Whether the subject matter later claimed in the asserted claims of the 385 and 242 patents was disclosed in Patent Cooperation Treaty Application No. PCT/US 90/00451 (the "1990 PCT application") in such a manner that Rexam is entitled to the benefit of the January 26, 1990 filing date of the 1990 PCT application as to that subject matter.

6.   Whether the 1990 PCT application disclosed the subject matter of the asserted claims of the 385 and 242 patents in sufficient detail so as to reasonably convey to one of ordinary skill in the art that the inventors of the 385 and 242 patents necessarily had possession of the subject matter later defined by the asserted claims as of the January 26, 1990 filing date of that application. More specifically, whether a person of ordinary skill in the art reading the 1990 PCT

application would have understood, at the time that application was filed, that its written description requires the presence of the limitations of the asserted claims of the 385 and 242 patents.

**B.**    **Issues on Which Crown Has The Burden of Proof**

(1)    **Scope and Content of the Prior Art – Ball Bottom Reforming Process**

7.    Whether the Ball bottom reforming process is prior art to the asserted claims of the 385 and 242 patent. More specifically:

a.    When Ball reduced its Ball bottom reforming process to practice.

b.    Whether Ball abandoned, suppressed, or concealed the Ball bottom reforming process after its reduction to practice.

(2)    **Anticipation**

8.    Whether there is clear and convincing evidence that the Ball bottom reforming process included all of the limitations of the asserted claims of the 385 and 242 patents, so as to invalidate those claims by anticipation.

(3)    **Obviousness**

9.    Whether there is clear and convincing evidence that the inventions claimed in the asserted claims of the 385 and 242 patents, when taken as a whole, would have been obvious at the time of the invention to a person having ordinary skill in the art, in light of (1) the scope and content of the prior art; (2) the level of ordinary skill in the art; (3) the differences between the prior art and the claimed invention; and (4) the objective indicia of non-obviousness.

## II.    The 230 and 728 Patents

**A.**    **Issues on Which Rexam Has The Burden of Proof**

10.    Whether Crown USA has literally infringed claim 2, 5, and 13 of the 230 patent by making and selling standard LOE can ends in the United States.

2

11.    Whether Crown USA has literally infringed claim 7 of the 728 patent by making and selling standard LOE can ends in the United States.

12.    Assuming Crown USA is found to have literally infringed one or more of the asserted claims of the 230 or 728 patents, the amount of reasonable royalty damages that would be adequate to compensate Rexam for the infringement.

13.    Assuming Crown USA is found to have literally infringed one or more of the asserted claims of the 230 or 728 patents, whether Crown USA's infringement was willful.

B.    **Issues on Which Crown Has The Burden of Proof**

(1)    **Obviousness**

14.    Whether there is clear and convincing evidence that the inventions claimed in the asserted claims of the 230 and 728 patents, when taken as a whole, would have been obvious at the time of the invention to a person having ordinary skill in the art, in light of (1) the scope and content of the prior art; (2) the level of ordinary skill in the art; (3) the differences between the prior art and the claimed invention; and (4) the objective indicia of non-obviousness.

3

# EXHIBIT B2

**EXHIBIT B2**

**Rexam's Statement Of Issues Of Fact That Remain
To Be Litigated (Local Rule 16.4(4))**

1. Whether Crown's method of manufacturing can bodies infringes claim 17 of the '385 Patent. *Johns Hopkins Univ. v. CellPro, Inc.* 152 F.3d 1342, 1353 (Fed. Cir. 1998).

2. Whether Crown's method of manufacturing can bodies infringes claim 17[1] of the '242 Patent. *Johns Hopkins Univ. v. CellPro, Inc.* 152 F.3d 1342, 1353 (Fed. Cir. 1998).

3. Whether Crown's accused can ends infringe claims 2, 5 and 13 of the '230 Patent. *Johns Hopkins Univ. v. CellPro, Inc.* 152 F.3d 1342, 1353 (Fed. Cir. 1998)

4. Whether Crown's accused can ends infringe claim 7 of the '728 Patent. *Johns Hopkins Univ. v. CellPro, Inc.* 152 F.3d 1342, 1353 (Fed. Cir. 1998).

5. Whether Crown has willfully infringed any of the patents asserted by Rexam.

6. What damages is Rexam entitled to recover for Crown's infringement of any of the asserted claims of its patents. 35 U.S.C. § 284.

---

[1] The Court has already ruled that Crown infringes claims 11 and 12 of the '242 Patent.

**EXHIBIT C**

Exhibit C

# EXHIBIT C1

# EXHIBIT C1

## CROWN'S STATEMENT OF ISSUES OF LAW

I.     **The 385 and 242 Patents**

    A.     **Infringement**

        1.     Whether Rexam has proved that Crown USA has infringed claim 17 of the 385 patent within the meaning of 35 U.S.C. § 271(a).

        2.     Whether Rexam has proved that Crown USA has infringed one or more of claims 11, 12, and 17 of the 242 patent within the meaning of 35 U.S.C. § 271(a).

    B.     **Invalidity**

        3.     Whether Crown has proved that one or more of the asserted claims of the 385 or 242 patents are invalid under 35 U.S.C. § 102.

        4.     Whether Crown has proved that one or more of the asserted claims of the 385 or 242 patents are invalid under 35 U.S.C. § 103.

    C.     **Relief**

        5.     Assuming Rexam has proved that Crown USA has willfully infringed one or more claims of the 385 or 242 patents, and assuming Crown has failed to show that such claims are invalid whether damages awarded to Rexam should be enhanced under 35 U.S.C. § 284 or reasonable attorney fees granted to Rexam under 35 U.S.C. § 285.

        6.     Assuming Rexam has proved that Crown USA has infringed one or more of the asserted claims of the 385 or 242 patents, and assuming Crown has failed to prove that such claims are invalid, whether Rexam is entitled to have a permanent injunction entered against Crown USA under 35 U.S.C. § 283.

II.    **The 230 and 728 Patents**

    A.    **Invalidity**

    7.    Whether Crown has proved that one or more of the asserted claims of the 230 or 728 patents are invalid under 35 U.S.C. § 103.

    B.    **Relief**

    8.    Assuming Rexam has proved that Crown USA has willfully infringed one or more claims of the 230 or 728 patents, and assuming Crown has failed to prove that such claims are invalid, whether damages awarded to Rexam should be enhanced under 35 U.S.C. § 284 or reasonable attorney fees granted to Rexam under 35 U.S.C. § 285.

2

# EXHIBIT C2

**EXHIBIT C2**

**Rexam's Statement Of Issues Of Law That Remain
To Be Litigated (Local Rule 16.4(5))**

1. Whether the facts and circumstances of this case warrant a finding that this is an exceptional case in light of Crown's conduct.

2. Whether the facts and circumstances warrant an award of attorneys' fees to Rexam.

3. Whether the facts and circumstances warrant an award to Rexam of enhanced damages for Crown's infringement.

4. Whether the facts and circumstances warrant an injunction prohibiting Crown USA from infringing each patent it has been found to infringe.