# EXHIBIT H

# EXHIBIT H1

EXHIBIT H1

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| **CROWN PACKAGING TECHNOLOGY, INC. AND CROWN CORK & SEAL USA, INC.,** | ) ) ) ) ) | |
| **PLAINTIFFS,** | ) ) | |
| **V.** | ) ) | **CIVIL ACTION NO. 05-608 (MPT)** |
| **REXAM BEVERAGE CAN CO.,** | ) ) | |
| **DEFENDANT.** | ) ) | |

**CROWN'S PROPOSED SPECIAL VERDICT FORM**

**WE, THE JURY, UNANIMOUSLY FIND AS FOLLOWS:**

**WITH RESPECT TO REXAM'S CLAIM AGAINST CROWN:**

### Rexam's Bottom Reforming Patents: 242 and 385 Patents

1.    Has Rexam proven by a preponderance of the evidence that the bottom reforming process Crown uses infringes claim 17 of the 242 patent?

Check YES or NO.  (YES is a finding for Rexam; NO is a finding for Crown)

Claim 17, 242 patent  YES ___    NO ___


2.    Has Rexam proven by a preponderance of the evidence that the bottom reforming process Crown uses infringes claim 17 of the 385 patent?

Check YES or NO.  (YES is a finding for Rexam; NO is a finding for Crown)

Claim 17, 385 patent  YES ___    NO ___


3.    Has Crown proven by clear and convincing evidence that any of claims 11, 12 and 17 of the 242 patent and claim 17 of the 385 patent are invalid?

Check YES or NO.  (YES is a finding for Crown; NO is a finding for Rexam)

Claim 11, 242 patent  YES ___    NO ___

Claim 12, 242 patent  YES ___    NO ___

Claim 17, 242 patent  YES ___    NO ___

Claim 17, 385 patent  YES ___    NO ___


**Damages**

4.    If you have found that any claims of the 242 patent or 385 patent have been infringed, and you have also found that Crown has failed to prove that any such claims are invalid, what should Crown pay to Rexam with respect to the 242 and 385 patents?

$_____.

**Willful Infringement**

5.    Has Rexam proven by clear and convincing evidence that any infringement of the 242 or 385 patents by Crown has been willful?

Check YES or NO. (YES is a finding for Rexam; NO is a finding for Crown)

YES ____    NO ____

**Rexam's Score Line Patents**

6.    Has Rexam proven by a preponderance of the evidence that Crown's LOE end infringed any of claims 2, 5, and 13 of the 230 patent?

Check YES or NO. (YES is a finding for Rexam; NO is a finding for Crown.)

YES ____    NO ____

7.    Has Rexam proven by a preponderance of the evidence that Crown's LOE end infringed claim 7 of the 728 patent?

Check YES or NO. (YES is a finding for Rexam; NO is a finding for Crown.)

YES ____    NO ____

8.    Has Crown proven by clear and convincing evidence that any of claims 2, 5, and 13 of the 230 patent and claim 7 of the 728 patent is invalid?

Check YES or NO. (YES is a finding for Crown; NO is a finding for Rexam)

Claim 2, 230 patent    YES ____    NO ____

Claim 5, 230 patent    YES ____    NO ____

Claim 13, 230 patent    YES ____    NO ____

Claim 7, 728 patent    YES ____    NO ____

**Damages**

9.    If you have found that any of claims 2, 5, or 13 of the 230 patent or claim 7 of the 728 patent have been infringed, and you have also found that Crown has failed to prove that any such claim is invalid, what should Crown pay to Rexam as damages for infringement?

$_____.

## Willful Infringement

16.    Has Rexam proven by clear and convincing evidence that any infringement of the 230 and 728 patents by Crown has been willful?

Check YES or NO.  (YES is a finding for Rexam; NO is a finding for Crown.)

YES ___    NO ___


_____

**Foreman**

# EXHIBIT H2

EXHIBIT H2

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| **CROWN PACKAGING TECHNOLOGY, INC. AND CROWN CORK & SEAL USA, INC.,** | ) ) ) ) |  |
| **PLAINTIFFS,** | ) ) ) |  |
| **V.** | ) ) ) | **CIVIL ACTION NO. 05-608 (MPT)** |
| **REXAM BEVERAGE CAN CO.,** | ) ) |  |
| **DEFENDANT.** | ) ) |  |

### PROPOSED SPECIAL VERDICT FORM

**WE, THE JURY, UNANIMOUSLY FIND AS FOLLOWS:**

**WITH RESPECT TO REXAM'S CLAIM AGAINST CROWN:**

### Rexam's Bottom Reforming Patents: 242 and 385 Patents

1.     Has Rexam proven by a preponderance of the evidence that the bottom reforming process Crown uses infringes claim 17 of the 242 patent ?

   Check YES or NO. (YES is a finding for Rexam; NO is a finding for Crown)

                Claim 17, 242 patent  YES ___    NO ___

2.     Has Rexam proven by a preponderance of the evidence that the bottom reforming process Crown uses infringes claim 17 of the 385 patent ?

   Check YES or NO. (YES is a finding for Rexam; NO is a finding for Crown)

                Claim 17, 385 patent  YES ___    NO ___

3.     Has Crown proven by clear and convincing evidence that each of claims 11, 12 and 17 of the 242 patent and claim 17 of the 385 patent are invalid?

   Check YES or NO. (YES is a finding for Crown; NO is a finding for Rexam)

                Claim 11, 242 patent  YES ___    NO ___

                Claim 12, 242 patent  YES ___    NO ___

                Claim 17, 242 patent  YES ___    NO ___

                Claim 17, 385 patent  YES ___    NO ___

### Damages

4.     If you have found that Crown has failed to prove that claims 11 and 12 of the 242 patent are invalid, given that the Court has already ruled that Crown infringes these claims, what should Crown pay to Rexam as damages for infringement. Additionally, if you have found that either claim 17 of the 242 or claim 17 of the 385 patent have been infringed, and you have also found that Crown has failed to prove that such claim is invalid, what should Crown pay to Rexam as damages for that infringement?

         $_____.

**Willful Infringement**

5.    Has Rexam proven by clear and convincing evidence that any infringement of the 242 or 385 patents by Crown has been willful?

Check YES or NO.  (YES is a finding for Rexam;  NO is a finding for Crown)

YES ___    NO ___

**Rexam's Score Line Patents**

6.    Has Rexam proven by a preponderance of the evidence that Crown's LOE end infringed any of claims 2, 5, and 13 of the 230 patent and claim 7 of the 728 patent?

Check YES or NO.  (YES is a finding for Rexam; NO is a finding for Crown.)

YES ___    NO ____

7.    Has Crown proven by clear and convincing evidence that each of claims 2, 5, and 13 of the 230 patent and claim 7 of the 728 patent are invalid?

Check YES or NO.  (YES is a finding for Crown; NO is a finding for Rexam)

Claim 2, 230 patent    YES ___    NO ___

Claim 5, 230 patent    YES ___    NO ___

Claim 13, 230 patent   YES ___    NO ___

Claim 7, 728 patent    YES ___    NO ___

**Damages**

8.    If you have found that either claims 2, 5, or 13 of the 230 patent or claim 7 of the 728 patent have been infringed, and you have also found that Crown has failed to prove that such claims are invalid, what should Crown pay to Rexam as damages for infringement?

$_____.

## Willful Infringement

9.    Has Rexam proven by clear and convincing evidence that any infringement of the 230 and 728 patents by Crown has been willful?

Check YES or NO.  (YES is a finding for Rexam; NO is a finding for Crown.)

YES ___    NO ___

_____
**Foreman**

# EXHIBIT I

# EXHIBIT I1

**EXHIBIT I1**

**CROWN'S CONSOLIDATED BRIEFS IN SUPPORT OF ITS MOTIONS IN LIMINE**

Crown brings the following motions in limine:

(1) Motion To Preclude Rexam From Presenting Evidence Of Willful Infringement On Its 242, 385, 230 and 728 patents.

(2) Motion To Preclude Rexam From Presenting Evidence Or Argument Relating To The Court's Summary Judgment Rulings, Stipulated Issues, or Conceded Issues Done In An Effort To Simplify The Trial

**Motion in Limine No. 1**

**To Preclude Rexam From Presenting Evidence Of**
**Willful Infringement On Its 242, 385, 230 And 728 Patents**

Rexam should be precluded from presenting evidence of Crown's supposed willful infringement of Rexam's patents in light of *Gustafson, Inc. v. Intersystems Indus. Prods., Inc.*, 897 F.2d 508, 511 (Fed. Cir. 1990), and further in light of *In re Seagate Tech., LLC*, 497 F.3d 1360 (Fed. Cir. Aug. 20, 2007), a case decided after summary judgment briefing in this matter closed.

First, with respect to three of the four patents now asserted (the 230, 242, and 728 patents), Rexam has no evidence that Crown had actual knowledge of any of them before Rexam's counterclaim was filed, and Crown offered substantial defenses to those patents after the counterclaim was filed. Under those circumstances, there can be no willful infringement as a matter of law. *Gustafson, Inc. v. Intersystems Indus. Prods., Inc.*, 897 F.2d 508, 511 (Fed. Cir. 1990); *see also Seagate*, 497 F.3d at 1370-71.[1] Where, as here, there is no evidence that the accused infringer had actual knowledge of a patent until after suit was filed, but where the accused infringer thereafter presents non-frivolous defenses, there can be no willful infringement. *Gustafson*, 897 F.2d at 511; *see also Seagate*, 497 F.3d at 1370-71. In other words, an accused infringer is entitled to continue to conduct its business and present in litigation what it believes, in good faith, to be a legitimate defense without the risk of being found a willful infringer on that basis alone. Where, as here, there was no pre-suit notice of the infringement, the presentation of non-frivolous defenses, determined *objectively,* is sufficient to demonstrate that Crown was not a willful infringer as a matter of law. Therefore, Rexam should be precluded from presenting any evidence of willfulness relating to any of the 242, 230 or 728 patents.

---

[1]     With no evidence of actual knowledge, Rexam merely alleges that "Crown has a patent watch program in which Crown monitors the patents of the competitors in the industry" and, therefore, Crown must have known of them (See Rexam's Response to Crown's Interrogatory No. 31) (Ex. 1). But the fact that Crown had a patent watch does not show that it had actual knowledge of Rexam's patents before the counterclaim was filed.

Second, with respect to the fourth patent asserted by Rexam, although Crown knew about the 385 patent before Rexam's counterclaim was filed (See Crown's Response to Rexam's Request to Admit No. 62) (Ex.2), Crown has offered substantial evidence that the patent is invalid because Ball Corporation, not Rexam, was the first to invent the claimed subject matter (D.I. 193, 194). Indeed, the record confirms that Ball's employees are the *prima facie* first inventors and that the only triable issue is whether Rexam is nevertheless entitled to the benefit of its PCT application filing date so as to predate Ball's earliest invention date. The court denied Crown's summary judgment motion on that issue, but only because there were genuine issues of material fact as to whether Rexam was entitled to the benefit of its PCT filing date. Under these circumstances, there can be no doubt that Crown's prior-invention defense is at least objectively reasonable and, consequently, there can be no willful infringement as a matter of law under *Seagate*.

The Federal Circuit in *Seagate* was clear that to show willful infringement the patent owner must show "an objectively high likelihood" that the accused infringer acted with reckless disregard of the patent. *Seagate*, 497 F.3d at 1371. To demonstrate such "reckless disregard" here, Rexam must satisfy a two-part test. First, it must prove an "objectively high likelihood" that Crown's prior-invention defense was not objectively reasonable. *Id.* Second, it must prove that it was highly probable that Crown knew, or it was so obvious that an objective person in Crown's position should have known, that the 385 patent was not invalid. *Id.* Rexam cannot satisfy either prong of the test.

Part one of the two-part test is objective. Crown's actual state of mind is irrelevant to determining whether or not there was a high likelihood that Rexam's 385 patent is invalid for prior invention. Instead, the issue is whether Rexam can show that there was no substantial defense to the validity of the 385 patent. *Id.* Rexam cannot make that showing because Crown has presented substantial evidence of prior invention. In fact, Crown moved for summary judgment of invalidity on that basis. While the court denied that summary judgment motion, it did so only because there were genuine issues of material fact as to whether Rexam could pre-date Ball's *prima facie* proof that its inventors were first.

Under these circumstances, there can be no finding of willful infringement of the 385 patent as a matter of law.

Even if the Court were to conclude that Crown's prior-invention defense was not objectively reasonable, Rexam could still not show willful infringement unless it could also show, based on all of the facts of record, that Crown knew, or should have known, that its prior-invention defense was without merit and that it nevertheless proceeded with reckless disregard of Rexam's 385 patent. Reckless disregard requires conduct that shows less regard for Rexam's patents than mere negligence. But there is no record evidence to suggest that Crown proceeded with reckless disregard of Rexam's 385 patent. In fact, Crown obtained an oral opinion of counsel relating to the 385 patent before Rexam's counterclaim was ever filed (See Crown's Response to Rexam's Request for Admission No. 63) (Ex. 2).

Accordingly, Rexam should be precluded from presenting evidence of willfulness for any of its four patents-in-suit.

**Motion *In Limine* No. 2**

**To Preclude Rexam From Presenting Evidence Or Argument Relating To The
Court's Infringement Summary Judgment Rulings, Stipulated Issues, or Conceded
Issues Done In An Effort To Simplify The Trial**

Rexam should be precluded from presenting evidence or arguments to the jury about liability issues the court has decided or issues that Crown has withdrawn or conceded, or may concede, to simplify the trial. These rulings, stipulations, or concessions have no possible relevance to the issues yet to be tried and would only prejudice Crown.

In particular, Rexam should be precluded from telling the jury that the Court has ruled that Crown was found to infringe claims 11 and 12 of Rexam's 242 bottom reforming patent. From the pretrial exchanges, including the preliminary instructions and the verdict form, it is clear that Rexam intends to tell the jury about the Court's summary judgment ruling. There is no possible relevance of this ruling to any issue yet to be tried. Rexam's sole intent is to use this information to prejudice Crown, the presentation of its defenses, and to paint Crown in a bad light as an "infringer" and to use that as leverage to obtain a willfulness finding and favorable decisions on other liability issues. That is improper and should not be permitted. *See Government of Virgin Islands v. Pinney*, 967 F.2d 912, 917 (3d Cir. 1992) (noting clear prejudice where challenged evidence "could have very little utility to the jury for any proper purpose and presented a very real danger of being used for an improper purpose to the serious and unfair detriment of the defendant" and granting new trial); *see also Mendenhall v. Cedarapids, Inc.*, 5 F.3d 1557, 1568 (Fed. Cir. 1993) (noting that use of prior court rulings may have "undue tendency to suggest [jury] decisions on an improper basis"); Fed. R. Evid. 404(b). Rexam's strained reason as to why the Court's summary judgment ruling is relevant is because it "is not possible for the jury to calculate damages without knowing that there has been a finding of infringement" (Ex. 3). Crown disagrees. Crown will be presenting an invalidity defense to the 242 patent. And there is no reason the jury cannot be asked to fairly determine damages since the patent and issues relating to it will be presented at trial. Certainly, Rexam's concern could be addressed in a manner that would not prejudice Crown, such as by

explaining to the jury that they are being asked to determine damages if they find the patent valid but they do not need to decide the infringement issue because that has been resolved. Further, if that is truly Rexam's concern it is without merit because Rexam still has claims pending for infringement of its 242 and 385 patents. *See Pandrol USA, LP v. Airboss Ry. Prods.*, 320 F.3d 1354, 1365 (Fed. Cir. 2003) ("this court has long recognized that patent infringement and invalidity are *separate and distinct* issues") (emphasis added); Fed. R. Evid. 403.

Rexam also should be precluded from telling the jury about the Court's summary judgment rulings on Crown's patents. Rexam in the preliminary jury instructions proposes that the jury be told

> Crown initiated this patent infringement suit against Rexam. Prior to this trial, the court adjudicated Crown's claims in favor of Rexam, so that is why Rexam may still be referred to as "Defendant" even though they are the party seeking relief.

(Exhibit F2 to the Pretrial Order at 3). Just like the above ruling about the 242 patent, this ruling is irrelevant and its only purpose would be to prejudice Crown. *See Government of Virgin Island,* 967 F.2d at 917 (noting clear prejudice where challenged evidence "could have very little utility to the jury for any proper purpose and presented a very real danger of being used for an improper purpose to the serious and unfair detriment of the defendant" and granting new trial); *see also Mendenhall,* 5 F.3d at 1568 (noting that use of prior court rulings may have "undue tendency to suggest [jury] decisions on an improper basis"); Fed. R. Evid. 404(b). Rexam's strained reason as to why the Court's summary judgment on Crown's patents is relevant is

> it is necessary to explain to the jury why Rexam is going first in the case and why Rexam is the only party seeking relief when Crown is listed as the plaintiff and Rexam is listed as the defendant.

(Ex. 4). Rexam has not explained how the jury will know why "Crown is listed as the plaintiff." But in any event, the simple fact that Crown is listed first may mean Crown is a declaratory judgment plaintiff. There is little merit in Rexam's position and it is clear that Rexam's intention is to prejudice Crown in the eyes of the jury.

Rexam should also be precluded from telling the jury about summary judgment motions that the court has denied. For example, Rexam should be precluded from telling the jury that the court denied

Crown's summary judgment motion of invalidity of Rexam's bottom reforming patents. That ruling has no relevance to the issues yet to be tried and would only prejudice Crown. Fed. R. Evid 403; *cf. Mendenhall*, 5 F.3d at 1568 (noting that use of prior court rulings may have "undue tendency to suggest [jury] decisions on an improper basis").

Rexam similarly should be precluded from telling the jury Crown it is no longer asserting certain of its patent claims against Rexam. There is no possible relevance to this. That Crown withdrew the claims is not a suggestion that the claims are not infringed or invalid, but done solely for purposes of simplifying the issues for trial. Rexam should be precluded from suggesting otherwise to the jury. *See Katt v. City of New York*, 151 F. Supp. 2d 313, 367 (S.D.N.Y. 2001) (rejecting argument that jury instructions were deficient for failure to include claim that had been withdrawn from case and noting that it was "entirely unclear" what purpose would be served by instructing the jury that particular claim was "no longer in play").

Further, there is always a possibility that Crown may stipulate to or concede other issues to simplify the trial. Rexam should not be permitted to leverage any such stipulations or concessions to paint Crown, its claims, or its defenses in a bad light. *See Protocomm Corp. v. Novell Advanced Svcs, Inc.*, 1997 U.S. Dist. LEXIS 1903, *20-21 (E.D. Pa. Feb. 26, 1997) (no error where court declined to tell jury that court had dismissed one of plaintiff's claims or that plaintiff had withdrawn different claim) *Katt*, 151 F. Supp. 2d at 367.

Accordingly, Rexam should be precluded from presenting any information to the jury about the court's summary judgment rulings, Crown's withdrawal of certain patent claims, and any matters that Crown may stipulate to or concede to simplify the issues at trial.

EXHIBIT I2

REDACTED
IN ITS
ENTIRETY

# EXHIBIT J



·ALLSTATE· LEGAL· ~0922·0949   14625   RECYCLED

# EXHIBIT J1

# REDACTED
# IN ITS
# ENTIRETY

# EXHIBIT J2

# REDACTED
# IN ITS
# ENTIRETY

# EXHIBIT K

# EXHIBIT K1

EXHIBIT K1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **CROWN PACKAGING TECHNOLOGY, INC. AND CROWN CORK & SEAL USA, INC.,**<br><br>     **PLAINTIFFS,**<br><br>     **V.**<br><br>**REXAM BEVERAGE CAN CO.,**<br><br>     **DEFENDANT.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **CIVIL ACTION NO. 05-608 (MPT)** |

**[PROPOSED] ORDER RE: CROWN'S MOTION IN LIMINE NO. 1**

Having considered Crown's Motion to Preclude Rexam from Presenting Evidence of Willful Infringement of Its 242, 385, 230 and 728 patents, the brief in support thereof, the brief in opposition thereto, and argument regarding the same,

**IT IS HEREBY ORDERED** that Crown's motion is **GRANTED** and Rexam may not present any argument or evidence relating to Crown's alleged willful infringement of the 242, 385, 230, and 728 patents.

**BY THE COURT:**

Date: _____          _____

**Mary P. Thynge, M.J.**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CROWN PACKAGING TECHNOLOGY, INC. AND CROWN CORK & SEAL USA, INC., | ) ) ) ) | |
| PLAINTIFFS, | ) ) ) | |
| V. | ) ) | CIVIL ACTION NO. 05-608 (MPT) |
| REXAM BEVERAGE CAN CO., | ) ) | |
| DEFENDANT. | ) ) | |

[PROPOSED] ORDER RE: CROWN'S MOTION IN LIMINE NO. 2

Having considered Crown's Motion to Preclude Rexam from Presenting Evidence or Argument Relating to the Court's Infringement Summary Judgment Rulings, Stipulated Issues, or Conceded Issues Done in an Effort to Simplify the Trial, the brief in support thereof, the brief in opposition thereto, and argument regarding the same,

**IT IS HEREBY ORDERED** that Crown's motion is **GRANTED** and Rexam may not present argument or evidence relating to the court's infringement summary judgment rulings, stipulated issues, or conceded issues done in an effort to simplify the trial.

**BY THE COURT:**

Date: _____          _____

**Mary P. Thynge, M.J.**

# EXHIBIT K2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CROWN PACKAGING TECHNOLOGY, INC. and CROWN CORK & SEAL USA, INC., ) ) ) ) | Civil Action No. 05-608 (MPT) |
| Plaintiff and Counterclaim Defendant, ) ) | |
| v. ) ) | Magistrate Judge Mary Pat Thynge |
| ) | |
| REXAM BEVERAGE CAN CO. and REXAM BEVERAGE CAN AMERICAS, INC. ) ) ) ) | |
| Defendant Counterclaimant. ) | |

## [PROPOSED] ORDER

This matter having come before the Court on Defendant's Motion to Exclude Any Evidence of Rexam's Marking and Laches Related to the '242, '385 or '839 Patents, all parties having received due notice and the Court being fully advised in the premises, it is hereby ORDERED:

Defendant's Motion to Exclude Any Evidence of Rexam's Marking and Laches Related to the '242, '385 or '839 Patents is hereby granted and Crown is precluded from presenting such evidence.

_____
Magistrate Judge Mary P. Thynge

_____
Date

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CROWN PACKAGING<br>TECHNOLOGY, INC. and<br>CROWN CORK & SEAL USA, INC.,<br><br>Plaintiff and Counterclaim Defendant,<br>v.<br><br>REXAM BEVERAGE CAN CO. and<br>REXAM BEVERAGE CAN AMERICAS,<br>INC.<br><br>Defendant Counterclaimant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 05-608 (MPT)<br><br>Magistrate Judge Mary Pat Thynge |

## [PROPOSED] ORDER

This matter having come before the Court on Defendant's Motion to Exclude Any

Evidence Inconsistent with the Court's Claim Construction, all parties having received due

notice and the Court being fully advised in the premises, it is hereby ORDERED:

Defendant's Motion to Exclude Any Evidence Inconsistent with the Court's Claim

Construction is hereby granted and Crown is precluded from presenting such evidence.


_____

Magistrate Judge Mary P. Thynge


_____

Date