IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CROWN PACKAGING TECHNOLOGY, INC. AND CROWN CORK & SEAL USA, INC.,<br><br>    PLAINTIFFS,<br><br>V.<br><br>REXAM BEVERAGE CAN CO.,<br><br>    DEFENDANT. | CIVIL ACTION NO. 05-608 (MPT) |

**CROWN'S BENCH MEMORANDUM RE: BURDEN OF PROOF ON PRIORITY DATE**

In an attempt to avoid the damaging effect of art that predates its patents, Rexam seeks to instruct the jury that (1) Rexam's 1991 patents are presumptively entitled to its January 1990 PCT application filing date and (2) it is Crown's burden to clearly and convincingly prove otherwise. (Rexam's Jury Instruction 5.4.1.) But Rexam's proposed instruction is legally incorrect. Courts have made clear that patentees enjoy no such presumption, and it is ***Rexam's*** burden to clearly and convincingly establish that it reduced its invention to practice before the filing date of its patents. Rexam's proposed instruction regarding patent priority is legally incorrect, is unsupported by the case law, and thus, should not be read to the jury.

## DISCUSSION

Issued patents are entitled to a presumption of validity. <u>Hybritech, Inc. v. Monoclonal Antibodies, Inc.</u>, 802 F.2d 1367, 1375 (Fed. Cir. 1986) (citing 35 U.S.C. § 282). But this presumption does not also entitle a patent to the earliest priority date listed on the patent's face. Instead, the invention date is presumed to be the application's filing date unless the patentee

proves otherwise.  See Bates v. Coe, 98 U.S. 31, 34 (1878) ("presumption [ ] is that [invention] was made at the time the application was filed; and [] plaintiff may, if he can, *introduce proof to show that it was made at a much earlier date*") (emphasis added); Bausch & Lomb, Inc. v. Barnes-Hind/Hydrocurve, Inc., 796 F.2d 443, 449 (Fed. Cir. 1986) ("date of invention [is] presumed to be the filing date of the application *until an earlier date is proved*") (emphasis added).[*]  Thus, the presumption of validity does not, despite Rexam's claim to the contrary, also entitle a patent to a priority date earlier than the patent's filing date.

Rexam's jury instructions cite Chiron Corp. v. Genentech, Inc., 363 F.3d 1247 (Fed. Cir. 2004), for the proposition that the presumption of validity requires the jury to "presume that claims [] of the 242 patent . . . are entitled to the filing date in January 1990 when Rexam filed its PCT application."  But that was not the holding of Chiron.  Chiron dealt with the presumption of validity and not the duty to come forward with evidence once evidence of invalidity has been introduced.  In the present case, although Rexam claims priority benefit to its PCT filing date, the PTO never tested or resolved that claim.

Rexam's overbroad view of the presumption of validity conflicts with standard litigation practice.  "In civil litigation, the burden of proving a fact generally rests with the party asserting its existence."  Butler County, 780 F.2d at 358.  Thus, requiring Rexam to bear the burden of

---

[*] That the PTO accords no presumption of entitlement to a priority date listed on a patent is set forth in the Manual of Patent Examining Procedure ("MPEP").  See MPEP § 201.15 (where priority papers are in application file when examiner finds intervening reference, "the examiner *will study the papers* [ ] to determine if the applicant is entitled to their date") (emphasis added). Only when the PTO determines during prosecution or an interference that a patent is entitled to an earlier priority date is there a presumption that the priority date is in fact correct.  PowerOasis v. T-Mobile, Inc., 2007 U.S. Dist. LEXIS 24175, *22 (D.N.H. Mar. 30, 2007); see also Penwalt v. Akzona, 570 F. Supp. 1097, 1102 (D. Del. 1983) (no presumption of entitlement to earlier filing date where PTO had not decided issue of priority date during course of prosecution or interference), aff'd, 740 F.2d 1573 (Fed. Cir. 1984).  But even in such cases, the patent owner nevertheless bears the burden of proving the existence of the PTO's ruling.  Butler County Memorial Hospital v. Heckler, 780 F.2d 352, 358 (3d Cir. 1985).

proving an invention date before its patent application filing date is merely a simple application of that well-established rule. See <u>Diasonics, Inc. v. Acuson Corp.</u>, 1993 U.S. Dist. LEXIS 8871, *41 (N.D. Cal. June 24, 1993) (patentee has burden to prove priority date; "[g]enerally, burdens are assigned to the party who seeks to prove the truth of the fact asserted, and reality would seem to dictate such an assignment in patent priority of invention contests"). To do as Rexam suggests and shift the patentee's burden to Crown directly contradicts this established rule. <u>Id.</u>

Furthermore, Rexam's position finds no support in the case law. Courts that have expressly addressed this issue resoundingly conclude that where a patentee seeks to avoid prior art by proving prior invention, the patentee bears the burden of proving its entitlement to the earlier priority date by clear and convincing evidence. See <u>Princeton Biochem., Inc. v. Beckman Coulter, Inc.</u>, 2004 U.S. Dist. LEXIS 11918, **231-38 (D.N.J. June 17, 2004) (patentee bears burden of proving entitlement to earlier priority date by clear and convincing evidence); <u>Diasonics</u>, 1993 U.S. Dist. LEXIS 8871 at **40-41 (same); <u>American Standard Inc. v. Pfizer Inc.</u>, 722 F. Supp. 86, 109 (D. Del. 1989) (same); <u>Polaroid Corp. v. Eastman Kodak Co.</u>, 641 F. Supp. 828, 862 (D. Mass. 1985) (same), <u>aff'd</u>, 789 F.2d 1556 (Fed. Cir. 1986); <u>Rohm & Haas Co. v. Dawson Chemical Co.</u>, 557 F. Supp. 739, 802 (S.D. Tex. 1983) (same), <u>rev'd on other grounds</u>, 722 F.2d 1556 (Fed. Cir. 1983). Accordingly, the case law provides no support for Rexam's proposed instruction, and in fact supports the opposite rule.

For all of the foregoing reasons, Rexam's suggestion that its patents are presumptively entitled to the priority date of the 1990 PCT application and that Crown must prove otherwise by clear and convincing evidence is legally incorrect. Accordingly, the jury should be instructed that Rexam bears the burden of proving by clear and convincing evidence that it reduced its inventions to practice before the filing dates of its patents.

Dated: February 5, 2008	Respectfully submitted,

   /s/ Barry Klayman
Barry Klayman (ID # 3676)
Wolf, Block, Schorr
and Solis-Cohen  LLP
Wilmington Trust Center
1100 N. Market Street, Suite 1001
Wilmington, DE 19801
(302) 777-0313

*Attorney for Plaintiffs*
*Crown Packaging Technology, Inc. and Crown Cork & Seal USA, Inc.*

*Of Counsel:*

Dale M. Heist
Lynn A. Malinoski
Chad E. Ziegler
WOODCOCK WASHBURN, LLP
Cira Centre, 12th Floor
2929 Arch Street
Philadelphia, PA 19104
(215) 568-3100

Michael Korniczky
Crown Cork & Seal USA, Inc.
One Crown Way
Philadelphia, Pennsylvania  19154