IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CROWN CORK & SEAL USA, INC., | ) ) ) ) |
| V. | ) ) |
| REXAM BEVERAGE CAN CO. | ) CIVIL ACTION NO. 05-608 (MPT) ) REDACTED PUBLIC VERSION ) ) |

**CROWN'S BENCH MEMORANDUM RE: RELEVANCE OF REXAM'S DELAY**

Rexam dropped its willfulness claim against Crown thinking it could preclude the jury from hearing about Rexam's multi-year delay in filing its infringement claims against Crown. But Rexam cannot prevent the jury from hearing about that delay because it is also relevant to the damages issues. A consideration in determining what is a reasonable royalty in the hypothetical negotiation is the value of the patent to the patentee-licensor. And a patentee's failure to protect and enforce its patent rights either by litigation or seeking licensing revenues is probative of the value of the invention to the patentee. Here, Rexam's inaction demonstrates the low value Rexam ascribes to its patents.

**DISCUSSION**

A plaintiff's delay in filing suit is generally relevant to the damages to which the plaintiff may be entitled. *See The Oneida Indian Nation of New York v. New York*, 194 F. Supp. 2d 104, 122-23 (N.D.N.Y. 2002) (delay in bringing action not relevant to liability "but relevant to issue of damages"). This is certainly the case in the patent infringement context. Delay is relevant because it demonstrates the value the patentee places on its patents. If a patentee permits

ongoing infringement for numerous years, this suggests that the patentee places little value on its patent rights. By contrast, if a patentee has a program of not licensing and instead suing for infringement, that suggests that the patentee values its patent rights. These considerations are captured in the *Georgia-Pacific* factors. These factors include:

> **Factor 4**. The licensor's established policy and marketing program to maintain his patent monopoly by not licensing others to use the invention or by granting licenses under special conditions designed to preserve that monopoly.
> . . .
> **Factor 14**. The opinion testimony of qualified experts.

*Georgia-Pacific Corp. v. U.S. Plywood Corp.*, 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970).

Rexam's delay in enforcing its patents against Crown is relevant under *Georgia-Pacific* factor #4 because that delay demonstrates Rexam's assessment of the value and importance of its own patents. Courts applying *Georgia-Pacific* factor #4 highlight that a patentee's disposition toward enforcing its rights is probative of the royalty to which the patentee is entitled. For example, in *P&G v. Paragon Trade Brands*, the court found that the patentee's policy of not licensing its patents favored a comparatively high royalty. 989 F. Supp. 547, 610 (D. Del. 1997); *see also Golight, Inc. v. Wal-Mart Stores, Inc.,* 216 F. Supp. 2d 1175, 1184 (D. Colo. 2002) (patentee's decision not to pursue licensing negotiations showed intent to protect patent monopoly, favoring higher royalty). By contrast, in *Mobil Oil Corp. v. Amoco Chems. Corp.*, 915 F. Supp. 1333, 1359 (D. Del. 1994), the patentee's willingness to license favored a comparatively low royalty. In this case, Rexam never licensed its bottom reforming or score line technology, which demonstrates Rexam's view of its patents' value.

Rexam also never sued anyone else for infringement of its patents. This is also relevant to damages because it again relates to the value the patentee ascribes to the patent. For example, in *Ziggity Systems, Inc. v. Val Watering Systems*, 769 F. Supp. 752, 826 (E.D. Pa. 1990), the

court considered the patentee's willingness to file infringement suits as relevant to damages, stating that a "strong policy of policing against patent infringement" and unwillingness to license its patents favored a higher royalty award in that case.

*Georgia-Pacific* factor #14 also makes expert opinion relevant to determining a reasonable royalty. Crown's expert, Dr. Gering, considered Rexam's delay. In particular, in reaching his reasonable royalty opinion, Dr. Gering relied on Rexam's historical pattern of declining to extract value from its patents by not enforcing its patents or not seeking licenses with allegedly infringing bottom-reforming machine users (Ex. A at 15-22). Dr. Gering also criticized Rexam's expert, Ms. Lawton, because she failed to consider Rexam's delay in her analysis (*id.*).

Furthermore, the *Georgia-Pacific* factors are not the exclusive way to determine damages in a patent case. *See, e.g., Micro Chemical, Inc. v. Lextron, Inc.*, 317 F.3d 1387, 1393 (Fed. Cir. 2003) (relevant factors "*include* those set out in *Georgia Pacific*") (emphasis added); *Century Wrecker Corp. v. E. R. Buske Mfg. Co., Inc.*, 898 F. Supp. 1334, 1337 (N.D. Iowa 1995). Courts are free to consider evidence unique to individual cases. *P&G*, 989 F. Supp. 547 at 607 (*Georgia-Pacific* factors "may have to be molded by the Court to fit the facts of the case at hand"). This case presents unique facts, including Rexam's delay, and this evidence should accordingly be considered.

It is clear that a patentee's overall disposition toward leveraging its patents either by filing suit or licensing is relevant to the damages determination. Thus, Crown should be permitted to present to the jury Rexam's evidence of delay. Then, by weighing all relevant evidence, the jury can reach a fully-informed verdict as to the reasonable royalty in this case.

Dated: February 8, 2008                     Respectfully submitted,

                                                              __/s/ Barry Klayman_____
                                                              Barry Klayman (ID # 3676)
                                                              Wolf, Block, Schorr
                                                              and Solis-Cohen  LLP
                                                              Wilmington Trust Center
                                                              1100 N. Market Street, Suite 1001
                                                              Wilmington, DE 19801
                                                              (302) 777-0313

                                                              *Attorney for Crown Cork & Seal USA, Inc.*

*Of Counsel:*

Dale M. Heist
Lynn A. Malinoski
Chad E. Ziegler
WOODCOCK WASHBURN, LLP
Cira Centre, 12th Floor
2929 Arch Street
Philadelphia, PA 19104
(215) 568-3100