# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CROWN PACKAGING TECHNOLOGY, INC. and CROWN CORK & SEAL USA, INC., <br><br> Plaintiff, <br><br> v. <br><br> REXAM BEVERAGE CAN CO. and REXAM BEVERAGE CAN AMERICAS, INC. <br><br> Defendants. | ) ) ) ) ) Civil Action No. 05-608 (MPT) ) ) ) ) ) ) ) ) ) |

## MEMORANDUM REGARDING CROWN'S STATED INTENT TO INCLUDE LACHES FACTS IN ITS REASONABLE ROYALTY ANALYSIS

Crown indicated during the February 5, 2008 Pre-Trial Conference that it intends to present "laches facts" to the jury for use in its reasonable royalty analysis related to Rexam's bottom reforming and anti-fracture score patents. *See* Pre-Trial Conference Transcript at pg. 18, ln. 12- pg. 20, ln. 3. Rexam respectfully requests that the Court exclude testimony and supporting documents regarding such "laches facts."

Laches is not an element of this case.[1] Crown cannot, and does not, contest that fact. *Id* at pg. 19, lns. 6- 13. Instead Crown cites inapplicable case law in an attempt to classify laches facts into one of the Georgia Pacific factors. *Id.*

---

[1] With regard to the bottom reforming patent, laches is no longer a part of this case based on the Court's July 24, 2007 order regarding marking. The Court's order on the marking issue effectively gave Crown the same relief it could have obtained through its laches defense. With regard to the anti-fracture score patents, laches has never been a part of this case. Crown never raised a laches defense with regard to those patents and cannot attempt to raise one at this late stage in the proceedings.

RLF1-3252133-1

If the Court allows Crown to present such laches evidence, Rexam requests that it be allowed to present rebuttal evidence regarding Crown's requested royalty for its SuperEnd patents in comparison to Rexam's requested royalty for its patents.

### I.  Testimony on Laches Should be Excluded as Irrelevant and Prejudicial

Laches is relevant to determining whether a party is entitled to pre-litigation damages. 35 U.S.C. § 287(a)(2007); *State Contr. & Eng'g Corp v. Condotte Am., Inc.*, 346 F.3d 1057, 1065 (Fed. Cir. 2003). Laches is not an element of a proper reasonable royalty analysis. A proper reasonable royalty analysis uses a set of factors, commonly referred to as the Georgia Pacific factors. *Georgia-Pacific Corp. v. United States Plywood Corp.*, 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970). Nowhere do the Georgia Pacific factors mention laches or delay in enforcement. *Id.* Nor do the cases applying the Georgia Pacific factors (including the one cited by Crown) consider laches or delay in enforcement for determining a reasonable royalty. *See Ziggity Sys., Inc. v. Val Watering Sys*, 769 F. Supp. 752, 826 (E.D. Pa. 1990).

The Georgia Pacific factor and case that Crown points to involve "the licensor's established policy and marketing program to maintain his patent monopoly by not licensing others to use the invention or by granting licenses under special conditions designed to preserve that monopoly." *Georgia-Pacific Corp.*, 318 F. Supp. at 1120. This factor deals with awarding a higher royalty based on a party's policy of policing its intellectual property and refusing to license. *Id* The purpose of this factor is to compensate patent holders who value the monopoly granted from a patent more than the potential royalties gained by licensing. *See Rite-Hite Corp. v. Kelley Co.*, 56 F.3d 1538, 1554 (Fed. Cir. 1995). Crown has not pointed to, nor has Rexam been able to locate, a single case that has extended this factor to reduce royalties based on a party's lack of policing or on a party's willingness to license. *See Ziggity Sys., Inc*, 769 F. Supp.

at 826. Nor would such an extension serve the stated purpose. Such an extension would not serve any purpose that has not already been addressed by the bar to pre-litigation damages.

Any testimony or documents going to laches facts is therefore irrelevant and should be excluded. Fed. R. Evid. 401; Fed. R. Evid. 402. Allowing Crown to include such irrelevant evidence would only complicate the issues for trial and result in a waste of time and judicial resources. Such evidence should further be excluded on the grounds that any mention of laches related to these patents would only serve to confuse the jury and prejudice Rexam. Fed. R. Evid. 403.

## II. If Crown is Permitted to Present Laches Evidence, Rexam Should be Permitted to Rebut Crown's Use of Such Evidence with Crown's Proposed Royalty for the Crown SuperEnd Patents

Crown's position is that the royalty rate for Rexam's bottom reforming and anti-fracture score patents should be lower because Rexam delayed in enforcing those patents. Rexam has already taken the timing of its filing into consideration in arriving at its $0.03 per thousand royalty rate. If Crown is allowed to introduce laches facts regarding Rexam's patents, Rexam should be allowed to present rebuttal testimony, from Ms. Lawton and Mr. Gering, that Crown was seeking an exorbitant royalty of $0.35 per thousand can ends for a patent related to metal savings while Rexam is seeking a mere $.03 per thousand can bodies and can ends for patents related to metal savings and consumer safety.

## III. Conclusion

Any documents or testimony related to laches would only confuse the jury and be prejudicial to Rexam. For the reasons stated above, Rexam therefore requests that any such testimony, documents or other evidence offered by Crown be excluded.

|  | *Anne Shea Gaza* (signature) |
|---|---|
| Of Counsel: | Frederick L. Cottrell, III (#2555) |
| George P. McAndrews | cottrell@rlf.com |
| Steven J. Hampton | Anne Shea Gaza (#4093) |
| Gerald C. Willis | gaza@rlf.com |
| Paul W. McAndrews | Richards, Layton & Finger, P.A. |
| McAndrews, Held & Malloy, Ltd. | One Rodney Square |
| 500 W. Madison Street, Suite 3400 | 920 North King Street |
| Chicago, IL 60601 | Wilmington, DE 19801 |
| 312-775-8000 | 302-651-7700 |

*Attorneys for Defendant/Counterclaimant Rexam Beverage Can Co*

Dated: February 8, 2008

RLF1-3252133-1

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

CERTIFICATE OF SERVICE

I hereby certify that on February 8, 2008, I caused to be served by hand delivery and electronic mail the foregoing document and electronically filed the same with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following:

> Barry M. Klayman, Esq.
> Wolf, Block, Schorr
>  and Solis-Cohen LLP
> Wilmington Trust Center
> 1100 North Market
> Street, Suite 1001
> Wilmington, DE  19801

I hereby certify that on February 8, 2008, I caused the foregoing document to be served via electronic mail and Federal Express on the following non-registered participants:

> Dale M. Heist, Esq.
> heist@woodcock.com
> Chad E. Ziegler, Esq.
> ziegler@woodcock.com
> Woodcock Washburn LLP
> Cira Centre
> 2929 Arch Street, 12th Floor
> Philadelphia, PA 19104-2891

/s/ Anne Shea Gaza
Anne Shea Gaza (#4093)
Gaza@rlf.com
Richards, Layton & Finger, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
(302) 651-7700

RLF1-3000496-1