# EXHIBIT 3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CROWN PACKAGING TECHNOLOGY, INC. and CROWN CORK & SEAL USA, INC., | ) ) ) ) | |
| Plaintiff, | ) ) | C. A. No. 05-608 (MPT) |
| v. | ) ) ) | |
| REXAM BEVERAGE CAN CO. and REXAM BEVERAGE CAN AMERICAS, INC. | ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM IN RESPONSE TO CROWN'S BENCH MEMORANDUM RE: BURDEN OF PROOF ON PRIORITY DATE

Of Counsel:
George P. McAndrews
Steven J. Hampton
Gerald C. Willis
Paul W. McAndrews
McAndrews, Held & Malloy, Ltd.
500 W. Madison Street, Suite 3400
Chicago, IL 60601
312-775-8000

Dated: February 8, 2008

Frederick L. Cottrell, III (#2555)
cottrell@rlf.com
Anne Shea Gaza (#4093)
gaza@rlf.com
Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
302-651-7700
   *Attorneys for Defendant/Counterclaimant
   Rexam Beverage Can Co.*

Crown proposes a jury instruction (7.3.2) that tells the jury to presume that Rexam's United States Patent no. 5,697,242 ('242 patent) is entitled to priority from the earliest application from which it issued only if Rexam establishes entitlement to that priority by clear and convincing evidence. That instruction must be rejected. Rexam's proposed instruction (5.4.1) places the burden on Crown to show that the '242 patent is not entitled to the priority that it claims as required by the presumption of patent validity, 35 U.S.C. §282, and specifically controlling Federal Circuit precedent. That instruction should be accepted.

## I. Federal Circuit Precedent Requires that Crown Establish that the '242 Patent Is Not Entitled to the Earliest Claimed Priority

In *Chiron Corp. v. Genentech, Inc.*, 363 F.3d 1247 (Fed. Cir. 2004) the Federal Circuit considered an appeal from an action in which Chiron asserted infringement of a patent that claimed priority *inter alia* to three applications that were filed in 1984, 1985 and 1986. *Chiron*, 363 F.3d at 1251 – 52. A patent is entitled to priority based on an application if that application satisfies the requirements of 35 U.S.C. §112 paragraph 1 for the patent. *Id.* at 1253 (citing 35 U.S.C. §120). "[T]he thirteen-day jury trial adjudicated only whether any of the priority applications satisfy the written description and enablement requirements of *35 U.S.C. §112, first paragraph*." *Chiron*, 363 F.3d at 1252. The jury returned a verdict for Genentech, finding that "<u>Genentech proved by clear and convincing evidence</u> that none of the applications satisfy both the written description and the enablement requirements of the subject matter in [Chiron's] patent's claims." *Id.* (emphasis added).

On appeal, Chiron argued that the jury instructions should have stated that its patent was presumed to be valid. *Id.* at 1258. The Federal Circuit rejected that argument holding that "the district court did not err in declining to include a jury instruction on the presumption of validity because <u>the jury applied the correct 'clear and convincing evidence' standard</u>." *Id.* at 1259

(emphasis added). The Federal Circuit specifically approved the jury instructions that placed the burden on the party that challenged the patent's entitlement to the claimed priority to show by clear and convincing evidence that the application from which priority is claimed does not satisfy the requirements of 35 U.S.C. §112 first paragraph.

Crown responds that *Chiron* is inapt here because it deals with the presumption of validity, not the duty to come forward with evidence once evidence of invalidity has been introduced. That is irrelevant to Crown's proposed instruction which places the burden of showing entitlement to priority on Rexam regardless of the evidence adduced by Crown. Crown's response also is wrong because *Chiron* states that the presumption of validity and the burden that it imposes on the party challenging entitlement to the claimed priority are the same thing. *Id.* at 1258 – 59. Crown also observes that the Patent Office did not resolve Rexam's claim for priority. That is also irrelevant. The presumption of validity places the burden on the challenger regardless of whether the Patent Office considered an issue that the challenger raises. *See Stratoflex, Inc. v. Aeroquip Corp.*, 713 F.2d 1530, 1534 (Fed. Cir. 1983) (More relevant prior art than that considered during prosecution does not change the burden of proof.)

## II. Whether a Patent Owner Has the Burden of Establishing Invention Prior to Filing an Application Is Irrelevant

Crown argues inaptly that a patentee who seeks to "prov[e] prior invention" has the burden to prove entitlement to an earlier priority date. Earlier invention is an issue when material or acts are asserted to be prior art because they are before the applicant invented the subject of a patent. 35 U.S.C. §§102(a), (e) and (g)(2). A patentee may respond to such asserted prior art by establishing a date of "invention" before the filing date of the patent application. Every case that Crown relies on involves such prior art and a patentee's efforts to establish a date of invention prior to filing a patent application. *See Princeton Biochem., Inc v. v. Beckman*

*Coulter, Inc.*, 2004 U.S. Dist. LEXIS 11918 at *138, *231 (D.N.J. 2004) (35 U.S.C. §102(g)), *Diasonics, Inc. v. Acuson Corp.*, 1993 U.S. Dist. LEXIS 8871 at *7, *21, *41 (N.D. Cal. 1993) (prior invention by another (35 U.S.C. §102(g)), *American Standard, Inc. v. Pfizer Inc.*, 722 F.Supp. 86, 108-109 (D. Del. 1989) (35 U.S.C. §102(a)), *Polaroid Corp. v. Eastman Kodak Co.*, 641 F.Supp. 828, 861 – 62 (D. Mass. 1985) (35 U.S.C. §102(e)), *Rohm & Haas Co. v. Dawson Chemical Co.*, 557 F.Supp. 739, 802 (S.D. Tex. 1983) (35 U.S.C. §102(e)). This argument entirely misses the issue here.

The question here is not what Rexam's inventors did or did not do prior to filing a patent application. Rather, as set out above, the issue here is the adequacy of a patent application from which priority is claimed by the '242 patent, and specifically whether the application satisfies the written description and enablement requirements of 35 U.S.C. §112 first paragraph.

Crown's argument is that the claims of the '242 patent are invalid if they must be supported by the earliest filed application. The presumption of validity, 35 U.S.C. § 282, places the burden on the challenger and that burden never shifts. *American Hoist & Derrick Co. v. Sowa & Sons*, 725 F.2d 1350, 1359 (Fed. Cir. 1984). That applies to both the written description and enablement requirements. *Intirtool, Ltd. v. Texar Corp.*, 369 F.3d 1289, 1294 (Fed. Cir. 2004), *Ormco Corp. v. Align Technology, inc.*, 498 F.3d 1307, 1318 (Fed. Cir. 2007). The holding of *Chiron* that the burden is on the challenger to show that a patent is not entitled to priority from an identified application is consistent with, if not required by, this well settled law.

### III. Conclusion

Crown's attempt to place the burden on Rexam to preserve the validity of the '242 Patent must be rejected. The Court should give the instruction proposed by Rexam, which places the burden on Crown to establish that the '242 Patent is not entitled to its stated priority date.

|  |  |
|---|---|
| Of Counsel:<br>George P. McAndrews<br>Steven J. Hampton<br>Gerald C. Willis<br>Paul W. McAndrews<br>McAndrews, Held & Malloy, Ltd.<br>500 W. Madison Street, Suite 3400<br>Chicago, IL 60601<br>312-775-8000<br><br>Dated: February 8, 2008 | /s/ Anne Shea Gaza<br>Frederick L. Cottrell, III (#2555)<br>cottrell@rlf.com<br>Anne Shea Gaza (#4093)<br>gaza@rlf.com<br>Richards, Layton & Finger, P.A.<br>One Rodney Square<br>920 North King Street<br>Wilmington, DE 19801<br>302-651-7700<br>   *Attorneys for Defendant/Counterclaimant*<br>   *Rexam Beverage Can Co.* |

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I hereby certify that on February 8, 2008, I caused to be served by hand delivery and electronic mail the foregoing document and electronically filed the same with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following:

> Barry M. Klayman, Esq.
> Wolf, Block, Schorr
>   and Solis-Cohen LLP
> Wilmington Trust Center
> 1100 North Market
> Street, Suite 1001
> Wilmington, DE  19801

I hereby certify that on February 8, 2008, I caused the foregoing document to be served via electronic mail and Federal Express on the following non-registered participants:

> Dale M. Heist, Esq.
> heist@woodcock.com
> Chad E. Ziegler, Esq.
> ziegler@woodcock.com
> Woodcock Washburn LLP
> Cira Centre
> 2929 Arch Street, 12th Floor
> Philadelphia, PA 19104-2891

/s/ Anne Shea Gaza
Anne Shea Gaza (#4093)
Gaza@rlf.com
Richards, Layton & Finger, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
(302) 651-7700

RLF1-3000496-1