

**mcandrews**
McANDREWS HELD & MALLOY LTD

500 WEST MADISON STREET  34TH FLOOR  CHICAGO ILLINOIS 60661
(T) 312 775 8000   (F) 312 775 8100   www.mcandrews-ip.com

GEORGE P. McANDREWS
(T) 312 775 8000
gmcandrews@mcandrews-ip.com

February 8, 2008

**Via Hand Delivery**

The Honorable Mary Pat Thynge
Magistrate Judge
J Caleb Boggs Federal Building
Lockbox 8
844 N. King Street
Wilmington, DE 19801

    Re: **Crown v. Rexam – Civil Action No. 05-608 (MPT)**
        **Motion In Limine Regarding**
        **Exclusion Of Evidence Inconsistent With The Court's Claim Construction**

Dear Magistrate Judge Thynge:

During the pretrial conference, we discussed Rexam's objection to allowing Crown's expert to offer opinions that are contrary to the Court's claim construction. In Rexam's Motion In Limine, Rexam expressly sought to exclude <u>any</u> testimony, documents or other evidence that is inconsistent with the Court's claim construction. Specifically, we addressed Mr. Higham's opinion relating to Crown's non-infringement position as to claim 13 of Rexam's '230 Patent and claim 7 of Rexam's '728 Patent. We directed the Court's attention to those sections of his report which are solely based on Crown's proposed claim construction arguments, and which are contrary to the Court's claim construction ruling.



February 8, 2008
Page 2

In addition to the report that we discussed at the pretrial conference, Mr. Higham's expert report relating to the validity of claim 13 of the '230 Patent and claim 7 of the '728 Patent is equally flawed. (A copy of Mr. Higham's validity report is attached herewith.) Specifically, Mr. Higham's expert opinions relating to validity are based exclusively on Crown's proposed claim construction. (See Para. 20, Higham Report.) However, the Court adopted Rexam's claim construction with respect to the disputed claim terms of the remaining asserted claims. Crown never supplemented Mr. Higham's validity report. See Fed. R. Civ. P. 26(e)(1). Therefore, the only opinions relating to validity offered by Mr. Higham are inconsistent with the Court's claim construction.

It is black letter law that determining validity, just as with infringement, begins with the construction of the claim terms. "[N]ot unlike a determination of infringement, a determination of anticipation, as well as obviousness, involves two steps. First is construing the claim, a question of law for the court, followed by, in the case of anticipation or obviousness, a comparison of the construed claim to the prior art." *Key Pharms. v. Hercon Lab. Corp.*, 161 F.3d 709, 714 (Fed. Cir. 1998).

As the Court acknowledged during the pretrial conference, parties are held to their expert reports and supplemental reports. This Court has also held that opinions not disclosed in expert reports shall be excluded at trial. *Power Integrations, Inc. v. Fairchild Semiconductor*, 2006 U.S. Dist. LEXIS 67562 (Sept. 20, 2006 D. Del.) ( "As the Court



**mcandrews**
McANDREWS HELD & MALLOY LTD

February 8, 2008
Page 3

stated previously, opinions not disclosed by an expert in his report will not be permitted at trial.")

Since Mr. Higham never offered any opinions regarding the validity of the asserted claims of the '230 and '728 Patents, under the proper claim construction, he should not be able to offer any opinions regarding the validity or, as discussed during the pretrial conference, non-infringement, of those claims at trial.

Very truly yours,

George P. McAndrews

c:  Frank Brown
    Mary Schnurr
    Dale Heist