# Wolf Block

Wilmington Trust Center, Suite 1001, 1100 North Market Street, Wilmington, Delaware 19801
Tel: (302) 777-5860 ■ Fax: (302) 777-5863 ■ www.WolfBlock.com

Barry M. Klayman
Direct Dial: (302) 777-0313
Direct Fax: (302) 778-7813
E-mail:    bklayman@wolfblock.com
*Admitted in Delaware and Pennsylvania

February 11, 2008

## VIA CM/ECF

The Hon. Mary Pat Thynge
Magistrate Judge
U.S. District Court for the District of
Delaware
844 North King Street
Lock Box 8
Wilmington, DE 19801

> Re:    Crown Packaging Technology, Inc., et al. v. Rexam
>         Beverage Can Co., C.A. No. 05-608 (MPT)

Dear Magistrate Judge Thynge:

I write in response to Rexam's letter of today relating to discussion at the pre-trial conference regarding expert opinions allegedly contrary to the Court's claim construction.

Rexam moved *in limine* to preclude Crown's expert, Mr. Higham, from expressing opinions contrary to the Court's claim construction. As filed, Rexam's motion appeared to be limited to Higham's opinions relating to Crown's patents that are no longer in dispute. Rexam's motion made no reference whatever to Mr. Higham's opinions pertaining to Rexam's score line patents. At the pretrial conference, however, Rexam expanded the relief demanded, stating that the logic of its motion applied not only to Mr. Higham's opinions relating to Crown's patents, but also to his opinion that Crown did not infringe Rexam's score line patents. Rexam's letter of today expands the relief sought even further and argues, for the first time, that Mr. Higham should be precluded not only from testifying regarding non-infringement, but also as to the invalidity of Rexam's score line patents (an opinion in a report that was not attached to Rexam's motion *in limine*, although the letter to the Court now purports to attach it[1]).

---

[1] Neither the ECF/CM copy or the service copy of the letter had the report attached.

WIL:70733.1/CRO056-230788

Boston, MA ■ Cherry Hill, NJ ■ Harrisburg, PA ■ New York, NY ■ Norristown, PA ■ Philadelphia, PA ■ Roseland, NJ ■ Wilmington, DE

WolfBlock Government Relations - Harrisburg, PA ■ WolfBlock Public Strategies - Boston, MA and Washington, DC

Wolf, Block, Schorr and Solis-Cohen LLP, a Pennsylvania Limited Liability Partnership

The Hon. Mary Pat Thynge
February 11, 2008
Page 2

Rexam's latest expansion of the relief sought is not only procedurally improper, but also substantively flawed.

First, as a procedural matter, the time for briefing on motions *in limine* has come and gone. Rexam's latest attempt to expand the relief sought by its motion comes too late. Further, the Court has already noted during the pre-trial conference that matters such as these should be addressed at trial as they come up, noting that such issues should be raised by objections at sidebar (Feb. 5, 2008 Tr. at 22-23).

Second, as a substantive matter, Rexam's latest expansion of the relief sought by its motion is incorrect as a matter of law and otherwise illogical. Rexam's letter argues that Mr. Higham should be precluded from offering the opinion that Rexam's score line patents are invalid because his expert report was based on a claim construction the Court rejected in its Markman ruling and because his report was never supplemented. But the Federal Rules did not require such supplementation on this issue.

Supplementation of an expert report is required only when "in some material respect the information disclosed is incomplete or incorrect." FED. R. CIV. P. 26(e)(1)(A). Mr. Higham's original opinion was neither incomplete nor incorrect either before or after the Court's Markman ruling and that ruling was not "material" to Mr. Higham's opinion.

During Markman, Crown proposed a narrow construction of Rexam's score line patents that, if adopted, would have resulted in summary judgment of non-infringement. The Court, however, rejected Crown's narrow construction and adopted the broad construction demanded by Rexam. But Mr. Higham's opinion that Rexam's score line claims covered the prior art when construed narrowly is, if anything, more compelling given the broad construction demanded by Rexam and adopted by the Court. Mr. Higham's invalidity opinion, therefore, was is not incomplete or incorrect in any material respect under the Court's broad construction and supplementation was not required.[2] Moreover, Rexam deposed Mr. Higham for two days but

---

[2] In this case, the central claim construction issue was the location of the "hinge" segment of the claimed can end and how far the anti-fracture score line must extend in order to "pass through" the segment and satisfy the claims. Mr. Higham opined that the hinge segment was "the region of metal that undergoes bending . . . during normal use" and that the anti-fracture score must extend from "one end [of the hinge segment] to the other." (Higham Report at App. III). Based upon this narrow construction, he opined that it would have been obvious to modify the prior art by extending the anti-fracture score from one end of the hinge segment to the other. (*Id.* at ¶ 38). The Court rejected this narrow construction and, instead, held that the hinge segment was "the segment of metal between the first end and the second end of the primary score that stays attached to the central panel of the can end under normal opening conditions"

The Hon. Mary Pat Thynge
February 11, 2008
Page 3

never bothered to ask him even a single question regarding his opinions relating to Rexam's score line patents. Had it done so, it would have learned that Mr. Higham's invalidity opinions remained unchanged even under Rexam's proposed broad claim construction later adopted by the Court.

If a patent claim covers the prior art and is invalid when narrowly construed, it most certainly covers the prior art and is invalid if broadly construed. This simple logic – that if narrow claims are invalid, broader claims are necessarily so – cannot be denied. *See Cabinet Vision v. Cabnetware*, 1998 U.S. Dist. LEXIS 22763, *25 (S.D. Cal. 1998) (granting JMOL based on logical inconsistency of jury verdict and noting it is a "fundamental matter of patent law" that if narrow claims are invalid "broader . . . claims . . . must also be invalid"), *aff'd in relevant part*, 2000 U.S. App. LEXIS 2030, *13-14 (noting "inherent inconsistency" in verdict rendering broader, independent claim valid while finding narrower, dependent claims invalid).

Rexam cites *Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*, 2006 U.S. Dist. LEXIS 67562, *16 (D. Del. Sept. 20, 2006), for the unremarkable proposition that "opinions not disclosed in expert reports shall be excluded at trial." But Mr. Higham's opinion of invalidity is disclosed in his expert report. And while *Power Integrations* precluded an expert from testifying on the issue of inherency, it did so only because his expert report failed to address inherency *at all*. *Id*. By contrast, Mr. Higham's expert report expressly addressed the invalidity of Rexam's claims and did so in a way that remains applicable under this Court's claim construction. Accordingly, *Power Integrations* provides no support for Rexam's argument.

Mr. Higham's original report necessarily sets forth his opinion based on the Court's broader construction for the same reasons given in his original report. Accordingly, it was unnecessary for Mr. Higham to supplement his report and Rexam's belated attempt to expand the relief sought by its motion should be rejected if it is considered at all.

Respectfully yours,

/s/ Barry Klayman

Barry M. Klayman
For WOLF, BLOCK, SCHORR and SOLIS-COHEN LLP

---

and that the anti-fracture score need only "penetrate into" the hinge segment to "pass through" it (May 17, 2007 Order at pp. 29-37). As a consequence, the amount by which a prior art anti-fracture score must extend to meet the claim is *less than* the amount under Mr. Higham's construction. Thus, Higham's opinion that it would have been obvious to extend the prior art score line from one end of the segment to the other applies with even greater force under the Court's construction in which the score need only penetrate into the segment.

The Hon. Mary Pat Thynge
February 11, 2008
Page 4


cc:     Anne Gaza, Esquire (By CM/ECF & E-mail)
        Dale M. Heist, Esquire (By CM/ECF & E-mail)
        Gerald Willis, Esquire (By E-mail)