## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CROWN CORK & SEAL USA, INC.<br><br>  Plaintiff/Counterclaim<br>  Defendant,<br><br>  v.<br><br>REXAM BEVERAGE CAN COMPANY,<br><br>  Defendant/Counter-<br>  Claim Plaintiff. | C. A. No. 05-608 (MPT) |

## REVISED [JOINT PROPOSED] FINAL PRETRIAL ORDER

Barry Klayman (# 3676)
bklayman@wolfblock.com
WOLF, BLOCK, SCHORR AND
  SOLIS-COHEN LLP
Wilmington Trust Center
1100 N. Market Street, Suite 1001
Wilmington, DE 19801
(302) 777-0313

Frederick L. Cottrell, III (# 2555)
cottrell@rlf.com
Anne Shea Gaza (# 4093)
gaza@rlf.com
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
(302) 651-7700

Dale M. Heist
Lynn A. Malinoski
Chad E. Ziegler
WOODCOCK WASHBURN LLP
Cira Centre, 12th Floor
2929 Arch Street
Philadelphia, PA 19104
(215) 568-3100

George P. McAndrews
Steven J. Hampton
Gerald C. Willis
Paul W. McAndrews
McANDREWS HELD & MALLOY, LTD.
500 W. Madison Street, Suite 3400
Chicago, IL 60601
(312) 775-8000

*Attorneys for Plaintiff/Counterclaim Defendant*
*Crown Cork & Seal USA, Inc*

*Attorneys for Defendant/Counterclaim Plaintiff*
*Rexam Beverage Can Company*

This matter comes before the Court as a revised pretrial order after the final pretrial conference held on February 5, 2008, pursuant to Federal Rule of Civil Procedure 16.

## I.     NATURE OF THE CASE

This is a patent infringement case.

Rexam Beverage Can Company contends that Crown Cork & Seal USA ("Crown USA") has infringed claims 11 and 12 of United States Patent No. 5,697,242 (the "242 patent");[1] claim 13 of United States Patent No. 6,129,230 (the "230 patent"); and claim 7 of United States Patent No. 6,260,728 (the "728 patent").  *See* Rexam's Answer to Crown's Second Amended Complaint for Patent Infringement and Counterclaims. (D.I. 17)

Crown USA denies these allegations.  *See* Crown's Reply to Rexam's Answer to Crown's Second Amended Complaint. (D.I. 37)  Crown USA additionally contends that the asserted claims of Rexam's patents are invalid either as having been anticipated under 35 U.S.C. § 102 or as being obvious under 35 U.S.C. § 103.  *See* Crown's Reply to Rexam's Answer to Crown's Second Amended Complaint. (D.I. 37)

## II.    JURISDICTION

This action for patent infringement arises under the Patent Laws of the United States, Title 35 of the United States Code.  Subject matter jurisdiction over both Crown's claims and Rexam's counterclaims is conferred on this Court by 28 U.S.C. §§ 1331 and 1338(a).

The parties do not dispute that this Court has personal jurisdiction over them, or that venue in this Court is proper under 28 U.S.C. §§ 1391(b) & (c), and 1400(b).

---

[1]     The Court has ruled that Crown's bottom reforming method at its Fort Bend Texas facility infringes claims 11and 12 of the 242 Patent.

1

### III.   UNCONTESTED ISSUES OF FACT

A list of undisputed and stipulated facts is attached as Exhibit A.

### IV.   CONTESTED ISSUES OF FACT FOR TRIAL

#### A.   Crown's Statement of Contested Issues of Fact

Crown's Statement of Contested Issues of Fact, which remain for trial, is attached as Exhibit B1.

#### B.   Rexam's Statement of Contested Issues of Fact

Rexam's Statement of Contested Issues of Fact, which remain for trial, is attached as Exhibit B2.

### V.   ISSUES OF LAW

#### A.   Crown's Statement of Issues of Law

Crown's Statement of Issues of Law is attached as Exhibit C1.

#### B.   Rexam's Statement of Issues of Law

Rexam's Statement of Issues of Law is attached as Exhibit C2.

### VI.   WITNESSES

#### A.   Fact Witnesses

##### 1.   Crown

Crown presently intends on calling at trial the following fact witnesses in the manner indicated below (*i e*, live or by deposition designation):

> Brian Fields (live)
> Frank Mechura (live)
> Richard Golding (live)
> Tim Turner (live)
> Sylvan Praturlon (live)
>
> Paul Azzaline (by deposition)
> Terry Babbitt (by deposition)

2

> Christopher Caliendo (by deposition)
> John Caton (by deposition)
> Ken Fultz (by deposition)
> Mark Jacober (by deposition)
> Reed Jentsch (by deposition)

### 2.    Rexam

Rexam presently intends on calling at trial the following witnesses in the manner indicated below (*i.e.*, live or by deposition designation):

> Tim Turner (live)
> John Caton (live)
> Brian Fields (live-rebuttal)
> Richard Golding (live-rebuttal)
> Sylvan Praturlon (live-rebuttal)
>
> Andrew Halasz (by deposition)
> Paul Azzaline (by deposition)
> Terry Babbitt (by deposition)
> Ken Fultz (by deposition)
> Mark Jacober (by deposition)
> Reed Jentsch (by deposition)

> Counter-designations to Crown's witnesses presented by deposition.

### B.    Expert Witnesses

### 1.    Crown

Crown presently intends on calling at trial the following expert witnesses:

(a)    Martin Higham:    Martin Higham is an expert in mechanical engineering and in the design, manufacture and use of beverage can ends. He will testify about the matters set forth in the expert reports he submitted in this case, including the score line technology pertinent to the 230 and 728 patents; Crown USA's non-infringement of those patents; the prior art pertinent to those patents; and the invalidity of those patents on anticipation and obviousness grounds.

3

(b)     <u>Richard Gering</u>:    Richard Gering is an expert in economics.  He will testify in rebuttal to Rexam's reasonable royalty damage claims for Crown USA's alleged infringement of the 242, 230, and 728 patents, as set forth generally in the expert report he submitted in this case.

(c)     <u>Anton Aschberger</u>:     Anton Aschberger is an expert in mechanical engineering and beverage can body design and manufacturing.  He will testify about the matters set forth in the expert reports he submitted in this case, including the bottom reforming technology pertinent to the 242 patent; the prior art pertinent to those patents; the invalidity of those patents on anticipation and obviousness grounds; the failure of Rexam's 1990 PCT application to adequately disclose the invention of the 242 bottom reforming patents.

## 2.     Rexam

(a)     <u>Edmund Gillest</u>:    Ed Gillest  is an expert in the design, development, manufacturing and use of beverage packaging.  Mr. Gillest has over 40 years of experience in the metal industry including 28 years in the metal packaging and processing industry, which includes aluminum beverage cans and can ends.  He will testify about the technology and prior art pertinent to the '242 Patent, (Rexam's bottom reforming patents), and the technology and prior art pertinent to the '230 and '728 Patents (Rexam's anti-fracture score patents).

With respect to Rexam's '230 and '728 Patents, Mr. Gillest will testify that Crown infringes the asserted claims of those patents.  He will also provide rebuttal testimony in response to the opinions of Crown's experts Martin Higham and Anton Ashberger concerning those patents.  He will also provide rebuttal testimony in response to Crown's experts concerning the alleged invalidity of the '242 Patent.

(b)     <u>Catharine Lawton</u>:  Cathy Lawton is an expert in the areas of finance, economics, licensing intellectual property and assessing patent infringement damages.  She will testify about

4

the reasonable royalty damages that Rexam is entitled to receive as a result of Crown's infringement of Rexam's patents.

## VII.    DEPOSITION DESIGNATIONS

Crown's Deposition Designations are attached as Exhibit D1.  Crown is concurrently herewith providing the Court with a binder containing color-coded hard copies of the designated deposition testimony.

Rexam's Deposition Designations are attached as Exhibit D2.  Rexam will also provide the court with a binder containing color coded hard copies of the designated deposition testimony.

## VIII.    BRIEF STATEMENT OF WHAT PARTIES INTEND TO PROVE

### A.    Crown

In supports of Rexam's claims against Crown, Crown intends to prove:

- By clear and convincing evidence that Rexam's 242 bottom reforming patent is invalid in view of at least Ball's prior invention.

- By clear and convincing evidence that Rexam's 230 and 728 score line patents are invalid in view of at least the Stolle end.

- Crown intends to present evidence to rebut Rexam's damages claim on the 242, 230, and 728 Patents.

### B.    Rexam

Rexam intends to prove by a preponderance of the evidence that Crown has infringed the asserted claims of the '230 and '728 patents.  Rexam also intends to rebut any evidence that the asserted claims of the '230 and '728 patents are invalid or not infringed.

Furthermore, as the Court has already found that Crown infringes claims 11 and 12 of the '242 Patent, Rexam intends to rebut any offering by Crown that those claims are invalid.

5

Rexam will also present evidence of damages and make a claim for a reasonable royalty that it is entitled to as a result of Crown's infringement of the asserted claims of the '230, '728 and '242 Patents.

IX.    **EXHIBITS**

Crown's list of trial exhibits and Rexam's objections thereto, are attached as Exhibit E1.

Rexam's list of trial exhibits and Crown's objections thereto, are attached as Exhibit E2.

Each side's trial exhibit list sets forth those trial exhibits it intends to offer as substantive evidence in this case.

The parties have agreed that documents used solely for impeachment or cross-examination need not be listed on their respective exhibit lists.

X.    **JURY INSTRUCTIONS**

The parties have agreed to the  preliminary jury instructions proposed by the Court, with the edits and additions discussed at the pretrial conference.

The parties are very close to having an agreed set of pre-deliberation instructions and request that the Court accept those instructions after the submission of this proposed pretrial order.    The parties will submit these to the Court as a supplement to this Pretrial Order as Exhibit G.  Based on the parties' ongoing discussions, it appears that the only issues that remain to be decided by the Court will be: (1) the burden of proof regarding whether or not Rexam is entitled to the 1990 priority date for claims 11 and 12 of the '242 Patent; and (2) an instruction to the jury about the determination of infringement of claims 11 and 12 of the '242 Patent.  The parties have submitted briefs to the court regarding the first issue, and a separate proposed instruction for the second issue.  Rexam submitted its proposed instruction on Friday (D.I. 382). Crown is submitting its instruction in a letter to the Court being filed on this same date.  There

RLF1-3253363-1

may be a few other modifications relating to the wording of the instructions that need to be decided by the court before the instructions are read to the jury, but the parties are still attempting to reduce those issues.

## XI.    VERDICT FORM

The parties have submitted a joint proposed verdict form as Exhibit H.

## XII.    DAMAGES

### Rexam

With respect to its '242, '230 and '728 Patents, Rexam seeks damages in the form of a reasonable royalty as compensation to Rexam for Crown's infringement of Rexam's patent rights, including prejudgment and post-judgment interest.

## XIII.   MOTIONS IN LIMINE

### A.    Crown

Crown's Motions in Limine were set forth in Exhibit I1 of the original pretrial order filed on January 28, 2008 (D.I. 371, 372). Crown's Motion in Limine number 1 is now moot as Rexam has dropped its claim of willful infringement. Crown's Motion in Limine number 2 was granted in part and denied in part at the pretrial conference on February 5, 2008. Crown reserves its right to appeal any such evidentiary issues.

Rexam's responses to Crown's Motions in Limine were set forth in Exhibit I2 of the original pretrial order filed on January 28, 2008 and Rexam reserves the right to appeal any such evidentiary issues. (D.I. 371, 372).

### B.    Rexam

Rexam's Motions in Limine were set forth in Exhibit J1 of the original pretrial order filed on January 28, 2008. (D.I. 371, 372). Rexam's Motion in Limine regarding the exclusion of

7

laches evidence is still pending with the Court and supplemental briefs were filed with the Court on February 8, 2008. Rexam's second Motion in Limine regarding the exclusion of evidence inconsistent with the Court's claim construction is still pending with the Court. Rexam's proposed orders were attached as Exhibit K2 to the original pretrial order filed on January 28, 2008 and Rexam reserves the right to appeal any such evidentiary issues. (D.I. 371, 372).

Crown's responses to Rexam's Motions in Limine are set forth in Exhibit J2 of the original pretrial order filed on January 28, 2008. Crown reserves its right to appeal any such evidentiary issues.

## XIV.  LIMITATIONS, RESERVATIONS AND OTHER MATTERS

### A.  Length of Trial

Under paragraph 6 of the Court's Amended Scheduling Order dated November 7, 2006, this matter was scheduled for a ten day jury trial to be conducted from February 19, 2008 through March 3, 2008. In view of the Court's various summary judgment rulings, the parties now expect the trial to be completed by no later than February 25, 2008.

Jury            __x___

Non-jury        _____

### B.  Number of Jurors

The parties propose that there be six jurors and two alternate jurors. If all eight jurors sit through the entire trial, all eight will deliberate.

### C.  Jury *Voir Dire*

The Court will conduct *voir dire.* Crown does not intend to submit any additional *voir dire* questions other than the additional entities added by Crown. Rexam has agreed to the

8

addition of those entities and has no additional *voir dire* questions.

## XV.    OTHER AGREEMENTS

The parties have endeavored in good faith to include on their respective exhibit lists those exhibits they anticipate will be used in rebuttal with respect to their respective claims. However, the parties reserve the right to introduce any exhibit listed by the other party and to supplement their trial exhibit lists in response to evidence introduced at trial, provided, however, that no exhibit shall be admitted into evidence unless identified in this Order or unless leave of Court is obtained for good cause shown.

The parties will work together in an effort to reach a stipulation with respect to documents listed in their respective trial exhibit lists which are authentic and/or come within the business records exception to the hearsay rule, F.R.E. 803(6).

## XVI.    PARTIES SETTLEMENT EFFORTS

The parties certify that they have engaged in a good faith effort to explore the resolution of this controversy by settlement, but they have not been successful.

IT IS ORDERED that this Final Pretrial Order may be modified at the trial of the action, or prior thereto, to prevent manifest injustice or for good cause shown. Such modification may be made either on application of counsel for the parties or on motion of the Court. This order shall control the subsequent course of the action unless modified by the Court to prevent manifest injustice.

9

_/s/ Barry M. Klayman_

Barry M. Klayman (#3676)
bklayman@wolfblock.com
Wolf, Block, Schorr and Solis-Cohen LLP
Wilmington Trust Center
1100 N. Market Street, Suite 1001
Wilmington, DE 19801
(302) 777-0313
   *Attorneys for Plaintiffs/Counterclaim*
   *Defendant Crown Packaging*
   *Technology, Inc. and Crown Cork &*
   *Seal USA, Inc*

OF COUNSEL:

Dale M. Heist
Chad E. Ziegler
Woodcock Washburn LLP
One Liberty Place, 46th Floor
Philadelphia, PA 19103
Phone: 215-557-5966
Fax: 215-568-3439

Dated: February 13, 2008

Frederick L. Cottrell, III (#2555)
cottrell@rlf.com
Anne Shea Gaza (#4093)
gaza@rlf.com
Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
302-651-7700
   *Attorneys for Defendant/Counterclaim*
   *Plaintiff Rexam Beverage Can Co.*

OF COUNSEL:

George P. McAndrews
Steven J. Hampton
Gerald C. Willis
Paul W. McAndrews
McAndrews, Held & Malloy, Ltd.
500 W. Madison Street, Suite 3400
Chicago, IL 60601

Dated: February 13, 2008

## BY THE COURT:

_____
The Honorable Mary Pat Thynge
Magistrate Judge

DATED: February ___, 2008

10