# EXHIBIT B

# EXHIBIT B1

# EXHIBIT B1

# CROWN'S LIST OF CONTESTED ISSUES OF FACT

I. **THE 242 PATENT**

    A. **Issues on Which Rexam Has The Burden of Proof**

        (1) **Priority Date**

1. Whether the subject matter later claimed in the asserted claims of the 242 patent was disclosed in Patent Cooperation Treaty Application No. PCT/US 90/00451 (the "1990 PCT application") in such a manner that Rexam is entitled to the benefit of the January 26, 1990 filing date of the 1990 PCT application as to that subject matter.

2. Whether the 1990 PCT application disclosed the subject matter of the asserted claims of the 242 patent in sufficient detail so as to reasonably convey to one of ordinary skill in the art that the inventors of the 242 patent necessarily had possession of the subject matter later defined by the asserted claims as of the January 26, 1990 filing date of that application. More specifically, whether a person of ordinary skill in the art reading the 1990 PCT application would have understood, at the time that application was filed, that its written description requires the presence of the limitations of the asserted claims of the 242 patent.

    B. **Issues on Which Crown Has The Burden of Proof**

        (1) **Scope and Content of the Prior Art – Ball Bottom Reforming Process**

1. Whether the Ball bottom reforming process is prior art to the asserted claims of the 242 patent. More specifically:

    a. When Ball reduced its Ball bottom reforming process to practice.

    b. Whether Ball abandoned, suppressed, or concealed the Ball bottom reforming process after its reduction to practice.

Case 1:05-cv-00608-MPT   Document 387-3   Filed 02/13/2008   Page 4 of 7

### (2) Anticipation

3. Whether there is clear and convincing evidence that the Ball bottom reforming process included all of the limitations of the asserted claims of the 242 patent, so as to invalidate those claims by anticipation.

### (3) Obviousness

4. Whether there is clear and convincing evidence that the inventions claimed in the asserted claims of the 242 patent, when taken as a whole, would have been obvious at the time of the invention to a person having ordinary skill in the art, in light of (1) the scope and content of the prior art; (2) the level of ordinary skill in the art; (3) the differences between the prior art and the claimed invention; and (4) the objective indicia of non-obviousness.

## II.  THE 230 AND 728 PATENTS

### A.  Issues on Which Rexam Has The Burden of Proof

#### (1) Infringement

1. Whether Crown USA has literally infringed claim 13 of the 230 patent by making and selling standard LOE can ends in the United States.

2. Whether Crown USA has literally infringed claim 7 of the 728 patent by making and selling standard LOE can ends in the United States.

3. Assuming Crown USA is found to have literally infringed one or more of the asserted claims of the 230 or 728 patents, the amount of reasonable royalty damages that would be adequate to compensate Rexam for the infringement.

### B.  Issues on Which Crown Has The Burden of Proof

#### (1) Obviousness

1. Whether there is clear and convincing evidence that the inventions claimed in the asserted claims of the 230 and 728 patents, when taken as a whole, would have been obvious at

the time of the invention to a person having ordinary skill in the art, in light of (1) the scope and content of the prior art; (2) the level of ordinary skill in the art; (3) the differences between the prior art and the claimed invention; and (4) the objective indicia of non-obviousness.

EXHIBIT B2

# EXHIBIT B2

## Rexam's Statement Of Issues Of Fact That Remain To Be Litigated (Local Rule 16.4(4))

1. Whether Crown's accused can ends infringe claim 7 of the '728 Patent. *Johns Hopkins Univ. v. CellPro, Inc.* 152 F.3d 1342, 1353 (Fed. Cir. 1998).

2. What damages is Rexam entitled to recover for Crown's infringement of any of the asserted claims of its patents. 35 U.S.C. § 284.